1

2

3

4

5

6

The Honorable Richard A. Jones

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

| | | |
|---|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | ) ) ) ) ) ) | No. C09-45RAJ<br><br>PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ)

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## Table of Contents

I.    INTRODUCTION .................................................................................................. 1

II.   PROCEDURAL AND FACTUAL BACKGROUND ......................................... 1

    A.    Description of the Litigation .................................................................. 1

    B.    Settlement Negotiations ........................................................................ 3

    C.    Terms of the Settlement ........................................................................ 4

    D.    Reasons for the Settlement .................................................................... 7

III.  DISCUSSION ...................................................................................................... 7

    A.    The Proposed Settlement Meets the Standards for Approval Under
         Rule 23. .................................................................................................. 7

         1.   The Proposed Settlement is the Result of an Arm's-Length
              Negotiation and Therefore Satisfies the Procedural
              Component for Preliminary Approval. ...................................... 9

         2.   The Proposed Settlement is Fair, Reasonable, and Adequate
              and Therefore Satisfies the Substantive Component for
              Preliminary Approval. ............................................................. 10

              a.   The Strength of Plaintiffs' Case Favors Approval of
                    the Proposed Settlement. ............................................... 11

              b.   The Risk, Expense, Complexity, and Duration of
                    Further Litigation Weighs in Favor of Approval. ........................ 12

              c.   The Risk of Maintaining Class Action Status
                    Throughout the Trial ..................................................... 12

               d.   The Amount Offered in Settlement Weighs in Favor
                      of Approval. ................................................................ 13

              e.   The Extent of Discovery Completed and the Stage
                    of Proceedings Weigh in Favor of Approval. ............................ 14

              f.   The Experience and View of Counsel Weigh in
                    Favor of Approval. ...................................................... 15

               g.   The Presence of a Government Participant ................................. 16

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - i

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

h.    The Reaction of Class Members to the Proposed
Settlement ................................................................................. 16

B.    The Proposed Form of Notice to Class Members Meets the Due
Process Requirements of Rule 23. ....................................................... 16

IV.    PROPOSED SCHEDULE ............................................................... 18

V.    CONCLUSION.............................................................................. 18

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - ii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

## Table of Authorities

2

Cases

3

*Alberto v. GMRI, Inc.*,
   2008 WL 4891201 (E.D.Cal. Nov. 12, 2008) ..................................................... 12

4

5

*Alberto v. GMRI, Inc.*,
   252 F.R.D. 652 (E.D.Cal. 2008) .............................................................................. 8

6

*Browning v. Yahoo! Inc.*,
   2007 WL 4105971 (N.D.Cal. 2007) ................................................................. 16, 17

7

8

*Carson v. Am. Brands, Inc.*,
   450 U.S. 79 n. 14 (1981) ........................................................................................... 8

9

10

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) .................................................................................. 9

11

12

*Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ..................................................................... passim

13

*Farinella v. PayPal, Inc.*,
   611 F.Supp.2d 250, n. 10 (E.D.N.Y. 2009) ........................................................... 17

14

15

*Ficalora v. Lockheed California Co.*,
   751 F.2d 995 (9th Cir. 1985) .................................................................................... 9

16

*Glass v. UBS Fin. Servs., Inc.*,
   2007 WL 221862 (N.D.Cal. 2007) ...................................................................... 9, 10

17

18

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ............................................................................. 9, 11

19

20

*In re Immune Response Sec. Litig.*,
   497 F.Supp.2d 1166, (S.D.Cal. 2007) .................................................................... 10

21

22

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) .................................................................................. 14

23

*In re Pacific Enters. Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995) .................................................................................... 15

24

25

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
   227 F.R.D. 553 (W.D.Wash. 2004) .......................................................................... 8

26

*In re Tableware Antitrust Litig.*,
   484 F.Supp.2d 1078 (N.D.Cal. 2007) ................................................................... 8, 9

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - iii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*In re Toys "R" Us Antitrust Litig.*,
 191 F.R.D. 347 (E.D.N.Y. 2000) ............................................................... 9

*Linney v. Cellular Alaska*,
 P'ship, 151 F.3d 1234 (9th Cir. 1998) ................................................... 11, 13

*Officers for Justice v. Civil Serv. Comm'n*,
 688 F.2d 615 (9th Cir. 1982) .............................................................. 8, 9, 13

*Pelletz v. Weyerhauser Co.*,
 255 F.R.D 537 (W.D. Wash. 2009) ........................................................... 11

*Rankin v. Rots*,
 2006 WL 1876538 (E.D.Mich. 2006) ....................................................... 13

*Rodriguez v. West Publishing Corp.*,
 563 F.3d 948 (9th Cir. 2009) ................................................................... 16

*Silber v. Mabon*,
 18 F.3d 1449 (9th Cir. 1994) ................................................................... 16

