**EXHIBIT 1**

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into, subject to final approval of the Court and entry of final judgments of dismissal with prejudice, between lead plaintiffs Anthony Michaels and David Catapano, individually ("Lead Plaintiffs"), and the Settlement Class and Settlement Subclass, as defined below, represented by Lead Plaintiffs (collectively, "Plaintiffs"), on the one hand, and Classmates Online, Inc., Classmates Media Corporation, and United Online, Inc. (collectively, "Defendants"), on the other hand. Plaintiffs and Defendants are, at times, individually referred to herein as a "Party" and collectively as the "Parties."

### RECITALS

A.      On October 30, 2008, plaintiff Anthony Michaels filed a putative class action complaint against Defendants in the Los Angeles Superior Court for the County of Los Angeles (the "Michaels Lawsuit"). The allegations in the Michaels Lawsuit are incorporated herein by reference. The Michaels Lawsuit was removed to the United States District Court for the Central District of California on December 5, 2008, and by stipulation of the parties was transferred to the United States District Court for the Western District of Washington on January 5, 2009. The Michaels Lawsuit was assigned Western District of Washington Case Number 09-cv-0045.

B.      On December 19, 2008, plaintiff Xavier Vasquez filed a putative class action complaint against Defendants in King County Superior Court for the State of Washington (the "Vasquez Lawsuit"). The allegations in the Vasquez Lawsuit are incorporated herein by reference. The Vasquez Lawsuit was removed to the United States District Court for the Western District of Washington on January 23, 2009. The Vasquez Lawsuit was assigned Western District of Washington Case Number 09-cv-0104.

C.      On April 30, 2009, the Honorable Richard A. Jones of the United States District Court for the Western District of Washington consolidated the Michaels Lawsuit and the Vasquez Lawsuit. The Court captioned the consolidated lawsuit *In re Classmates.com*

*Consolidated Litigation*, Case No. 09-cv-0045. The Michaels Lawsuit, the Vasquez Lawsuit, and the consolidated lawsuit are collectively referred to herein as the "Consolidated Lawsuit."

D.      On July 29, 2009, the Court appointed Keller Rohrback L.L.P. and Kabateck Brown Kellner L.L.P. to serve as interim class counsel.

E.      On September 18, 2009, interim class counsel in the Consolidated Lawsuit filed Plaintiffs' Amended Consolidated Class Action Complaint for Violations of the Washington Commercial Electronic Mail Act and Washington Consumer Protection Act (the "Consolidated Complaint"). The allegations in the Consolidated Complaint are incorporated herein by reference.

F.      The Parties have conducted formal discovery and extensive investigation, and have researched and analyzed the legal and factual issues relating to the claims and defenses in the Consolidated Lawsuit. The Parties have assessed the relative strengths and weaknesses of the claims and defenses in the Consolidated Lawsuit. After substantial inquiry and investigation, Lead Plaintiffs and Class Counsel have concluded that the Parties' settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class and Settlement Subclass.

G.      Defendants have denied and continue to deny each of the claims and contentions alleged in the Consolidated Lawsuit and in each complaint filed in these proceedings. Defendants have repeatedly asserted and continue to assert defenses thereto, and have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Consolidated Lawsuit and in each complaint filed in these proceedings. Defendants have also denied and continue to deny that any Settlement Class member or Settlement Subclass member has suffered any damage or is entitled to any of the relief sought or that could have been sought through the Consolidated Lawsuit, or was harmed by any conduct of Defendants alleged or that could have been alleged in the Consolidated Lawsuit. Neither this Settlement Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Settlement Agreement, is, may be construed as, or may be used as an

admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever.

H.    The Parties have engaged in substantial negotiations over the course of several months in an effort to resolve the claims in the Consolidated Lawsuit. During that time, on December 18, 2009, the Parties participated in formal mediation before the Honorable Steven Scott of Judicial Dispute Resolution, LLC, who is a retired King County Superior Court Judge.

I.    The Parties recognize that the outcome of the Consolidated Lawsuit is uncertain, and that a final resolution through litigation would require protracted adversarial litigation and substantial risk and expense. The Parties have agreed to resolve the Consolidated Lawsuit as a class action settlement according to the terms herein.

NOW, THEREFORE, without (a) any admission or concession on the part of Plaintiffs of the lack of merit of the Consolidated Lawsuit, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by any of the Defendants, it is hereby stipulated and agreed by the undersigned, on behalf of Lead Plaintiffs, the Settlement Class, the Settlement Subclass, and Defendants, that the Consolidated Lawsuit be settled, compromised, and dismissed on the merits and with prejudice, subject to approval of the Court, on the following terms and conditions:

<u>TERMS AND CONDITIONS</u>

**1.    DEFINED TERMS**

In addition to the terms defined above, the following terms shall have the meanings set forth below:

1.1.    "Claim Form Submission Date" shall have the meaning set forth in Section 12.1. of this Settlement Agreement.

1.2.    "Claimants" shall mean those members of the Settlement Class and/or Settlement Subclass who submit a Valid Claim Form.

1.3.    "Class Counsel" shall have the meaning set forth in Section 6.2. of this Settlement Agreement.

1.4.    "Classmates Online, Inc." shall mean Classmates Online, Inc. and each of its past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers.

1.5.    "Classmates Media Corporation" shall mean Classmates Media Corporation and each of its past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers.

1.6.    "Consolidated Complaint" shall have the meaning set forth in Paragraph E of the Recitals of this Settlement Agreement.

1.7.    "Consolidated Lawsuit" shall have the meaning set forth in Paragraph C of the Recitals of this Settlement Agreement.

1.8.    "Court" shall mean the United States District Court for the Western District of Washington, where the Consolidated Lawsuit is currently pending before the Honorable Richard A. Jones.

1.9.    "Defendants" shall have the meaning set forth in the introductory paragraph of this Settlement Agreement.

1.10.    "Effective Date" shall mean the first date after which all of the following events and conditions have been met or occurred:

(1)    All Parties or their competent representatives have executed this Settlement Agreement;

(2)    The Court, by entry of an appropriate order, has preliminarily approved this Settlement Agreement, the settlement terms set forth herein, and the method for providing notice to Settlement Class and Settlement Subclass members and the claims process;

(3)    The Court has entered the Final Approval Order and Judgment, formally and finally approving this Settlement Agreement, without material alteration, and releasing the Released Parties from the Released Claims and dismissing with prejudice, and without leave to amend, the Consolidated Lawsuit and all claims asserted therein, except as to those Settlement Class and Settlement Subclass members who timely request exclusion, and the Final Approval Order and Judgment is fully enforceable and the time for any appeals has expired;

(4)    Automatic termination of this Settlement Agreement has not occurred pursuant to the terms of Section 16.1. herein; and

(5)    Defendants choose not to exercise their right, if such right exists, to terminate this Settlement Agreement pursuant to Section 16.4. herein.

1.11.    "Final Approval" and "Final Approval Order and Judgment" shall mean the order to be entered by the Court finally approving this Settlement Agreement as fair, adequate, reasonable and in the best interests of the Settlement Class and Settlement Subclass, and dismissing the Consolidated Lawsuit with prejudice and without leave to amend in accordance with the applicable Federal Rules of Civil Procedure and other applicable law, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Settlement Agreement.

1.12.    "Final Approval (Final Fairness) Hearing" shall mean the Court hearing at which final approval of this Settlement Agreement is sought.  The Final Approval (Final Fairness)

Hearing shall be set by the Court after entry of the Preliminary Approval Order on a date at least sixty (60) calendar days after the Notice Date, and in no event before August 31, 2010.

1.13.  "Gold Membership" refers to the type of account held by an individual who has subscribed to the online services available on the www.classmates.com website that users may gain access to by paying a fee for use of the online services.

1.14.  "Individual Notice to Settlement Class" shall mean the notice provided to Settlement Class members, pursuant to the terms of this Settlement Agreement, that this Settlement Agreement has been preliminarily approved.  The Individual Notice to Settlement Class will be approved as to form and content by the Court and will be in substantially the form attached hereto as Exhibit A, unless otherwise ordered by the Court.

1.15.  "Individual Notice to Settlement Subclass" shall mean the notice provided to Settlement Subclass members, pursuant to the terms of this Settlement Agreement, that this Settlement Agreement has been preliminarily approved.  The Individual Notice to Settlement Subclass will be approved as to form and content by the Court and will be in substantially the form attached hereto as Exhibit B, unless otherwise ordered by the Court.

1.16.  "Judge" shall mean the Honorable Richard A. Jones of the United States District Court for the Western District of Washington.

1.17.  "Lead Plaintiffs" shall have the meaning set forth in the introductory paragraph of this Settlement Agreement.

1.18.  "Michaels Lawsuit" shall have the meaning set forth in Paragraph A of the Recitals of this Settlement Agreement.

1.19.  "Notice" shall mean, collectively, the communications by which Settlement Class and Settlement Subclass members are notified of this Settlement Agreement and the Court's Preliminary Approval of this Settlement Agreement.

1.20.  "Notice Date" shall be defined by the period required to provide Notice to the Settlement Class and Settlement Subclass members.  Subject to Preliminary Approval by the Court of this Settlement Agreement, Defendants shall work diligently and exercise commercially

reasonable efforts to enable the Settlement Administrator to provide Notice within ninety (90) calendar days of the Court's entry of a Preliminary Approval Order.  Thus, for purposes of this Settlement Agreement, the "Notice Date" shall be the ninetieth (90) calendar day after the Court enters a Preliminary Approval Order.

1.21.   "Party" and "Parties" shall have the meaning set forth in the introductory paragraph of this Settlement Agreement.

1.22.   "Person(s)" shall mean any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

1.23.   "Plaintiffs" shall have the meaning set forth in the introductory paragraph of this Settlement Agreement.

1.24.   "Potential Maximum Cash Consideration" shall have the meaning set forth in Section 4.1.1. of this Settlement Agreement.

1.25.   "Preliminary Approval" or "Preliminary Approval Order" shall mean the Court's entry of an order of preliminary approval of this Settlement Agreement.

1.26.   "Released Claims" shall have the meaning set forth in Section 13.1. of this Settlement Agreement.

1.27.   "Released Parties" shall have the meaning set forth in Section 13.1. of this Settlement Agreement.

1.28.   "Releasing Parties" shall have the meaning set forth in Section 13.1. of this Settlement Agreement.

1.29.   "Request for Exclusion" shall mean a request to be excluded from the Settlement Class or Settlement Subclass, submitted in accordance with the terms and conditions of this Settlement Agreement and the instructions provided in the Notice.

1.30.   "Settlement Administrator" shall have the meaning set forth in Section 7.1. of this Settlement Agreement.

1.31.   "Settlement Class Claim Form" shall mean the claim form to be used by members of the Settlement Class who elect to participate in the receipt of benefits as set forth herein.  The

Settlement Class Claim Form will be approved as to form and content by the Court and will be in substantially the form attached hereto as Exhibit C, unless otherwise modified by agreement of the Parties and approved by the Court.

1.32. "Settlement Subclass Claim Form" shall mean the claim form to be used by members of the Settlement Subclass who elect to participate in the receipt of benefits as set forth herein. The Settlement Subclass Claim Form will be approved as to form and content by the Court and will be in substantially the form attached hereto as Exhibit D, unless otherwise modified by agreement of the Parties and approved by the Court.

1.33. "United Online, Inc." shall mean United Online, Inc. and each of its past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers.

1.34. "Valid Claim Form" shall have the meaning set forth in Section 12.1. of this Settlement Agreement.

