HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | MASTER CASE NO. C09-45RAJ<br>ORDER<br><br>(APPLIES TO ALL ACTIONS) |

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' motion (Dkt. # 73) for preliminary approval of a settlement with Defendants, including preliminary certification of a settlement class. Defendants do not oppose the motion. The court GRANTS the motion subject to the limitations stated below, and sets a hearing on October 27, 2010, at 10:00 a.m. to determine whether the settlement should be made final.

## II. BACKGROUND

Defendants, who the court will refer to collectively as "Classmates," operate a website at www.classmates.com. The website contains records of millions of people organized according to high school graduating class, college graduating class, and other similar groupings. People gain various levels of access to the records by registering for unpaid and paid Classmates memberships.

This consolidated class action is an amalgamation of two suits that Anthony Michaels and Xavier Vasquez filed challenging various Classmates practices. The court consolidated the suits, and Mr. Michaels' counsel was appointed interim class counsel.

ORDER – 1

At the court's direction, class counsel filed an amended complaint to govern all claims in the consolidated action. They dropped Mr. Vasquez as a Plaintiff and added David Catapano. The consolidated complaint asserts only Washington law causes of action, including claims under the Washington Consumer Protection Act ("CPA") and the Washington Commercial Electronic Mail Act ("CEMA").

The consolidated complaint describes Classmates' deceptive practices to induce users to pay for subscriptions. In one such practice, Classmates sent e-mails to unpaid members informing each of them that someone with whom they went to high school or college or the like was seeking contact with them or had visited their Classmates profile. Each e-mail informed the member that he could communicate with that person by upgrading to a paid membership. Plaintiffs allege that they paid for a membership in response to this practice, only to discover that no one (or at least no one known to them) had visited their profile or sought contact with them. Numerous variations on this deceptive practice are described in the consolidated complaint.

The parties propose a settlement in which Mr. Michaels and Mr. Catapano (residents of California and Nevada, respectively) will serve as representatives of a nationwide class of all registered Classmates users since October 30, 2004. In addition, they will represent a subclass of approximately 3.1 million "Gold Members." A gold membership is a paid classmates.com membership, and is apparently the membership package to which Plaintiffs subscribed because of the deceptive Classmates practices described above. Plaintiffs define the subclass to include only Classmates users who likely became Gold Members in response to one of Classmates' deceptive practices. Although the court follows Plaintiffs' lead in referring to these Gold Members as a "subclass," the court notes that the class is defined so that it excludes all subclass members. The proposed class and subclass thus share no members in common. The court refers to the two mutually exclusive classes as the "main class" and the subclass.

ORDER – 2

When referring to all members of both classes, the court will use the generic term "class members."

The principal features of the settlement are a Classmates credit for main class members, a credit or cash payment to subclass members, and a three-year injunction targeting the challenged Classmates practices. Main class members may claim a $2 credit to be used toward a paid Classmates membership. Subclass members may claim the credit, or they may claim a $3 cash payment, up to a maximum cash outlay of $9.5 million. The injunction requires Classmates to include disclosures on its website about the "Guestbook" feature on which many of its allegedly deceptive practices are focused, and also include disclosures to enable users to better protect their personal information.

In exchange, Classmates will receive a broad release of all claims from class members, including not only the Washington law claims asserted in the consolidated complaint, but claims under federal law or any state's law. Classmates admits no wrongdoing in the settlement.

Class counsel will seek attorney fees. They will request no more than $1.3 million in attorney fees, although they may also seek costs, as well as a $2500 incentive payment for Mr. Catapano and Mr. Michaels.

Notice to class members will be accomplished electronically via the last e-mail address that each class member provided to Classmates, and also via a Wall Street Journal advertisement. Because of the large number of class members, Plaintiffs have requested at least 90 days between preliminary approval of their settlement and the deadline for completing notice. Main class and subclass members would then be required to submit a claim form (with the option to do so via e-mail) if they wish to claim either the credit or the cash payment.

The court now turns to its preliminary approval analysis.

ORDER – 3

## III.  ANALYSIS

The parties' agreement to settle this matter is not itself a sufficient basis for approving the settlement.  The settlement would require the court to certify a class and dispose of the claims of its members.  The court has an independent obligation to protect class members.  *Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992).  Even for a class certified solely for purposes of settlement, the court must ensure that the class and its proposed representatives meet the requirements of Fed. R. Civ. P. 23.  *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).  In addition, the court must ensure that the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).

