


FILED
____LODGED
____RECEIVED

AUG 23 2010

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

*In re Classmates.com Consolidated Litigation*      Case No.: 09-cv-0045-RAJ

## NOTICE OF INTENT TO OBJECT TO PROPOSED SETTLEMENT

Robert Doyle, being a member of the "Settlement Class" for the proposed settlement in the above-captioned litigation, hereby objects thereto.

A Memorandum of Law explaining the objections will be filed shortly.  I do not plan to attend the Final Settlement Hearing.

August 17, 2010

_____

Robert Doyle
Attorney, *Pro Se*
1159 84th Street
Brooklyn, NY 11228
(786) 853-4166
Rdoyle5@Yahoo.com

**09-CV-00045-CVSHT**

Rec'd July 12, 2010

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WESTERN WASHINGTON

————————————————————x

In Re Classmates.com

Consolidated Litigation

————————————————————x

The Hon. Richard A. Jones

Case No. 09-cv-0045-RAJ

I am a Settlement Class member. I do not request exclusion from the Settlement
Class. I do object to the proposed settlement. The only persons who will benefit from
the proposed settlement are the Class Counsel. The settlement does nothing for me. I
am not a Gold Member of Classmates. com. I do not want to be a Gold Member.
I, and others in my position, receive nothing out of this proposed settlement.

I am an attorney admitted to practice in the State of New York. I do not intend to appear
at the Final Approval Hearing

Robert W. Spencer
9123 Three Bushel Drive
Toano, VA 23168
757-741-2091
914-522-6474 (Cell)
Spencerlaw@cox.net

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WESTERN WASHINGTON

_____x

In Re Classmates.com

Consolidated Litigation

_____x

The Hon. Richard A. Jones

Case No. 09-cv-0045-RAJ

*In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ

Claim #95090480
Control #1125556040

I Tammy Masters, 2005 Easy St., Urbana, IL 61802, 217-841-4721, wish to voice my opinion in the classmates.com settlement. The "settlement" appears to be a scam to get people to subscribe to "Gold" membership, just like the reoccurring "someone signed your guestbook" e-mails which can't be seen without getting a "Gold" membership. So what! E-mails like "Urbana High School grads found you. Who are they?" These are ploys to get those registered with classmates.com to pay extra for the "Gold" membership.

This looks more like a business trick than a settlement. I don't exactly have issue with classmates.com otherwise, but since I wanted to voice my opinion on this, I am not excluding myself just yet and am also throwing in 4 $.44 stamps to do so. With the success of facebook.com & getting information with no extra membership fees, I feel strongly that this "settlement" is a scam & may have even originated with whoever runs classmates.com, trying to figure how to make more "Gold" members & hoping to get more fees collected and "cash in" down the road. I am against that & the Gold membership fee.

Having said this, I have no "evidence" and will not be appearing at the final hearing, but am very upset to be a part of something so ridiculous. In my opinion, those in the sub-class made their own choice to buy into this "Gold" membership deal and I want nothing to do with it.

Thank you,

*Tammy Masters*

Tammy Masters

**THE COURT**

The Honorable Richard A. Jones
U.S. Courthouse
700 Stewart Street, Suite 13128
Seattle, WA 98101

**CLASS COUNSEL**

KELLER ROHRBACK L.L.P.
Mark. A. Griffin
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, WA 98101

KABATECK BROWN KELLNER L.L.P.
Richard L. Kellner
644 South Figueroa Street
Los Angeles, CA 90017

**DEFENSE COUNSEL**

DLA PIPER LLP (US)
Stellman Keehnel
Russ Wuehler
701 Fifth Avenue, Suite 7000
Seattle, WA 98104

June 20, 2010

Richard Markuson
419 Nasca Way
Sacramento CA 95831
(916) 422-0262

*In re Classmates.com Consolidated Litigation, Case No. 09-cv-0045-RAJ*

Clerk of THE COURT
The Honorable Richard A. Jones
U.S. Courthouse
700 Stewart Street, Suite 13128
Seattle, WA 98101

I am a Settlement Class member, and I object to the Settlement.

In particular I VEHAMENTLY object to the outrageous fees to be paid to the plaintiff's attorneys in this case.

The class members receive a cash payment of $3.00 and the class attorneys receive "up to $1.3 million plus costs!" This is so outrageous it is laughable. I urge you, the Judge in this case to reject this settlement as tantamount to the attorneys winning the lotto while the supposed injured parties – upon which this litigation was launched, get the equivalent to a McDonalds' hamburger.

Please stop this practice NOW!

I do not intend to appear at the Final Approval Hearing.

I am not represented by counsel.

Sincerely,

Richard Markuson

cc:

| CLASS COUNSEL<br>KELLER ROHRBACK L.L.P.<br>Mark. A. Griffin<br>Amy Williams-Derry<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101 | Class Counsel<br>KABATECK BROWN KELLNER<br>L.L.P.<br>Richard L. Kellner<br>644 South Figueroa Street<br>Los Angeles, CA 90017 | DEFENSE COUNSEL<br>DLA PIPER LLP (US)<br>Stellman Keehnel<br>Russ Wuehler<br>701 Fifth Avenue, Suite 7000<br>Seattle, WA 98104 |
|---|---|---|

# FROM THE DESK OF MICHAEL TODD

9134 Del Prado Dr., Unit 2N
Palos Hills, IL 60465
Ph. 708-576-8156

FILED _____ ENTERED
LODGED _____ RECEIVED

**AUG 18 2010**

At Seattle
Chambers of Judge Richard A. Jones
Western District of Washington

August 14, 2010

The Honorable Richard A. Jones
U.S. Courthouse
700 Stewart Street, Suite 13128
Seattle, WA 98101

        Re:    *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ

Dear Honorable Richard A. Jones:

        Please find enclosed a courtesy copy of Class Member Michael Todd's Objections and
Opposition to Final Approval of Settlement. The same has been sent to the Clerk's Office for
filing.

                            Sincerely,

                            Michael Todd

Enclosure
cc:     Mark A. Griffin
        Amy Williams-Derry
        Richard Kellner
        Stellman Keehnel

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | | |
|---|---|---|
| IN RE: | ) | DOCKET NO. 09-CV-0045-RAJ |
| | ) | |
| CLASSMATES.COM | ) | CLASS MEMBER MICHAEL TODD'S |
| CONSOLIDATE LITIGATION | ) | OBJECTIONS AND OPPOSITION TO |
| | ) | FINAL APPROVAL OF SETTLEMENT |

NOW COMES Michael Todd (herein "Todd" or "Objector"), *pro se*, an individual residing in Cook County Illinois, and hereby files these objections to the Settlement Agreement.

## INTRODUCTION

This settlement is a glaring example of the ever-expanding trend of class action settlements that provide substantial benefits to both the defendants and class counsel but little or no relief to the class. Here, the parties' proposed Settlement Agreement gives Classmates Online, Inc, Classmates Media Corporation, and United Online, Inc. (herein collectively "Defendants") a release of all liability and class counsel $1.3 million in attorneys' fees. However, the class members receive only a non-cash credit of $2 to the Settlement Class or an option of a $3 payment or $2 credit to the Settlement Subclass. For any class member submitting a "valid claim", the use of the credit only equates to 13% of the cost of the minimum Gold Membership option of 3 months charged at $15 available at www.classmates.com.. Additionally, the Potential Maximum Class Consideration of $9.5 million is nothing more than mere illusory value as it is based on every single class member making a valid claim and requesting a cash payment. Such attenuated class benefits and exorbitant fees cannot be justified as fair, adequate or reasonable, especially due to the fact that the Settlement Agreement contains the combination of a clear sailing provision coupled with a reverter clause to the defendants.

## MEMBERSHIP IN CLASS

Objector resides at 9134 Del Prado Dr., Unit 2N, Palos Hills, IL 60465. Todd's telephone number is (708) 576-8156. At all times relevant herein, Todd was a resident of the United States who was registered with or subscribed to www.classmates.com between October 30, 2004 and April 19, 2010. Therefore, by definition, Todd is a member of the Class and has standing to object.

## NOTICE OF INTENT TO APPEAR

Objector hereby notifies this Honorable Court that he will appear at the Final Approval Hearing currently scheduled for October 27, 2010, at 10:00 a.m. PDT at the United States District Court, Western District of Washington, before the Honorable Richard A. Jones, Courtroom 13128, 700 Stewart Street, Seattle, Washington 98101.

## ARGUMENT

I.   **THE COURT SHOULD REFUSE TO APPROVE THE SETTLEMENT BECAUSE IT IS NOT FAIR, REASONABLE, OR ADEQUATE.**

This settlement should not be approved. The parties have negotiated a proposed settlement that largely consists of coupons (called "credits") that are unlikely to be redeemed. As such, the settlement provides the class with little true benefit while proposing attorney's fees of $1.3 million. Through Plaintiff's filings, it is alleged that there are approximately 50 million class members entitled to the $2 credit and 3 million members entitled to the cash or credit option. Although the settlement carefully avoids calling the "credits" coupons, they share the central characteristic of all coupons: recipients must purchase another product to redeem the value of the coupon. Coupon settlements are problematic because they (1) often do not provide meaningful compensation to class members; (2) fail to disgorge ill-gotten gains from the defendants; (3) require class members to do future business with the defendant in order to receive compensation. *See Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1302 (S.D. Fla. 2007). These "credits" exhibit all three problems, and should be considered coupons by another name. The settlement's non-cash credits are of minimal value and cannot be obtained

unless class members both participate in the claims process and then come out of pocket to pay the defendants more money to even make the credit useful by the use of the Gold Membership. The credit feature transforms a class member from a damaged party into a cash asset to defendants who would gain a minimum of $13 in profits from a class member signing up for a 3 month membership. See Exhibit "A". Of course, this does not take into account that defendants have an automatic renewal provision on memberships at classmates.com which will further increase profits. Effectively, this settlement allows classmates.com to enhance its revenue stream by recapturing former customers and encouraging current class members to upgrade to a Gold Membership. No justification exists, other than to continue to line defendants' own pockets. Rather than punishing the defendants for its alleged wrongdoing, the settlement is simply a marketing campaign, undermining both "the role of the class action in deterring and redressing wrongdoing." *Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 445-46 (2000).

The coupons proposed are the only recovery available to over 98% of the class and is precisely the sort of worthless remedy that CAFA was meant to curtail. It is an "[a]busive class action settlement [] in which plaintiffs receive promotional coupons or other nominal damages while class counsel receive large fees." S. Rep. 109-14, at 32, U.S. Code Cong. & Admin. News 2005, pp. 3, 32. *See also In re General Motors Corp.*, 55 F.3d at 807 (overturning approval of settlement that would have provided $1000 coupons on the purchase of a new GM truck, which the court found to be "a sophisticated GM marketing program.").

Further compounding the deleterious effect for any class member choosing to accept and redeem the $2 coupon is the fact that there is an automatic subscription renewal through classmates.com and this feature was not disclosed to the class. Automatic renewals – which also are known as "negative options" because a consumer's "negative" action or silence is interpreted as consent to be charged a higher price – have such great potential to deceive unwitting consumers into paying more than they bargained for that they are regulated by the federal government. *See, e.g.*, 16 C.F.R. § 425.1; 16 C.F.R. § 310.3. These federal regulations require that companies disclose the material details of their negative option plans "in a clear and conspicuous manner." *Id.* In the Settlement Agreement there is no disclosure to the class as to what current membership prices are on classmates.com and the notice essentially give class

members the impression that they will receive some benefit without further obligation, when such benefits really only require class members to spend more money and opt out of future automatic renewals. The failure to adequately inform the class of the current membership price and automatic renewal feature reduces the change that class members will opt out of a renewal and increases the likelihood that the settlement will cause them financial harm.

While to date, there has been only two letters received by the Court from class members, one opting out and the other expressing outrage at the attorney's fees, it is not surprising that there has not been more letters or objections. The notice requires that anyone objecting submit the objection in writing and spend what is basically the equivalent of their potential total award in postage fees just to serve the letter on the Court and the parties. "Acquiescence to a bad deal is something quite different than affirmative support." *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1137 (7th Cir. 1979) (reversing approval of settlement). The absence or silence of objecting class members "does not relieve the judge of his duty and, in fact, adds to his responsibility." *Norman v. McKee*, 290 F. Supp. 29, 32 (N.D. Cal. 1968) (denying approval of inadequate securities settlement), *aff'd* 431 F.2d 769 (9th Cir. 1970). The settlement's proponents have the burden to show the proposed settlement is fundamentally fair, adequate, and reasonable. *See Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). Putative class attorneys have simply not carried this burden, so final approval of settlement should be denied.

Todd additionally objects to the settlement inclusion of a reverter allowing defendants to retain the value of all unclaimed class benefits including any of unclaimed cash from the $9.5 million. Settlement Agreement ¶ 12.6. The reverter is particularly improper here because a minimum payment could be easily accomplished in one of two ways. First, instead of offering class members a one-time-only credit that they will lose if not redeemed, the parties could structure the settlement to require defendants to keep issuing credits until a minimum amount is reached, thereby guaranteeing that the class receives some minimum benefit. *See* Judge Thomas A. Dickerson, *Consumer Class Actions and Coupon Settlements: Are Consumers Being Shortchanged?*, ADVANCING THE CONSUMER INTEREST at 6 (Sept. 2000) (explaining that "[t]o prevent . . . emasculation of the settlement concept," defendants should have to reissue coupons

until a threshold redemption level is reached). In the alternative, the settlement could be structured to require defendants to pay a *cy pres* award to a charitable organization if the value of the credits actually redeemed falls short of a minimum threshold. The current settlement, however, incorporates neither option. Instead, the settlement's particular characteristics militating toward an extremely low claims rate along with a reverter clause illustrates that the primary beneficiary of this settlement are the defendants, not the class. In similar situations, courts have rejected settlements that combined low claims-submission rates with a reverter to the defendant. *See, e.g., Sylvester*, 369 F. Supp. 2d at 53, (finding that a claims rate of less than 20% combined with a reverter clause "work[ed] in concert to produce a settlement that is unfair, inadequate and unreasonable and that in practice yields comparably little for the Class") Emphasis added; *Buchet v. ITT Consumer Fin. Corp.*, 845 F. Supp. 684, 696 (D. Minn. 1994), *as amended* 858 F. Supp. 944 (finding settlement unreasonable due to low claims rate and "the lack of any form of guaranteed minimum value"). This Court should do the same.

The Amended Complaint includes violations of CEMA that allow for statutory damages of $500 per violation plus treble damages under Washington CPA. Assuming that class members only received *one email* that triggers liability, the $2 coupon only equals a 0.0013% coupon award of potential damages for a single email. In *Murray v. GMAC*, a 1% ratio of recovery to alleged damages was enough to call the settlement untenable: "if the reason other class members get relief worth about 1% of the minimum statutory award is that the suit has only a 1% chance of success then how could Murray personally accept 300% of the statutory maximum? And, if the chance of success really is only 1% shouldn't the suit be dismissed as frivolous and no one receive a penny?" *Murray v. GMAC*, 434 F.3d 948, 952 (7th Cir. 2006). Plaintiffs are either breaching their fiduciary duties by selling the class short in this case or are brining an extortionate "strike suit" for their own benefit. Neither should be condoned by approving the settlement or attorney's fees.