*Torrisi v. Tucson Elec. Power Co.*,
 8 F.3d 1370 (9th Cir. 1993) ..................................................................... 11

Statutes

28 U.S.C. § 1332, 1441, 1446, and 1453 ....................................................... 2

28 U.S.C. § 1715 ........................................................................................ 18

Wash. Rev. Code § 19.190 ............................................................................ 2

Wash. Rev. Code § 19.86 .............................................................................. 2

Rules

Fed. R. Civ. P. 23 ............................................................................... 7, 16, 18

Fed. R. Civ. P. 23(a) .................................................................................... 4

Fed. R. Civ. P. 23(b)(2) ................................................................................ 4

Fed. R. Civ. P. 23(b)(3) ................................................................................ 4

Fed. R. Civ. P. 23(c)(2)(B) .......................................................................... 17

Fed. R. Civ. P. 23(e) ................................................................... 6, 7, 9, 16, 17

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - iv

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# I.    INTRODUCTION

Plaintiffs Anthony Michaels and David Catapano (collectively "Plaintiffs"), individually

and on behalf of all others similarly situated, respectfully request that the Court: (1) grant

preliminary approval of the proposed Settlement; (2) approve the form and manner of notice of

the Settlement to the Class and Subclass as described herein and in the Settlement Agreement;

and (3) schedule a hearing for the Court to consider a motion for final approval of the Settlement

and Class Counsel's application for an award of attorneys' fees and reimbursement of costs.

The Settlement as set forth in the parties' Settlement Agreement consisting of Injunctive

Relief affecting Defendants' use and explanation of the "Guestbook" feature and Defendants'

privacy policies, a cash payment to certain subclass members subject to a maximum total

aggregate amount of $9.5 million to the Settlement Subclass, and a $2.00 credit toward a future

purchase or renewal of a Classmates "Gold" membership available to the Settlement Class,

provides a substantial benefit to Class members and resolves all claims asserted by Plaintiffs

against Defendants.  The Settlement is the result of serious, non-collusive, arm's-length

negotiations, and is fair, reasonable, and adequate under the governing standards for evaluating

class action settlements in this Circuit.  Furthermore, all prerequisites for preliminary approval of

the Settlement have been met, and notice to Class members satisfies the requirements of due

process.  As a result, the Plaintiffs respectfully request that this motion be granted.[1]

## II.    PROCEDURAL AND FACTUAL BACKGROUND

**A.    Description of the Litigation**

Plaintiff Anthony Michaels filed a class action complaint against defendants Classmates

Online, Inc., Classmates Media Corporation, and United Online, Inc. (collectively,

---

[1] Prior to its filing, Counsel for Defendants reviewed Plaintiffs' Motion For Preliminary Approval of Class Action
Settlement and have indicated that they intend to file a notice of non-opposition once this motion is filed.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

"Defendants"), on October 30, 2008 in Los Angeles County Superior Court (the "Michaels Lawsuit").  On or about December 5, 2008, Defendants filed their Notice of Removal of the Michaels Lawsuit pursuant to 28 U.S.C. § 1332, 1441, 1446, and 1453 and removed this action to the United States District Court for the Central District of California.  On or about December 31, 2008, the parties stipulated to a transfer of the Michaels Lawsuit to the United States District Court for the Western District of Washington at Seattle. On or about January 5, 2010, the Hon. Dale S. Fischer of the Central District of California, having considered the parties' stipulation, ordered this action to be transferred to the Western District of Washington at Seattle and the action was thereupon assigned to this Court.

On December 19, 2008, plaintiff Xavier Vasquez filed a class action complaint against Defendants in King County Superior Court for the State of Washington (the "Vasquez Lawsuit"). The Vasquez Lawsuit was removed to the United States District Court for the Western District of Washington on January 23, 2009.  On April 30, 2009, the Court consolidated the Michaels Lawsuit and the Vasquez Lawsuit.  Dkt. 45.  The Michaels Lawsuit and the Vasquez Lawsuit and all claims and defenses asserted therein, and all claims and defenses asserted in the consolidated action are collectively referred to herein as the "Consolidated Lawsuit."  On July 29, 2009, the Court appointed counsel from the Michaels Lawsuit as interim Class Counsel for the Consolidated Lawsuit.  Dkt. 51.

On September 18, 2009, Plaintiffs Anthony Michaels and David Catapano filed their Amended Class Action Complaint (the "Complaint") in the Consolidated Lawsuit.  Dkt. 59.  In their Complaint, Plaintiffs alleged claims under the Commercial Electronic Mail Act, Wash. Rev. Code § 19.190 ("CEMA"), and the Consumer Protection Act, Wash. Rev. Code § 19.86 ("CPA").  The Complaint in the Consolidated Lawsuit alleged a class of all persons who

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 2

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

purchased a paid subscription to www.classmates.com between October 30, 2004 to the present, after receiving one or more e-mail messages containing certain e-mail subject lines that were the subject of the Complaint.  Plaintiffs allege that yearly subscriptions to www.classmates.com range from $9.95 to $39.00.