1.35. "Vasquez Lawsuit" shall have the meaning set forth in Paragraph B of the Recitals of this Settlement Agreement.

## 2.   COOPERATION BY THE PARTIES

2.1. The Parties and their counsel agree to cooperate fully with each other to promptly execute all documents and take all steps necessary to effectuate the terms and conditions of this Settlement Agreement. The Parties and their counsel further agree to support the final approval of the Settlement Agreement including against any appeal of the Final Approval Order and

Judgment including any collateral attack on the Settlement Agreement or the Final Approval

Order and Judgment.

### 3.    DEFINITION OF THE SETTLEMENT CLASS AND THE SETTLEMENT SUBCLASS

3.1.    For purposes of this Settlement Agreement only, the Parties agree to the

certification, as discussed in Section 6.3 of this Settlement Agreement, of a Settlement Class and

Settlement Subclass as defined below:

**"Settlement Class"**

> All Persons, excluding Settlement Subclass members, residing in the United States who were registered with or subscribed to www.classmates.com at any time between October 30, 2004 and entry of the Preliminary Approval Order.

**"Settlement Subclass"**

> All Persons residing in the United States who registered with or subscribed to www.classmates.com between January 1, 2007 and entry of the Preliminary Approval Order and who paid for a Gold Membership subscription to www.classmates.com (and did not previously receive a refund of such payment) as a result of:

> 1.    Upgrading to a Gold Membership through the process on Classmates.com of seeking to see who visited their Guestbook; or

> 2.    Upgrading to a Gold Membership after clicking on a link to Classmates.com in a Guestbook email, or Connections email that included a Guestbook subject line, and upgrading to a Gold Membership within the same session activated by clicking on that link or within the same day of clicking on that link; or

> 3.    Upgrading to a Gold Membership within the same day of receiving a Guestbook email or Connections email that included a Guestbook subject line.

3.2.    According to Defendants' analysis and calculations, the Settlement Subclass is

expected to be comprised of approximately 3.16 million individuals.  This estimated number of

individuals comprising the Settlement Subclass is a material term of this Settlement Agreement.

3.3.    The following Persons are expressly excluded from the Settlement Class and Settlement Subclass:

Defendants, all present or former officers and/or directors of Defendants, Class Counsel, the Judge of this Court, the Judge's family and staff, Defendants' counsel of record, and all Persons who make a timely and valid election to be excluded from the Settlement Class and Settlement Subclass in accordance with the provisions of the Individual Notice to Settlement Class and Individual Notice to Settlement Subclass.

4.      **CONSIDERATION TO PLAINTIFFS**

4.1.    In exchange for the terms and conditions set forth in this Settlement Agreement, including without limitation the Released Claims set forth in Section 13 below, Defendants will provide the following consideration:

4.1.1. <u>Cash Payment or Cash Credit to Settlement Subclass</u>.  Defendants will make available to all members of the Settlement Subclass on a claims-made basis a cash payment of $3.00, subject to a maximum total aggregate amount of $9.5 million (the "Potential Maximum Cash Consideration") or a credit of $2.00 toward the future purchase or renewal of a www.classmates.com Gold Membership.  If more than 3,166,666 individuals submit a valid claim for cash payment, then the amount of cash payment shall be proportionally reduced below $3.00 so that the total submission of claims for cash payment from members of the Settlement Subclass equals, but does not exceed, the Potential Maximum Cash Consideration of $9.5 million.

4.1.2. <u>Cash Credit to the Settlement Class</u>.  Defendants will make available to all members of the Settlement Class, a credit of $2.00 toward the future purchase or renewal of a www.classmates.com Gold Membership.

4.1.3. <u>Injunctive Relief</u>.  Beginning with the Court's entry of an order and judgment granting final approval of the settlement, and for a period of two years thereafter, Defendants will be enjoined as set forth in Exhibit E hereto.  Class Counsel will periodically

monitor Defendants' compliance with the injunctive relief set forth in Exhibit E hereto, and shall provide Defendants with at least thirty (30) days prior written notice to their counsel designated herein of a claim of potential violation of such injunctive relief, and an opportunity to cure any such alleged violation, before filing any motion with the Court. The Court shall retain jurisdiction over this settlement and the injunctive relief specified herein throughout the terms of the injunction.

    4.1.4.  <u>Participation Awards to Lead Plaintiffs</u>. Defendants agree not to oppose Class Counsel's request for the Court to award a participation payment of $2,500 each to Lead Plaintiffs Anthony Michaels and David Catapano for their contributions to the Consolidated Lawsuit. If approved, such participation awards will be added to Class Counsel's cost bill submitted to the Court and paid directly by Class Counsel to Lead Plaintiffs.

**5.**   **CLASS COUNSELS' FEES AND COSTS**

  5.1.  Provided that Class Counsel will limit their request for fees as set forth below, Defendants will not oppose Class Counsel's application to the Court for an award of reasonable attorneys' fees and reimbursement of costs and expenses incurred in the prosecution of this matter on behalf of Plaintiffs. In connection with this request, Class Counsel will limit their requested fee award to $1,300,000.00. Defendants agree to pay to Class Counsel: i) the attorneys' fee awarded by the Court to Class Counsel not to exceed $1,300,000.00; and ii) the cost bill awarded by the Court, which shall include any participation awards by the Court, if any, to the Lead Plaintiffs in an amount not to exceed $2,500 for each of the two Lead Plaintiffs, as set forth in Paragraph 4.1.4. above.

  5.2.  Defendants make no representations or admissions relating to the reasonableness of the fees Plaintiffs' counsel may be awarded by the Court.

  5.3.  Any attorneys' fees and costs awarded by the Court shall be in addition to the amounts paid to the Settlement Subclass as provided for in Section 4.1.1. above, and shall be paid by Defendants to Class Counsel within ten (10) business days of the Final Approval Order

and Judgment, subject to receipt by Defendants of a Form W-9 completed and signed by the payee. Such payment shall be made pursuant to the delivery instructions of Class Counsel, and as agreed to by Defendants.

5.4.    None of the Released Parties shall have any responsibility for, and the Released Parties shall have no liability whatsoever with respect to, the allocation among Class Counsel and/or any other Person who may assert a claim for any attorneys' fees, costs, or expenses that the Court may award in connection with the Consolidated Lawsuit.

## 6.    PRELIMINARY APPROVAL OF SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND SETTLEMENT SUBCLASS

6.1.    The Parties shall work in good faith to jointly seek Preliminary Approval of this settlement from the Court. Without limitation, the Court shall be asked to approve the terms and conditions of this Settlement Agreement, the Individual Notice to Settlement Class and Individual Notice to Settlement Subclass, the method of Notice, the Settlement Class Claim Form and Settlement Subclass Claim Form, the procedure for submitting claims, and the cap on attorneys' fees sought by Class Counsel, all as part of Preliminary Approval. Once Preliminary Approval is granted, Class Counsel will not represent, encourage or solicit any Person requesting exclusion from the Settlement Class or Settlement Subclass or making objections to this Settlement Agreement.

6.2.    For settlement purposes only, the Parties agree that the Court may enter an order conditionally certifying the Settlement Class and Settlement Subclass, appointing Lead Plaintiffs Anthony Michaels and David Catapano as representatives of the Settlement Class and Settlement Subclass, and appointing the following counsel as "Class Counsel" for the Settlement Class and Settlement Subclass:

KELLER ROHRBACK L.L.P.
Mark A. Griffin
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, Washington 98101

KABATECK BROWN KELLNER L.L.P.
Richard L. Kellner
644 South Figueroa Street
Los Angeles, California 90017

6.3.    Conditional certification of the Settlement Class and Settlement Subclass and appointment of Lead Plaintiffs and Class Counsel by the Court shall be binding only if the terms of this Settlement Agreement are given full force and effect and there is a full and final settlement of the Consolidated Lawsuit.  In the event this Settlement Agreement is terminated pursuant to its terms, or a Final Approval Order and Judgment does not occur for any reason, the conditional certification of the Settlement Class and Settlement Subclass shall be automatically nullified, and the Consolidated Lawsuit shall proceed as though the Settlement Class and Settlement Subclass had never been conditionally certified, with the Parties reserving all of their rights with respect to class certification.

7.    **SETTLEMENT ADMINISTRATOR**

7.1.    The Parties agree to recommend to the Court that The Garden City Group, 815 Western Avenue, Suite 200, Seattle, WA 98104, be designated to oversee the claims administration process (the "Settlement Administrator").  The Settlement Administrator will work with Defendants to, without limitation, (i) provide Notice to potential Settlement Class and Settlement Subclass members; (ii) process Settlement Class Claim Forms and Settlement Subclass Claim Forms; (iii) confirm the issuance of payments to the Claimants; and (iv) provide a certification to the Court concerning the administration and processing of claims.

7.2.    The Settlement Administrator shall be paid by Defendants for services rendered pursuant to this Settlement Agreement.  Separate and apart from its payment of attorneys' fees and costs as awarded by the Court and as set forth in Paragraph 5.1., Defendants shall also pay

all reasonable costs of administering the settlement, once Preliminary Approval is granted by the Court.  Such costs include, without limitation, the reasonable costs of Notice to Settlement Class and Settlement Subclass members, preparing the Individual Notice to Settlement Class, Individual Notice to Settlement Subclass, Settlement Class Claim Form, and Settlement Subclass Claim Form, electronically mailing the Individual Notice to Settlement Class, Individual Notice to Settlement Subclass, Settlement Class Claim Form and Settlement Subclass Claim Form to Settlement Class and Settlement Subclass members, publication notice, processing claims, and any other costs associated with the services of the Settlement Administrator.

## 8.    NOTICE OF SETTLEMENT AND ADMINISTRATION OF CLAIMS

8.1.    As soon as practicable after the Preliminary Approval of the Settlement Class and Settlement Subclass, Defendants shall initiate a search of its reasonably available electronic data in an effort to ascertain the valid electronic mail address of each Settlement Class and Settlement Subclass member.  Thereafter, the Settlement Administrator shall send via electronic mail a copy of the Individual Notice to Settlement Class and Settlement Class Claim Form to all identified potential Settlement Class members.  The Settlement Administrator shall also send via electronic mail a copy of the Individual Notice to Settlement Subclass and Settlement Subclass Claim Form to all identified Settlement Subclass members.  Due to the large number of potential Settlement Class and Settlement Subclass members, it is expected that the Settlement Administrator will need to send such electronic mail notifications over a period of at least sixty (60) days.  Defendants and the Settlement Administrator shall use their commercially reasonable efforts to complete the identification of Settlement Class and Settlement Subclass members and electronic mailing of these notices and claim forms to Settlement Class and Settlement Subclass members by the Notice Date.

8.2.    The Settlement Administrator shall also provide publication notice to potential Settlement Class and Settlement Subclass members through a Wall Street Journal newspaper classified advertisement posting not smaller than one-eighth of a page.  The publication notice

shall be designed to comply with FED. R. CIV. P. 23(c)(2) and shall state that a class action lawsuit involving www.classmates.com has been settled and advise that if the reader was a registered user of www.classmates.com he or she may be entitled to settlement benefits.  The notice will direct potential Settlement Class and Settlement Subclass members to contact the Settlement Administrator for more information.    Upon receipt of the individual's www.classmates.com email address or user identification information, the Settlement Administrator will provide, via electronic mail, the individual with the appropriate claim form (*i.e.*, either the Settlement Class Claim Form or the Settlement Subclass Claim Form depending on which class group the individual is a member of).    Defendants and the Settlement Administrator shall make such publication notice within thirty (30) calendar days after the Preliminary Approval of the settlement as provided herein.