Both the main class and subclass satisfy the four prerequisites of Rule 23(a).  The parties estimate that there are 3.1 million subclass members.  The consolidated complaint estimates the number of main class members at about 50 million.  Both the subclass and the main class therefore satisfy the numerosity requirement of Rule 23(a)(1).

The class members' claims satisfy the minimal commonality standard of Rule 23(a)(2).  Determining whether Classmates' inducements for paid memberships violated the CPA or CEMA presents numerous common questions of law and fact.  A single common question suffices for purposes of Rule 23(a)(2).  *E.g.*, *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996).

Mr. Catapano and Mr. Michaels have claims that are typical of the claims of subclass members.  They allege that they paid for memberships as a result of Classmates' deceptive practices, and the subclass is defined such that it is likely that other subclass members did so as well.  Their claims are not obviously typical of main class members, however, because unlike them, Mr. Catapano and Mr. Michaels succumbed to deceptive Classmates practices.  All class members, however, were targets of the deceptive practices, and Mr. Catapano and Mr. Michaels are typical main class members in at least that regard.  The court concludes that the main class and subclass satisfy the typicality requirement of Rule 23(a)(3).

ORDER – 4

The court also finds that Mr. Catapano and Mr. Michaels are adequate class representatives, as Rule 23(a)(4) requires. To the extent that other class members have claims based on a sufficiently similar factual predicate, the record reflects that Mr. Catapano and Mr. Michaels can adequately represent them. Subject to the same limitation, interim class counsel are adequate to represent the main class and subclass. *See* Fed. R. Civ. P. 23(g).

To the extent class members have sufficiently different claims against Classmates, however, the class representatives' intent to force them to release all of their claims is suspect. *See*, *e.g.*, *Hesse v. Sprint Corp.*, No. 08-35235, 2010 U.S. App. LEXIS 5017, at *9-24 (9th Cir. Mar. 10, 2010) (concluding that representational inadequacy partially invalidated release of claims in a nationwide class action settlement). In *Hesse*, the court found that a broad release imposed on members of a nationwide class action had no preclusive effect on a later class action against the same defendant. *Id.* at *9 ("We conclude . . . that the release cannot preclude the Washington Plaintiffs' claims because the [prior] Class Plaintiff did not adequately represent the Washington Plaintiffs and because the Washington Plaintiffs' claims are based on a set of facts different from those underlying the claims settled in the [prior] settlement."). The release in *Hesse* contained language much like the release Plaintiffs propose here. *Id.* The court makes no finding as to whether Plaintiffs are adequate representatives of class members for any claims other than those sufficiently similar, as described in *Hesse*, to those asserted in the consolidated complaint. The court need not demand a narrower release, however, because a future court called upon to determine the preclusive effect of this settlement will narrow it appropriately. To the extent the release is too broad, Classmates may obtain less than it bargained for.

The court concludes that the main class and subclass meet the requirements of Rule 23(b)(3). Typically, Rule 23(b)(3) serves to ensure that a class action is the best

ORDER – 5

means of resolving a dispute.  When the parties settle a class action, many of the concerns articulated in the rule do not apply, because a negotiated resolution moots some of the practical difficulties of resolving the dispute on a classwide basis.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems.").  The common legal and factual questions related to Classmates allegedly deceptive tactics predominate over any individualized concerns.  There is nothing in the record that suggests this court is an undesirable forum for resolving those claims.

Plaintiffs propose to use e-mail to notify class members of class certification, this settlement, and their obligations to submit a claim for either a credit or cash payment.  E-mail notice is an excellent option here, where every class member provided an e-mail address to Classmates in the process of registering as a user.  Given the large number of class members, e-mail notice also avoids the substantial expense of sending notice by mail.  The court finds that Plaintiffs' notice procedure satisfies the requirements of Rule 23(c)(2)(B) (mandating "the best notice that is practicable under the circumstances").  The court also appreciates that Plaintiffs have enabled class members to return claim forms via e-mail.  This is an important benefit, as the cost of postage would be a large portion of the relief that Classmates is offering to each class member.  The court notes, however, that Plaintiffs have not given class members the option to opt out of the class via e-mail.  The court sees no obvious reason for this.  It thus orders Plaintiffs to enable class members to opt out via e-mail.  If this requirement presents a problem, Plaintiffs shall provide a statement as soon as possible explaining why.