## II    THE ATTORNEY'S FEES SOUGHT ARE EXCESSIVE, UNREASONABLE AND UNFAIR

Because there is no common fund, attorney's fees should be based upon class counsel's lodestar. The fees should also be limited, however, by a percentage cross-check, to ensure that the attorney's fees requested are a reasonable percentage of, and do not exceed, the total value of settlement benefits claims by the class. Ideally the court would defer ruling on class counsel's attorney's fees until all claims have been processed and paid. *See In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 292 F. Supp. 2d 184, 190 (D. Me. 2003). Attorneys' fees must reflect the actual value recouped by the class members. *In re Excess Value Ins. Coverage Litig.*, No. M-21-84RMB, MDL-1139, 2004 WL 1724980, at *13 (S.D.N.Y. July 30, 2004). However, class counsel made sure to place a provision in the Settlement Agreement ¶ 5.3 to be paid within 10 business days of the Final Approval Order and Judgment *before* any distribution to the class is made.

Even more troubling than the excessive fees is the secret nature of the fees. In the case *sub judice*, both Keller Rohrback and Kabateck Brown Kellner have blatantly refused to even provide Todd, a class member client, with the simplest information as to hours worked on the case. Todd received a letter from attorney Mark Griffin dated August 9, 2010 that states in pertinent part "As of July 31, 2010, Class Counsel (Keller Rohrback L.L.P. and Kabateck Brown Kellner L.L.P.) has incurred about $1.2 million in fees plus $43,666.55 in costs. More fees and costs will be incurred to bring this matter to conclusion." See Exhibit "B". At this point, Todd, the class and the Court do not know if the requested attorney's fees represent an hourly rate of $400 or $4,000. The refusal to provide the information is a clear red flag that this Court should consider heavily. Outside of the Complaint and Amended Complaint, the only significant filings by class counsel have been towards fighting over what firm would be appointed lead counsel to reap the greatest monetary awards for themselves.

The Court should not value the pure fantasy value of the settlement based on the maximum possible projected cash claims. Instead, the Court must make a realistic assumption about how many class members will submit claims for cash and how many of those claims will be paid. The $3 maximum cash payout is so insufficient that it doesn't make it worth the vast majority of class members to even bother making a claim. Only a fraction of any given class is likely to claim the benefits provided for in a settlement. "[C]laims made' settlements regularly

yield response rates of 10 percent or less."). *Sylvester v. CIGNA Corp.*, 369 F. Supp. 2d 34, 52 (D. Me. 2005). Assuming *arguendo* that 10% of individuals will opt for the whopping $3 cash payment, this would only create a maximum cash payout of $950,000. Effectively, attorney's fees would be in excess of the amount recovered by the class and is grossly excessive.

The agreed attorneys' fees must be scrutinized when evaluating whether the settlement is fair, reasonable, and adequate. "There is no exception in Rule 23(e) for fee provisions contained in the proposed class action settlement agreements. Thus, to avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). Provisions for attorneys' fees are contained in the settlement, so this Court has a responsibility to review them rather than "sever these disproportionate fees from consideration. There is good reason for this: "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have obtained." *Id.* at 964.

## III    THE CLEAR SAILING PROVISION

The "clear sailing" provision, under which defendants agree not to oppose attorney's fees sought by class counsel is another red flag when coupled with the reverter clause. When the process for awarding attorneys' fees is non-adversarial, courts must be particularly diligent in comparing the value of the settlement with the fee award. *See Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991) ("We believe it to be self-evident that the inclusion of a clear sailing clause in a fee application should put a court on its guard, not lull it into aloofness."). Because the defendant does not act as an adversary in that context, the reactions of class members (like Objectors) to the fee award are extremely important. *Bowling*, 927 F. Supp. at 1044-45.

In *Sylvester* the Court set a brightline rule against reverter and clear sailing clauses deeming them presumptively collusive. The Court found that reverter clauses are generally

"suspect and need to be viewed cautiously since they undercut the deterrent effect of class actions" by permitting a defendant to recover funds not claimed by class members. The Court also cautioned against clear sailing clauses stating they "decouple" plaintiffs' counsel's financial incentives from those of the class "thereby increasing the risk that the actual distribution will be misallocated between attorneys' fees and plaintiffs' recovery." The Court concluded that "the presence of both a reverter clause and a clear sailing clause should be viewed with even greater suspicion and not be presumed fair to the class." Indeed, The Court affirmatively stated that the "presence of these two provisions in any settlement agreement should present a presumption of *unfairness* that must be overcome by the proponents of the settlement." In this case, even though Todd has requested the most basic documents from class counsel in an attempt to ascertain whether the settlement is just and fair, counsel has refused to turn over the requested documents to Todd, which makes this settlement reek even more of collusion.

Even in the Federal Judicial Center's *Managing Class Action Litigation: A Pocket Guide for Judges* it states "Adding a "clear sailing" agreement (i.e., a stipulation that attorney fees based on the inflated settlement figure will not be contested) to an agreement with a reversion clause tilts the benefit of the settlement away from class members and toward class counsel. *See, e.g., Sylvester v. CIGNA Corp.,* 369 F. Supp. 2d 34, 47 (D. Me. 2005) ("the reverter clause and clear sailing clause raise a presumption of unfairness")."

To blindly entertain a fee award of $1.3 million without further inquiry would be unfair. Thus this settlement should not be approved.

## CONCLUSION

For the foregoing reasons, the Court should refuse to approve the proposed settlement refuse to approve the proposed settlement and should issue an order requiring the parties to serve on both the Court and Objectors the number of claims submitted by the class five days prior to the scheduled fairness hearing.

Respectfully submitted:_____
Michael Todd, Plaintiff, *pro se*
9134 Del Prado Drive, Unit 2N
Palos Hills, IL 60465
Ph. 708-576-8156

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2010, a copy of the within Class Member Michael Todd's Objection and Opposition to Final Approval and Settlement was mailed, via U.S.P.S with postage prepaid to:

KELLER ROHRBACK L.L.P.
Mark. A. Griffin
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, WA 98101

KABATECK BROWN KELLNER
L.L.P.
Richard L. Kellner
644 South Figueroa Street
Los Angeles, CA 90017

DLA PIPER LLP (US)
Stellman Keehnel
Russ Wuehler
701 Fifth Avenue, Suite 7000
Seattle, WA 98104

_____
Michael Todd

# EXHIBIT A


**classmates·com®**


**Michael, you're one step closer to Gold...**

As a free member, you can find friends and post a profile.

**Gold membership gives you all the tools you need to reconnect with your past.**


**Select a Gold Membership Option**



Best Value!
**2 years for $50** $2^{46} per month!* (Save over 50%)

**1 year for $30** $3^{25} per month!* (Save over 35%)

**3 months for $15** $5^{00} per month!*

*Note: Membership will be billed in one easy payment.

**What You Get With Gold!**

**Exchange** private Classmates Email

**Find** out who signed your Classmates® Guestbook

**See** where your friends ended up on Classmates Maps

**Look** at all the pages of every yearbook we have online



VeriSign   BBBOnline RELIABILITY PROGRAM

CLASSMATES ONLINE IS A UNITED ONLINE COMPANY   UNITED ONLINE

**Terms of Service | Privacy Policy | Your California Privacy Rights**
About United Online | Advertisers | Investors
Copyright © 1995-2010 Classmates Online, Inc. All Rights Reserved.

# EXHIBIT
# B

LAW OFFICES OF

# KELLER ROHRBACK L.L.P.

August 9, 2010

Mr. Michael Todd
9134 Del Prado Drive
Unit 2N
Palos Hills, IL 60465

Re: *In re Classmates.com Consolidated Litigation;*

Dear Mr. Todd:

This letter responds to your request for information about the attorneys' fees and costs incurred by Class Counsel in the above-captioned matter. The Notice of Proposed Class Action Settlement that was sent to you states, "Class Counsel will ask the Court for attorneys' fees and costs to be paid in conjunction with this Settlement. Defendants have agreed not to oppose Class Counsel's request to the Court for attorneys' fees up to $1.3 million, plus costs." As of July 31, 2010, Class Counsel (Keller Rohrback L.L.P. and Kabateck Brown Kellner L.L.P.) has incurred about $1.2 million in fees plus $43,666.55 in costs. More fees and costs will be incurred to bring this matter to conclusion.

If you have specific questions about the settlement, we invite you to call us to discuss those questions. We would be happy to talk with you. You may reach attorneys Mark Griffin or Amy Williams-Derry at 206-623-1900.

Very truly yours,

Mark A. Griffin

■ KELLER ROHRBACK L.L.P. 1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052, TELEPHONE: (206) 623-1900, FAX: (206) 623-3384 ■
KELLER ROHRBACK L.L.P. 770 BROADWAY, 2ND FLOOR, NEW YORK, NEW YORK 10003, TELEPHONE: (646) 495-6198, FAX: (646) 495-6197
KELLER ROHRBACK P.L.C. 3101 NORTH CENTRAL AVENUE, SUITE 1400, PHOENIX, ARIZONA 85012, TELEPHONE: (602) 248-0088, FAX: (602) 248-2822
WWW.KELLERROHRBACK.COM

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVE:

AUG 18 2010

At Seattle
Chambers of Judge Richar' /..
Western District of Wasi;r;gton

Meagen Heenan
2325 38th Street W.
Billings, MT 59102
(406) 697-0792

August 11, 2010

The Honorable Richard A. Jones
U.S. Courthouse
700 Stewart Street, Suite 13128
Seattle, WA 98101

Re:    *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ
       Objection to Settlement

Dear Honorable Judge Jones,

I object to this settlement for several reasons as set forth below. Please be advised that I do not
plan to attend the hearing.

First, I don't understand how this settlement allows for Washington law to apply to everyone
outside Washington state. I live in Montana and here consumers are entitled to $500 for
deceptive business practice violations. Everybody in Montana should get $500 under the
Montana Consumer Protection Act. I'm sure other states provide for statutory damages for
consumers well in excess of $2, and people in such states shouldn't have to give up their right to
use their own states' consumer protection statutes. By this settlement, people are being asked to
release their claims under not just Washington law, but also their own state consumer protection
laws which clearly provide more benefit than this settlement offers.

Second, I do not believe the settlement constitutes adequate compensation for the release of
claims encompassing clear business misconduct by these Defendants. Congress passed the Class
Action Fairness Act after finding "class members often receive little or no benefit from class
actions, and are sometimes harmed, such as where counsel are awarded large fees, while leaving
class members with coupons or other awards of little or no value." This appears to be exactly the
circumstance here. The headlines tell us that class counsel has secured a "9.5 million
settlement," but in reality this settlement has the Defendants paying the class nowhere near $9.5
million and probably not more than a few hundred dollars because no one will take the time to
apply for a measly $2 coupon. Class counsel, in its motion for approval, cites this Court to Ninth
Circuit precedent where a compromise of 1/6 of the plaintiff's potential recovery was approved.
But here, the class (at least the Montana members) could recover $500 in statutory damages and
are being asked to release their claims for a $2 coupon, which is 1/250 (0.04%) of their potential

recovery. Using this 1/6 analogy, classmembers here should receive at least $83. A settlement that gives consumers 0.04% of their potential recovery is inherently unfair.

Third, class counsel cites the Court to a case where the defendant agreed to pay $9.5 million to a privacy fund. But this settlement doesn't call for any type of charitable donation by these Defendants of funds that aren't given to classmembers. If this is really a $9.5 million settlement, then the Defendants should be required to donate to charity the difference between $9.5 million and the amount they actually pay to the class.

Fourth, the release doesn't just cover claims brought by these plaintiffs in this case, but any claim whatsoever that could been brought by any of the 3 million class members. The release is overly broad, indicating Defendants have bought for a pittance a complete release of any claims, even those wholly unrelated to this lawsuit.

Fifth, while Defendants will probably pay all 3 million of the class members no more than a few hundred dollars *total*, class counsel is set to receive $1.3 million. This seems grossly excessive in view of the disproportionately low recovery to the class as well as the fact that class counsel took no depositions and there were no contested motions filed in the case before settlement was reached.

For all of these reasons, I respectfully object to the proposed settlement and appreciate the Court's consideration.

Sincerely,

Meagen Heenan

Cc:
KELLER ROHRBACK L.L.P.
Mark. A. Griffin
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, WA 98101

KABATECK BROWN
KELLNER L.L.P.
Richard L. Kellner
644 South Figueroa Street
Los Angeles, CA 90017

DLA PIPER LLP (US)
Stellman Keehnel
Russ Wuehler
701 Fifth Avenue, Suite 7000
Seattle, WA 98104

_____FILED   _____ENTERED

_____LODGED   _____RECEIVED

AUG 18 2010

At Seattle .
Chambers of Judge Richard A. Jones
Western District of Washington

# CHRISTOPHER V. LANGONE
## 207 TEXAS LANE
## ITHACA, NEW YORK, 14850
## (607) 216 2836

August 16, 2010

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

**Re:**   *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ

**Via Overnight U.S. Mail**

**THE COURT**
The Honorable Richard A. Jones
U.S. Courthouse
700 Stewart Street, Suite 13128
Seattle, WA 98101

**CLASS COUNSEL**

KELLER ROHRBACK L.L.P.
Mark. A. Griffin
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, WA 98101

KABATECK BROWN
KELLNER L.L.P.
Richard L. Kellner
644 South Figueroa Street
Los Angeles, CA 90017

**DEFENSE COUNSEL**
DLA PIPER LLP (US)
Stellman Keehnel
Russ Wuehler
701 Fifth Avenue, Suite 7000
Seattle, WA 98104

PLEASE TAKE NOTICE, that I object to the proposed settlement of the above-referenced litigation for the following reasons:

1.     28 U.S.C 1712 provides:

   (a)     Contingent Fees in Coupon Settlements. - If a proposed
           settlement in a class action provides for a recovery of coupons to
           a class member, the portion of any attorney's fee award to class
           counsel that is attributable to the award of the coupons shall be
           based on the value to class members of the coupons that are
           redeemed.

Because we do not know how many $2.00 coupons have been redeemed, there is not yet enough information to determine the reasonableness of the proposed 1.3 million dollar fee. Langone reserves the right to further object after information on redemption rates is sought and provided.

2.     28 U.S.C. 1712 also provides:

   (b) Other Attorney's Fee Awards in Coupon Settlements. -

   (1) In general. - If a proposed settlement in a class action
   provides for a recovery of coupons to class members, and a
   portion of the recovery of the coupons is not used to determine
   the attorney's fee to be paid to class counsel, any attorney's
   fee award shall be based upon the amount of time class counsel
   reasonably expended working on the action.

Class counsel has not me their burden of supplying a sufficient record upon which this determination can be made, and Langone objects on this basis and reserves the right to further object after discovery.