Defendants answered the Complaint on October 8, 2009.  Dkt. 62.  In preparation for the upcoming class certification phase of litigation, the parties propounded and answered multiple sets of interrogatories and requests for production.  The parties engaged in several rounds of discovery conferences and compromises, including extensive negotiation involving an ESI protocol and electronic discovery search terms.  Defendants produced over 35,000 pages of documents to Plaintiffs, all of which were reviewed and catalogued by Class Counsel.  In addition, Class Counsel reviewed and analyzed numerous sources of publicly available documents in an effort to substantiate and bolster their claims.  Class Counsel had also noticed depositions, which were imminent when the parties agreed to formal mediation under the auspices of the Hon. Steven Scott, Ret. of Judicial Dispute Resolution, LLC.

**B.**    **Settlement Negotiations**

On December 18, 2009, the parties mediated before the Hon. Steven Scott.  Although the terms of the Settlement were not reached on the day of the mediation, the mediation was successful in that it set a framework for the parties' ongoing settlement dialog to remain open and the parties to remain engaged in settlement negotiations.

In the subsequent days and weeks, the parties continued to negotiate the points of a settlement and ultimately reached terms agreeable by both sides.  On January 20, 2010, the parties advised the Court that that they had reached an agreement in principle on all terms except for Class Counsel's fee.  On February 4, 2010, the parties notified the Court that the parties had

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

reached agreement on all settlement terms. By Order dated February 8, 2010, the Court set March 5, 2010 as the deadline for filing this motion for preliminary approval. By Minute Order dated March 3, 2010, this deadline was extended until March 12, 2010.

## C.    Terms of the Settlement

The terms and conditions of the proposed Settlement are set forth in Exhibit 1 to this motion. The following is a summary of the principal terms of the parties' agreement.

1.    <u>Class</u>: The proposed Settlement has been reached on behalf of the following Settlement Class ("the Class") and Settlement Subclass ("the Subclass") pursuant to Rules 23(a), 23(b)(2), and (b)(3) of the Federal Rules of Civil Procedure:

a)    The Settlement Class is defined as:

All Persons, excluding Settlement Subclass members, located in the United States who were registered with or subscribed to www.classmates.com at any time between October 30, 2004 and the present.

b)    The Settlement Subclass is defined as:

All Persons located in the United States who registered with or subscribed to www.classmates.com and between January 1, 2007 and the present paid for a Gold Membership subscription to www.classmates.com (and did not previously receive a refund of such payment) as a result of:

i)    Upgrading to a Gold Membership through the process on Classmates.com of seeking to see who visited their Guestbook; or

ii)    Upgrading to a Gold Membership after clicking on a link to Classmates.com in a Guestbook email, or Connections email that included a Guestbook subject line, and upgrading to a Gold Membership within the same session activated by clicking on that link or within the same day of clicking on that link; or

iii)    Upgrading to a Gold Membership within the same day of receiving a Guestbook email or Connections email that included a Guestbook subject line.

Excluded from the Class and Subclass are:

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Defendants, all present or former officers and/or directors of Defendants, Class Counsel, the Judge of this Court, the Judge's family and staff, Defendants' counsel of record, and all Persons who make a timely and valid election to be excluded from the Settlement Class and Settlement Subclass in accordance with the provisions of the Individual Notice to Settlement Class and Individual Notice to Settlement Subclass.

2.      Released Parties:  The Released Parties include all Defendants and their affiliates, agents, or representatives, as set forth in Paragraph 13.1 of the Settlement Agreement attached as Exhibit 1.

3.      Settlement Amount:  The parties agree to settle this action for: a) a total aggregate amount not to exceed $9,500,000 in cash; b) a $2.00 offer of credit to each of Classmates' millions of non-paying subscribers; c) injunctive relief (described below); d) attorneys' fees not to exceed $1,300,000 as may be awarded by the Court; and e) costs of suit, including participation awards to Lead Plaintiffs not to exceed $2,500 each, as may be awarded by the Court.

4.      Injunctive Relief:  For a term of two years, following entry of the Final Approval Order and Judgment, Defendants will be enjoined as set forth in Exhibit E to the Settlement Agreement, which is attached hereto as Exhibit 1.