8.3.    Within 30 days after the Court enters a Preliminary Approval Order, the Settlement Administrator shall also establish and maintain a website regarding the settlement that hosts appropriate information relating to the settlement and administration of claims, and contact information for the Settlement Administrator.

8.4.    Defendants shall pay all of the costs associated with Notice and settlement administration.

8.5.    Defendants will also notify the appropriate federal and state officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

9.    **REQUESTS FOR EXCLUSION**

9.1.    Settlement Class and Settlement Subclass members who wish to exclude themselves (opt out) from the Settlement Class or Settlement Subclass must submit a written Request for Exclusion.    To be effective, such a request must include the Settlement Class member's or Settlement Subclass member's name, mailing address, e-mail address, the signature of the Settlement Class or Settlement Subclass member (or, in the case of a Person who is deceased or incapacitated only, the signature of the legally authorized representative of that

Settlement Class or Settlement Subclass member), and substantially the following statement, "I want to opt out of the class certified in the In re Classmates.com Consolidated Litigation." The Request for Exclusion must be sent via First Class U.S. Mail, postage paid by the Settlement Class or Settlement Subclass member, to the Settlement Administrator at the address provided in the Individual Notice to Settlement Class or Individual Notice to Settlement Subclass, as the case may be, and must be postmarked no later than thirty (30) calendar days after the Notice Date.

9.2.    The Settlement Administrator shall promptly log each Request for Exclusion that is received, and shall provide copies of the log and all such Requests for Exclusion to Class Counsel and to Defendants and their counsel within five (5) business days after the deadline fixed for Settlement Class and Settlement Subclass members to request exclusion.

9.3.    Within five (5) business days after the deadline fixed for Settlement Class and Settlement Subclass members to request exclusion from the Settlement Class or Settlement Subclass, Class Counsel shall forward to the Settlement Administrator and to Defendants and their counsel copies of any Requests for Exclusion received by Class Counsel.

**10.    OBJECTIONS**

10.1.    Settlement Class or Settlement Subclass members who do not request exclusion from the Settlement Class or Settlement Subclass may object to the settlement. Settlement Class or Settlement Subclass members who choose to object to the settlement must file written notices of intent to object with the Court and serve copies of any such objection on counsel for the Parties, as set forth in more detail in Paragraph 10.2. Any Settlement Class or Settlement Subclass member may appear at the Final Approval (Final Fairness) Hearing, in person or by counsel, and be heard to the extent permitted under applicable law and allowed by the Court, in opposition to the fairness, reasonableness and adequacy of the settlement, and on Class Counsel's application for an award of attorneys' fees and costs. The right to object to the settlement must be exercised individually by an individual Settlement Class or Settlement Subclass member, not as a member of a group or subclass and, except in the case of a deceased,

minor, or incapacitated Person or where represented by counsel, not by the act of another Person acting or purporting to act in a representative capacity.

10.2.    To be effective, a notice of intent to object to the settlement that is filed with the Court must:

(a) Contain a caption that includes the name of the Consolidated Lawsuit and its case number as follows: *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045;

(b) Provide the name, address, telephone number and signature of the Settlement Class or Settlement Subclass member filing the intent to object;

(c) Be filed with the Clerk of the Court not later than thirty (30) calendar days after the Notice Date;

(d) Be served on Class Counsel and counsel for Defendants so as to be received no later than thirty (30) calendar days after the Notice Date;

(e) Contain the name, address, bar number and telephone number of the objecting Settlement Class or Settlement Subclass member's counsel, if represented by an attorney; and

(f) State whether the objecting Settlement Class or Settlement Subclass member intends to appear at the Final Approval (Final Fairness) Hearing, either in person or through counsel.

10.3.    In addition to the foregoing, if the Settlement Class or Settlement Subclass member is represented by counsel and such counsel intends to speak at the Final Approval (Final Fairness) Hearing, a notice of intent to object must contain the following information:

(a) A detailed statement of the specific legal and factual basis for each and every objection; and

(b) A detailed description of any and all evidence the objecting Settlement Class or Settlement Subclass member may offer at the Final Approval (Final Fairness) Hearing, including copies of any and all exhibits that the objecting Settlement Class or Settlement Subclass member may introduce at the Final Approval (Final Fairness) Hearing.

10.4.    Any Settlement Class or Settlement Subclass member who does not file a timely and adequate notice of intent to object in accordance with this Section 10 waives the right to object or to be heard at the Final Approval (Final Fairness) Hearing and shall be forever barred from making any objection to the settlement.  To the extent any Settlement Class or Settlement Subclass member objects to the settlement, and such objection is overruled in whole or in part, such Settlement Class or Settlement Subclass member will be forever bound by the Final Approval Order and Judgment of the Court.

10.5.    The Lead Plaintiffs agree to the terms of this Settlement Agreement, agree not to request to be excluded from settlement, and agree not to object to any of the terms of this Settlement Agreement.  Non-compliance by Lead Plaintiffs with this paragraph shall be void and of no force and effect.  Any such Request for Exclusion or objection shall therefore be void and of no force or effect.

10.6.    No later than fifteen (15) calendar days before the Final Approval (Final Fairness) Hearing, the Settlement Administrator shall provide to Class Counsel and to Defendants and their counsel the following information:  i) the number of e-mail notices sent to Settlement Class and Settlement Subclass members; ii) the approximate number of visits to the settlement website to date; and iii) such other similar tracking information reasonably requested by Class Counsel or by Defendants or their counsel.

10.7.    No later than fifteen (15) calendar days before the Final Approval (Final Fairness) Hearing, the Settlement Administrator shall provide to Class Counsel and to counsel for Defendants the number of Settlement Class and Settlement Subclass members who have to date submitted Valid Claim Forms.

11.    **FINAL APPROVAL**

11.1.    The Individual Notice to Settlement Class and Individual Notice to Settlement Subclass shall contain a date, time and location for the Final Approval (Final Fairness) Hearing to be conducted by the Court.  The Final Approval (Final Fairness) Hearing shall be

set by the Court after entry of the Preliminary Approval Order on a date at least sixty (60) calendar days after the Notice Date, and in no event before August 31, 2010.

11.2.    Upon final approval of this Settlement Agreement, the Final Approval Order and Judgment shall be entered by the Court, which shall, *inter alia*:

(1)    Grant final approval to the settlement and Settlement Agreement as fair, reasonable, adequate, in good faith and in the best interests of Plaintiffs, and order the Parties to carry out the provisions of this Settlement Agreement;

(2)    Dismiss with prejudice and without leave to amend the Consolidated Lawsuit and all actions, complaints and claims and any lawsuit as against Defendants and/or the Released Parties arising out of or related to any of the actions or events complained of in the Consolidated Lawsuit herein;

(3)    Adjudge that the Releasing Parties are conclusively deemed to have released Defendants and the Released Parties of the Released Claims;

(4)    Bar and permanently enjoin each Settlement Class and Settlement Subclass member from prosecuting against the Released Parties any and all of the Released Claims;

(5)    Enjoin Defendants as set forth in the attached Exhibit E; and

(6)    Reserve continuing jurisdiction by the Court to preside over any ongoing proceedings relating to the Consolidated Lawsuit or this Settlement Agreement.

## 12.    CLAIM PROCESSING AND CASH PAYMENT/DISTRIBUTION OF CASH CREDIT

12.1.    Settlement Class and Settlement Subclass members must download, fully complete and sign, under penalty of perjury, the appropriate claim form and submit it to the Settlement Administrator via electronic mail or First Class U.S. Mail, postage to be paid by the claimant, received or postmarked not later than thirty (30) calendar days after the Notice Date (a "Valid Claim Form"). A claim form shall be considered defective if the claimant fails to timely submit the claim form, provide the required information on the claim form, or to sign under

penalty of perjury that the claimant is entitled to the benefit sought. The deadline for submitting a Valid Claim Form set forth herein shall be the "Claim Form Submission Date" for each claimant.

12.2.    Within ninety (90) calendar days after the entry of a Final Approval Order and Judgment and exhaustion of any appeals, the Settlement Administrator will distribute a code to receive a cash credit toward a Gold Membership purchase or renewal, as appropriate, as set forth in Sections 4.1.1. and 4.1.2. above, to Settlement Class members and Settlement Subclass members who elect to receive a cash credit and who submit a Valid Claim Form. Cash credit codes distributed pursuant to this Section will be distributed via electronic mail, which electronic mail will include instructions for how to redeem the cash credit. Class Counsel will be provided an opportunity to meaningfully review and comment on these electronic mail messages prior to being sent to claimants to ensure that the instructions on how to redeem the credit are reasonably understandable and easy to follow. To take advantage of the cash credit, Settlement Class and Settlement Subclass members must redeem it within forty-five (45) calendar days of its receipt. (The cash credit will expire at 12:00 p.m. PST on the forty-fifth (45) calendar day after being sent to the recipient.) If an existing Gold member redeems the cash credit within the forty-five day window, an additional membership period will be added to the end of his or her current membership term, even if the membership term itself is not currently or imminently up for renewal.

12.3.    Within ninety (90) calendar days after the entry of a Final Approval Order and Judgment and exhaustion of any appeals, the Settlement Administrator will mail checks, as set forth in Sections 4.1.1. above, to the Settlement Subclass members who submit a Valid Claim Form and who elect to receive a cash payment.

12.4.    Within sixty (60) calendar days of the Notice Date, the Settlement Administrator will notify Class Counsel and counsel for Defendants of any Settlement Class or Settlement Subclass member who has submitted a deficient claim form, and those Settlement Class or Settlement Subclass members will be given ten (10) calendar days to cure the deficiency.

12.5.    The Settlement Class and Settlement Subclass members acknowledge that the claims process may take longer than described above due to the number of potential Settlement Class and Settlement Subclass members.    Defendants and the Settlement Administrator will employ all due commercially reasonable speed to distribute claimed cash credits and cash payments.

12.6.    Other than as set forth in Paragraphs 4.1.4. and 5.1., the cash credits and cash payments set forth above shall be the only credits and payments to which any Settlement Class or Settlement Subclass member will be entitled pursuant to this Settlement Agreement, and each Settlement Class and Settlement Subclass member will only be entitled to such cash credit or cash payment, as the case may be, if they submit a Valid Claim Form.    Any unclaimed cash credits or cash payments will, after the claims period has expired, remain assets of Defendants. At no time shall Defendants have the obligation to segregate the funds comprising the Potential Maximum Cash Consideration from their own assets.    Defendants will retain exclusive authority over, and responsibility for, those funds until paid.

12.7.    Settlement Subclass members who receive a check pursuant to Section 12.3. above shall have ninety (90) calendar days within which to cash the issued check.    At 12:00 p.m. PST on the ninetieth (90) calendar day after issuance of the check, Defendants will stop payment on all uncollected checks.    Similarly, Defendants will stop payment on all checks returned as undeliverable to the address provided by any Settlement Subclass member seeking payment by check.

## 13.    RELEASE BY ALL SETTLEMENT CLASS AND SETTLEMENT SUBCLASS MEMBERS

13.1.    As of the Effective Date, the Settlement Class and Settlement Subclass members, including Lead Plaintiffs (collectively, the "Releasing Parties"), release Defendants and each of their past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers,

and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers (the "Released Parties"), from the "Released Claims." For purposes of this Settlement Agreement, the "Released Claims" are defined as:

(1)    All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal constitution, statute, rule or regulation, arising out of any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged, or that could have been alleged, in the Consolidated Lawsuit and the underlying complaints in the Consolidated Lawsuit; and

(2)    Any unknown claims arising out of any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged, or related to acts alleged, in the Consolidated Lawsuit that the Releasing Parties do not know or suspect to exist in their favor at the time of this release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this settlement. With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which section provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM**

OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
HER SETTLEMENT WITH THE DEBTOR.