The court has reviewed Plaintiffs' proposed forms of notice to main class and subclass member.  Those notices are adequate, but Plaintiffs must modify them to reflect this order, including the order to permit class members to opt out via e-mail.

ORDER – 6

Finally, Plaintiffs must allow the court to review the notice, opt-out, and claim submission features in their electronic format. Accordingly, the court directs class counsel to arrange for the court to receive electronic notice as soon as the technology is enabled. Counsel shall also notify the court when the settlement website they have promised to create becomes "live."

The court now considers whether the settlement is "fair, reasonable, and adequate" as required by Rule 23(e)(2). The court begins by considering the financial relief. As to main class members, Classmates' $2 credit toward a paid membership is reasonable. Indeed, main class members have suffered no apparent financial harm, and thus Classmates' agreement to offer them even modest compensation is fair. As to subclass members, the record shows that they paid between $10 and $40 to become Gold Members, with an average price around $24. Classmates' offer of $3 is about an eighth of what the average subclass member paid. This is a reasonable discount, given the uncertainty of obtaining any recovery if this case went to trial.

The injunctive relief is an additional benefit to all class members. It requires Classmates to make disclosures that would blunt future deceptive marketing practices.

The court's final observation regarding the fairness and adequacy of the settlement concerns attorney fees for class counsel. As the court just noted, the relief to class members is not, standing alone, unreasonable. Collectively, however, it is not certain what Classmates will pay to settle this action. There is no indication that its offer of credit toward paid memberships will hurt its bottom line. To the extent that the credit offer induces persons to pay for memberships that they otherwise would not, it may be a financial boon to Classmates. The offer of cash to subclass members is different, but perhaps not substantially so. For Classmates to pay out cash awards equaling the $9.5 million cap on the settlement, every one of the approximately 3.1 million subclass members would have to make a claim for the $3 payment. As the parties are no doubt

ORDER – 7

1   aware, it is exceedingly unlikely that subclass members will do so.  In the court's
2   experience, class members typically do not bother to make claims for a few dollars of
3   compensation.  It is therefore highly likely that Classmates will pay only a tiny fraction of
4   $9.5 million.  Class counsel has indicated that they will seek up to $1.3 million in
5   attorney fees.  That amount is about 14% of $9.5 million, and perhaps not coincidentally
6   just below the 15% limit on attorney fees that class counsel agreed to in the event it
7   sought fees as a percentage of a common fund awarded to class members.  The court
8   cannot forecast what counsel will request for attorney fees, and cannot forecast the
9   methodology they will use to buttress that request.  The court merely notes that if counsel
10  move for an award of attorney fees that is disproportionate to the payout to class
11  members, they should acknowledge as much, and explain why such a result is justified.
12  Thus, Plaintiffs should plan on obtaining information from the settlement administrator
13  regarding the number of class members making claims for cash payments, so that they
14  may submit that information in conjunction with the final approval process.

15  For all of the reasons stated above, the court preliminarily approves this class
16  action settlement.  The remainder of this order reproduces Plaintiffs' proposed order,
17  except that it inserts dates where appropriate, and modifies paragraph 8 to provide class
18  members the option to opt out of the class via email.  The preceding portion of this order
19  shall control in the event of any conflict between Plaintiffs' language and the court's
20  language.

## IV.  ORDER

22  This matter comes before the Court on Plaintiffs' Motion for Preliminary
23  Approval of Class Action Settlement.  The parties have agreed, subject to final approval
24  by this Court following notice to the Settlement Class and Settlement Subclass, as
25  defined below, to settle this action upon the terms and conditions set forth in the
26  Settlement Agreement.  The Court has reviewed the Class Action Settlement Agreement,

ORDER – 8

as well as all files, records, and proceedings to date in this matter.

IT IS HEREBY ORDERED:

1. **Preliminary Approval of Proposed Settlement**. The Settlement Agreement is preliminarily approved as fair, reasonable and adequate. The Court also finds that notice to members of the Settlement Class and Settlement Subclass should be provided and a final fairness hearing on the Settlement Agreement should be held as set forth in this Order.