   3.     28 U.S.C 1712 further provides:

   (c)     Attorney's Fee Awards Calculated on a Mixed Basis in Coupon
           Settlements. - If a proposed settlement in a class action provides
           for an award of coupons to class members and also provides for
           equitable relief, including injunctive relief -
           (1) that portion of the attorney's fee to be paid to class
           counsel that is based upon a portion of the recovery of the
           coupons shall be calculated in accordance with subsection (a);

and

> (2) that portion of the attorney's fee to be paid to class
> counsel that is not based upon a portion of the recovery of the
> coupons shall be calculated in accordance with subsection (b).

Langone objects to the extent the proposed settlement does not make the division required by this statutory provision

4.    28 U.S.C 1712 further provides

(d)    Settlement Valuation Expertise. - In a class action involving
the awarding of coupons, the court may, in its discretion upon the
motion of a party, receive expert testimony from a witness
qualified to provide information on the actual value to the class
members of the coupons that are redeemed.

Langoone is investigating this possibility and moves that the Court require class counsel, at their own expense, to submit such expert testimony.

5.    28 U.S.C 1712 further provides

(e)    Judicial Scrutiny of Coupon Settlements. - In a proposed
settlement under which class members would be awarded coupons,
the court may approve the proposed settlement only after a hearing
to determine whether, and making a written finding that, the
settlement is fair, reasonable, and adequate for class members. The
court, in its discretion, may also require that a proposed settlement
agreement provide for the distribution of a portion of the value of
unclaimed coupons to 1 or more charitable or governmental
organizations, as agreed to by the parties. The distribution and
redemption of any proceeds under this subsection shall not be used
to calculate attorneys' fees under this section.

Langone requests the hearing provided by statute and that Class Counsels' attorneys' fees not be based upon any *cy pres* recovery.

6.    The Commercial Electronic Mail Act provides a statutory damages remedy of $500. (Wash. Rev. Code. 19.190.40 and CPA 19.86). These claims are being waived and released for a $2.00 coupon. Class members are not being

adequately advised what they are giving up, and should be able to claim into a fund
for a pro rata share of statutory damages not to exceed $500. A new more accurate
notice should be sent and a renewed right to opt out extended so more fully
informed class members can make decisions not inconsistent with their rights. This
is especially unreasonable given defendants have profited over $80 million from
heavy-handed email marketing techniques per a recent U.S. Senate investigation
and report, which is incorporated by reference.
http://commerce.senate.gov/public/index.cfm?p=PressReleases&ContentRecord_id
=30f1c891-cdfa-4c12-9ea4-9bafcd9625c2&ContentType_id=77eb43da-aa94-497d-
a73f-5c951ff72372&Group_id=4b968841-f3e8-49da-a529-
7b18e32fd69d&MonthDisplay=11&YearDisplay=2009

7.      The coupon settlement violates the National Association of
Consumer Advocates Guidelines regarding unethical class action settlements.
Violates Class Action Guideline number 4:
http://www.naca.net/_assets/media/RevisedGuidelines.pdf

8.      The fee requested (1.3 million) is excessive given the work done –
paper discovery and "noticing" (but not talking) depositions and attending a
mediation. Also given the work reflected on the docket, $1.3 million is an excessive
lodestar.

9.      The terms of the proposed injunction are far too vague to be meaningful
(e.g. "improve the help area;" and "clearly explain"). The "pop up" disclosures
claimed to remedy deception do not do so, and the settlement simply allows
Defendant to continue to profit from its deceptive practices under court imprimatur.

10.     The notice requirements regarding post-marking and receiving
objections are unfair and inconsistent with the proposed notice attached to the
settlement agreement. The provisions requiring that every argument be advanced in
detail with no further opportunity for briefing is unfair and unreasonable and
inconsistent with the hearing rights mandated by 28 U.S.C. 1712. Also, the
requirement that all exhibits be submitted with the objection is unfair and
unreasonable. This is especially the case in view of the fact that Class Counsel has
not made their lodestar records available on the web-site.

11.     Langone intends to appear, individually in person (or telephonically –
which Langone requests), or through counsel. Langone is in the process of
investigating whether he can retain counsel and does not waive the right to seek
leave for counsel to appear on his behalf, in person (or telephonically if requested or
allowed). Langone contends any requirement in the class notice to the contrary
should not be enforceable as violating the right to be represented by counsel.

UNITED STATES DISTRICT COURT          WESTERN DISTRICT OF WASHINGTON

In re:                                    §
                                          §         Civil Action 09-cv-45-RAJ
          Clasmates.com                   §

                                                                    FILED          ENTERED
                                                            _____           _____
                                                                    LODGED         RECEIVED

                                                              AUG 18 2010

                    Objection                                      At Seattle
                                                        Chambers of Judge Richard A. Jones
                                                           Western District of Washington

I am a member of the plaintiff class, and I object to the settlement for these reasons.

1.       You notify me electronically, and I may join the settlement electronically, but
         if I object, I am obliged to send three letters at 44¢ each for $1.32 in postage.
         That is a cost 44% of the putative value of the award to the class. The lack
         of symmetry between those who acquiesce and those who object is a corrupt
         process.

2.       The people who fronted for the class are to get $2,500 for nothing. They
         simply are shills for the lawyers. Why do they not get a coupon for $2,500?
         The class gets no benefit – none by any rational economic thought. The
         coupons are window dressing of the court's award of fees.

3.       In about one year, the class lawyers [ class is an ironic adjective under the
         circumstances] generated a settlement of no value to their clients. For this,
         they are to be paid $1.3 million. If the settlement has no value, the fee cannot
         be justified.

4.       The level of benefit simply means that the suit should never have been
         brought. Rather than benefit injured consumers, the lawyers have raised the
         cost of computer services for everyone. The cost of this settlement and
         insurance – through bought policies or higher prices – against the threat of
         similar cases will be paid by all consumers. The benefit belongs wholly to the
         lawyers.

5.       The court should have issued a notice that did not take eight pages of
         bureaucratic mush to tell us that due to the lack of a genuine injury no one
         benefits except the lawyers who started the suit to use the costs of litigation
         to compel a fee to themselves. Assuming an average income rate of $12 an
         hour, reading the notice took about 12 minutes or 20% of $12 or $2.60.
         Completing the Internet claim had to consume another ten minutes – $2.00.

The court approved a process that costs the beneficiaries about $4.60 get a potential $3.00.

6.      The disclosure did not mention the costs to the defendants for their lawyers, for the administration of the fund, for the mailing of about one million checks for $3.00 at a minimum of 31¢ each with automated pre-sorted rates, or for other impositions on the company, class, and public.

I not only object, I am embarrassed for the bar and judiciary.

Date: August 16, 2010.

Lynn N. Hughes
Post Office Box 61565
Houston, Texas 77208
(713) 250-5900
(713) 250-5650
Eagle1@airmail.net

July 6, 2010

FILED
LODGED
ENTERED
RECEIVED

AUG 18 2010

Chambers of Judge Richard A. Jones
At Seattle
Western District of Washington

The Honorable Richard A Jones
U.S. Courthouse
700 Stewart Street, Suite 13128
Seattle, WA 98101

In re Classmates.com Consolidated Litigation, Case No. 09-cv-0045-RAJ

When did our justice system become so corrupt that class action lawsuits such as
Classmates.com are allowed to even be considered?

Is there any fairness or justice when a law firm is allowed to collect more that $1.3 million while
giving the defendant a $3.00 certificate toward future membership. I have no complaints
against Classmates.com. Anything I have provided to them was of my own choice. This
obscene lawsuit did not ask my opinion and does not give me any option to dismiss the law firm.
that claims they are acting in my best interest. Does no one recognize this as extortion of the
worst kind? I am told that the legal fees will not affect my award. Every user will pay the legal
fees eventually.

One reason Americans have no faith in our justice system is because of the outrageous
behavior of class action lawyers. In my opinion any legal firm that files a class action suit should
not be permitted to continue to practice.

I object to any payment to the class action counsel. I am not represented by counsel and I will
not appear at the hearing. I would ask the Honorable Richard A. Jones to dismiss this suit and
award the class action counsel nothing.

Rolland Westra
922 Medford Drive
Rockford, IL 61107
815 226 0576

cc:  Keller Rohrback L.L.P.

Kabateck Brown Kellner L. L. P.

_____ FILED   _____ ENTERED
_____ LODGED   _____ RECEIVED

AUG 18 2010

At Seattle
Chambers of Judge Richard A. Jones
Western District of Washington

Arlene LaBarre Kempf
11705 S.W. Lancefield Road
McMinnville, OR  97128
(503) 835-9172

August 16, 2010

The Honorable Richard A. Jones
U.S. Courthouse
700 Stewart Street
Seattle, WA 98101

Re:  Notice of Intent to Object
     In re Classmates.com Consolidated Litigation, Case No. 09-cv-0045-RAJ.

Att'n:  The Honorable Richard A. Jones

Dear Sir:

I have read the Settlement Class Claim Form's instructions carefully.  To the best
of my understanding, I understand that as a Settlement Class member I may
object to the Settlement and the Court will consider my views.  The following is
my complaint against Classmates.com.

I joined and my initial Gold membership was debited to my VISA account on April
2, 2010.  I understood it was for a 3 month membership.  June 26, 2010, was my
50th High School Class Reunion and I only wanted the membership until the
reunion and maybe for a couple of weeks afterwards.  Classmates.com kept
notifying me that I had people contacting me but I was never able to contact
those people.  I sent e-mails through Classmates.com but no one ever
responded.  I became discouraged and decided definitely not to renew my
membership after the 3 months membership expired.

Then on July 6, 2010, my bank statement indicated a $15.00 charge for
Classmates.com.  Classmates.com had processed an "automatic renewal"
without my permission.

I object to receiving only a $2.00 reimbursement as indicated in the Settlement
instructions.  I feel I received no benefits from Classmates.com and I would like
my initial $15.00 membership fee refunded together with the July 6th, 2010,
automatic renewal of $15.00 for a total reimbursement to me of $30.00.  That
seems only fair for all the time I had to spend opening their dozens and dozens
of e-mail notices and being disappointed once I opened them.

Page 2.

Additionally, I want all of my VISA bank account information together with my name, address, phone number and e-mail address, and any other information they have about me, totally and completely purged from all of their records. I would consider this a "fair settlement" for me.

Thank you for considering my objection.  I look forward to hearing a response from the Court.

Sincerely,

*Arlene LaBarre Kempf*

Arlene LaBarre Kempf

July 23, 2010

_____ FILED   _____ ENTERED
_____ LODGED _____ RECEIVED

JUL 2 7 2010

At Seattle
Chambers of Judge Richard A. Jones
Western District of Washington

Darrel Buck
10123 Ne 88th Ave
Vancouver, Wa. 98662
360-910-4627

The Honorable Richard A. Jones
U.S. Courthouse
700 Stewart Street, Suite 13128
Seattle, WA 98101

RE: *Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ

This is my notice of intent to object to this settlement with no intention to appear at the Final Approval Hearing. I am not being represented by council in this matter.

I wish the court to know that as a Settlement Class Member in the matter of case number 09-cv-0045-RAJ, I officially object this settlement.

I too have received e-mails from classmates.com inviting me to join their website service on numerous occasions. As an intelligent human being in this world, I knew that the language of "other classmates.com members looking for myself" were just sales tactics that classmates.com uses to increase its business.

This is why I never signed up for classmates.com at a fee paying membership. In my opinion, if other parties have felt deceived and their feelings were hurt for paying for a membership, they should be entitled to a full refund of their membership dues and nothing more.

It is also my opinion that this ludicrous lawsuit is an excessive way for legal council to capitalize on simple marketing actions of a company. This lawsuit is a waste of not only the courts time but also tax payers dollars based on the hurt feelings of parties that were invited to buy a membership, fully knowing what they were purchasing, and at what price to do so.

It is my plea to the court to discontinue this settlement. I thank you for your time and consideration in my objection.

Darrel Buck

Cc: please see attached.

KELLER ROHRBACK L.L.P.
Mark. A. Griffin
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, WA 98101


KABATECK BROWN KELLNER L.L.P.
Richard L. Kellner
644 South Figueroa Street
Los Angeles, CA 90017


DLA PIPER LLP (US)
Stellman Keehnel
Russ Wuehler
701 Fifth Avenue, Suite 7000
Seattle, WA 98104

July 22, 2010

Alan Silverberg
73-33 255th Street
Glen Oaks, NY 11004
Phone: (718) 343-3899

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUL 27 2010

At Seattle
Chambers of Judge Richard A. Jones
Western District of Washington

The Honorable Richard A. Jones
U.S. Courthouse
700 Stewart Street
Suite 13128
Seattle, WA 98101

In re Classmates.com Consolidated Litigation, Case No. 09-cv-0045-RAJ

Dear Judge Jones,

As per the requirements for objecting to the proposed settlement with Classmates.com, my name, address, and telephone number are at the top of this letter, and my signature is on the last page of this letter. I will not appear at the Final Approval Hearing. I am not being represented by counsel.

I am writing to object to this settlement. My objection consists of three parts, an objection to the amount and form of the settlement, an objection to the terms of injunctive relief, and an objection to the plaintiffs' attorneys.

## Part 1 - Objection To The Amount And Form Of The Settlement

According to a March 16, 2010 post by Ryan Singel on Wired.com, 3.16 million of the paid Gold members were a part of the subclass, and they would be eligible to receive a $3.00 cash award. Everyone else is only a member of the overall settlement class. According to Wikipedia, as of June 30, 2008, Classmates.com had more than 50 million registered users. So presumably the settlement class, excluding the subclass, contains at least 47 million people. These non-paying Classmates.com users are only entitled to a $2.00 discount off of a new or renewal Gold membership.

I think that this settlement is an amazing boon for Classmates.com. Most likely a large portion of their revenue comes from subscriber fees from Gold members. Additionally, it is likely that only a small portion of the subclass members will go to the trouble to sign up to obtain a $3.00 check. If Classmates.com is able to get even a very small percentage of the settlement class to take "advantage" of the $2.00 discount and sign up for a Gold membership, they will cover their costs of this lawsuit and perhaps even make a sizable profit. In my opinion, Classmates.com is looking at this settlement agreement as an advertising expense to get new paid members, while at the same time making all of their legal troubles disappear. The lawyers get a nice fee, the lead plaintiffs get a little money for their trouble, perhaps a few people who are happy with their membership get a bonus of $3.00, Classmates.com gets off easy for their misdeeds and perhaps even makes a profit, and the overwhelming vast majority of the settlement class gets ripped off and gets nothing.

For the 3.16 million people who presumably have been tricked or misled into joining, they are receiving a settlement award of a maximum of 20% of their subscription price, assuming that they signed up for the minimum 3 month membership for $15.00 and did not renew. For anyone who was tricked into joining and is unhappy with the results, this seems very unfair. From the complaints I've read online, it seems that many people were tricked into joining.