5.      Settled Claims:  As more clearly set forth in the agreed upon Release contained in the Settlement Agreement, the parties agree that all claims that were alleged or could have been alleged in this Consolidated Lawsuit, including all claims that were alleged or that could have been alleged in the Michaels Lawsuit and the Vasquez Lawsuit, for all years alleged in the Complaint, shall be released.  Defendants deny any and all liability, and the Settlement shall not be deemed in any way an admission of any liability or of the certifiability of any litigation class.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

6.    <u>Notice</u>:  As set forth in further detail below, notice to the Class and Subclass ("Class Notice") will conform to the due process requirements of Fed. R. Civ. P. 23(e). Defendants intend to effectuate notice pursuant to the notice provisions set forth in the Settlement Agreement.  In summary, Defendants will provide notice of the Settlement through a Settlement Administrator via electronic mail transmission to each class members' last known e-mail address within 90 calendar days of the entry of an order by this Court granting preliminary approval of the Settlement, as well as publication notice via a *Wall Street Journal* newspaper classified advertisement posting not less than one-eighth of a page.  Given the extraordinarily large number of class members, the parties agree that it will take a longer period of time to effectuate notice than is typically the case in class action settlements.  The proposed Class Notice to the Class and Subclass are attached to the Settlement Agreement as Exhibits A and B, and are expressly incorporated into the terms of the Settlement.

7.    <u>Attorneys' Fees</u>:  By separate application to be filed prior to the Final Fairness Hearing, Class Counsel will seek an award of attorneys' fees in an amount not to exceed $1.3 million.  Classmates further agrees to pay Class Counsel all costs in the action awarded by the Court, including participation awards to the Lead Plaintiffs as may be awarded by the Court, in an amount not to exceed $2,500 for each of the two Lead Plaintiffs.  The Class shall be notified of these facts in the Class Notice.  The proposed Settlement contemplates, subject to the Court's approval, that within ten (10) business days of the Final Approval Order and Judgment, subject to a receipt by Defendants of a Form W-9 completed and signed by the payee, Defendants will pay Class Counsel any attorneys' fees and costs awarded by the Court.

8.    <u>Plan of Allocation</u>:  The proposed Settlement provides, subject to the Court's approval, that Defendants will make available to all Subclass members on a claims-made basis a

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    cash payment of $3.00, subject to the maximum total aggregate amount set forth on page 1 of

2    this motion, or a credit of $2.00 toward the future purchase or renewal of a www.classmates.com

3    Gold Membership.  Classmates will also make available to all Class members a credit of

4    $2.00 toward the future purchase or renewal of a www.classmates.com Gold Membership.

5

**D.    Reasons for the Settlement**

6

7           Plaintiffs and Defendants have entered this proposed Settlement with an understanding of

8    the strengths and weaknesses of their claims and defenses.  This understanding is based on:

9    (1) the motion practice undertaken by the parties; (2) the investigation, research, and discovery

10   as outlined above; (3) the possibility that either party could prevail at trial; (4) the range of

11   possible recovery; and (5) the substantial complexity, expense, and duration of litigation

12   necessary to prosecute this action through trial, post-trial motions, and likely appeals, as well as

13   the significant uncertainties in predicting the outcome of this complex litigation.  Having

14   undertaken this analysis, Plaintiffs and Defendants have concluded that the Settlement is fair,

15   reasonable, adequate, and should be presented to the Court for approval.

16

**III.    DISCUSSION**

17

18   **A.    The Proposed Settlement Meets the Standards for Approval Under Rule 23.**

19           Rule 23(e) of the Federal Rules of Civil Procedure governs settlements of class action

20   lawsuits.  It provides that a "class may be settled, voluntarily dismissed, or compromised only

21   with the court's approval."  *See* Fed. R. Civ. P. 23(e).  Although the procedure for approval of a

22   class action settlement is not delineated in Rule 23, a two-step procedure is set forth in the

23   Federal Judicial Center's Manual for Complex Litigation § 21.632 (4th ed. 2004).  This

24   procedure is universally followed by district courts within the Ninth Circuit when considering

25   preliminary approval of class action settlements.  *See Alberto v. GMRI, Inc.*, 252 F.R.D. 652,

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    658-59 (E.D.Cal. 2008); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525

2    (C.D. Cal. 2004); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553

3    (W.D.Wash. 2004).

4         Under this framework, the court must initially determine "whether a proposed class

5    action settlement deserves preliminary approval." *DIRECTV*, 221 F.R.D. at 525 (citing Manual

6    for Complex Litigation, § 30.41, at 236-37 (3rd ed. 1995)).  Members of the class are

7    subsequently given notice of the proposed settlement, and the court must then determine whether

8    final approval is warranted.  *See id.*

9

10        When evaluating whether to grant preliminary approval of a class settlement, the court

11   need "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am.*

12   *Brands, Inc.*, 450 U.S. 79, 88 n. 14 (1981).  Courts should not reach legal conclusions "for it is

13   the very uncertainty of outcome in litigation and the avoidance of wasteful and expensive