13.2.    The Releasing Parties may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

13.3.    As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class and Settlement Subclass member who does not file a valid Request for Exclusion, thereby becoming a Settlement Class or Settlement Subclass member, automatically, upon final approval of the Settlement, shall be held to have fully released, waived, relinquished and discharged the Released Parties from the Released Claims, to the fullest extent permitted by law, and shall be enjoined from continuing, instituting or prosecuting any legal proceeding against the Released Parties relating in any way whatsoever to the Released Claims.

13.4.    The Releasing Parties stipulate and agree that upon the Court's final approval of this Settlement Agreement, the Consolidated Lawsuit shall be dismissed with prejudice.

13.5.    The Releasing Parties, on behalf of themselves and their respective assigns, agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.

14.    **CONFIDENTIALITY**

14.1.    The Releasing Parties and Class Counsel agree, for a period ending three (3) years from the date on which this Court enters an order and judgment granting final approval of this settlement, not to issue any press releases or public announcements, or make or permit any

disclosures, through print media, the internet, electronic mail, broadcast announcements, or otherwise, concerning this Settlement Agreement or the terms and conditions contained herein, not to advertise, market or promote their business or law firms in any way (including on their websites and promotional materials) that would reveal Defendants' identity in connection with the Consolidated Lawsuit or this Settlement Agreement, and not to make or permit any public statements or disclosures regarding this Settlement Agreement that in any way expressly or impliedly reveal the identity of Defendants. This provision shall not restrict Class Counsel from making any necessary representations to the Court or other Courts concerning the Settlement Agreement or from responding to inquiries Class Counsel may receive from Settlement Class or Settlement Subclass members. Furthermore, Class Counsel's statements or representations regarding the Settlement Agreement, other than those reasonably necessary to effectuate their good faith efforts set forth in Paragraph 2.1. to effectuate the terms and conditions of this Settlement Agreement or when consulting with class members about the settlement, shall be limited to those terms set forth in the Settlement Agreement and associated documents.

14.2.    Notwithstanding any term, agreement, promise, or covenant in this Settlement Agreement to the contrary, the terms, agreements, promises, and covenants of this Section 14 are binding and enforceable upon execution of this Settlement Agreement and remain in full force and effect regardless of any failure, invalidation, termination, or abandonment of the settlement or the Settlement Agreement. Any violation by the Releasing Parties of the terms, agreements, promises, or covenants of this Section 14 constitutes grounds for termination of the settlement and the Settlement Agreement as well as the recovery of damages, costs, expenses and fees including without limitation the recovery of all costs, expenses and fees paid to Class Counsel.

## 15.    NO ADMISSION OF WRONGDOING

15.1.    Were it not for this Settlement Agreement, Defendants would have contested each and every claim and allegation of wrongdoing in the Consolidated Lawsuit. Defendants maintain that they have consistently acted in a reputable manner and in accordance with the law.

Defendants deny all of the material allegations set forth in the Consolidated Lawsuit. Defendants have concluded nevertheless that it is in their best interests that the Consolidated Lawsuit be resolved subject to and on the terms and conditions set forth in this Settlement Agreement. Defendants reached this conclusion after considering the factual and legal issues in the Consolidated Lawsuit, the substantial benefits of a final resolution of the Consolidated Lawsuit, the expense that would be necessary to defend the Consolidated Lawsuit through trial and any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of Defendants to conduct their business unhampered by the distractions of continued litigation.

15.2.    As a result of the foregoing, Defendants enter into this Settlement Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind. Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations made in the Consolidated Lawsuit, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of Defendants.

15.3.    Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Defendants, except that Defendants may file this Settlement Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.4.    Neither this Settlement Agreement, nor any pleading or other paper related in any way to this Settlement Agreement, nor any act or communication in the course of negotiating, implementing or seeking approval of this Settlement Agreement, shall be deemed an admission by Defendants that certification of a class or subclass against Defendants is appropriate in this or

any other litigation, or otherwise shall preclude Defendants from opposing or asserting any argument it may have with respect to certification of any class or subclass in any proceeding, or shall be used as precedent in any way as to any subsequent conduct of Defendants except as set forth herein.

15.5.    Notwithstanding any other provision in this Settlement Agreement, the provisions set forth in Section 15 of this Settlement Agreement shall become effective when this Settlement Agreement is signed and shall be binding upon the Parties and their counsel regardless of whether this Settlement Agreement is preliminarily and/or finally approved or terminated for any reason, or rendered null and void.

## 16.    AUTOMATIC TERMINATION OF SETTLEMENT AGREEMENT AND TERMINATION RIGHTS

16.1.    In the event (i) the Court does not preliminarily approve this Settlement Agreement, (ii) the Court does not finally approve this Settlement Agreement, (iii) the Court does not enter the Final Approval Order and Judgment dismissing the Consolidated Lawsuit with prejudice and without leave to amend, (iv) Defendants terminate this Settlement Agreement pursuant to Section 16.4 below, or (v) this Settlement Agreement does not become final for any other reason:

(1)    This Settlement Agreement shall automatically become null and void and have no further force or effect, and all proceedings that have taken place with regard to this Settlement Agreement and the settlement shall be without prejudice to the rights and contentions of the Parties hereto;

(2)    This Settlement Agreement, all of its provisions (including, without limitation, any provisions concerning class certification), and all negotiations, statements and proceedings relating to this Settlement Agreement shall be without prejudice to the rights of any of the Parties, each of whom shall be restored to their respective position as of December 18, 2009;

(3)    This Settlement Agreement, any provision of this Settlement Agreement (including, without limitation, the provisions concerning class certification), and the fact of this Settlement Agreement having been made, shall not be admissible or entered into evidence for any purpose whatsoever;

(4)    Any judgment or order entered in connection with this Settlement Agreement, including, without limitation, any order certifying the Settlement Class and/or Settlement Subclass, will be vacated and will be without any force or effect; and

(5)    The Parties hereby agree that they will not thereafter argue or raise any claim or defense, including, but not limited to, waiver, estoppel and other similar or related theories, that the Settlement Agreement and related pleadings and filings, any provision of this Settlement Agreement (including, without limitation, the provisions concerning class certification), the fact of this Settlement Agreement having been made, or any settlement negotiations preclude Defendants from opposing class certification or the claims in the Consolidated Lawsuit or any other proceeding.

This Section shall survive any termination of this Settlement Agreement.

16.2.    Upon the Preliminary Approval of this Settlement Agreement by the Court, as evidenced by entry of an order preliminarily approving this settlement, all proceedings in the Consolidated Lawsuit shall be stayed or continue to be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Settlement Agreement or to comply with or effectuate the terms of this Settlement Agreement.

16.3.    The failure of the Court or any appellate court to approve in full any request by Class Counsel for attorneys' fees, costs, and other expenses shall not be grounds for Plaintiffs or their counsel to cancel or terminate the Settlement Agreement.

16.4.    Defendants' willingness to settle the Consolidated Lawsuit on a class-action basis and not to contest certification of the settlement classes is dependent upon achieving finality with respect to the Released Claims and the desire to avoid the expense of this and potentially other litigation.  Consequently, Defendants, each individually or in concert, have the unilateral right to

terminate this Settlement Agreement if the number of Persons who exclude themselves (opt out) from the Settlement Class and/or Settlement Subclass equals or exceeds fifty thousand (50,000) Settlement Class and/or Settlement Subclass members. Any Defendant wishing to exercise this termination right, if such right exists, must provide written notice to the Court and to Class Counsel that this Settlement Agreement is terminated pursuant to this provision not later than ten (10) calendar days before the date set by the Court for the Final Approval (Final Fairness) Hearing.

### 17.    SEVERABILITY

17.1.    With the exception of the provisions contained in Section 13 herein, in the event any covenant, term or other provision contained in this Settlement Agreement is held to be invalid, void or illegal, the same shall be deemed severed from the remainder of this Settlement Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision herein. If any covenant, condition or other provision herein is held to be invalid due to its scope or breadth, such covenant, condition or other provision shall be deemed valid to the extent of the scope or breadth permitted by law.

### 18.    INCORPORATION OF EXHIBITS

18.1.    All exhibits attached hereto are hereby incorporated by reference as though set forth fully herein and are a material part of this Settlement Agreement. Any notice or other exhibit attached hereto that requires approval of the Court must be approved without material alteration from its current form in order for this Settlement Agreement to become effective.

### 19.    GOVERNING LAW AND COMPLIANCE WITH TERMS OF SETTLEMENT AGREEMENT

19.1.    All questions with respect to the construction of this Settlement Agreement and the rights and liabilities of the parties hereto shall be governed by the laws of the State of Washington.

19.2.   The Court shall have continuing jurisdiction to resolve any dispute which may arise with regard to the terms and conditions of this Settlement Agreement, and the Parties hereby consent to such jurisdiction.

**20.   PREPARATION OF SETTLEMENT AGREEMENT, SEPARATE COUNSEL AND AUTHORITY TO ENTER SETTLEMENT AGREEMENT**

20.1.   The Parties and their counsel have each participated and cooperated in the drafting and preparation of this Settlement Agreement.  Hence, in any construction to be made of this Settlement Agreement, the same shall not be construed against any party as drafter of the Settlement Agreement.

20.2.   The Parties each acknowledge that he, she or it has been represented by counsel of his, her or its own choice throughout all of the negotiations which preceded the execution of this Settlement Agreement and in connection with the preparation and execution of this Settlement Agreement.

20.3.   The Parties each represent and warrant that each of the Persons executing this Settlement Agreement is duly empowered and authorized to do so.

**21.   HEADINGS**

21.1.   The headings contained in this Settlement Agreement are for reference only and are not to be construed in any way as a part of the Settlement Agreement.

**22.   COUNTERPARTS**

22.1.   This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**23.   BINDING EFFECT**

23.1.   This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and to their respective heirs, assigns and successors-in-interest.

## 24.    ENTIRE AGREEMENT

24.1.    With the exception set forth in Section 24.2., this Settlement Agreement represents the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior contemporaneous oral and written agreements and discussions.  Each of the Parties covenants that he, she or it has not entered into this Settlement Agreement as a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein.  Each Party further covenants that the consideration recited herein is the only consideration for entering into this Settlement Agreement and that no promises or representations of another or further consideration have been made by any Person.  This Settlement Agreement may be amended only by an agreement in writing duly executed by all Parties hereto.  Amendments may be made without additional notice to the Settlement Class and Settlement Subclass members unless such notice is required by law or ordered by the Court.

24.2.    This Settlement Agreement does not supersede the Parties' Stipulation and Agreement for the Handling of Confidential Material, dated December 11, 2009, which survives this Agreement and remains in full force and effect pursuant to its terms.

## 25.    NOTICE

25.1.    All notices, requests, demands and other communications required or permitted to be given pursuant to this Settlement Agreement shall be in writing and shall be delivered personally or mailed postage pre-paid by First Class U.S. Mail to the following persons at their addresses set forth as follows:

Class Counsel

KELLER ROHRBACK L.L.P.
Mark A. Griffin
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, Washington 98101

KABATECK BROWN KELLNER L.L.P.
Richard L. Kellner
644 South Figueroa Street
Los Angeles, California 90017

Counsel for Defendants

DLA PIPER LLP (US)
Stellman Keehnel
Russ Wuebler
701 Fifth Avenue, Suite 7000
Seattle, Washington 98104-7044


WHEREFORE, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the last date of execution by all undersigned representatives of the Parties.