2. **Stay of Proceedings**. All proceedings in this action are hereby stayed and suspended until further order of the Court, except such actions as may be necessary to implement the Settlement Agreement and this Order.

3. **Class Findings**. Solely for the purposes of the Settlement Agreement, the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Settlement Class and Settlement Subclass defined below, in that:

(a) The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(1), the Settlement Class and Settlement Subclass are ascertainable from records maintained by Defendants, and the members of the Settlement Class and Settlement Subclass are so numerous that their joinder before the Court would be impracticable.

ORDER – 9

(b) The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Class and the Settlement Subclass.

(c) The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Class and Settlement Subclass.

(d) The Court preliminarily finds, for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class and the Settlement Subclass in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class and Settlement Subclass, (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class or Settlement Subclass, and (iii) the Plaintiffs and the members of the Settlement Class and Settlement Subclass are represented by qualified, reputable counsel who are experienced in preparing and prosecuting complex consumer class actions.

(e) The Court finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(b)(2), final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class and Settlement Subclass as a whole.

(f) The Court finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(b)(3), that questions of law or fact common to Settlement Class and Settlement Subclass members predominate over any questions affecting only individual

ORDER – 10

members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

(g) The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(g), Counsel for Plaintiffs ("Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class and Settlement Subclass, in that Class Counsel (i) have done appropriate work identifying or investigating potential claims in the action; (ii) are experienced in handling class actions; (iii) are knowledgeable of the applicable law; and (iv) have committed the necessary resources to represent the Class.

4. **Class Certification**. The Court, in conducting the settlement approval process as required by FED. R. CIV. P. 23, preliminarily certifies the following Settlement Class and Settlement Subclass under FED. R. CIV. P. 23(b)(2) and 23(b)(3):

**"Settlement Class"**

All Persons, excluding Settlement Subclass members, residing in the United States who were registered with or subscribed to www.classmates.com at any time between October 30, 2004 and the date of entry of this Order.

**"Settlement Subclass"**

All Persons residing in the United States who registered with or subscribed to www.classmates.com and between January 1, 2007 and the date of entry of this Order, paid for a Gold Membership subscription to www.classmates.com (and did not previously receive a refund of such payment) as a result of:

1. Upgrading to a Gold Membership through the process on Classmates.com of seeking to see who visited their Guestbook; or

2. Upgrading to a Gold Membership after clicking on a link to Classmates.com in a Guestbook email, or Connections email that included a Guestbook subject

ORDER – 11

       line, and upgrading to a Gold Membership within the same session activated by clicking on that link or within the same day of clicking on that link; or

3.     Upgrading to a Gold Membership within the same day of receiving a Guestbook email or Connections email that included a Guestbook subject line.

The following Persons are expressly excluded from the Settlement Class and Settlement Subclass:

       Defendants, all present or former officers and/or directors of Defendants, Class Counsel, the Judge of this Court, the Judge's family and staff, Defendants' counsel of record, and all Persons who make a timely and valid election to be excluded from the Settlement Class and Settlement Subclass in accordance with the provisions of the Individual Notice to Settlement Class and Individual Notice to Settlement Subclass.

       The Court appoints David Catapano and Anthony Michaels as representatives for the Settlement Class and Settlement Subclass and Class Counsel as counsel for the Settlement Class and Settlement Subclass.

4.     **Final Approval Hearing**. A final approval hearing (the "Settlement Hearing" or "Final Hearing") shall be held before this Court on October 27, 2010, at 10:00 a.m., to determine whether the Settlement Agreement is fair, reasonable and adequate and should be approved. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class and Settlement Subclass. After the Settlement Hearing, the Court may enter a Final Approval Order and Judgment that will fully and finally adjudicate the rights of the Settlement Class and Settlement Subclass members and the named parties to this lawsuit.

5.     **Notice**. No later than ninety (90) days after the date of entry of this Order (the "Notice Date"), the Settlement Administrator shall have a copy of the Individual

ORDER – 12

Notice to Settlement Class and Settlement Class Claim Form and the Individual Notice to Settlement Subclass and Settlement Subclass Claim Form in substantially the same form as Exhibits A through Exhibit D of the Settlement Agreement sent or made available via electronic mail to all members of the Settlement Class and Settlement Subclass.  In addition, the Settlement Administrator shall provide publication notice to potential Settlement Class members and Settlement Subclass members by a *Wall Street Journal* newspaper classified advertisement no smaller than one-eighth of a page, and establish a website with settlement and claim administration information, within 30 days of the date of entry of this Order.