Based on the 3.8 million paid membership estimate in Wikipedia (as of June 30, 2008), there may be at least another 640,000 Gold members, possibly somewhat more, who aren't even covered in the subclass because they don't meet the strict conditions required to be a member of the subclass. Perhaps many of these paid members were duped into joining as well. If you clicked on a link but waited until the next day or even a few days or weeks later to join, and didn't join directly through that link, you aren't covered, even if you joined because you wanted to see who tried to get in touch with you through the guestbook. Based on the "same day" language in the settlement agreement, someone could have clicked on the link at 11:59 PM, exited the website, then decided to join 2 minutes later at 12:01 AM, and joined without clicking through the link. That person presumably isn't covered in the subclass. To me, this all seems very unfair.

I am one of the 47 million or more people who registered with Classmates.com, but have so far decided not to become paying members. If I don't pay, I get absolutely nothing, and my right to sue for damages has been taken away from me. If I do pay, I'll get a very small discount of $2.00, which is a discount of between 3.390% and 13.333% on my initial subscription. Most websites, including Classmates.com as far as I understand, periodically offer discounts to encourage new members to join, usually more than the minimal discount that I would get from taking "advantage" of this settlement.

By including me in this settlement, it appears that all parties involved agree that I have been harmed or could have been harmed in some way. I agree. Even if the harm wasn't monetary, it was at least emotional - I wonder what people signed my guestbook, but I am unable to find out. Not to mention the privacy violations that I wasn't even aware of until getting this settlement notice. I think that the vast majority of the plaintiffs who were non-paying members and do not wish to become paying members are entitled to some form of monetary compensation for the harm caused to them. This settlement excludes these plaintiffs from any compensation whatsoever, while eliminating their right to any future relief.

This is a settlement of a lawsuit due to unethical and possibly illegal business practices. In order for a non-paying member to reap a very tiny award, they have to join a service at a cost that is far higher than the amount of the award. To me, this is totally unfair. I managed to refrain from joining despite the constant emails informing me that people signed my guestbook, each time wondering if they could be people I know that I'd like to get back in touch with. Now that I understand that almost everyone who visits my profile automatically triggers signing my guestbook, I have good reason to believe that I might not even know anyone who signed my guestbook. So why should I join now? What good is a miniscule $2.00 discount going to do for me?

Perhaps it would have been smarter for Classmates.com not to include the 47 million people like me in the settlement. Certainly we weren't going to sue them; we lost no money. But they did decide to include us. They wanted to include us so that they could dupe even more people into becoming paid members, in the hopes of offsetting their costs for the lawsuit - and perhaps also to eliminate all possibility of future lawsuits in this matter.

Well, if they are going to decide to include me in this settlement, I, and the other 47 million or so people like me, certainly should be entitled to receive a monetary award. Not a small discount to a service that they couldn't trick us into paying for in the first place.

Additionally, there is nothing in the settlement preventing Classmates.com from raising their prices. Once the $2.00 credit is emailed to the plaintiffs, they must use it within 45 days. There is nothing to stop them from temporarily raising their prices by $2.00 for 45 days if they wanted to do that.

To make the settlement award fairer to those who Classmates.com tricked into joining, and also to those who they were unsuccessful at tricking into joining but who were nevertheless harmed in some way, I would like to recommend the following changes to the settlement:

1. Subclass members should include anyone who signed up for a Gold membership during the applicable period, with no restrictions whatsoever.
2. Class members (who are not in the subclass) should be awarded the choice of a free 3 month Gold membership (or free 3 month extension if already a Gold member), or a $5.00 cash payment.
3. Subclass members should be awarded the choice of a free 9 month Gold membership (or free 9 month extension if already a Gold member), or a $15.00 cash payment.
4. For all settlement awards of a free Gold membership, there should be no automatic renewal feature, and the new Gold member should not be required to provide any billing information.

## Part 2 - Objection To The Terms Of Injunctive Relief

The settlement notice itself failed to disclose the terms of injunctive relief. In order to discover the terms of injunctive relief, I had to click on a link from the settlement notice email, which also didn't have the terms, and that link required me to click on another link to find out. I think that the terms of injunctive relief, which supposedly is the reason for the settlement, should have been featured prominently in the settlement notice. I suspect that making people go to the extra trouble to find out the terms of injunctive relief was done intentionally, because anyone who sees it would realize what an unfair settlement this is.

The terms of injunctive relief don't really solve the problem that triggered this lawsuit. My problem is that Classmates.com periodically sends me emails telling me that people have signed my guestbook, but they won't tell me who signed my guestbook unless I first pay for a subscription.

My understanding is that this is exactly what triggered the lawsuit in the first place, as per this article I found online: http://abcnews.go.com/Technology/story?id=6237109&page=1. One of the lead plaintiffs was misled into thinking that people he knew tried to contact him by signing his guestbook, but he had to join in order to see who these people were. When he paid to join and he viewed his guestbook, he discovered that he did not know any of the people who signed his guestbook.

The injunctive relief only provides disclosures and a better explanation of the guestbook process. It doesn't even eliminate automatic guestbook signing. Basically, I'll just get a warning saying that I might not necessarily know the people who signed my guestbook, but I still have to pay to join if I want to find out who signed it. I don't think that the warning will make the person whose guestbook was signed any less curious.

I recently got an email from Classmates.com telling me that 5 people signed my guestbook. Even if I know all 5 of these people, I have no way of knowing if these people were acquaintances that I don't really know very well and have no interest in contacting, or if they were people I was more friendly with and would like to get reacquainted with. This settlement does absolutely nothing to change that.

Classmates.com allows all members to read messages sent to them by Gold members. I think it would be reasonable for them to require me to pay if I wanted to respond to these messages. In fact, my understanding is that they let you go to the time and trouble to compose a reply, but you can't actually send the reply unless you pay for a Gold membership first, another deception that is not addressed in the terms of injunctive relief.

Anyway, if they allow me to see the message but charge me to reply, at least in that case I know who sent the message and its contents, so I can make an informed decision as to whether it is worth it for me to pay to join in order to reply to the message. However, with a guestbook, I think it is extremely unfair to force me to pay to find out who signed it.

I would like the terms of injunctive relief to be amended as follows:

1. Either permit non-paying members to view who signed their guestbook, or eliminate the guestbook

feature entirely for non-paying members.

2. Guestbooks should not be signed automatically. Someone who signs a guestbook should only be able to do so intentionally, such as by clicking on a "Sign Guestbook" button.
3. Provide an easy to find link to a new web page that very clearly explains what features are available to non-paying members, and what additional features are available to Gold members.
4. Any feature that is available only to Gold members should be disabled or inaccessible to non-paying members, with a message stating that this is only available to Gold members. For example, if I need to be a Gold member to reply to a message, I shouldn't be allowed to compose my reply, thinking it is free, only to be told when I try to click the "Send" button that I can't send it without paying first.

## Part 3 - Objection To Plaintiffs' Attorneys

Reading through the original complaints by the two lead plaintiffs along with the consolidated complaint, it appears that the attorneys' combined efforts produced a good job of documenting the plaintiffs' case. Unfortunately, that is where their efforts ended. They were grossly negligent in their duty to represent the approximately 50 million plaintiffs who were included in the class action. They represented only themselves and possibly the two lead plaintiffs.

I initially thought that based on the extremely unfavorable terms of the settlement, the plaintiffs' attorneys must have been in cahoots with the defendants and/or their attorneys in coming up with such a terrible deal.

While the plaintiffs' attorneys may not have been in cahoots with the defendants, to me it appears clear that they acted solely in their own self-interest. Once they negotiated their own $1.3 million fee, and got the lead plaintiffs to agree to $2,500 each (which to my understanding is a fairly small amount for acting as a lead plaintiff), they didn't care any more. Whether they didn't want to put in the time and effort to negotiate the best settlement they could for everyone else, or whether they agreed to an inferior settlement in return for the $1.3 million fee, I have no way of knowing. What I do know is that this settlement does not appear to be in the best interests of either the class or the subclass, especially for the overwhelming majority of class members who were never Gold members and who don't intend to become Gold members. Those people, who represent well in excess of 90% and probably close to 95% of the people represented by this proposed settlement, get absolutely nothing.

I would like the court to investigate the plaintiffs' attorneys and the process by which this settlement came about. In addition to investigating for the possibility of illegal activity and/or collusion, I would like the court to investigate who initially wrote the terms of the settlement agreement, what the initial settlement agreement said, how many person-hours were spent by the plaintiffs' attorneys in trying to negotiate more favorable terms on behalf of the plaintiffs, and what was changes were made to the initial settlement agreement as a result of those negotiations.

Perhaps nothing illegal has taken place. Perhaps it is just that for "only" $1.3 million, the plaintiffs' attorneys weren't willing to put in the time and effort to negotiate a fairer settlement. Even so, these attorneys have displayed gross negligence by failing to negotiate anything remotely close to a fair settlement, at least for the vast majority of the plaintiffs. I urge the court to conduct or order an investigation of the settlement process.

I've participated in a number of similar types of class action lawsuits in the past. I realize that the way these types of lawsuits usually work is that the lawyers make a large sum of money while each member of the class gets only a small amount. But even though the amounts were small, I think in those other lawsuits my harm was also small. I think that if most people don't bother to reply, there is enough money in the pot for everyone else to be fairly compensated. In those other lawsuits, whether or not I got more or less than I deserved (and for the most part I probably got more than I deserved), I was mailed a check.

I admit that in this case my harm is small, but the problem is that I was harmed in some way - otherwise I would not have been considered to be a member of the class - but I'm not being compensated at all. I don't intend to spend between $15.00 and $59.00 for a membership that I'm not interested in, just to get a $2.00 discount. I'm in the vast majority, so this isn't a case where only a few people aren't being treated fairly. Not only that, but the actual issue that triggered this lawsuit isn't even being properly addressed, as Classmates.com is being allowed to continue to use the same unfair and deceptive enticements to try to trick people into paying.

I believe that the lawyers for the plaintiffs' have been grossly negligent in their duty to represent the class. They are representing only the interests of themselves, Classmates.com, and possibly the two lead plaintiffs. I object to having the current attorneys represent the class, and would like the following action taken by the court:

1. Remove the existing plaintiffs' law firms, Keller Rohrback L.L.P. and Kabateck Brown Kellner L.L.P., as attorneys for the class, due to gross negligence.
2. Deny the existing attorneys any compensation for their effort, including reimbursement for their costs.
3. Appoint new attorneys for the class, those who have a track record of obtaining fair class action settlements in the past.
4. Throw out the settlement agreement and order the plaintiffs' new attorneys to negotiate a new settlement agreement with the defendants. Any new settlement agreement should take into account my previously stated objections.
5. Replace the two lead plaintiffs with alternate lead plaintiffs, and not compensate the original lead plaintiffs. For the benefit of receiving $2,500.00 each, they have negligently failed in their duty to represent the class and obtain a fair settlement.

## Additional Comments

This settlement is so unfair and biased in favor of Classmates.com, even though I personally didn't lose any money or fall for their tricks, I thought that I should go to the trouble to file this objection. In addition to having to waste my time composing a letter that would be unnecessary had the plaintiffs' attorneys done their jobs, I have to waste $1.76 in postage, not to mention paper, envelopes, toner, etc., to send this objection in 4 separate envelopes to 4 parties. Adding insult to injury, I have to mail this separately to two class counsel law firms, as if two law firms were necessary to be so negligent in their duties to represent the class.

I should have been permitted to file my objection online. I would like to request the court to order that any settlement be further amended to award an additional cash award of $25.00 to any plaintiff who objected to the proposed settlement, as compensation for their time, trouble, and expense. At the very least I should be reimbursed about $3.00 for my actual postage and other costs. I would also like to request that the court immediately permit any future objections to be filed online.

Sincerely,

*Alan Silverberg*

Alan Silverberg

cc:  Class Counsel:  Keller Rohrback L.L.P. - Mark A. Griffin & Amy Williams-Derry
                    1201 Third Avenue, Suite 3200, Seattle, WA 98101
     Class Counsel:  Kabateck Brown Kellner L.L.P. - Richard L. Kellner
                    644 South Figueroa Street, Los Angeles, CA 90017
     Defense Counsel: DLA Piper L.L.P. - Stellman Keehanel & Russ Wuehler
                    701 Fifth Avenue, Suite 7000, Seattle, WA 98104

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**
**IN re Classmates.com Consolidated Litigation, Case No. 09-cv-0045- RAJ**

## NOTICE OF CONTEST AND INTENT TO OBJECT

I , Paul C Yongo having been notified and included as a member of the proposed class suite settlement in the case: Classmate .com Consolidated Litigation, Case No. 09-cv-0045 RAJ, I do hereby submits my disagreement with the proposed class settlement. This motion is for the purpose of informing my notice of contest and my intent to object of the proposed class settlement in this law suit.

I wish to tell the court that I do not like to be included into the law suit. I wish to be excluded from the settlement class.

## REASONS FOR THIS NOTICE OF CONTEST AND INTENT TO OBJECT:

I  do not like the amount of damages set to be paid to the class members should the settlement be approved by the court.

I also do not like the substantial amount set to be paid to the plaintiff's counsels of $1.3 million plus costs set to be paid to defense counsels should the settlement be approved.

I wish to reserve my right to bring a separate action in law against the defendants.

_____FILED _____ENTERED
_____LODGED _____RECEIVED

**JUL 27 2010**

At Seattle
Chambers of Judge Richard A. Jones
Western District of Washington

1

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
IN re Classmates.com Consolidated Litigation, Case No. 09-cv-0045- RAJ

## CERTIFICATE OF SERVICE

The undersigned certifies that he serve his notice of contest and intent to object to the
proposed settlement in the Case; Classmate.com Consolidated Litigation Case No. 09-cv-0045-
RAJ. Addressed to the following:

1. The Court
   The Honorable Richard A. Jones
   U.S. Courthouse
   700 Stewart Street, Suite 13128
   Seatle ,WA 98101

2. Class Counsel
   Keller Rohrback L.L.P
   Mark A. Griffin
   Amy Williams- Derry
   1201 Third Avenue, Suite 3200
   Seattle, WA 98101

3. Kabateck Brown Kellner L.L.P
   Richard L. Kellner
   644 South Figueroa Street
   Los Angeles, CA 90017
4. Defense Counsel
   DLA PIPPER L.L.P (US)
   Stellman Keehnel
   Russ Wuehler
   701 Fifth A venue, Suite 7000
   Seatle, WA 98104

Paul C Yongo
P.O Box 28233
Raleigh, NC 27611

This is the 21st day of July, 2010.

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUL 27 2010

At Seattle
Chambers of Judge Richard A. Jones
Western District of Washington

Fiona Ruthven
1583 Bohland Avenue
Saint Paul, MN 55116

July 21, 2010

The Honorable Richard A. Jones
U.S. Courthouse
700 Stewart Street, Suite 13128
Seattle, WA 98101

  Re: *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ

Dear Judge Jones:

  This letter serves as my objection to the proposed settlement in the above-entitled matter. Because I live in Minnesota, I do not intend to appear at the Final Approval Hearing. I am not represented by an attorney in this matter. I can be reached at the address above or by telephone at 651-699-1729.