14   litigation that induce consensual settlements." *Officers for Justice v. Civil Serv. Comm'n*, 688

15   F.2d 615, 625 (9th Cir. 1982).  Instead, the court "need only determine whether the proposed

16   settlement is within the range of possible approval." *Alberto*, 252 F.R.D. at 666 (internal

17   quotations and citation omitted).  In making this inquiry, the court's "intrusion upon what is

18   otherwise a private consensual agreement…must be limited[.]" *Officers for Justice*, 688 F.2d at

19   625.  Specifically, the court must ensure that "the agreement is not the product of fraud or

20   overreaching by, or collusion between, the negotiating parties, and that the settlement taken as a

21   whole, is fair, reasonable and adequate to all concerned." *Id.*  Therefore "preliminary approval

22   of a settlement has both a procedural and a substantive component." *In re Tableware Antitrust*

23   *Litig.*, 484 F.Supp.2d 1078, 1080 (N.D.Cal. 2007).

24

25

26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Importantly, it is well-settled that there exists "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *see also Officers for Justice*, 688 F.2d at 625 ("[I]t must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution."). It is equally well-established that approval of a proposed settlement is a matter committed to the sound discretion of the trial judge. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The Court should therefore exercise its discretion and grant preliminary approval of the instant class action settlement based on the principles of Rule 23(e).

        1.      **The Proposed Settlement is the Result of an Arm's-Length Negotiation and Therefore Satisfies the Procedural Component for Preliminary Approval.**

"Before approving a class action settlement, a district court must reach a reasoned judgment that the proposed agreement is not the product of fraud and overreaching by, or collusion among, the negotiating parties[.]" *Ficalora v. Lockheed California Co.*, 751 F.2d 995, 997 (9th Cir. 1985). When applying this factor, courts give substantial weight to the experience of the attorneys who prosecuted the case and negotiated the settlement. *See In re Tableware*, 484 F.Supp.2d at 1080. If a settlement is negotiated at arm's-length, there is a presumption that the settlement is procedurally sufficient. *See, e.g. Hanlon*, 150 F.3d at 1027 (finding that courts are deferential to "the private consensual decisions of the parties").

Courts additionally consider whether the settlement was reached with the assistance of a mediator. *See, e.g., In re Toys "R" Us Antitrust Litig.*, 191 F.R.D. 347, 352 (E.D.N.Y. 2000) ("Most significantly, the settlements were reached only after arduous settlement discussions conducted in a good faith, non-collusive manner, over a lengthy period of time, and with the assistance of a highly experienced neutral mediator[.]"); *see also Glass v. UBS Fin. Servs., Inc.*,

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2007 WL 221862, at *5 (N.D.Cal. 2007) (finding that the assistance of a well-respected mediator supports approval of a settlement). The parties' voluntary participation in mediation creates a highly indicative presumption of fairness in the negotiation process. *See In re Immune Response Sec. Litig.*, 497 F.Supp.2d 1166, 1171 (S.D.Cal. 2007).

In the instant case, there is no dispute that the proposed Settlement is the product of extensive, arm's-length negotiations. The parties' negotiations extended over three months, and were overseen by an experienced mediator, Hon. Steven Scott of Judicial Dispute Resolution. The parties also conducted discovery, and Plaintiffs engaged in extensive communications with consulting experts and potential witnesses, for both class certification briefing and trial preparation. The parties' negotiations were informed by the knowledge of counsel gained by their respective investigations of the law and the facts over the life of this case. The parties have a thorough understanding of the facts and legal arguments at issue in this lawsuit.

Based on their familiarity with the factual and legal issues, and their experience in litigating claims similar in nature to those in this case, the parties were able to make a well-informed decision on the relative strengths and weaknesses of their claims and defenses. Both parties were able to make good-faith assessments of the costs and risks of proceeding to trial before reaching an agreement. As a result, the proposed Settlement is the result of serious, arm's-length, non-collusive negotiations.

2.      **The Proposed Settlement is Fair, Reasonable, and Adequate and Therefore Satisfies the Substantive Component for Preliminary Approval.**

The Ninth Circuit has articulated eight factors in determining whether a settlement is fair, adequate, and reasonable: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    and stage of proceedings; (6) the experience and views of counsel; (7) the presence of

2    governmental participant; and (8) the reaction of the class members to the settlement.  *Hanlon*,

3    150 F.3d at 1026.  Courts within the Ninth Circuit and this district court have consistently

4    applied these factors when making the fairness determination.  *See Linney v. Cellular Alaska*

5    *P'ship,* 151 F.3d 1234, 1242 (9th Cir. 1998*); Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370,

6    1375 (9th Cir. 1993); *Pelletz v. Weyerhauser Co.*, 255 F.R.D 537, 542 (W.D. Wash. 2009).