ANTHONY MICHAELS

_____     ___03/12/2010___
By:  Anthony Michaels          Date


DAVID CATAPANO

_____     _____
By:  David Catapano          Date

DLA PIPER LLP (US)
Stellman Keehnel
Russ Wuehler
701 Fifth Avenue, Suite 7000
Seattle, Washington 98104-7044


WHEREFORE, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the last date of execution by all undersigned representatives of the Parties.

ANTHONY MICHAELS


By:  Anthony Michaels                    Date


DAVID CATAPANO


By:  David Catapano                      Date    03/12/10


UNITED ONLINE, INC.


By:  Charles B. Ammann                   Date
     Executive Vice President


CLASSMATES MEDIA
CORPORATION


By:  Charles B. Ammann                   Date
     Executive Vice President


CLASSMATES ONLINE,
INC.


By:  Charles B. Ammann                   Date
     Executive Vice President


53

**UNITED ONLINE, INC.**

_Charles Ammann_                    _March 12, 2010_

By:  Charles B. Ammann                Date
     Executive Vice President


**CLASSMATES MEDIA**
**CORPORATION**

_Charles Ammann_                    _March 12, 2010_

By:  Charles B. Ammann                Date
     Executive Vice President


**CLASSMATES ONLINE,**
**INC.**

_Charles Ammann_                    _March 12, 2010_

By:  Charles B. Ammann                Date
     Executive Vice President

**APPROVED AS TO FORM BY:**

**KELLER ROHRBACK L.L.P.**

By:  Mark A. Griffin
     Amy Williams-Derry
     1201 Third Avenue, Suite 3200
     Seattle, Washington 98101

*and*

**KABATECK BROWN KELLNER L.L.P.**

By:  Richard L. Kellner
     644 South Figueroa Street
     Los Angeles, California 90017

*Counsel for Lead Plaintiffs Anthony*
*Michaels and David Catapano and for the*
*Settlement Class and Settlement Subclass*


**DLA PIPER (US) LLP**


By:  Stellman Keehnel
     Russ Wuehler
     701 Fifth Avenue, Suite 7000
     Seattle, Washington 98104-7044

*Counsel for United Online, Inc.,*
*Classmates Media Corporation, and*
*Classmates Online, Inc.*

**APPROVED AS TO FORM BY:**


**KELLER ROHRBACK L.L.P.**


_____

By: Mark A. Griffin
        Amy Williams-Derry
        1201 Third Avenue, Suite 3200
        Seattle, Washington 98101

_and_

**KABATECK BROWN KELLNER L.L.P.**


_____

By: Richard L. Kellner
        644 South Figueroa Street
        Los Angeles, California 90017

_Counsel for Lead Plaintiffs Anthony
Michaels and David Catapano and for the
Settlement Class and Settlement Subclass_


**DLA PIPER (US) LLP**

By: Stellman Keehnel
        Russ Wuehler
        701 Fifth Avenue, Suite 7000
        Seattle, Washington 98104-7044

_Counsel for United Online, Inc.,
Classmates Media Corporation, and
Classmates Online, Inc._

## EXHIBIT A: Individual Notice to Settlement Class

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
*In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

## TO: **ALL MEMBERS OF THE SETTLEMENT CLASS, AS DEFINED IN THIS NOTICE**

**A SETTLEMENT HAS BEEN PROPOSED THAT WILL AFFECT YOUR RIGHTS IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS OR SETTLEMENT SUBCLASS DESCRIBED BELOW. PURSUANT TO THIS SETTLEMENT, IN ADDITION TO THE INJUNCTIVE RELIEF BEING OFFERED, YOU MAY BE ENTITLED TO SUBMIT A CLAIM FORM TO RECEIVE BENEFITS UNDER THE SETTLEMENT.**

### PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.

## 1. WHY DID I GET THIS SETTLEMENT NOTICE?

The purpose of this Notice is to inform you that a proposed settlement (the "Settlement") has been reached in the consolidated class action lawsuit entitled *In re Classmates.com Consolidated Litigation*, United States District Court for the Western District of Washington, Case No. 09-cv-0045-RAJ (the "Litigation"). This Notice explains the Litigation, the Settlement, your legal rights, the injunctive relief being offered through the Settlement, what additional benefits are available, who is eligible for them, and how to get benefits if you are eligible.

## 2. WHAT IS THIS LAWSUIT ABOUT?

In this Litigation, Plaintiffs assert class action claims against Classmates Online, Inc., Classmates Media Corporation, and United Online, Inc. ("Defendants"). Complaints filed in the action allege, among other things, that Defendants sent e-mail messages to subscribers of www.classmates.com that were in violation of the law and engaged in conduct that had the potential to violate www.classmates.com user's privacy rights. Defendants have denied and continue to deny Plaintiffs' allegations and maintain that Defendants have not engaged in any wrongful conduct. Defendants also contend that the Litigation is not suitable for class action treatment. Defendants have nevertheless concluded that it is in their best interests that this Litigation be resolved subject to and on the terms and conditions set forth in the Settlement Agreement.

This Settlement is the result of arm's-length negotiations between Plaintiffs in the Litigation, individually and on behalf of the Settlement Class and Settlement Subclass, and Defendants. Both sides agree that, in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances. Plaintiffs further believe that this Settlement is in the best interests of the Settlement Class and Settlement Subclass. Please be advised that the United States District Court for the Western District of Washington has not ruled

on the merits of Plaintiffs' claims or Defendants' defenses and, therefore, you should not make any assumptions about the strengths or weaknesses of the claims or defenses in the Litigation.

## 3. WHO IS COVERED BY THE SETTLEMENT?

For settlement purposes, the parties have stipulated to the certification of a Settlement Class and a Settlement Subclass, as defined below.

**"Settlement Class"**

> All Persons, excluding Settlement Subclass members, residing in the United States who were registered with or subscribed to www.classmates.com at any time between October 30, 2004 and entry of the Preliminary Approval Order.

**"Settlement Subclass"**

> All Persons residing in the United States who registered with or subscribed to www.classmates.com between January 1, 2007 and entry of the Preliminary Approval Order and who paid for a Gold Membership subscription to www.classmates.com (and did not previously receive a refund of such payment) as a result of:

> 1. Upgrading to a Gold Membership through the process on Classmates.com of seeking to see who visited their Guestbook; or

> 2. Upgrading to a Gold Membership after clicking on a link to Classmates.com in a Guestbook email, or Connections email that included a Guestbook subject line, and upgrading to a Gold Membership within the same session activated by clicking on that link or within the same day of clicking on that link; or

> 3. Upgrading to a Gold Membership within the same day of receiving a Guestbook email or Connections email that included a Guestbook subject line.

You are receiving this Notice because you have been identified from Defendants' records as a potential Settlement Class member. According to Defendants' records, you do not appear to be a Settlement Subclass member. There is no overlap between the membership of the Settlement Class and the Settlement Subclass. If you have any questions regarding your claim, please contact the Classmates Settlement Administrator at the address listed in Section 5 below.

## 4. AS A SETTLEMENT CLASS MEMBER, WHAT AM I ENTITLED TO?

In addition to injunctive relief, as a Settlement Class member, if you do not exclude yourself from the Settlement and if you timely submit a Valid Claim Form, you are entitled to receive a

credit of $2.00 off of the purchase or renewal of a www.classmates.com Gold Membership. Under the Settlement Agreement, Settlement Subclass members are entitled to receive either a cash payment of $3.00 or a credit of $2.00 off of the purchase or renewal of a www.classmates.com Gold Membership.

In addition to its cash and credit components, the Settlement also provides, on a non-opt out basis, for Defendants to provide injunctive relief to all Settlement Class and Settlement Subclass members. A description of the injunctive relief that Defendants are providing is set forth at the following website: [insert web site address].

## 5.  HOW CAN I GET THE CREDIT THAT I AM ENTITLED TO?

To receive a credit of $2.00 off of the purchase or renewal of a www.classmates.com Gold Membership as a Settlement Class member, you must fit the description of a Settlement Class member and timely send a Valid Claim Form to the Settlement Administrator. To download a copy of the Settlement Class Claim Form, click the following link:   [Hyperlink directing individual to web page where appropriate claim form can be downloaded.]

Read the Settlement Class Claim Form's instructions carefully, fill it out in its entirety, sign it under penalty of perjury, and e-mail or mail it via First Class U.S. Mail to the Settlement Administrator at the e-mail or mailing address below as soon as you can, but in any event **not later than  [Date]**.

Classmates Settlement Administrator
P.O. Box ___
City, State, Zip Code
[Insert E-mail Address]

If you misplace the Settlement Class Claim Form or you are not able to access it through the above link, please contact the Settlement Administrator at the address shown above immediately to obtain a copy of the Settlement Class Claim Form.

If you timely submit a Settlement Class Claim Form, you are a valid member of the Settlement Class, and the form is deemed to be a Valid Claim Form, you will receive an e-mail from the Settlement Administrator after the Settlement is finally approved by the Court and any appeals have been exhausted. That e-mail will contain a code, which will expire if not redeemed within forty-five (45) calendar days of its receipt, and instructions for utilizing the $2.00 credit. If you are a current Gold member whose membership is not set to expire within the next forty-five (45) days, you can still take advantage of the $2.00 credit by redeeming it within the forty-five (45) day window. Redeeming the credit will cause an additional membership period to be added to the end of your current membership term.

## 6.  WHEN WOULD I BE ABLE TO USE THE CREDIT?

The Court will hold a hearing on _____, 2010 at ___ a./p.m. at the United States District Court, Western District of Washington, before the Honorable Richard A. Jones, Courtroom 13128, 700 Stewart Street, Seattle, Washington 98101, to decide whether to order final approval of the

Settlement and entry of judgment dismissing the litigation. If the Court approves the Settlement, and you have followed the claim form procedures outlined in Section 5, and after any appeals have been exhausted, you will receive the email referenced above from the Settlement Administrator.

## 7.  WHAT AM I GIVING UP TO RECEIVE THE CREDIT OR STAY IN THE CLASS?

Unless you exclude yourself, you will remain a member of the Settlement Class. Being a member of the Settlement Class means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders in this case will apply to you and legally bind you.

## 8.  HOW DO I OPT OUT OF THE SETTLEMENT?

If you do not want to receive a credit from this Settlement and want to maintain the right to pursue your own claim against Defendants, then you must take steps to opt out. This is called "excluding yourself" from, or is sometimes referred to as "opting out" of, the Settlement Class.

To exclude yourself from the Settlement Class, you must submit a written Request for Exclusion. Such request must include your full legal name, mailing address, e-mail address, your signature (or in the case of a person who is deceased or incapacitated, the signature of that person's legally authorized representative), and substantially the following statement, "I want to opt out of the class certified in the In re Classmates.com Consolidated Litigation." You must mail your exclusion request via First Class U.S. Mail, postmarked no later than _____, 2010, to:

Classmates Settlement Administrator
P.O. Box ___
City, State, Zip Code

Failure to comply with any of these requirements may invalidate your attempt to exclude yourself. If you ask to be excluded, you will not be entitled to a $2.00 credit, and you cannot object to that aspect of the Settlement.

The injunctive relief being offered by the Settlement will be provided to all Settlement Class and Settlement Subclass members, whether or not they choose to exclude themselves.