6. **Findings Concerning Notice**.  The Court finds that electronic notice, together with the proposed form of published notice, is the best practicable notice under the circumstances and is as likely as any other form of notice to apprise potential Settlement Class and Settlement Subclass members of the Settlement Agreement, and their rights to opt out and to object.  The Court further finds that such notice is reasonable, that it constitutes adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of Due Process.

7. **Papers in Support of Settlement**.  The parties to the Settlement Agreement may file additional papers in support of the proposed settlement seven (7) calendar days prior to the Final Hearing.

8. **Right to Exclude**.  Any Settlement Class or Settlement Subclass member may choose to be excluded from the Settlement Class or Settlement Subclass, as the case

ORDER – 13

may be, by signing and submitting to the Settlement Administrator a Request For Exclusion postmarked no later than thirty (30) days after the Notice Date, or by sending an e-mail to the appropriate address, as set forth more fully in the Notice to Settlement Class and Notice to Settlement Subclass.

9. **Objections and Appearances**

(a) **Written Objections**. Any Settlement Class or Settlement Subclass member may object to the fairness, reasonableness or adequacy of the Settlement Agreement. Settlement Class and Settlement Subclass members may do so either on their own or through counsel hired at their own expense. Any Settlement Class or Settlement Subclass member who wishes to make a written objection to the Settlement Agreement must serve a written statement of objection as set forth in the Notice along with any other supporting materials, papers or briefs that he or she wishes the Court to consider postmarked no later than thirty (30) calendar days after the Notice Date. The objection must be sent to the Clerk of the Court **and** he or she must also serve such papers so as to be received by Class Counsel and counsel for Defendants, as set forth below, no later than thirty (30) calendar days after the Notice Date:

> Mark A. Griffin and Amy Williams-Derry
> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101-3052

**and** to

> Stellman K. Keehnel and Russ Wuehler
> DLA Piper LLP (US)
> 701 Fifth Avenue, Suite, 7000
> Seattle, Washington 98104-7044

(b) **Appearance at Settlement Hearing**. Any Settlement Class or Settlement Subclass member who has served an objection may appear at the Settlement Hearing, either in person or through counsel hired at the Settlement Class or Settlement Subclass member's expense, and object to the fairness, reasonableness or adequacy of the

ORDER – 14

Settlement Agreement. Any Settlement Class or Settlement Subclass member who chooses to be heard must send a written notice of intent to appear to the Clerk of the Court and on Class Counsel at the addresses listed above so as to be received no later than thirty (30) calendar days after the Notice Date.

10. **Effect of Failure to Finally Approve the Settlement Agreement**. If (i) the Court does not finally approve this Settlement Agreement, (ii) the Court does not enter the Final Approval Order and Judgment dismissing the Consolidated Lawsuit with prejudice and without leave to amend, (iii) Defendants terminate the Settlement Agreement pursuant to Section 16.4 of the Settlement Agreement, or (iv) the Settlement Agreement does not become final for any other reason, then:

(a) The Settlement Agreement shall automatically become null and void and have no further force or effect, and all proceedings that have taken place with regard to this Settlement Agreement and the settlement shall be without prejudice to the rights and contentions of the Parties hereto;

(b) The Settlement Agreement, all of its provisions (including, without limitation, any provisions concerning class certification), and all negotiations, statements and proceedings relating to the Settlement Agreement shall be without prejudice to the rights of any of the Parties, each of whom shall be restored to their respective position as of December 18, 2009;

(c) The Settlement Agreement, any provision of the Settlement Agreement (including, without limitation, the provisions concerning class certification), and the fact

ORDER – 15

of the Settlement Agreement having been made, shall not be admissible or entered into evidence for any purpose whatsoever; and

(d) Any judgment or order entered in connection with the Settlement Agreement, including, without limitation, any order certifying the Settlement Class and/or Settlement Subclass, will be vacated and will be without any force or effect.

DATED this 19th day of April, 2010.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 16