  I am one of the many thousands of class members who will not receive anything of real value from the proposed settlement. Indeed, I believe the settlement does not truly benefit any of the class members other than the two Lead Plaintiffs who are receiving $2,500. In fact, I believe the only people who will truly benefit from this proposed settlement are Class Counsel who may receive $1.3 million in attorneys' fees. I recognize that the Settlement Subclass may receive a payment of $3.00, but I have to believe that the vast majority of the class members are only receiving a $2.00 credit towards future services from Classmates.com. I don't think such a settlement is sufficiently fair, adequate or reasonable as to justify such an award of attorney's fees.

  I would request that any award of attorney's fees in this case is made directly in relation to the amount of compensation actually received by class members. Class Counsel have trumpeted this settlement as having a value of $9.5 million. If that is indeed, the case, i.e., Class Members actually receive $9.5 million in cash payments or in redeemed credits for Gold memberships at Classmates.com, perhaps the award of attorney's fees of $1.3 million might be reasonable. However, like many coupon settlements, I think the actual value of the proposed settlement is far lower than that being represented by Class Counsel. Accordingly, I would request that you make any award of attorney's fees contingent upon the amount of coupons and credits actually redeemed by Class Members. I believe such a course is the only fair result to the class members who are purported to be represented by Class Counsel. I believe such a course is compelled by the Class Action Fairness Act. *See* 28 U.S.C. § 1712(a) ("If a proposed settlement

in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed."). Class Counsel should not be able to skirt this requirement by proposing a settlement that includes cash payments to subclass members. At the very least, I would ask that you ask for comprehensive billing records from Class Counsel to document the hours actually spent on litigating this case, so you can determine whether the requested fees are reasonable when compared with the actual attorney time spent on this case.

I am not opting out of the class settlement because I do not believe I have been harmed by any action on the part of Defendants. However, any claim I might have against Defendants has been settled by attorneys purporting to be acting on my behalf. Because I don't intend to redeem any credit I am not actually receiving anything of value from this settlement and I don't want attorneys to be paid over a million dollars for settling a claim I - like the vast majority of the other class members - never intended to pursue. Indeed, I note that by submitting this objection to the proposed settlement and sending copies to all counsel as required, I have incurred $1.76 in postage charges, reducing any theoretical benefit I might have received from the settlement to less than 25 cents.

I understand that you will likely approve the settlement as proposed, but I do hope that you will consider my objections to the requested fees.

Very truly yours,

Fiona Ruthven

cc:   Keller Rohrback L.L.P.
      Kabateck Brown Kellner L.L.P.
      DLA Piper LLP (US)

## SCHRADER & SCHOENBERG, LLP
### ATTORNEYS AT LAW
711 THIRD AVENUE, SUITE 1803
NEW YORK, NEW YORK 10017

(212) 986-4888 • (973) 313-0600
FAX (212) 986-4228

DAVID A. SCHRADER *
BRUCE A. SCHOENBERG *

* ADMITTED IN N.Y. AND N.J.

July 6, 2010

The Honorable Richard A. Jones
U.S. Courthouse
700 Steward Street, Ste 13128
Seattle, WA  98101

Re:   In re: Classmates.com Consolidated Litigation
      Case No. 09-cv-0045 RJA

Dear Judge Jones:

I am a member of the class in the above titled action and submit herewith my objection to the proposed class settlement as a Declaration.  Since I live in New York and have a small individual pecuniary interest in the outcome of the class settlement, I will be unable to attend the hearing in October.  However, to the extent that the Court would permit, I would ask to provide telephonic testimony to object to the settlement.

Very truly yours,

David A. Schrader

cc:   Mark A. Griffin, Esq, (Keller Rohrback, LLP)
      Richard Kellner, Esq, (Kabateck Brown Kellner, LLP)
      Stellman Keehnel, Esq, (DLA Piper LLP)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

-----------------------------------------------------------

In re: CLASSMATES.COM CONSOLIDATED
LITIGATION                                    Case #-09-cv-0045 (RAJ)

-----------------------------------------------------------

### DECLARATION OF DAVID A. SCHRADER IN OPPOSITION TO CONFIRMATION OF PROPOSED CLASS SETTLEMENT

DAVID A. SCHRADER, hereby declares and affirms under penalty of perjury, as follows:

1.    I am an attorney of law licensed to practice in both the States of New York and New Jersey. I am also a member of the main class in the above action. In this capacity, I have personal knowledge of the pleadings and proceedings in this case. Having reviewed the proposed settlement, I wish to object to the settlement as inequitable and urge this Court to reject the proposed settlement unless and until the defendants provide certain information to the Court. (I would also ask that such information be provided to me to evaluate). I want the Court to know that although I have been a member of many classes previously, I have never before formally objected to the approval of a class settlement as a party.

### STATEMENT OF FACTS

2.    By way of background, I was a paying member of classmates.com. I was personally drawn to purchase my membership in Classmates based upon emails that I received from the company.

3.    My objection to the settlement is that I believe that the coupon for $2 off future membership which is being offered to the class is an unusually worthless offer in this particular case. Although I am aware that many class action settlements are settled with coupons for future

services, my belief is that an inordinately low percentage of people would benefit or take advantage of the coupons offered.

4.      I know for me personally, since the rise in popularity of facebook (as well as myspace, youtube, etc) over the past few years, the service that classmates.com offers has been usurped by a free service (facebook) with much greater popularity and subscription base than classmates.com.   In fact, facebook contains search parameters that allow you to find old classmates by searching names, school attendance, graduation years and many other search parameters similar to classmates.com. Moreover, for many schools (and even graduating classes by year), there are actually membership groups on facebook which attract a large membership of graduates who along belong to the group.  Facebook is free and allows email communication, bulletin boards and exchange of personal information with fellow graduates.

5.      I had originally joined classmates.com as a way to get back in touch with old classmates.  Those classmates are now easily located and communicated with through facebook. There is little reason to join classmates at this time and I suspect that many former classmates.com users would feel similarly (particularly those that had signed up for the service closer to the earlier portion of the class period in 2007 who may not have yet been on facebook or other similar free services).

6.      While I do not personally have statistics to support my belief, the burden of proof for fairness of a class settlement falls upon the defendant (and to some extent upon plaintiffs' counsel who seeks to reap a $1.3 Million fee from the settlement).  I believe that a very low percentage of people that belonged to classmates.com from the earlier portion of the class period would ever use the coupon; I suspect that a very low percentage of users from 2007 continue on as current members.  I would ask that prior to any approval of the class, that the defendants be

2

required to prove to this Court that there would be a significant usage of the coupons that would be offered. I believe that this is a meaningless settlement that is likely to lead to approval of attorneys fees for plaintiffs counsel and little or no benefit to the class members.

7.      In contrast to this situation, many other class settlements that have involved coupons or vouchers were more likely to lead to a reasonable incidence of usage by class members (such as providing a coupon for future servicing of an automobile that the class member might still own).

8.      I would ask the Court to examine this issue and firmly put the burden on defendants to demonstrate the benefit to the class from this settlement.

9.      A fair settlement would be a cash payment to each former classmates.com member or a period of free subscription to classmates.com (not merely discounted). The Court should also be wary of allowing a coupon for a free subscription with a requirement for providing a credit card and having an automatic renewal provision if affirmative steps aren't taken to cancel the membership (this type of provision resulted in me having an added period of unwanted membership on my prior subscription).

10.     I also object to the Release language contained in the settlement agreement as overbroad in that it appears to potentially cover a wide range of potential claims against Classmates.com which are not embodied in the Complaint. The Release language should be more narrowly drawn so that it only releases claims set forth in the Consolidated Complaint and which are the subject of class certification (not the broad language of any and all claims which could have been asserted in this action).

3

11.    Although I am unable to attend the court hearing to evaluate approval of the settlement, I would ask leave of court to attend the approval hearing by telephone to voice my concerns about the settlement.

Dated: New York, New York
          July 6, 2010

By:_____
              David A. Schrader

FILED _____ ENTERED
LODGED _____ RECEIVED

AUG 24 2010

Sharon A. Baswell
4851 Randee Circle
Pensacola, Florida 32526

At Seattle
Chambers of Judge Richard A. Jones
Western District of Washington

August 17, 2010

In Re   Classmates.com Consolidated Litigation
c/o The Garden City Group, Inc.
P.O. Box 9481
Dublin, OH 43017-4581

     RE:    Claim No.  108230669 - Control No.  0085684110
            Case No.  09-CV-0045-RAJ
            Classmates.com Consolidated Litigation c/o The Garden City Group, Inc.

Dear Sir or Madame:

     I have received information regarding a class action case which is described above which I assume I am a member of the class.   It is my understanding that a proposed settlement has been reached and the matter is scheduled for a final hearing before the Honorable Richard A. Jones in Seattle, Washington on October 27, 2010.

     The purpose for this letter is to advise of my objection to any settlement of this action until I have had an opportunity to  review all information and documentation you and/or your client has regarding me, my identity or other personal information which could have been obtained from my registration on a website and specifically the site which is the subject of this litigation. Further, I object to the monetary relief sought to be approved as payment to claimants and the attorneys's fees and costs as no such information has been provided to me as a class member as to the totals, such that I am unable to determine the reasonableness of such amounts.

     Please provide me with this information such that I am able to make an informed decision as to my involvement in this class action and acceptance of the proposed settlement.

Page Two (-2-)
August 17, 2010


My address is: Sharon Baswell, 4851 Randee Circle, Pensacola, Florida 32526.   Please contact me in writing and not via phone or email.

Very truly yours,

SHARON A. BASWELL

/sab
cc:   Keller Rohrback, LLP
      Mark A. Griffin
      Amy Williams-Derry
      1201 Third Avenue, Suite 3200
      Seattle, Washington 98101

      Kabateck Brown Kellner, LLP
      Richard L. Kellner
      644 South Figueroa Street
      Los Angeles, California 90017

      Honorable Richard A. Jones
      U.S. Courthouse
      700 Stewart Street, Suite 13128
      Seattle, Washington 98101

**UNITED STATES DISTRICCT COURT FOR THE WESTERN DIS**

*In re Classmates.com Consolidated Litigation, Case No.*

## NOTICE OF INTENTION TO OBJECT TO PROPOSED CLASS

_____ **FILED** _____ **ENTERED**
_____ **LODGED** _____ **RECEIVED**

**AUG 0 2 2010**

At Seattle
Chambers of Judge Richard A. Jones
Western District of Washington

Preliminary Statement

The complaints filed herein allege, among other things, that Defendants sent email messages to subscribers of www.classmates.com that violated the law and engaged in conduct that had the potential to violate www.classmates.com users' privacy rights. Defendants have denied these allegations. The parties in this consolidated class action lawsuit have stipulated to the certification of a Settlement Class, and a Settlement Subclass. The Settlement Class, as explained in the Notice of Proposed Class Action Settlement ("Notice"), excluding those who fall within the Settlement Subclass, consists of those members, residing in the United States who were registered with or subscribed to www.classmates.com, at any time between October 30, 2004 and April 18, 2010, and paid no fee ("Registrants"). The Settlement Subclass consists of those members residing in the United States who registered with or subscribed to www.classmates.com between January 1, 2007 and April 19, 2010, and paid a fee for a Gold Membership subscription to www.classmates.com. ("Subscribers").  By reason of the Proposed Settlement, members of the Settlement Class are entitled to receive a credit of $2.00 off of the purchase or renewal of a www.classmates.com Gold Membership ("Upgrade Discount"). Members of the Settlement Subclass are entitled to receive either a cash payment of $3.00 or an Upgrade Discount. Most Registrants receive no benefit at all from the Proposed Settlement unless they are prepared to subscribe to such an upgrade, for a fee, with a vendor who, in the past, has subjected them to materially misleading and deceptive e-mails.

Applicable Statutes. Paragraph 11 of the Amended Complaint herein alleges as follows:

> "CEMA prohibits any "person," as defined in the Act, from transmitting from a computer located in Washington any commercial electronic mail message that "contains false or misleading information in the subject line." RCW 19.190.020(1)(b); RCW 19.190.030(1)(b). CEMA further provides that any violation of chapter RCW 19.190 constitutes a per se violation of the CPA, chapter 19.86 RCW. RCW 19.190.030; RCW 19.190.100. CEMA imposes statutory violations for each violation of the Act of five hundred dollars per violation, or actual damages, whichever is greater. RCW 19.190.040(1)." (hereinafter the "CEMA Statutory Damage Provision" or "CEMA SDP")

It is to be noted that, pursuant to the CEMA SDP, it is not necessary for the Registrants to provide evidence of actual monetary damage in order to be awarded statutory damages. The use of the coordinating conjunction "or" in the CEMA SDP

clearly establishes that a prevailing party is entitled to receive $500 per violation (without a showing of actual damages), or actual damages, whichever is greater.

Standing. The Registrants have standing to sue based upon statutory provisions, including without limitation the CEMA SDP. The Registrants are clearly within the ambit of the class the CEMA SDP is intended to protect and compensate, and therefore clearly within the *locus standi.*

Class Certification. The Registrants are a homogenous, unified group, entitled as such to class certification.

Objections

The undersigned, Irwin R. Karassik, a member of the Settlement Class, hereby files the following objections to the proposed Class Action Settlement herein insofar as it relates to the Settlement Class. The proposed Settlement is not in the best interests of the Settlement Class, in that:

1.      it is eminently unfair, inequitable, and grossly inappropriate to require a Registrant, a member of the Settlement Class, aggrieved by the Defendants' alleged wrongful conduct, as a condition of receiving what might whimsically be described as "compensation" in the form of an Upgrade Discount, to be required not only to renew his/her strained or undesirable relationship with www.classmates.com, but to also upgrade his/her membership for a fee;

2.      both Registrants and Subscribers who are aggrieved by the conduct of the Defendants herein, and who therefore justifiably choose not to renew their relationship with www.classmates.com, are thereby totally excluded from the proposed Settlement, in that the Upgrade Discount will not be utilized by them, and accordingly is of no value to them. Thus, the proposed Settlement of the claims of the Settlement Class, are therefore not in the best interests of the Settlement Class as a whole;

3.      the Upgrade Discount is of no value to Registrants who availed themselves of the free services provided by www.classmates.com, and who have steadfastly failed to exhibit any interest in becoming Subscribers. This is evidenced by the fact, as alleged in the Amended Complaint herein (at paragraphs 1 and 65), that there are 50 million free members of the Settlement Class and only 3.8 million paid members of the Settlement Subclass. Upgrading, by the purchase of a Gold Membership, was far from a popular option for members of the Settlement Class. The offer of an Upgrade Discount therefore may more aptly be described as a marketing gimmick intended to induce Registrants to become Subscribers. Accordingly, most if not all of the 50 million Registrants will receive no relief from the proposed Settlement for Defendants' alleged wrongful conduct;

2

4.      it is stated in the Notice that, "Both sides agree that, in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances."  Plaintiffs' attorneys undoubtedly can advance 1.3 million reasons in support of this statement. The Notice, however, then states, "Plaintiffs further believe that this Settlement is in the best interest of the Settlement Class..." The basis for, or logic of, this statement is not explained and is difficult to comprehend. The Settlement Class, by refusing to agree to the terms of the proposed Settlement, has virtually nothing to risk other than a $2.00 Upgrade Discount with www.classmates.com, which would also require them to pay a fee for a Gold Membership, an upgrade which the Registrants, as previously stated, have consistently rejected in the past and which many Subscribers, in accordance with their past practice and as a result of the alleged materially misleading and deceptive conduct of www.classmates.com, will also reject. It therefore does not appear to serve any interest of the Settlement Class, and certainly not their "best interest;"

5.      the Settlement Class certification stipulated to by the parties and approved by the Court herein is arbitrary and capricious in that the interest of the Registrants, who did not purchase an upgrade, and the Subscribers, who did, is vastly disparate. The Upgrade Discount, for the reasons previously stated, is of no value to most if not all of the Registrants, while it enables the Subscribers to renew their paid subscription at a discount; and

6.      an examination of the actual scope and extent of the Defendants' potential liability, in the absence of a Court approved Settlement Agreement, sheds light on the unfairness and absurdity of the Proposed Settlement. Paragraph 65 of the Amended Complaint alleges, *inter alia*, that "Defendants' practice of sending automated e-mail communications to its members with alleged deceptive information in the e-mail subject lines affects most – if not all – of its 50 million free members, and has likely injured most, if not all of its 3.8 million paid subscribers." For present purposes I shall not assume that the provision in the CEMA SDP requiring the payment of statutory damages "for each violation," does not mean that each materially misleading or deceptive e-mail received by Registrants constitutes a separate violation of the Statute. To do so, as we shall demonstrate below, would produce a liability on the part of Defendants of mind-boggling proportions. I shall therefore limit my analysis to one such violation per Registrant.