7    Consideration of these criteria demonstrates that the proposed Settlement should be approved.

8            a.      **The Strength of Plaintiffs' Case Favors Approval of the Proposed**
                     **Settlement.**

9

10           When evaluating a settlement for preliminary approval, courts need only weigh the

11   plaintiff's case against the amount offered in settlement, rather than considering the strength of

12   the plaintiff's case on the merits.  *DIRECTV*, 221 F.R.D. at 526 (citing 5 Moore Federal Practice,

13   § 23.85(2)(e) (Matthew Bender 3d ed.)).  As evidenced by the vigor with which Class Counsel

14   have prosecuted this action and the amount of time expended toward that end, Class Counsel

15   strongly believe in the merits of this case and the claims in the Complaint.  In Class Counsel's

16   view, the discovery conducted in this case supports Plaintiffs' allegations.  Class Counsel further

17   believe that the evidence at trial would establish, among other things, that Defendants' e-mail

18   subject lines improperly induced free members to pay for a "Gold" membership with Classmates.

19   Defendants unequivocally dispute these claims.  Defendants believe that plaintiffs will not

20   prevail at trial but recognize the benefit in resolving the Consolidated Lawsuit now.

21   Accordingly, this factor supports preliminary approval of the proposed Settlement.

22

23

24

25

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**b.     The Risk, Expense, Complexity, and Duration of Further Litigation Weighs in Favor of Approval.**

"[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *DIRECTV*, 221 F.R.D. at 526 (citing Alba Conte & Herbert B. Newberg, Newberg on Class Actions, § 11.50 (4th ed. 2002)). Courts clearly favor settlement, as it preserves individual resources by avoiding protracted litigation and subsequent appeals. *Id.* at 527.

Here, the parties recognize the risks of continued litigation and an adverse outcome. Although Plaintiffs and Defendants strongly believe in the merits of their claims and defenses, they are cognizant of the risks of proceeding to trial. The factual scenario surrounding the circumstances of this lawsuit – which include, among other things, the validity and legality of certain e-mail subject lines used by Defendants, the multiple factors that may be considered by a consumer upon purchasing a "Gold" membership, and the perception and interpretation of e-mail subject lines and communications and issues relating to Classmates use of its user information – are both complex and in dispute.

In addition, the potential costs of going to trial would be substantial. The parties estimated that the trial would take at least five days, and both parties began taking the preliminary steps in preparation for trial. Under such circumstances, the avoidance of further risks and costs conserves both the parties' and judicial resources. As such, this factor weighs in favor of the preliminary approval of the proposed Settlement.

**c.     The Risk of Maintaining Class Action Status Throughout the Trial**

Where "[t]he court is unaware of any specific difficulty in maintaining class-action status in [a] case were the matter to continue to trial…the court will not consider this factor for settlement purposes." *Alberto v. GMRI, Inc.*, 2008 WL 4891201, at *9 (E.D.Cal. Nov. 12, 2008)

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    (citation omitted).  Here, the Court has not yet ruled on class certification so this factor is

2    inapplicable.

3                    **d.    The Amount Offered in Settlement Weighs in Favor of Approval.**

4            A proposed settlement should be viewed as a whole rather than in individual pieces.

5    *Officers for Justice*, 688 F.2d at 628.  An offer "may be acceptable even though it amounts to

6    only a fraction of the potential recovery that might be available to the class members at trial."

7    *DIRECTV*, 221 F.R.D. at 527.  Moreover, a settlement should not be judged against a

8    "speculative measure" of what could have been attained in negotiation.  *Linney v. Cellular*

9    *Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).  The Court should "not substitute its

10   business judgment for that of the parties."  *Rankin v. Rots*, 2006 WL 1876538, at *3 (E.D.Mich.

11   2006).

12           In this case, there is a broad range of potential recovery if the case were to be litigated to

13   its conclusion.  At one end of the spectrum is the possibility that Plaintiffs would prevail on their

14   claims and recover the full amounts they request as paid out in membership fees.  Under

15   Plaintiffs' theory of the case, this could constitute approximately $9.95 to $39.00 per class

16   member, per membership.  Moreover, CEMA provides for statutory damages of up to $500 per

17   e-mail violation.  As alleged, Classmates has millions of free and paid subscribers, and

18   Classmates sends e-mail  communications to these free and paid subscribers on a regular and

19   continual basis.  Accordingly, statutory damages under CEMA could be staggering.  At the other

20   end of the spectrum is the possibility that Defendants would prevail on their legal arguments to

21   defeat liability entirely resulting in no recovery for Plaintiffs.