## 9.  IF I DON'T EXCLUDE MYSELF, CAN I SUE DEFENDANTS FOR THE SAME THING LATER?

No. You must exclude yourself from the lawsuit in order to maintain the right to sue Defendants for the claims released through this Settlement. If you have a pending lawsuit against Defendants, speak to your lawyer in that case immediately.

## 10. IF I EXCLUDE MYSELF, CAN I GET PAYMENT OR CREDIT FROM THIS SETTLEMENT?

No. If you exclude yourself from this Settlement, you are also excluding yourself from obtaining the credit offered by the Settlement, and any claim form you submit will not be valid.

## 11. DO I HAVE A LAWYER IN THIS CASE?

The Court has authorized the following lawyers to represent you and other Settlement Class and Settlement Subclass members:

> KELLER ROHRBACK L.L.P
> Mark A. Griffin
> Amy Williams-Derry
> 1201 Third Avenue, Suite 3200
> Seattle, Washington 98101
>
> KABATECK BROWN KELLNER L.L.P.
> Richard L. Kellner
> 644 South Figueroa Street
> Los Angeles, California 90017

These lawyers are called "Class Counsel." You will not be charged for these lawyers' fees. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 12. HOW WILL CLASS COUNSEL BE PAID?

Class Counsel will ask the Court for attorneys' fees and costs to be paid in conjunction with this Settlement. Defendants have agreed not to oppose Class Counsel's request to the Court for attorneys' fees up to $1.3 million, plus costs. Costs may include participation awards of up to $2,500 for each of the two Lead Plaintiffs. Fees and costs that are awarded by the Court will be paid by Defendants separately and will not affect your entitlement to benefits under this Settlement. You will not be obligated to pay any attorneys' fees or costs as a Settlement Class member, nor will any award of attorneys' fees, costs, or participation awards by the Court reduce the amount of Settlement benefit available to Settlement Class or Settlement Subclass members.

## 13. CAN I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?

If you are a Settlement Class member, and you do not request exclusion from the Settlement Class, you may object to the Settlement if you like. The Court will consider your views. To object, you must file with the Court a written notice of intent to object. The written notice of intent to object must contain a caption that includes *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045. The written notice of intent to object must also include your name, address, telephone number, your signature, and must state whether you intend to appear at the Final Approval Hearing. If you are represented by counsel, your written notice of intent to object must also include the name, address, bar number and telephone number of your counsel, and state whether your counsel intends to appear at the Final Approval Hearing. If you are represented by counsel and your counsel intends to speak at the Final Approval Hearing, the written notice of intent to object must also contain: (a) a detailed statement of the specific legal and factual basis for each and every objection; and (b) a detailed description of any and all evidence you may offer at the Final Approval Hearing, including copies of any and all exhibits that you may introduce.

You must file your written notice of intent to object with the Clerk of the Court no later than _____, 2010. You must also mail the objection to Class Counsel and to Defense Counsel by First Class U.S. Mail, postmarked no later than _____, 2010. The addresses for the Court, Class Counsel, and Defense Counsel are below.

| THE COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| The Honorable Richard A. Jones | KELLER ROHRBACK L.L.P. | DLA PIPER LLP (US) |
| U.S. Courthouse | Mark. A. Griffin | Stellman Keehnel |
| 700 Stewart Street, Suite 13128 | Amy Williams-Derry | Russ Wuehler |
| Seattle, WA 98101 | 1201 Third Avenue, Suite 3200 | 701 Fifth Avenue, Suite 7000 |
| | Seattle, WA 98101 | Seattle, WA 98104 |
| | | |
| | KABATECK BROWN | |
| | KELLNER L.L.P. | |
| | Richard L. Kellner | |
| | 644 South Figueroa Street | |
| | Los Angeles, CA 90017 | |

## 14. WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class or Settlement Subclass. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class or Settlement Subclass. If you exclude yourself, you have no basis to object to the cash or credit being offered by the Settlement, because that portion of the relief will no longer affect you.

## 15. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a hearing to decide whether to approve the Settlement and Class Counsel's request for an award of attorneys' fees and costs. You may attend, and you may ask to speak, but there is no requirement that you do so.

The Court will hold a Final Approval Hearing on _____, 2010, at __ a./p.m., at the United States District Court, Western District of Washington, before the Honorable Richard A. Jones, Courtroom 13128, 700 Stewart Street, Seattle, Washington 98101.

At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate to the Settlement Class and Settlement Subclass, as well as Class Counsel's request for an award of attorneys' fees and costs. The Court will consider any objections made according to the procedures described above. You cannot speak at the hearing if you exclude yourself from the Settlement. After the hearing, the Court will decide whether to approve the Settlement and how much to award Class Counsel in attorneys' fees and expenses. It is not known how long those decisions will take.

**16. DO I HAVE TO ATTEND THE HEARING?**

No. Class Counsel will answer questions that the Court may have. But, you are welcome to attend at your own expense. If you send an objection, you don't have to come to the Final Approval Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**17. WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you do nothing, you will not get a credit benefit from this Settlement. And, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants involving the claims released through this Lawsuit.

**18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?**

Yes. This Notice is only intended to summarize the Settlement. If you would like more information concerning the Litigation or this Settlement, you should inspect the complete settlement documents, papers and pleadings filed in the Litigation. You may also learn more about this Settlement by contacting the Settlement Administrator at the address set forth in Section 5 above. Additionally, information about this Settlement is available at the following website: [insert web site address].

**PLEASE DO NOT CALL THE COURT, THE CLERK, CLASSMATES ONLINE, INC., CLASSMATES MEDIA CORPORATION, OR UNITED ONLINE, INC.**

## EXHIBIT B: Individual Notice to Settlement Subclass

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
*In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**TO: ALL MEMBERS OF THE SETTLEMENT SUBCLASS, AS DEFINED IN THIS NOTICE**

**A SETTLEMENT HAS BEEN PROPOSED THAT WILL AFFECT YOUR RIGHTS IF YOU ARE A MEMBER OF THE SETTLEMENT SUBCLASS OR SETTLEMENT CLASS DESCRIBED BELOW. PURSUANT TO THIS SETTLEMENT, IN ADDITION TO THE INJUNCTIVE RELIEF BEING OFFERED, YOU MAY BE ENTITLED TO SUBMIT A CLAIM FORM TO RECEIVE BENEFITS UNDER THE SETTLEMENT.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

### 1.  WHY DID I GET THIS SETTLEMENT NOTICE?

The purpose of this Notice is to inform you that a proposed settlement (the "Settlement") has been reached in the consolidated class action lawsuit entitled *In re Classmates.com Consolidated Litigation*, United States District Court for the Western District of Washington, Case No. 09-cv-0045-RAJ (the "Litigation"). This Notice explains the Litigation, the Settlement, your legal rights, the injunctive relief being offered through the Settlement, what additional benefits are available, who is eligible for them, and how to get benefits if you are eligible.

### 2.  WHAT IS THIS LAWSUIT ABOUT?

In this Litigation, Plaintiffs assert class action claims against Classmates Online, Inc., Classmates Media Corporation, and United Online, Inc. ("Defendants"). Complaints filed in the action allege, among other things, that Defendants sent e-mail messages to subscribers of www.classmates.com that were in violation of the law and engaged in conduct that had the potential to violate www.classmates.com user's privacy rights. Defendants have denied and continue to deny Plaintiffs' allegations and maintain that Defendants have not engaged in any wrongful conduct. Defendants also contend that the Litigation is not suitable for class action treatment. Defendants have nevertheless concluded that it is in their best interests that this Litigation be resolved subject to and on the terms and conditions set forth in the Settlement Agreement.

This Settlement is the result of arm's-length negotiations between Plaintiffs in the Litigation, individually and on behalf of the Settlement Class and Settlement Subclass, and Defendants. Both sides agree that, in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances. Plaintiffs further believe that this Settlement is in the best interests of the Settlement Class and Settlement Subclass. Please be advised that the United States District Court for the Western District of Washington has not ruled

on the merits of Plaintiffs' claims or Defendants' defenses and, therefore, you should not make any assumptions about the strengths or weaknesses of the claims or defenses in the Litigation.

## 3. WHO IS COVERED BY THE SETTLEMENT?

For settlement purposes, the parties have stipulated to the certification of a Settlement Class and a Settlement Subclass, as defined below.

**"Settlement Class"**

> All Persons, excluding Settlement Subclass members, residing in the United States who were registered with or subscribed to www.classmates.com at any time between October 30, 2004 and entry of the Preliminary Approval Order.

**"Settlement Subclass"**

> All Persons residing in the United States who registered with or subscribed to www.classmates.com between January 1, 2007 and entry of the Preliminary Approval Order and who paid for a Gold Membership subscription to www.classmates.com (and did not previously receive a refund of such payment) as a result of:

> 1. Upgrading to a Gold Membership through the process on Classmates.com of seeking to see who visited their Guestbook; or

> 2. Upgrading to a Gold Membership after clicking on a link to Classmates.com in a Guestbook email, or Connections email that included a Guestbook subject line, and upgrading to a Gold Membership within the same session activated by clicking on that link or within the same day of clicking on that link; or

> 3. Upgrading to a Gold Membership within the same day of receiving a Guestbook email or Connections email that included a Guestbook subject line.

You are receiving this Notice because you have been identified from Defendants' records as a potential Settlement Subclass member. According to Defendants' records, you do <u>not</u> appear to be a Settlement Class member. There is no overlap between the membership of the Settlement Subclass and the Settlement Class. If you have any questions regarding your claim, please contact the Classmates Settlement Administrator at the address listed in Section 5 below.

## 4.  AS A SETTLEMENT SUBCLASS MEMBER, WHAT AM I ENTITLED TO?

In addition to injunctive relief, as a Settlement Subclass member, if you do not exclude yourself from the Settlement and if you timely submit a Valid Claim Form, you are entitled to receive either a cash payment of $3.00 or a credit of $2.00 off of the purchase or renewal of a www.classmates.com Gold Membership. If you are entitled to receive a $3.00 cash payment, but more than 3,166,666 individuals submit a Valid Claim Form for the $3.00 cash payment, then the amount of cash payment you will receive shall be proportionally reduced relative to the number of valid claims submitted in excess of 3,166,666 individuals. Under the Settlement Agreement, Settlement Class members are entitled to receive a credit of $2.00 off of the purchase or renewal of a www.classmates.com Gold Membership.

In addition to its cash and credit components, the Settlement also provides, on a non-opt out basis, for Defendants to provide injunctive relief to all Settlement Class and Settlement Subclass members.  A description of the injunctive relief that Defendants are providing is set forth at the following website: [insert web site address].

## 5.  HOW CAN I GET THE CASH PAYMENT OR CREDIT THAT I AM ENTITLED TO?

To receive either a cash payment of $3.00 or a credit of $2.00 off of the purchase or renewal of a www.classmates.com Gold Membership as a Settlement Subclass member, you must fit the description of a Settlement Subclass member and timely send a Valid Claim Form to the Settlement Administrator.  To download a copy of the Settlement Subclass Claim Form, click the following link:  [Hyperlink directing individual to web page where appropriate claim form can be downloaded.]

Read the Settlement Subclass Claim Form's instructions carefully, fill it out in its entirety, elect your form of relief, sign it under penalty of perjury, and e-mail or mail it via First Class U.S. Mail to the Settlement Administrator at the e-mail or mailing address below as soon as you can, but in any event **not later than  [Date]**.