If each of the 50 million Registrants received the CEMA SDP of $500 for a single statutory violation, the Defendants' aggregate liability would be Twenty-five Billion ($25,000,000,000) Dollars. (The use of the word "Billion" is intentional.)  In exchange for abandoning this claim, by

3

accepting the Proposed Settlement, the Registrants will receive what for them is a nearly worthless $2 Upgrade Discount.

<u>REQUEST FOR RELIEF.</u>

By reason of the foregoing, it is respectfully requested that the proposed Class Action Settlement, insofar as it relates to the Settlement Class, should in all respects be denied, and that the Settlement Class have such other, further, and different relief as the Court may deem appropriate.

Dated:  July 26, 2010
Norwalk, Ct.

Respectfully submitted,

Irwin R. Karassik

I do not intend to appear at the Final Approval Hearing.

Name:       Irwin R. Karassik
Address:    2 Heron Court
            Norwalk, Ct. 06855
Telephone:  203-831-9423

cc:   The Honorable Richard A. Jones       Kabateck Brown Kellner L.L.P.
      U.S. Courthouse                      Richard L. Kellner
      700 Stewart Street, Suite 13128      544 South Figueroa Street
      Seattle, WA 98101                    Los Angeles, CA 90017

      Keller Rohrback L.L.P.               DLA Piper L.L.P. (US)
      Mark A Griffin                       Stellman Keehnel
      Amy Williams-Derry                   Russ Wuehler
      1201 Third Avenue, Suite 3200        701 Fifth Avenue, Suite 7000
      Seattle, WA 98101                    Seattle, WA 98104

4

United States District Court
Western District of Washington

FILED       ENTERED
LODGED       RECEIVED

JUL 23 2010

At Seattle
Chambers of Judge Richard A. Jones
Western District of Washington

In re Classmates.com Consolidated Litigation, *Case No. 09-cv-0045-RAJ*

## Objection of Class Member Patrick McGarry to the Proposed Settlement

Patrick McGarry is a member of the Settlement Class, as he had a Classmates.com

account which was opened during the requisite time period.

McGarry objects to the proposed settlement on the basis that the proposed

compensation for the Plaintiff's Class Counsel is too low at $1.3 million.  A more appropriate

figure would be $2.0 million.

It is unfortunate that widespread consumer abuse must often addressed by class action

litigation, rather than action by government authorities.  Given that reality, counsel which

litigate consumer class actions ought to be well compensated to encourage them to do so

again, and to encourage companies to comply with relevant consumer rights law.

Respectfully Submitted,

Patrick McGarry
P.O. Box 511
Winooski, VT 05404
Tel 802-399-2445

From: toro3899@comcast.net
R. Duncan Carter
1255 Avenida Sevilla #@1A
Walnut Creek, CA 94595
(925) 945-6223
July 18, 2010

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

**JUL 23 2010**

At Seattle
Chambers of Judge Richard A. Jones
Western District of Washington

To: Clerk of the Court
    U.S. Courthouse
    700 Stewart Street Suite 13128
    Seattle, WA 98101

*In re Classmates.com Consolidated Litigation, Case No. 09-cv-0045-RAJ*

Notice of Intent to Object

I am a member of the Settlement Class but not the Settlement Subclass. I do not intend to appear at the Final Approval Hearing.

I object to the proposed settlement for the following reasons:

1. To receive a proposed benefit, a Settlement Class member must make a purchase from Classmates.com, within narrow time limits. This will benefit the Defendants.

2. Nothing in the proposed settlement appears to prevent Classmates.com from increasing its prices to offset the discount offered to Settlement Class members.

3. Submission of a notice of intent to object will cost $1.76 in postage fees, giving the proposed award a value not to exceed $0.24 for a Settlement Class member who intends to object.

4. The proposed attorney fees are excessive given the negligible value of the proposed settlement to the Settlement Class members.

Sincerely,

R. Duncan Carter

dc

Copies supplied to:

KELLER ROHRBACK L.L.P.
KABATECK BROWN KELLNER L.L.P.
DLA PIPER LLP (US)

Honorable Richard A. Jones,

I received an email that Classmates is being sued + my portion would be $2 while attorneys get $1.3 million. This lawsuit is ridiculous. When you get on Classmates you can decide if you want to abide by their procedures, or just don't do it. I didn't want a "Gold" membership. If somebody didn't like their arrangement, they shouldn't do it either. I do not want lawyers getting money on behalf of me!

Sincerely,

Kathy Danforth
1024 Whispering Pine
LR, AR 72210
501-821-4029

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUL 23 2010

At Seattle
Chambers of Judge Richard A. Jones
Western District of Washington

**JAMES E. BIE**
**1489 Caminito Batea**
**La Jolla CA 92037**

PHONE: **858-459-0248**
FAX: **858-459-2718**
E-MAIL: **jebbie5@yahoo.com**

July 3, 2010

## RE: CLASSMATES.COM CONSOLIDATED LITIGATION
### Case No. 09-cv-0045-RAJ

The e-mail I received concerning this legal action said I can tell the court that I don't like the settlement.

No only I don't like the settlement, I don't like whole travesty of some lawyers scamming more than a million dollars from a company when the "damages" to the "victims" amount to two or three dollars. Not one in a hundred is going to take the time and cost required to muddle through the legal process to get back a couple bucks.

This is the kind of garbage that gives the legal profession a bad name when it's obvious that the only one gaining anything is the law firm that scoops up the majority of the money involved.  It's a waste of time for the company, for their customers, and for the courts . . . and for all the tax payers who foot the bill for judges and their staffs.

The best procedure would be to toss this whole thing out of court and tell Keller Rohrback to stop stirring up contrived class action scams.

James E. Bie

cc: DLA PIPER, LLP

July 22, 2010

FILED _____ ENTERED
LODGED _____ RECEIVED

AUG 09 2010

At Seattle
Chambers of Judge Richard A. Jones
Western District of Washington

29 Cedar Street
Champlain, NY 12919
No telephone for disclosure

The Honorable Richard A Jones
U.S. Courthouse
700 Stewart Street, Suite 13128
Seattle Washington 98101

**RE: In re Classmates.com Consolidated Litigation, Case No 09-cv-0045-RJA
OBJECTOR**

Dear Hon. Jones:

I am a member of the class action and I am disappointed in the proposal by lead counsel that is present before you. I have been a "gold" member for years. I pay from memory about $100 a year for this service. I was also entrapped in paying for this service for omitting to inform classsmates that I did not want my membership renewed, each year. But each year I have been billed. Perhaps, I have spent $1000 on this service over the years.

Now, before you is an offer for me to gain $3.00 cash, or even less $2.00 to renew my annual fees. I would like to point out that the postage, envelope, paper, ink and time to write you is nearly of equivalent cost. So, essentially, as a member, I am gaining pennies for a loss which I assert.

By contrast, the lawyers are gaining $1.3 million dollars and having there fees paid. That sum is obnoxiously high and departs well from the sums of those who are injured shall receive. On a yearly basis the injured are getting about 1%, and in my case being a member about 10 years it is 0.1% an insignificant amount for the loss sustained.

I am not saying the lawyers should be deprived of reasonable fees, but they should be paid a fair wage per hour for their work, within normal litigation standards. The injured, should get the majority of the award at least 70%. There is something materially wrong with a model where the lawyers are compensated far more than the injured, as is the case here.

Further, I have no objection to the class counsel actually litigating for the injured, here at full term justice may most effectively prevail. I retain my right to attend the Court proceeding.

Respectfully,

Kenneth P. Delafrange

c: Keller Rohrback L.L.P.
Mark A. Griffin
Amy Williams-Derry
1201 Third Ave, Suite 3200
Seattle WA 98101

**THE COURT**
The Honorable Richard A. Jones
U.S. Courthouse
700 Stewart Street, Suite 13128
Seattle, WA 98101


**CLASS COUNSEL**
KELLER ROHRBACK L.L.P.
Mark. A. Griffin
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, WA 98101

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
*In re Classmates.com Consolidated Litigation, Case No. 09-cv-0045-RAJ*

Dear sirs:

I agree with the premise of this case that parties, such as myself, have been injured by unauthorized emails sent. However, I object to the settlement as being a discount to membership. It feels like this is more of a promotional email than anything else. The only ones getting any kind of fair deal in the settlement are the legal teams and 2 plaintiffs. Since the settlement amount is a nominal award (cup of coffee) or a "HEY, GET $2 OFF" promotion, I don't see how this benefits the general plaintiffs named in the suit. In fact, if I were Classmates, I couldn't ask for better free advertising or offer than having the court do its bidding. A refund seems more in line with reparation. Contact me when the plaintiffs are protected.

Thanks,

Michael Humphries
117 Thornton Road
New Boston, NH   03070

**Katherine L. McMillin**
**4455 Providence Point Place SE**
**Issaquah WA  98029 – 425.391.5647**

18JUN10

The Honorable Richard A. Jones
U.S. Courthouse
700 Stewart Street, Ste. 13128
Seattle WA  98101

Dear Judge Jones:

<u>SUBJECT:</u>     WRITTEN NOTICE of INTENT to OBJECT
                *In re Classmates.com Consolidated Litigation*
                *Case No. 09-cv-0045-RAJ*

This "settlement" is new to me as of today and this writing is not to necessarily object to the litigation itself, but to object to the omission of a very important issue.

Once I signed on to Classmates.com, their 'hooks' were into my computer making it extremely difficult to unsubscribe. After unsubscribing, they continued sending e-mails addressed to me by name until I blocked them.  Were I a part of the initial litigation, I would have required that this website make it clear, simple and POSSIBLE to unsubscribe; to do otherwise reeks of deceit.  To be connected with them was like being caught in a huge spider web . . . As you can see, my name came up in this litigation YEARS LATER.

I am 'guessing' that my comments do not actually fall under this "Written Notice of Intent to Object" and that they are too late in coming; however, I want my voice to be heard and do not know how else to accomplish such as I was unaware of this settlement until today. So, I offer an apology if my comments are not fitting.

For the record, I am not and will not be represented by counsel, nor do I wish to be included in any settlement other than having my name forever and completely deleted from any connection to Classmates.com.  If useful, please feel free to use my written comments, but with complete anonymity, unless gaining prior approval from me.  Many thanks.

Regards,

Katherine L. McMillin

CC:    KELLER ROHRBACK L.L.P.
        Mark. A. Griffin
        Amy Williams-Derry
        1201 Third Avenue, Suite 3200
        Seattle, WA 98101

        KABATECK BROWN KELLNER L.L.P.
        Richard L. Kellner
        644 South Figueroa Street
        Los Angeles, CA 90017

        DLA PIPER LLP (US)
        Stellman Keehnel
        Russ Wuehler
        701 Fifth Avenue, Suite 7000
        Seattle, WA 98104

**CHARLES D. CHALMERS**
ALLEGIANCE LITIGATION
851 Irwin Street, Suite 200
San Rafael, CA 94901
Tel 415 860-8134
Fax 801 382-2469

FILED
LODGED
RECEIVED   **MAIL**

AUG 1 6 2010

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

Charles D. Chalmers
cchalmers@allegiancelit.com
www.allegiancelit.com

August 14, 2010

Clerk of the Court
U.S. District Court
Western District of Washington
700 Stewart Street, Suite 2310
Seattle, WA

In re Classmates.com Consolidated Litigation, No C09-45RAJ

Dear Clerk:

Enclosed for filing are original and one of three pleadings: Declaration of Tim Cermak; Declaration of David Klausner; and; Objections to Settlement.

Also enclosed are three first pages of these pleadings, and a self addressed and stamped envelope. Please mark those pages with a "Filed" stamp and return.

Sincerely,

*S/*
Charles D. Chalmers

Charles D. Chalmers, Esq. (State Bar No. 50263)
851 Irwin Street, Suite 200
San Rafael, California 94901
Tel: (415) 860-8134
Fax: (801) 382-2469
cchalmers@allegiancelit.com
Attorney for Objectors

**JUDGE'S COPY**



FILED
LODGED
RECEIVED



AUG 16 2010

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

|  |  |
|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | Civil Action No. CV09-45RAJ |
|  | **OBJECTIONS TO SETTLEMENT BY DAVID KLAUSNER AND TIM CERMAK** |
|  | **NOTICE OF INTENT TO APPEAR** |
|  | **DATE: 10-27-10**<br>**TIME: 10 a.m.** |

## I.   INTRODUCTION

Objectors are members of the class who signed up ("registered") at the Classmates website, but never purchased a membership ("non-paying class members"). These objections are brought on behalf of all such class members. Klausner and Cermak will appear at the final approval hearing, at least by counsel. At least one of the points made herein also applies to the fairness of the compensation for the subscription class members. (See, *infra*, Sect. 4.B.)

These objections are presented because there are strong circumstantial indications that the approximately 50 million non-paying class members were incorporated into the settlement of an action which did not concern them or their rights. The circumstances suggest that including them, and granting a very broad release of claims they might have, was for the purpose of providing monetary, albeit it extremely modest, compensation for the subscription class

OBJECTIONS TO SETTLEMENT                    1

members, and the possibility of substantial compensation for the class counsel. It is a matter of serious concern that fifty million Americans are brought before a court in a representative action to have their rights adjudicated by parties and counsel who consciously determined not to represent their interests. The record provides no information to justify this course.