22           Given this broad range of possible damages, the Settlement provides a substantial

23   recovery, including substantive injunctive relief falling well within the range that courts have

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

traditionally found to be fair and adequate under the law.  *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (approving a settlement that comprised one-sixth of plaintiffs' potential recovery); *Lane, et al. v. Facebook, Inc., et al.*, No. C-08-3845RS (N.D. Cal.) (motion for final approval of settlement including $9.5 million in cash donated to a Privacy Foundation established by the settlement set for Feb. 26, 2010) (settlement documents available at http://www.beaconclasssettlement.com/ ).

Here, not only will a substantial aggregate cash amount be available to members of the Subclass, but in addition, Defendants are providing a $2.00 credit for a paid membership to www.classmates.com to its millions of members in the United States who do not qualify for or do not elect to receive a portion of the cash relief, together with substantial injunctive relief.  In addition, Defendants have agreed to pay the costs of notice, settlement administration, as well as attorneys' fees and costs.  Accordingly, this Settlement provides all Class members substantial relief and is a reasonable compromise of the claims at issue compared to the total amount sought by Plaintiffs, and the attendant risks of further litigation.  The settlement package obtained by Plaintiffs' counsel on behalf of the Class and Subclass supports preliminary approval.

**e.    The Extent of Discovery Completed and the Stage of Proceedings Weigh in Favor of Approval.**

The extent of discovery conducted assists in the parties' determination of the strengths and weaknesses of the case.  *See DIRECTV*, 221 F.R.D at 527 (*citing* Manual for Complex Litigation § 30.42 (3d ed. 1995)).  Preliminary approval of a settlement is more likely if the settlement was reached after careful investigation and consideration of the "legal and factual issues surrounding the case."  *Id.*  "A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   full understanding of the legal and factual issues surrounding the case." *DIRECTV*, 221 F.R.D.

2   at 527 (internal quotations and citation omitted).

3           Here, and as described previously, both parties have undertaken discovery. Both parties

4   propounded and answered numerous interrogatories, requests for production, and were preparing

5   to embark on substantial rounds of witness and likely third-party depositions. The parties have

6   also reviewed thousands of pages of documents in this case. Therefore, the parties had a

7   complete and well-informed view of the case. This factor supports preliminary approval.

8           **f.    The Experience and View of Counsel Weigh in Favor of Approval.**

9           "Great weight is accorded to the recommendation of counsel, who are most closely

10  acquainted with the facts of the underlying litigation." *DIRECTV*, 221 F.R.D. at 528 (citation

11  omitted). "This is because '[p]arties represented by competent counsel are better positioned than

12  courts to produce a settlement that fairly reflects each party's expected outcome in the

13  litigation.'" *Id.* (*citing In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).

14          Class Counsel involved in the case have extensive experience in handling complex class

15  action cases. Keller Rohrback L.L.P. is a national leader in such litigation. The firm has served

16  as lead or co-lead counsel in numerous class actions in the areas of consumer protection,

17  securities fraud, antitrust, and ERISA-related class action litigation. *See* Declaration of Mark

18  Griffin, Dkt. 31 (March 20, 2009). Kabateck Brown Kellner LLP also has substantial class

19  action experience. *See* Declaration of Richard Kellner, Dkt. 32 (March 20, 2009). Based on the

20  experience and the specific facts of this case, Class Counsel has concluded that the Settlement is

21  fair, reasonable, and adequate. This factor also supports preliminary approval of the Settlement.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 15

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### g.    The Presence of a Government Participant

The Government is not a party or a formal participant in this case.  Consequently, this factor is inapplicable.

### h.    The Reaction of Class Members to the Proposed Settlement

The named Plaintiffs and other Class Members with whom Class Counsel have consulted support the proposed Settlement.  However, full discussion of this factor cannot occur until after notice is issued and the Class as a whole has the opportunity to evaluate the Settlement. Accordingly, the parties submit that evaluation of this factor occur at the final approval stage.

## B.    The Proposed Form of Notice to Class Members Meets the Due Process Requirements of Rule 23.

Following preliminary approval of a settlement, the Class members must be notified of the proposed settlement.  Rule 23 provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." Fed. R. Civ. P. 23(e)(1).  With respect to the terms of the notice, "[n]otice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (internal quotations and citations omitted).  "Settlement notices are supposed to present information about a proposed settlement neutrally, simply, and understandably[.]" *Id.* (citing cases in the Second, Sixth, and Eighth Circuits).

With respect to the method of notice, members of the Class must receive the "best notice practicable" under the circumstances. *See Silber v. Mabon*, 18 F.3d 1449, 1452 (9th Cir. 1994); *see also Browning v. Yahoo! Inc.*, 2007 WL 4105971, at *7 (N.D.Cal. 2007) (notice "need not [be] perfect" but must be "the best notice practicable under the circumstances and directed in a

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 16

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    reasonable manner to all members who would be bound") (citing Fed. R. Civ. P. 23(c)(2)(B) &

2    23(e)(1)(B)) (internal quotations and citations omitted).