Classmates Settlement Administrator
P.O. Box ____
City, State, Zip Code
[Insert E-mail Address]

If you misplace the Settlement Subclass Claim Form or you are not able to access it through the above link, please contact the Settlement Administrator at the address shown above immediately to obtain a copy of the Settlement Subclass Claim Form.

If you timely submit a Settlement Subclass Claim Form and request the $3.00 cash payment, you are a valid member of the Settlement Subclass, and the form is deemed to be a Valid Claim Form, you will receive a check for that amount after the Settlement is finally approved by the Court and any appeals have been exhausted.

If you timely submit a Settlement Subclass Claim Form and request the $2.00 credit, you are a valid member of the Settlement Subclass, and the form is deemed to be a Valid Claim Form, you will receive an e-mail from the Settlement Administrator after the Settlement is finally approved by the Court and any appeals have been exhausted. That e-mail will contain a code, which will expire if not redeemed within forty-five (45) calendar days of its receipt, and instructions for utilizing the $2.00 credit. If you are a current Gold member whose membership is not set to expire within the next forty-five (45) days, you can still take advantage of the $2.00 credit by redeeming it within the forty-five (45) day window. Redeeming the credit will cause an additional membership period to be added to the end of your current membership term.

## 6. WHEN WOULD I GET MY PAYMENT OR BE ABLE TO USE THE CREDIT?

The Court will hold a hearing on _____, 2010 at __ a./p.m. at the United States District Court, Western District of Washington, before the Honorable Richard A. Jones, Courtroom 13128, 700 Stewart Street, Seattle, Washington 98101, to decide whether to order final approval of the Settlement and entry of judgment dismissing the litigation. If the Court approves the Settlement, and you have followed the claim form procedures outlined in Section 5, and after any appeals have been exhausted, you will receive the relief for which you submit a Valid Claim Form. If you elect to receive a $3.00 cash payment, you will receive a check via U.S. Mail, which will be valid for a period of 90 days.

## 7. WHAT AM I GIVING UP TO GET A PAYMENT OR CREDIT OR STAY IN THE CLASS?

Unless you exclude yourself, you will remain a member of the Settlement Subclass. Being a member of the Settlement Subclass means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders in this case will apply to you and legally bind you.

## 8. HOW DO I OPT OUT OF THE CASH OR CREDIT PART OF THE SETTLEMENT?

If you do not want to receive a cash payment or a credit from this Settlement and want to maintain the right to pursue your own claim against Defendants, then you must take steps to opt out. This is called "excluding yourself" from, or is sometimes referred to as "opting out" of, the Settlement Subclass.

To exclude yourself from the Settlement Subclass, you must submit a written Request for Exclusion. Such request must include your full legal name, mailing address, e-mail address, your signature (or in the case of a person who is deceased or incapacitated, the signature of that person's legally authorized representative), and substantially the following statement, "I want to opt out of the class certified in the In re Classmates.com Consolidated Litigation." You must mail your exclusion request via First Class U.S. Mail, postmarked no later than _____, 2010, to:

Classmates Settlement Administrator
P.O. Box ___
City, State, Zip Code

Failure to comply with any of these requirements may invalidate your attempt to exclude yourself. If you ask to be excluded, you will not be entitled to a $3.00 cash payment or $2.00 credit, and you cannot object to those aspects of the Settlement.

The injunctive relief being offered by the Settlement will be provided to all Settlement Class and Settlement Subclass members, whether or not they choose to exclude themselves from the cash payment or credit benefit option.

**9. IF I DON'T EXCLUDE MYSELF, CAN I SUE DEFENDANTS FOR THE SAME THING LATER?**

No. You must exclude yourself from the lawsuit in order to maintain the right to sue Defendants for the claims released through this Settlement. If you have a pending lawsuit against Defendants, speak to your lawyer in that case immediately.

**10. IF I EXCLUDE MYSELF, CAN I GET PAYMENT OR CREDIT FROM THIS SETTLEMENT?**

No. If you exclude yourself from this Settlement, you are also excluding yourself from obtaining the cash payment or credit offered by the Settlement, and any claim form you submit will not be valid.

**11. DO I HAVE A LAWYER IN THIS CASE?**

The Court has authorized the following lawyers to represent you and other Settlement Class and Settlement Subclass members:

> KELLER ROHRBACK L.L.P
> Mark A. Griffin
> Amy Williams-Derry
> 1201 Third Avenue, Suite 3200
> Seattle, Washington 98101
>
> KABATECK BROWN KELLNER L.L.P.
> Richard L. Kellner
> 644 South Figueroa Street
> Los Angeles, California 90017

These lawyers are called "Class Counsel." You will not be charged for these lawyers' fees. If you want to be represented by your own lawyer, you may hire one at your own expense.

**12. HOW WILL CLASS COUNSEL BE PAID?**

Class Counsel will ask the Court for attorneys' fees and costs to be paid in conjunction with this Settlement. Defendants have agreed not to oppose Class Counsel's request to the Court for attorneys' fees up to $1.3 million, plus costs. Costs may include participation awards of up to $2,500 for each of the two Lead Plaintiffs. Fees and costs that are awarded by the Court will be paid by Defendants separately and will not affect your entitlement to benefits under this

Settlement. You will not be obligated to pay any attorneys' fees or costs as a Settlement Subclass member, nor will any award of attorneys' fees, costs, or participation awards by the Court reduce the amount of Settlement benefit available to Settlement Class or Settlement Subclass members.

## 13. CAN I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?

If you are a Settlement Subclass member, and you do not request exclusion from the Settlement Subclass, you may object to the Settlement if you like. The Court will consider your views. To object, you must file with the Court a written notice of intent to object. The written notice of intent to object must contain a caption that includes *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045. The written notice of intent to object must also include your name, address, telephone number, your signature, and must state whether you intend to appear at the Final Approval Hearing. If you are represented by counsel, your written notice of intent to object must also include the name, address, bar number and telephone number of your counsel, and state whether your counsel intends to appear at the Final Approval Hearing. If you are represented by counsel and your counsel intends to speak at the Final Approval Hearing, the written notice of intent to object must also contain: (a) a detailed statement of the specific legal and factual basis for each and every objection; and (b) a detailed description of any and all evidence you may offer at the Final Approval Hearing, including copies of any and all exhibits that you may introduce.

You must file your written notice of intent to object with the Clerk of the Court no later than _____, 2010. You must also mail the objection to Class Counsel and to Defense Counsel by First Class U.S. Mail, postmarked no later than _____, 2010. The addresses for the Court, Class Counsel, and Defense Counsel are below.

| THE COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| The Honorable Richard A. Jones | KELLER ROHRBACK L.L.P. | DLA PIPER LLP (US) |
| U.S. Courthouse | Mark. A. Griffin | Stellman Keehnel |
| 700 Stewart Street, Suite 13128 | Amy Williams-Derry | Russ Wuehler |
| Seattle, WA 98101 | 1201 Third Avenue, Suite 3200 | 701 Fifth Avenue, Suite 7000 |
| | Seattle, WA 98101 | Seattle, WA 98104 |
| | KABATECK BROWN KELLNER L.L.P. | |
| | Richard L. Kellner | |
| | 644 South Figueroa Street | |
| | Los Angeles, CA 90017 | |

## 14. WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class or Settlement Subclass. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class or Settlement Subclass. If you exclude yourself, you have no basis to object to the cash or credit being offered by the Settlement, because that portion of the relief will no longer affect you.

## 15. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a hearing to decide whether to approve the Settlement and Class Counsel's request for an award of attorneys' fees and costs. You may attend, and you may ask to speak, but there is no requirement that you do so.

The Court will hold a Final Approval Hearing on _____, 2010, at __ a./p.m., at the United States District Court, Western District of Washington, before the Honorable Richard A. Jones, Courtroom 13128, 700 Stewart Street, Seattle, Washington 98101.

At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate to the Settlement Class and Settlement Subclass, as well as Class Counsel's request for an award of attorneys' fees and costs. The Court will consider any objections made according to the procedures described above. You cannot speak at the hearing if you exclude yourself from the Settlement. After the hearing, the Court will decide whether to approve the Settlement and how much to award Class Counsel in attorneys' fees and expenses. It is not known how long those decisions will take.

## 16. DO I HAVE TO ATTEND THE HEARING? ¬

No. Class Counsel will answer questions that the Court may have. But, you are welcome to attend at your own expense. If you send an objection, you don't have to come to the Final Approval Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 17. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will not get any cash payment or credit benefit from this Settlement. And, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants involving the claims released through this Lawsuit.

## 18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

Yes. This Notice is only intended to summarize the Settlement. If you would like more information concerning the Litigation or this Settlement, you should inspect the complete settlement documents, papers and pleadings filed in the Litigation. You may also learn more about this Settlement by contacting the Settlement Administrator at the address set forth in Section 5 above. Additionally, information about this Settlement is available at the following website: [insert web site address].

**PLEASE DO NOT CALL THE COURT, THE CLERK, CLASSMATES ONLINE, INC., CLASSMATES MEDIA CORPORATION, OR UNITED ONLINE, INC.**

**EXHIBIT C: Settlement Class Claim Form**

*In re Classmates.com Consolidated Litigation*, United States District Court
for the Western District of Washington, Case No. 09-cv-0045-RAJ

**SETTLEMENT CLASS CLAIM FORM**

**INSTRUCTIONS:** IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, AS DEFINED BELOW, AND YOU WOULD LIKE TO RECEIVE ONE OF THE BENEFITS AVAILABLE TO YOU, AS DESCRIBED BELOW AND IN THE ACCOMPANYING NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, YOU MUST COMPLETE THIS SETTLEMENT CLASS CLAIM FORM AND SUBMIT IT TO THE SETTLEMENT ADMINISTRATOR AS SET FORTH BELOW **BY _____.**

**Step 1:    Read The Following, And All Information Available To You Concerning The Settlement, Including The Information Contained In The Accompanying Notice Of Proposed Class Action Settlement.**

**DEFINITION OF SETTLEMENT CLASS.** You are a Settlement Class member if you meet the following definition:

> All Persons, excluding Settlement Subclass members, residing in the United States who were registered with or subscribed to www.classmates.com at any time between October 30, 2004 and entry of the Preliminary Approval Order.

You have been identified from Defendants' records as a potential Settlement Class member. However, to receive benefits under the Settlement Agreement as a Settlement Class member, you must certify based on your reasonable and justifiable belief, under penalty of perjury, that you meet the above definition. By completing this Settlement Class Claim Form, signing it, and submitting it to the Settlement Administrator, you are certifying that, to the best of your understanding, you meet the above definition and qualify as a Settlement Class member.

**RELEASE.** The Settlement Agreement that gives you the right to receive benefits as set forth in the accompanying Notice of Proposed Class Action Settlement provides the following release of claims.

> As of the Effective Date, the Settlement Class and Settlement Subclass members, including Lead Plaintiffs (collectively, the "Releasing Parties"), release Defendants and each of their past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors,

officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers (the "Released Parties"), from the "Released Claims." For purposes of this Settlement Agreement, the "Released Claims" are defined as:

(1)    All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal constitution, statute, rule or regulation, arising out of any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged, or that could have been alleged, in the Consolidated Lawsuit and the underlying complaints in the Consolidated Lawsuit; and

(2)    Any unknown claims arising out of any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged, or related to acts alleged, in the Consolidated Lawsuit that the Releasing Parties do not know or suspect to exist in their favor at the time of this release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this settlement. With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which section provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or

unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class and Settlement Subclass member who does not file a valid Request for Exclusion, thereby becoming a Settlement Class or Settlement Subclass member, automatically, upon final approval of the Settlement, shall be held to have fully released, waived, relinquished and discharged the Released Parties from the Released Claims, to the fullest extent permitted by law, and shall be enjoined from continuing, instituting or prosecuting any legal proceeding against the Released Parties relating in any way whatsoever to the Released Claims.