## II.   BACKGROUND TO THE OBJECTIONS

This is a consolidation of two actions filed in state courts and removed to federal court. One, brought by Anthony Michaels, stated state law claims based on allegations that defendants engaged in a system of misleading emails to persons registered at the Classmates website. As alleged, the emails were intended to induce recipients to buy a subscription membership. The Michaels' action sought to represent a class of persons who paid for such a subscription. The second action, brought by Xavier Vasquez, stated state law claims based on essentially the same allegations. In addition, Vasquez stated state law claims based on alleged improprieties that violate the privacy rights of persons loging on the Classmates website and by dealings with defendants conducted by emails. Further, Vasquez alleged violation of California statutory provisions regarding a dating service. The Vasquez action sought to represent a class of all persons who had registered with Classmates since 2004. Thus, Michaels and his counsel sought to represent only those who purchased a membership, while Vasquez sought to represent the much larger body of persons who had registered with the website, and sought to represent them for more alleged violations of class members' rights.

There were proceedings for the appointment of interim counsel for the class, in which the respective Michaels and Vasquez counsel sought appointment. The Court appointed the Michaels' counsel, augmented by new counsel who had joined the representation of Michaels. The Court also ordered the filing of a consolidated complaint.

An Amended Consolidated Complaint ("Consolidated Complaint") was filed. It is brought by Michaels and a new plaintiff, David Capatano. Plaintiff Vasquez and his counsel have disappeared. The Consolidated Complaint does not allege those claims – it alleges only the claims based on the inducement of subscription by misleading emails. It seeks only to represent a class of those who purchased paid memberships.

That the Consolidated Complaint does not state the claims unique to the Vasquez complaint was a conscious decision of class counsel. As the Court noted in its consolidation order, the Michaels' counsel had stated they were prepared to pursue the broader allegations of the Vasquez complaint. (Order, 4-30-09, p. 4.) When the Court appointed the Michaels' counsel as interim class counsel, it indicated that hence forth there was no place for the Vasquez counsel in representing the class. It stated that continued activity by the Vasquez counsel would unnecessarily increase expenses for the class. (Order, 7-29-09, p. 3.) It stayed any further pursuit of the Vasquez action on behalf of a class. *Id.*

In a status report filed shortly thereafter, interim class counsel and defense counsel described that they were discussing the filing of a consolidated complaint. (Joint Status Report, 8-17-09, p. 1.) Interim class counsel said they were "investigating more fully" the claims of the underlying *Michaels* and *Vasquez* actions. (*Id.* at p. 2.) A week later the parties reported that they had still not reached agreement on the filing of a consolidated complaint. (Joint Status Report, 8-24-09, p. 2.) Plaintiff's counsel said they were drafting a proposed complaint. (*Id.*) Defendants questioned why it was taking so long to propose a consolidated complaint. (*Id.*) Plaintiff said the consolidated complaint would "clarify the claims being pursued by the putative class and will promote its efficient resolution." (*Id.*) On 9-9-09 the parties stipulated to the filing of a specific consolidated complaint, and it was filed on 9-18-09.

The Consolidated Complaint, the product of months of consideration and discussion, alleges only claims based on the misleading emails and seeks only to represent persons who have purchased memberships. Consolidated Complaint, ¶¶ 7, 62. The Consolidated Complaint reflects an extensive effort to present the claims it alleges, with very detailed allegations and extensive supporting exhibits. This history supports the strong inference that the decision of plaintiffs, and interim class counsel, not to pursue any of the unique Vasquez claims, was a very considered decision, and in part, at least, reflected their conclusion that the the unique Vasquez claims were "non-meritorious." (Plaintiff Michaels' Reply etc., Docket 40, p. 6.)

Defendants made clear that they were prepared to litigate all the claims made by both Michaels and Vasquez. (Classmates Online, Inc. etc. Response to Plaintiff Anthony Michaels'

OBJECTIONS TO SETTLEMENT                    3

Motion to Consolidate etc., p. 4.) They indicated their expectation that Michaels would file a consolidated complaint which carried forward the claims of both Michaels and Vasquez. (*Id.*) It is in response to the defendants that Michaels indicated that if he did not press forward with a claim made by Vasquez it would be because he was abandoning "any non-meritorious" claims. (Plaintiff Michaels' Reply etc., Docket 40, p. 6.)

On December 18, 2009 the parties conducted the mediation which laid the ground work for a settlement. (Plaintiffs' Motion for Preliminary Approval, p. 3.) On January 20, 2010 they advised the Court they had a settlement on everything but class counsels' fee. (*Id.* at p. 3.)The settlement releases all the privacy claims, and the dating service claim, of the Vasquez complaint.[1]

## III.   LACK OF SHOWING OF ADEQUATE REPRESENTATION OR FAIRNESS

The motion for preliminary approval is devoid of any information indicating why the class should be broadened from that alleged in the Consolidated Complaint for the purpose of settlement. It does not explain why plaintiff, and class counsel, who only four months before had apparently concluded the Vasquez privacy and dating service claims lacked merit, could now be adequate represenatives for the class members who had such claims. It contains no information about, or analysis of, the claims that were consciously, just four months before the settlement, abandonned. While it mentions that the injunctive relief addresses privacy matters, it says nothing about those claims, their merits, any likely recovery for such claims, or how the proposed injunctive relief addresses the merits of the Vasquez privacy claims. It says nothing about the dating service claim of the Vasquez complaint which is explicitly released. It says nothing about why the $2 discount for a membership is fair consideration given that it is offered to approximately 50 million people who have thus far, despite the defendants' email campaign to induce paid memberships, chosen to not to pay for a subscription.

The proponents of a settlement have the burden and duty to show that it is fair. *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir.1995) (Citing, *inter*

---

[1] The settlement release is far broader, releasing all claims "which could have been brought" and we show below that the release violates the established law on the scope of class action releases.

*alia, Malchman v. Davis,* 706 F.2d 426, 433 (2d Cir. 1983)). *See also,* Manual for Complex Litigation, Fourth Ed., Federal Judicial Center, § 21.631; Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 1797.1 (2005). Thus far there is no basis for approval of the settlement as it affects the non-paying class members.

This settlement has four features recognized as raising the level of concern for fairness. One is agreement by the defendant to pay the plaintiffs' attorneys' fees. This feature is more problematic when combined with the defendant's agreement not to dispute the amount of the fee to be requested; this is known as a "clear sailing" provision. A third problematic feature is the reversion of unclaimed settlement funds to the defendant. Each of these is identified as a "hot button" item for review of class action settlements in a recent guide from the Federal Judicial Center. "Some settlement terms – 'hot button indicators' – show their potential for unfairness on their face." (Barbara J. Rothstein & Thomas E. Willging, Managing Class Action Litigation: A Pocket Guide For Judges, Second Edition, Federal Judicial Center, 2009, Sect. IV.C., p. 15. ("*Pocket Guide*") (Available for download at http://www.fjc.gov/library/fjc_catalog.nsf)[2]. While this settlement is not strictly a reversionary fund, in which unclaimed funds are returned to a defendant, it is essentially the same because the defendant only pays what is claimed. The *Pocket Guide* also calls out the need for close judicial scrutiny of settlements based on coupons. (*Id.* at p.16.) The $2 discount is a coupon. The *Pocket Guide* lists as appropriate considerations whether the coupons are transferable, have a secondary market and likely to be redeemed by class members. None of those criteria have yet been discussed, much less met, here.

## IV.   THE FINANCIAL COMPENSATION IS ESSENTIALLY WORTHLESS

### A. The Discount Coupon Has No Real Value.

The $2 discount offered to the non-paying class members is an illusory compensation. It is of such small value, if any, that there will be virtually no claims for it. "[T]he value of an "opportunity" to recover is illusory if the amounts or the process are such that few if any class members take advantage of it." Report on Contingent Fees in Class Action Litigation: January

---

[2] At this address http://www.fjc.gov/library/fjc_catalog.nsf, put "pocket" in the search field and it will retrieve the Pocket Guide.

11, 2006: Task Force on Contingent Fees, Tort Trial and Insurance Practice Section of the American Bar Association, 25 Rev. Litig. 459, 475 (2006). This case presents the question of how meaningless can compensation be and still be fair? The law presumes economically rational behavior. The Supreme Court has used the presumption of behavior following rational self-interest. *Eu v. San Francisco County Democratic Cent. Comm.* (1989) 489 U.S. 214, 227; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* (1986) 475 U.S. 574, 595. It is likely that judicial use of this presumption is universal. "We reiterate that our analysis presumes that all parties act out of economic self interest." *HCA Health Servs. of Ga., Inc. v. Empls. Health Ins. Co.* (11th Cir. 2001) 240 F.3d 982, 1007. It is not rational behavior for a consumer to claim a miniscule award useable only for something in which they have shown already shown a lack of interest.

Objectors request that the Court require that it be given current information on claims by the non-paying class members to be considered on the question of the fairness of this remedy. Since the compensation is essentially a coupon, the law requires the court to consider not just those coupons claimed, but the number redeemed, in connection with any attorneys' fee award. 28 U.S.C. 1712. The order of preliminary approval required only that counsel provide information on the claims for cash, which is only available to the paying class members.

**B. Class Compensation Is Conditioned On An Irrelevant Burdensome Exercise.**

The $2 discount, as well as the $3 cash compensation for paying class members, is rendered even less valuable because of a burdensome and totally irrelevant requirement of the claim process. To make a claim, the class member must affirm under penalty of perjury that he or she has read the entire settlement release, which is incorporated in the claim form.[3] This is a two page contractual provision that is undoubtedly incomprehensible to a lay person, as it is expressed in terms used by attorneys. It is obviously scary to anyone without the training or knowledge to comprehend it. What is a consumer to make of the fact that by making a claim (or

---

[3] For ready reference, a copy of a claim form is attached to these objections. The claim forms are exhibits to the Settlement Agreement.

so it is suggested to them by the presence of this requirement in the claim form)  they are releasing these people?

> Defendants and each of their past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers (the "Released Parties"), from the "Released Claims."

What are they to make of the fact that by making a claim (or so it is suggested to them) for a $2 discount (or $3 in cash), they are releasing these claims?

> (1)     All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal constitution, statute, rule or regulation, arising out of any and all facts, transactions, events, policies, occurances, acts, disclosures, statements, omissions or failures to act alleged, or that could have been alleged, in the Consolidated Lawsuit and the underlying complaints in the Consolidated Lawsuit; and

> (2)     Any unknown claims arising out of any and facts, transactions, events, policies, occurances, acts, disclosures, statements, omissions or failures to act alleged, or related to acts alleged, in the Consolidated Lawsuit that the Releasing Parties do not know or suspect to exist in their favor at the time of this release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this settlement. With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of the Section 1542 of the California Civil Code, or any similar provision under federal or state law, which section provides:
> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER NAME AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**

The most important fact about this requirement (the above is only part of it) is that the release is irrelevant to making a claim. Every class member, whether claiming or not, gives this

OBJECTIONS TO SETTLEMENT                    7

release unless they affirmatively opt out. Settlement Agreement, 13.3. Thus the claim procedure requires a totally irrelevant, but nonetheless daunting, act by the class member. It is plain that the claimant is being asked, *sub rosa*, "are you sure you want to do this?" Given the vague but extremely inclusive terms of the release, it would take a brave class member to forge ahead for a $2 discount coupon, or $3. The Manual for Complex Litigation advises that: "Completion and documentation of the claims forms should be no more burdensome than necessary." (Manual for Complex Litigation, Fourth Ed., Federal Judicial Center, § 21.66.)

## V.    THE INJUNCTIVE RELIEF IS NOT SHOWN TO BE ADEQUATE

The injunctive relief has six numbered provisions. The first three are addressed to the claim regarding misleading emails and paid subscriptions. The last three provisions appear to address some of the allegations in the Vasquez complaint. There is no explanation of how these provisions correlate with the Vasquez claims, or even more important, why the injunctive relief is fair or adequate when it is limited to two years. Since an injunction can always be lifted or changed based on changed circumstances, why are these provisions not applied until a justification for removal or change is made? As it stands, if the Vasquez claims have any validity, the defendants are permitted to resume the challenged practices in two years time.

The Federal Judicial Center *Pocket Guide* urges district court judges to "question whether injunctive relief will truly benefit class members ..." (*Pocket Guide*, Sect. IV.C. 6. , p. 19.) One question the *Pocket Guide* recommends is to inquire whether the injunctive relief does anything besides restate an obligation the defendant has anyway under existing law. (*Id.*)

## VI.    THE RELEASE IS IMPROPER AND OVERBROAD

The scope of a permitted release is clearly articulated in precedent.

A settlement agreement may preclude a party from bringing a related claim in the future "even though the claim was not presented and might not have been presentable in the class action," but only where the released claim is "based on the identical factual predicate as that underlying the claims in the settled class action." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992)

*Hesse v. Sprint Corp.*, 598 F.3d 581, 590-592 (9th Cir. 2010) Objectors recognize that the Court has already identified the possibility that the release is impermissibly overbroad. (Order, 4-19-

OBJECTIONS TO SETTLEMENT          8

10, p. 5.) However, they urge that it is not the proper course to leave it to unknown parties in some future action to argue its validity where defendants (or any of the other extensive list of released parties) attempts to use the release.[4] The extent to which it is overbroad should be identified now. Future litigating parties might be well represented by class action counsel, but they might also be individual consumers without the ability or financial interest to resist the fact that their claim seems to be covered by a court approved release.

While the release is a masterpiece of ambiguity, it is clear that it exceeds the "identical factual predicate" restriction. The "settled class action" here is the Consolidated Complaint. Class counsel consciously choose not to exclude the claims of the Vasquez complaint. Thus explicitly releasing those claims exceeds the restriction. While the settlement purports to deal with at least some of the privacy issues raised in Vasquez, it does not acknowledge the dating service claim at all.

The release extends to claims that "might have been asserted" arising out of all facts, transactions, events etc. that "could have been alleged" in the Consolidated Complaint or the Vasquez complaint. Settlement Agreement, Sect. 13.1 (1). That phrasing is not a limitation of any kind except possibly as requiring that the claim had to have accrued, either to the existing plaintiffs, or possibly to any class member, prior to this settlement. The phrasing "could have been alleged" or "asserted" is used in class action settlements, but always with accompanying language that limits it appropriately to the facts or transactions of the litigated matter.[5]

Many decisions illustrate the use and necessity for clear limiting language. *In re Prudential Ins. Co.*, 2007 U.S. App. LEXIS 10268, 4-6 (3d Cir. 2007)("on the basis of, connected with, arising out of, or related to, in whole or in part, the Released Transactions and servicing relating to the Released Transactions"); *Wolfert v. Transamerica Home First, Inc.*, 439

---

[4] In such a future circumstance, parties resisting the release would be put to the improper burden of showing that the release should not be applied, and it is by no means certain that those parties would think to look at this Court's order of preliminary approval.

[5] Section 13.1 (2) of the Agreement, providing another description of released claims, states an appropriate limitation to matters "alleged, or related to acts alleged" in the Consolidated Lawsuit. It is confusing why the first provision includes the much broader "could have been alleged" definition and extends to the Vazquez complaint, while this second description is properly restricted, including being limited to the Consolidated Lawsuit.