3        The parties propose that the best method of providing notice is via electronic mail

4    correspondence to the Class and Subclass, as well as publication in the classified advertising

5    section of the *Wall Street Journal*, as set forth in Paragraphs 8.1 and 8.2 of the Settlement

6    Agreement.  Notice by electronic mail has held to be particularly suitable in cases where class

7    members' claims arise from their visits to Defendants' internet websites.  *Browning*, 2007 WL

8    4105971 at *4; *accord Farinella v. PayPal, Inc.*, 611 F.Supp.2d 250, 257, n. 10 (E.D.N.Y. 2009)

9    (finding that class members were "uniquely suited" for e-mail notification because "(1) their

10    interactions with defendants have exclusively or predominantly been via e-mail and over the

11    internet and (2) while the e-mail addresses associated with their PayPal accounts have been

12    verified by the defendants, their mailing addresses have not").

13        Here, in addition to the publication notice, the proposed Notices will be e-mailed directly

14    to each of Classmates' customers who fall within the Class and Subclass definitions.  Because

15    each Class members' relationship with Defendants is through their internet websites and e-mail

16    contact, and because of the extraordinarily large number of class members, this method of notice

17    is particularly suitable under the circumstances.  By providing notice in this manner, notice will

18    reach a high percentage of the target audience.

19        The proposed Class and Subclass Notices (*see* Exhibits A and B to the Settlement

20    Agreement) describe the terms of the settlement in plain language and with sufficient detail,

21    including providing a website address to visit for additional information.  The Notices describe

22    the terms and operation of the Settlement, the considerations that caused the parties to conclude

23    that the Settlement is fair and adequate, the maximum attorneys' fees and costs, including

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 17

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

participation awards to the Lead Plaintiffs that may be sought, the procedure for objecting to the Settlement, the procedure for submitting a valid claim form, and the date and place of the Final Fairness Hearing. It also contains contact information for the Settlement Administrator and Class Counsel. Notice of this Settlement will also be published in the *Wall Street Journal* and on a website established by the Settlement Administrator.

## IV.    PROPOSED SCHEDULE

As set forth in the Settlement Agreement, he parties propose the following schedule regarding notice to the Class and Subclass and final approval of the Settlement Agreement:

| Event | Time for Compliance |
|---|---|
| Deadline for e-mailing individual notice to members of the Class and Subclass and publishing notice ("Notice Date") | 90 days from the Court's entry of Preliminary Approval of the Settlement |
| Deadline for Opting Out of Class or Subclass | 30 days from the Notice Date |
| Deadline for Objecting to Settlement | 30 days from the Notice Date |
| Deadline for Submitting Claim Form | 30 days from the Notice Date |
| Deadline for filing Plaintiffs' motion for final approval and for attorneys' fees and costs | 7 days prior to the Final Fairness Hearing |
| Final Fairness Hearing[2] | No earlier than August 31, 2010 |

## V.    CONCLUSION

For the reasons described above, the proposed Settlement is the product of serious, non-collusive, arm's-length negotiations, and is a fair, reasonable, and adequate resolution of Plaintiffs' claims. The proposed Class Notice also satisfies Rule 23's due process requirements. As a result, the parties respectfully request that the Court grant their joint motion and enter the proposed order attached hereto which: (1) grants preliminary approval of the Settlement;

---

[2] Pursuant to 28 U.S.C. § 1715, the date of the Final Fairness Hearing must be at least 90 days after the filing date of this motion.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  (2) approves the form and manner of Class Notice; and (3) sets a date for the Final Fairness

2  Hearing.

3       DATED this 12th day of March, 2010.

4                                    **KELLER ROHRBACK L.L.P.**

5

6                                    By s/Amy Williams-Derry
7                                    Mark A. Griffin, WSBA #16296
                                     Amy Williams-Derry, WSBA #28711
8                                    1201 Third Avenue, Suite 3200
                                     Seattle, WA 98101-3052
9                                    Tel: (206) 623-1900
                                     Fax: (206) 623-3384
10                                   mgriffin@kellerrohrback.com
11                                   awilliams-derry@kellerrohrback.com

12                                   Brian S. Kabateck
                                     Richard L. Kellner
13                                   Joshua H. Haffner
                                     KABATECK BROWN KELLNER LLP
14                                   644 South Figueroa Street
                                     Los Angeles, CA  90017
15                                   Tel: (213) 217-5000
                                     Fax: (213) 217-5010
16                                   bsk@kbklawyers.com
17                                   rlk@kbklawyers.com
                                     jhh@kbklawyers.com
18

19                                   *Interim Class Counsel*

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 19

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of March, 2010, I electronically filed the

foregoing document with the Clerk of the Court using the ECF system, which will send

notification of such filing to all ECF participants.

s/Amy Williams-Derry
Amy Williams-Derry

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384