**Step 2:  Provide The Necessary Information To Receive Your Benefit.**

As a Settlement Class member, you are entitled to receive a credit of $2.00 off of the purchase or renewal of a www.classmates.com Gold Membership.  To receive this benefit, please provide the following information.    PLEASE  WRITE  LEGIBLY  TO  ENSURE  ACCURATE  AND TIMELY PROCESSING OF YOUR CLAIM.

Name:_____

Your email address(s) that is associated with
your www.classmates.com user profile:_____

Do you reside in the United States?    ☐ Yes    ☐ No

**YOUR  INFORMATION  WILL  ONLY  BE  USED  IN  CONNECTION  WITH  THIS SETTLEMENT AGREEMENT.**  The information you provide on this Settlement Class Claim Form will only be used in connection with the Settlement Agreement and in order to process your claim.  Your information will not be used for any other purpose.

**Step 3:  Certification.**

**I acknowledge that I have read the Release set forth above and declare under penalty of perjury, that to the best of my understanding I am a Settlement Class member, as defined above, and that all of the information provided above is true and correct.**

DATE:_____        SIGNATURE:_____

PRINTED NAME OF SIGNER:_____

**Step 4:  Submit Pages 3 & 4 of Your Settlement Class Claim Form To The Settlement Administrator by [DATE].**

You must submit your fully completed and signed Settlement Class Claim Form as an attachment to an e-mail or via First Class U.S. Mail to the Classmates Settlement Administrator at the address listed below by **no later than            .**

Classmates Settlement Administrator

P.O. Box ___

City, State, Zip Code

[Insert E-mail Address]

**Please Do Not Submit Your Claim Form to the Court.**

## EXHIBIT D: Settlement Subclass Claim Form

*In re Classmates.com Consolidated Litigation*, United States District Court
for the Western District of Washington, Case No. 09-cv-0045-RAJ

## SETTLEMENT SUBCLASS CLAIM FORM

**INSTRUCTIONS:** IF YOU ARE A MEMBER OF THE SETTLEMENT SUBCLASS, AS DEFINED BELOW, AND YOU WOULD LIKE TO RECEIVE ONE OF THE BENEFITS AVAILABLE TO YOU, AS DESCRIBED BELOW AND IN THE ACCOMPANYING NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, YOU MUST COMPLETE THIS SETTLEMENT SUBCLASS CLAIM FORM AND SUBMIT IT TO THE SETTLEMENT ADMINISTRATOR AS SET FORTH BELOW **BY _____.**

**Step 1:    Read The Following, And All Information Available To You Concerning The Settlement, Including The Information Contained In The Accompanying Notice Of Proposed Class Action Settlement.**

**DEFINITION OF SETTLEMENT SUBCLASS.**  You are a Settlement Subclass member if you meet the following definition:

> All Persons residing in the United States who registered with or subscribed to www.classmates.com between January 1, 2007 and entry of the Preliminary Approval Order and who paid for a Gold Membership subscription to www.classmates.com (and did not previously receive a refund of such payment) as a result of:
>
> 1.    Upgrading to a Gold Membership through the process on Classmates.com of seeking to see who visited their Guestbook; or
>
> 2.    Upgrading to a Gold Membership after clicking on a link to Classmates.com in a Guestbook email, or Connections email that included a Guestbook subject line, and upgrading to a Gold Membership within the same session activated by clicking on that link or within the same day of clicking on that link; or
>
> 3.    Upgrading to a Gold Membership within the same day of receiving a Guestbook email or Connections email that included a Guestbook subject line.

You have been identified from Defendants' records as a potential Settlement Subclass member. However, to receive benefits under the Settlement Agreement as a Settlement Subclass member,

you must certify based on your reasonable and justifiable belief, under penalty of perjury, that you meet the above definition. By completing this Settlement Subclass Claim Form, signing it, and submitting it to the Settlement Administrator, you are certifying that, to the best of your understanding, you meet the above definition and qualify as a Settlement Subclass member.

**RELEASE.** The Settlement Agreement that gives you the right to receive benefits as set forth in the accompanying Notice of Proposed Class Action Settlement provides the following release of claims.

As of the Effective Date, the Settlement Class and Settlement Subclass members, including Lead Plaintiffs (collectively, the "Releasing Parties"), release Defendants and each of their past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers (the "Released Parties"), from the "Released Claims." For purposes of this Settlement Agreement, the "Released Claims" are defined as:

(1) All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal constitution, statute, rule or regulation, arising out of any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged, or that could have been alleged, in the Consolidated Lawsuit and the underlying complaints in the Consolidated Lawsuit; and

(2) Any unknown claims arising out of any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged, or related to acts alleged, in the Consolidated Lawsuit that the Releasing Parties do not know or suspect to exist in their favor at the time of this release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this settlement. With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which section provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class and Settlement Subclass member who does not file a valid Request for Exclusion, thereby becoming a Settlement Class or Settlement Subclass member, automatically, upon final approval of the Settlement, shall be held to have fully released, waived, relinquished and discharged the Released Parties from the Released Claims, to the fullest extent permitted by law, and shall be enjoined from continuing, instituting or prosecuting any legal proceeding against the Released Parties relating in any way whatsoever to the Released Claims.

**Step 2:  Elect A Benefit.**

As a Settlement Subclass member, you are entitled to receive <u>either</u> a cash payment of $3.00 (subject to reduction if more than 3,166,666 individuals submit a valid claim form) <u>or</u> a credit of $2.00 off of the purchase or renewal of a www.classmates.com Gold Membership.  If you are a Settlement Subclass member and wish to receive one of the benefits available to Settlement Subclass members, please check one of the boxes below to indicate which benefit you would like to receive.

|  | ☐ $3.00 cash payment |
|---|---|
| **PLEASE CHECK ONLY ONE BOX** | ☐ $2.00 credit off of the purchase or renewal of a www.classmates.com Gold Membership |

**Step 3:    Provide The Necessary Information To Receive Your Elected Benefit.**

**THIS SECTION APPLIES IF YOU ELECT TO RECEIVE A $3.00 CASH PAYMENT.** If you elect to receive a $3.00 cash payment, please provide the following information. PLEASE WRITE LEGIBLY TO ENSURE ACCURATE AND TIMELY PROCESSING OF YOUR CLAIM. If you have elected to receive a credit of $2.00 off of the purchase or renewal of a www.classmates.com Gold Membership, do not fill out this section of the Claim Form but instead skip to the following section.

Name:_____

U.S. Mailing address:_____

_____

Your email address(s) that is associated with
your www.classmates.com user profile:_____

**THIS SECTION APPLIES IF YOU ELECT TO RECEIVE A $2.00 CREDIT.** If you elect to receive a $2.00 credit off of the purchase or renewal of a www.classmates.com Gold Membership, please provide the following information. PLEASE WRITE LEGIBLY TO ENSURE ACCURATE AND TIMELY PROCESSING OF YOUR CLAIM. If you have elected to receive a $3.00 cash payment, and have filled out the preceding section, do not fill out this section.

Name:_____

Your email address(s) that is associated with
your www.classmates.com user profile:_____

Do you reside in the United States?    ☐ Yes    ☐ No

**YOUR INFORMATION WILL ONLY BE USED IN CONNECTION WITH THIS SETTLEMENT AGREEMENT.** The information you provide on this Settlement Subclass Claim Form will only be used in connection with the Settlement Agreement and in order to process your claim. Your information will not be used for any other purpose.

**Step 4:  Certification.**

**I acknowledge that I have read the Release set forth above and declare under penalty of perjury, that to the best of my understanding I am a Settlement Subclass member, as defined above, and that all of the information provided above is true and correct.**

DATE:_____          SIGNATURE:_____

PRINTED NAME OF SIGNER:_____

**Step 5:  Submit Pages 3 & 4 of Your Settlement Subclass Claim Form To The Settlement Administrator by [DATE].**

You must submit your fully completed and signed Settlement Subclass Claim Form as an attachment to an e-mail or via First Class U.S. Mail to the Classmates Settlement Administrator at the address listed below by **no later than**_____.

Classmates Settlement Administrator
P.O. Box ___
City, State, Zip Code
[Insert E-mail Address]

**Please Do Not Submit Your Claim Form to the Court.**

## EXHIBIT E: Injunctive Relief Terms

For a period of two years starting with entry of an order and judgment granting final approval of the settlement, Classmates will be enjoined to do the following:

1.  To the extent that Classmates continues to use the term "guestbook" in connection with the existing guestbook feature, it will not use this term on a stand-alone basis, but will instead call it "Classmates® Guestbook". In addition, the Classmates® Guestbook webpage will contain a hyperlink titled "What's This?" or some other language indicating an opportunity to learn more about the Classmates® Guestbook feature. When a member clicks on this hyperlink, it will take that member to a pop-up window or landing page that explains how the Classmates® Guestbook feature works, including how Classmates® Guestbook names are left behind (either manually when the other member's Classmates® Guestbook setting is on "quiet" mode or automatically when the other member's Classmates® Guestbook setting is on "normal" mode) and that, because members' profiles can be viewed by all members of Classmates.com, other members who have left their names behind may not be people that the visited member knows or who belong to one of that member's affiliations.

2.  In either the Terms of Service or Privacy Policy, the Classmates® Guestbook feature will be clearly explained (in the same way as it is explained in the pop-up window in #1 above).

3.  Classmates will improve the Help area of the website to explain the Classmates® Guestbook feature in the same way that it is described in #1 above and to explain how members can manage their email subscriptions.

4.  Classmates will revise its Privacy Policy to clearly explain that certain emails Classmates sends to it members contain links that check for existing Classmates cookies on a member's computer and, if no authentication cookie is found, will set such a cookie so that the member can be logged into the site without the need to enter a password. The policy will further explain, therefore, that members should not forward the emails they receive from Classmates to anyone else and should keep them secure. The Privacy Policy will also fully explain what a "cookie" is and how cookies are used in the internet context. The policy will explain that by visiting Classmates.com and not opting out of the use of cookies (by affirmatively clicking a link stating that the computer should not remember the user), the user consents to the addition of a "cookie" on the computer.

5.  In every email that Classmates sends that contains a cookie as described above, the footer will contain the following language: "TO PROTECT YOUR PRIVACY, DO NOT FORWARD THIS EMAIL TO ANYONE NOT AUTHORIZED BY YOU TO ACCESS YOUR CLASSMATES.COM PROFILE." After that statement, there will be a link that says "For more information, see our Privacy Policy", with "Privacy Policy" being a hyperlink that will take the member to the Privacy Policy.

6.    On every member's profile page, there will be a link that says "Not [name]?" or other similar language. When a member clicks that link, it will take the members to a page that states, "If you are not the person to whom the account you are currently logged into belongs, you may be in violation of Classmates.com's Privacy Policy and/or Terms of Service, and you may be violating the privacy rights of another individual. Classmates.com does not permit the unauthorized use of member profiles and may prosecute or assist in the prosecution of any unauthorized privacy violations." The member will also be given the opportunity to logout of the site, with the option to have the member's password remembered or not remembered on that computer, along with a warning that the member should choose the option to not have the member's password remembered if the computer is publicly available or shared with others.