OBJECTIONS TO SETTLEMENT          9

F.3d 165, 168-169 (2d Cir. 2006)("arising now or in the future out of or in connection with or related to the facts and claims alleged or asserted in any of the complaints filed in the Litigation ...") *In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Prods. Liab. Litig.*, 369 F.3d 293, 311 (3d Cir. 2004) ("on the basis of, connected with, arising out of, or related to, in whole or in part, the Released Transactions [i.e., settled policies under the settlement agreement].") *Berardinelli v. General Am. Life Ins. Co. (In re Gen. Am. Life. Ins. Co. Sale Practices Litig.)*, 357 F.3d 800, 803 (8th Cir. 2004)("on the basis of, connected with, or arising out of, or related to, in whole or in part, the Policies and the Released Transactions . . ..")

## VII.   THE FEE MOTION WAS NOT DIRECTED TO THE CLASS.

Rule 23 requires an attorneys' fee application to be by motion, and notice of the motion is to be directed to the class. Fed. Rule Civ. Pro. 23(h)(1). Here there is to be no motion, only an application filed as late as seven days before the fairness hearing. This is long after objections are due, and denies an interested class member opportunity to consider or object to the request. A standard procedure is for the attorneys' fee motion to be posted on the settlement website, and with the settlement notice advising class members of its availability. See, *Cobell v. Norton*, 407 F. Supp. 2d 140, 147-148 (D.D.C. 2005). In proposing this provision, the Advisory Committee stated that when the motion is part of settlement approval under Rule 23(e) it is "important to require the filing of at least the initial motion in time for inclusion of information about the motion in the notice to the class about the proposed settlement." Fed.R.Civ.Pro. 23, Notes of the Advisory Committee on the 2003 Amendments. Further they stated: "In setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion." *Id.*

Objectors note, and endorse, the Court's intention to consider the number of claims for cash in connection with the fee application. Additionally, as noted above, statutory law also requires consideration of the number of redemptions of a coupon remedy. 28 U.S.C. § 1712.

Dated: August 14, 2010

_Charles Chalmers_
Charles D. Chalmers
Attorney for Objecting Class Members

In re Classmates.com Consolidated Litigation
c/o The Garden City Group, Inc.
P.O. Box 9481
Dublin, OH 43017-4581

**CLM**



Claim Number: CLM112177568          Control Number: 0510506606



charles chalmers
PO Box 159
San Geronimo, CA  94963
US

MUST BE
POSTMARKED NOT
LATER THAN
AUGUST 17, 2010

*In re Classmates.com Consolidated Litigation,* United States District Court
for the Western District of Washington, Case No. 09-cv-0045-RAJ

## SETTLEMENT CLASS CLAIM FORM

**INSTRUCTIONS:** IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, AS DEFINED BELOW, AND YOU WOULD LIKE TO RECEIVE ONE OF THE BENEFITS AVAILABLE TO YOU, AS DESCRIBED BELOW AND IN THE ACCOMPANYING NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, YOU MUST COMPLETE THIS SETTLEMENT CLASS CLAIM FORM AND SUBMIT IT TO THE SETTLEMENT ADMINISTRATOR AS SET FORTH BELOW BY **AUGUST 17, 2010**.

**STEP 1:  Read The Following, And All Information Available To You Concerning The Settlement, Including The Information Contained In The Accompanying Notice Of Proposed Class Action Settlement.**

**DEFINITION OF SETTLEMENT CLASS.** You are a Settlement Class member if you meet the following definition:

> All Persons, excluding Settlement Subclass members, residing in the United States who were registered with or subscribed to www.classmates.com at any time between October 30, 2004 and April 19, 2010.

You have been identified from Defendants' records as a potential Settlement Class member.  However, to receive benefits under the Settlement Agreement as a Settlement Class member, you must certify based on your reasonable and justifiable belief, under penalty of perjury, that you meet the above definition.  By completing this Settlement Class Claim Form, signing it, and submitting it to the Settlement Administrator, you are certifying that, to the best of your understanding, you meet the above definition and qualify as a Settlement Class member.

**RELEASE.**  The Settlement Agreement that gives you the right to receive benefits as set forth in the accompanying Notice of Proposed Class Action Settlement provides the following release of claims.

> As of the Effective Date, the Settlement Class and Settlement Subclass members, including Lead Plaintiffs (collectively, the "Releasing Parties"), release Defendants and each of their past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs,



successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers (the "Released Parties"), from the "Released Claims." For purposes of this Settlement Agreement, the "Released Claims" are defined as:

(1)     All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal constitution, statute, rule or regulation, arising out of any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged, or that could have been alleged, in the Consolidated Lawsuit and the underlying complaints in the Consolidated Lawsuit; and

(2)     Any unknown claims arising out of any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged, or related to acts alleged, in the Consolidated Lawsuit that the Releasing Parties do not know or suspect to exist in their favor at the time of this release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this settlement. With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which section provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class and Settlement Subclass member who does not file a valid Request for Exclusion, thereby becoming a Settlement Class or Settlement Subclass member, automatically, upon final approval of the Settlement, shall be held to have fully released, waived, relinquished and discharged the Released Parties from the Released Claims, to the fullest extent permitted by law, and shall be enjoined from continuing, instituting or prosecuting any legal proceeding against the Released Parties relating in any way whatsoever to the Released Claims.



**STEP 2:  Provide The Necessary Information To Receive Your Benefit.**

As a Settlement Class member, you are entitled to receive a credit of $2.00 off of the purchase or renewal of a www.classmates.com Gold Membership.  To receive this benefit, please provide the following information. PLEASE WRITE LEGIBLY TO ENSURE ACCURATE AND TIMELY PROCESSING OF YOUR CLAIM.

Name:_____

Your email address(es) that is associated with
your www.classmates.com user profile:_____

Do you reside in the United States?     ☐ Yes   ☐ No

**YOUR INFORMATION WILL ONLY BE USED IN CONNECTION WITH THIS SETTLEMENT AGREEMENT.** The information you provide on this Settlement Class Claim Form will only be used in connection with the Settlement Agreement and in order to process your claim.  Your information will not be used for any other purpose.

**STEP 3:  Certification.**

**I acknowledge that I have read the Release set forth above and declare under penalty of perjury, that to the best of my understanding I am a Settlement Class member, as defined above, and that all of the information provided above is true and correct.**

DATE: _____           SIGNATURE:_____

PRINTED NAME OF SIGNER:_____

**STEP 4: Submit Your Settlement Class Claim Form To The Settlement Administrator Not Later Than August 17, 2010.**

You must submit your fully completed and signed Settlement Class Claim Form as an attachment to an email or via First Class U.S. Mail to the Classmates Settlement Administrator at the address listed below by **not later than August 17, 2010.**

In re Classmates.com Consolidated Litigation
c/o The Garden City Group, Inc.
P.O. Box 9481
Dublin, OH 43017-4581
claimforms@cmemailsettlement.com

**Please Do Not Submit Your Claim Form to the Court.**

QUESTIONS? VISIT WWW.CMEMAILSETTLEMENT.COM

# PROOF OF SERVICE

I, Charles D. Chalmers, do declare:

I am over the age of eighteen and not a party to this action. I am a resident of the county where the mailing took place. My business address is 851 Irwin Street, Suite 200, San Rafael, CA 94901. On the date stated below, I served the pleading to which this Proof of Service is attached by enclosing it in a sealed envelope and depositing the same at a Federal Express location with all charges pre- paid for first priority overnight delivery. The envelope was addressed as shown below.

| | |
|---|---|
| Stellman K. Keehnel and Russ Wuehler<br>DLA Piper LLP (US)<br>701 Fifth Avenue, Suite, 7000<br>Seattle, Washington 98104-7044 | Mark A. Griffin and Amy Williams-Derry<br>Keller Rohrback L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101-3052 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at San Rafael, CA on August 14, 2010.

_____
Charles D. Chalmers

1

Charles D. Chalmers, Esq. (State Bar No. 50263)
851 Irwin Street, Suite 200
San Rafael, California 94901
Tel: (415) 860-8134
Fax: (801) 382-2469
cchalmers@allegiancelit.com
Attorney for Objectors




—FILED
—LODGED
—RECEIVED

AUG 16 2010



AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY
DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

|  |  |
|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | Civil Action No. CV09-45RAJ <br><br> **DECLARATION OF DAVID KLAUSNER IN SUPPORT OF OBJECTIONS** <br><br> **DATE: 10-27-10** <br> **TIME: 10 a.m.** |

I, David Klausner, do declare:

1.       I reside in San Mateo County, California. I am a member of the class that signed up at the Classmates website, but I never purchased a membership. I received an email notice of this settlement. I object to stating my address and telephone number in a document to be made a public record in this case. If my personal information is required for some reasonable purpose it can be provided, under appropriate restrictions, by my counsel. I do not wish to be contacted by anyone, except through my attorney. I personally do not intend to appear at the Final Approval Hearing, but I expect that my counsel will appear, and I reserve my right to appear and to testify if I so choose.

2.       I have known Charles Chalmers for approximately 20 years. We met originally

1

Decl. of David Klausner In Support of Objections

when I served as a consultant or expert in intellectual property litigation. That has been my professional activity for many years. For approximately the last eight years I have been aware that he has an interest in addressing perceived problems with class action settlements. I have developed the practice of sending him notices of such settlements that I receive, and then communicating with him about the settlement terms. On a number of such occasions, I think about five, I have authorized him to present objections on my behalf. In those instances I understood the objection that was being made, and I agreed that it was appropriate to raise it. I have, through this experience as well as my experience of looking at class action settlements without his involvement, come to believe that some settlements do not deserve to be approved.

3.      Except as stated herein, I have never received any money from Mr. Chalmers. He has never promised me, or suggested to me in any way, that I might receive money because of making objections. The sole exception is that recently, after a successful appeal of a class action approval, Mr. Chalmers sought by a motion an incentive fee of $1,000 for me. The settling parties agreed to make that payment, and the agreement was approved by the court.

4.      I have discussed the objections that are being presented for me in this matter with Mr. Chalmers. I approve the presentation of these objections. That does not mean that I completely understand all of the legal issues, or authorities, that bear on the objections, or that I am familiar with all the factual background to the objections. I do understand that the objections address the negligible value of the compensation being offered, the presence in the claim form of a requirement to read a long, complicated release which is given by a class member whether they make a claim or not, the fact that the injunctive relief is vague and only lasts for two years, the lack of any showing that the injunctive relief properly addresses improper privacy practices, the form and extent of the release as possibly granting a release beyond that allowed under established law, and the fact the attorneys' fee application was not made available to the class

//

//

//

2

Decl. of David Klausner In Support of Objections

prior to the deadline for objections.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 12, 2010

David Klausner

Decl. of David Klausner In Support of Objections

# PROOF OF SERVICE

I, Charles D. Chalmers, do declare:

I am over the age of eighteen and not a party to this action. I am a resident of the county where the mailing took place. My business address is 851 Irwin Street, Suite 200, San Rafael, CA 94901. On the date stated below, I served the pleading to which this Proof of Service is attached by enclosing it in a sealed envelope and depositing the same at a Federal Express location with all charges pre-paid for first priority overnight delivery. The envelope was addressed as shown below.

| Stellman K. Keehnel and Russ Wuehler<br>DLA Piper LLP (US)<br>701 Fifth Avenue, Suite, 7000<br>Seattle, Washington 98104-7044 | Mark A. Griffin and Amy Williams-Derry<br>Keller Rohrback L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101-3052 |
|---|---|

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at San Rafael, CA on August 14, 2010.

_Charles Chalmers_

Charles D. Chalmers

1

Charles D. Chalmers, Esq. (State Bar No. 50263)
851 Irwin Street, Suite 200
San Rafael, California 94901
Tel: (415) 860-8134
Fax: (801) 382-2469
cchalmers@allegiancelit.com
Attorney for Objectors

**JUDGE'S COPY**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

IN RE CLASSMATES.COM
CONSOLIDATED LITIGATION

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. CV09-45RAJ

**DECLARATION OF TIM CERMAK IN SUPPORT OF OBJECTIONS**

**DATE: 10-27-10**
**TIME: 10 a.m.**

I, Tim Cermak, do declare:

1.     I reside in Marin County, California. I am a member of the class that signed up at the Classmates website, but I never purchased a membership. I received an email notice of this settlement. I object to stating my address and telephone number in a document to be made a public record in this case. If my personal information is required for some reasonable purpose it can be provided, under appropriate restrictions, by my counsel. I do not wish to be contacted by anyone, except through my attorney. I personally do not intend to appear at the Final Approval Hearing, but I expect that my counsel will appear.

2.     I have known Charles Chalmers for approximately 8 years. We are friends. For approximately the last five years I have been aware that he has an interest in addressing

1

Decl. of Tim Cermak In Support of Objections

perceived problems with class action settlements. I have developed the practice of sometimes sending him notices of such settlements that I receive, and then communicating with him about the settlement terms. On one occasion I have authorized him to present objections on my behalf. In that instance I understood the objection that was being made, and I agreed that it was appropriate to raise it. I have, through discussion with Mr. Chalmers, as well as my experience of looking at class action settlements without his involvement, come to believe that some settlements do not deserve to be approved.

3.    I have never received any money from Mr. Chalmers. He has never promised me, or suggested to me in any way, that I might receive money because of making objection.

4.    I have discussed the objections that are being presented for me in this matter with Mr. Chalmers. I approve the presentation of these objections. That does not mean that I completely understand all of the legal issues, or authorities, that bear on the objections, or that I am familiar with all the factual background to the objections. I do understand that the objections address the negligible value of the compensation being offered, the presence in the claim form of a requirement to read a long, complicated release which is given by a class member whether they make a claim or not, the fact that the injunctive relief is vague and only lasts for two years, the lack of any showing that the injunctive relief properly addresses improper privacy practices, the form and extent of the release as possibly granting a release beyond that allowed under established law, and the fact the attorneys' fee application was not made available to the class prior to the deadline for objections.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 12, 2010

Tim Cermak

2

Decl. of Tim Cermak In Support of Objections

## PROOF OF SERVICE

I, Charles D. Chalmers, do declare:

I am over the age of eighteen and not a party to this action. I am a resident of the county where the mailing took place. My business address is 851 Irwin Street, Suite 200, San Rafael, CA 94901. On the date stated below, I served the pleading to which this Proof of Service is attached by enclosing it in a sealed envelope and depositing the same at a Federal Express location with all charges pre- paid for first priority overnight delivery. The envelope was addressed as shown below.

| | |
|---|---|
| Stellman K. Keehnel and Russ Wuehler<br>DLA Piper LLP (US)<br>701 Fifth Avenue, Suite, 7000<br>Seattle, Washington 98104-7044 | Mark A. Griffin and Amy Williams-Derry<br>Keller Rohrback L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101-3052 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at San Rafael, CA on August 14, 2010.

_____
Charles D. Chalmers

1