The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | No. CV09-45 RAJ<br><br>PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES<br><br>**NOTE ON MOTION CALENDAR:**<br>**December 16, 2010, at 1:30 p.m.** |

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................. 1

II.  FACTUAL BACKGROUND ........................................................................... 3

III. DISCUSSION ................................................................................................... 3

   A.  Class Counsel's Request for an Award of Attorneys' Fees and Costs Using the Percentage Method is Well-Supported by Ninth Circuit Law. ................................................................................................ 3

       1.  Class Counsel Obtained a Very Good Result for the Class. .................... 4

       2.  The Prosecution of this Lawsuit was Risky because it Involved Novel and Difficult Questions of Law and Fact. ....................... 5

       3.  The Litigation Required Significant Skill and Effort to Properly Perform the Required Legal Services. ..................................... 6

       4.  Class Counsel Carried the Financial Burden in Pursuing this Litigation by Pursuing this Case on a Contingency Fee Basis. ......................................................................................................... 7

       5.  The Fees Requested Are in the Range of Awards in Similar Cases. ........................................................................................................ 8

       6.  The Class Has Responded Positively to the Settlement. ......................... 8

   B.  Under the Lodestar Method, or Even the Percentage Basis, Class Counsel's Fee Request is Fully Justified. ............................................. 9

   C.  Class Counsel's Request for Reimbursement of Costs is Fair and Reasonable. ........................................................................................... 11

   D.  The Participation Awards to the Representative Plaintiffs are Fair and Reasonable. ........................................................................................... 11

IV.  CONCLUSION ............................................................................................... 12

# **TABLE OF AUTHORITIES**

Cases

*Atlas v. Accredited Home Lenders Holding Co.*,
  No. C07-488-CAB, 2009 WL 3698393 (S.D. Cal. Nov. 4, 2009) .......................................... 9

*Blum v. Stenson*,
  465 U.S. 886 (1984) ............................................................................................................. 4

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) ................................................................................................... 2, 9, 10

*Bowles v. Wash. Dep't of Ret. Sys.*,
  121 Wn.2d 52, 847 P.2d 440 (1993) ............................................................................. 4, 10

*Fischel v. Equitable Assur. Society of U.S.*,
  307 F.3d 997 (9th Cir. 2002) ....................................................................................... 5, 6, 7

*Grays Harbor Adventist Christian School v. Carrier Corp.*
  2008 WL 1901988 ............................................................................................................. 12

*Hanlon v. Chrysler*,
  Group, 150 F.3d 1011 (9th Cir. 1998) ............................................................................ 3, 4

*Harris v. Marhoefer*,
  24 F.3d 16 (9th Cir. 1994) ................................................................................................ 11

*Hughes v. Microsoft Corp.*,
  No. 98-1646, 2001 WL 34089697 (W.D. Wash. March 26, 2001) .................................. 12

*In re Aetna, Inc.*,
  No. 1219, 2001 WL 20928 (E.D. Pa. Jan. 4, 2001) ............................................................ 9

*In re Equity Funding Corp. Sec. Litig.*,
  438 F. Supp. 1303 (C.D. Cal. 1977) ................................................................................... 6

*In re Heritage Bond Litig.*,
  2005 WL 1594389 (C.D. Cal. June 10, 2005) ................................................................... 4

*In re Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007) ............................................................................ 11

*In re Media Vision Tech. Sec. Litig.*,
  913 F. Supp. 1362 (N.D.Cal. 1995) .................................................................................. 11

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page ii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) .................................................................................................. 12

*In re Pacific Enter. Sec Litig.*,
    47 F.3d 373 (9th Cir. 1995) ....................................................................................................... 5

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ............................................................................................ 3, 5, 7

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975) ....................................................................................................... 4

*Mills v. Electric Auto-Lite Co.*,
    396 U.S. 375 (1970) ................................................................................................................ 11

*Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) .............................................................................................. 8

*Paul, Johnson, Alston & Hunt v. Graulty*,
    886 F.2d 268 (9th Cir. 1989) ................................................................................................... 10

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. 2009) ........................................................................... 3, 8

*Pelletz v. Weyerhauser Co.*,
    255 F.R.D 546 (W.D. Wash). .................................................................................................. 12

*Six (6) Mexican Workers v. Arizona Citrus Growers*,
    904 F.2d .................................................................................................................................. 10

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................................ 11, 12

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ....................................................................................................... 7

*Van Vranken v. Atl. Richfield Co.*,
    901 F. Supp. 294 (N.D.Cal. 1995) .......................................................................................... 11

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) .......................................................................................... passim

*Williams v. MGM-Pathe Communications Co.*,
    129 F.3d 1026 (9th Cir. 1997) ................................................................................................... 2

*Yeagley v. Wells Fargo & Co.*,
    365 Fed.Appx. 886 (9th Cir. 2010) ........................................................................................... 3

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page iii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Zaldivar v. T-Mobile USA, Inc.*,
   2010 WL 1611981 (W.D. Wash. March 16, 2010) ................................................................ 8

*Manual for Complex Litigation.*,
   § 21.62 n.971 (4th ed. 2004 ...................................................................................................... 12

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page iv

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## I. INTRODUCTION

Plaintiffs Anthony Michaels and David Catapano (collectively "Plaintiffs"), individually and on behalf of the settlement class, respectfully submit through their counsel, Keller Rohrback L.L.P. and Kabateck Brown Kellner LLP ("Class Counsel"), this motion for attorneys' fees and costs and participation awards to the Class Representatives. Class Counsel seek an award of attorneys' fees totaling $1,050,000[1] plus reimbursement of $21,679.07 in costs[2] and participation awards to the Class Representatives totaling $5,000 ($2,500 to each) for the services they have rendered to the settlement class. These are amounts that Defendants have agreed to pay, subject to Court approval, in addition to all of the benefits being provided directly to members of the Class as part of the Class Action Settlement Agreement ("Settlement Agreement") Dkt. No.73.[3]

By this class action has successfully resulted in fundamental changes to Defendants' practices. Plaintiffs allege that Defendants misled the public to pay for Gold Memberships by using a misleading subject line indicating that the subscriber had received "Guestbook" signatures from a third party. As a result of this class action, Defendants now have to disclose in several different ways that Defendants' use of the term "Guestbook" does not necessarily mean that a third party is trying to locate the person who receives the email message. While it is impossible to calculate the monetary effect of the injunctive portions of the Settlement Agreement, it will have a profound, favorable effect on tens of millions of people who use the Classmates.com services.

Beyond obtaining these fundamental changes in Defendants' practices, Class Counsel negotiated potential monetary relief of $9.5 million in payments for the class which, admittedly, has resulted in very disappointing participation rates. Nonetheless, if the Court were to consider

---

[1] The requested attorney fee was generated through 2,865.05 hours of work on this case since its inception through September 30, 2010. Declaration of Mark A. Griffin in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs and Participation Awards to the Class Representatives ("Griffin Decl."), ¶ 16; Declaration of Richard L. Kellner in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs and Participation Awards to the Class Representatives ("Kellner Decl."), ¶¶ 4, 30.
[2] Griffin Decl., ¶ 23; Kellner Decl., ¶ 34.
[3] The Settlement Agreement was recently amended to add a *cy pres* payment, reduce the amount of attorneys' fees being sought by Class Counsel, and clarify the confidentiality provision. Griffin Decl., Ex. B.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

this as an additional basis for attorneys' fees, it would provide further justification for the fees requested. *See Williams v. MGM-Pathe Communications Co.*, 129 F.3d 1026 (9th Cir. 1997) (reversal of trial court decision reducing fees based upon the class benefits claimed, rather than made available); *see also Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980). Indeed, this Court should also consider favorably the fact that Class Counsel successfully renegotiated the settlement to provide $500,000 in *cy pres* to a charity to be approved by the Court.

Class Counsel's fee application is made within the confines of its agreement with the Court, entered at the outset of this action, to limit their fee application to either twice its lodestar or 15 percent of any common fund prior to filing their class motion.[4] By this application, Class Counsel does not seek a multiplier of 2.0; instead, Class Counsel seeks attorneys' fees with a .85 multiplier (or a negative 0.15 multiplier).[5] In the alternative, if the attorneys' fees are measured by the common fund that the class members were able to obtain, the attorneys' fees sought are 11% of those monies (not including the $500,000 *cy pres*, attorneys' fees, administrative, and other costs). It is also below the customary 25% benchmark for comparable cases.

Class Counsel's request for fees is amply supported by the injunctive, as well as non-injunctive, relief obtained on behalf of the class. The class action resulted in changes in Defendants' operation of the Classmates.com website that directly address the deception that Plaintiffs contend caused harm to class members. Because the amount of monies that class members paid for the Classmates.com membership was sometimes as low as $9.95, a monetary settlement of $3.00 for each class member was not unreasonable.[6] While it is disappointing that the participation levels were low, the Settlement Agreement provided for an electronic application process to ease the use and eliminate the cost of participating in the settlement.

Based upon the foregoing, Class Counsel respectfully submits that their fee application

---

[4] *See* Griffin Decl., ¶ 6 (discussing May 2009 filings related to appointment of lead counsel, Dkt. Nos. 50 & 51).
[5] Class Counsel's total lodestar for their work in this case is $1,232,168.85. *Id.* at ¶ 19; Kellner Decl., ¶¶ 4, 30.
[6] During the class period, the weighted average price of a Classmates Gold Membership was $24.99. Thus, the $3.00 cash offer represents over 12% of the average cost of a Gold Membership – a high percentage return. Dkt. No. 88.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

warrants approval, as does the request for a $2,500 participation award to each Class Representative for their service to the settlement class is likewise supported by both law and fact.

## II.   FACTUAL BACKGROUND

On October 30, 2008, Plaintiff Anthony Michaels filed his complaint against Defendants asserting several claims based upon the alleged misleading nature of the "Guestbook" feature of the emails sent by Classmates. The Griffin Declaration filed herewith contains detailed discussions of this litigation's progress, risks and ultimate success. Accordingly, Plaintiffs will not repeat that discussion here and instead refer to that filing where necessary to show the reasonableness of the fees, costs, and case contribution awards sought in this motion.

## III.   DISCUSSION

**A.   Class Counsel's Request for an Award of Attorneys' Fees and Costs Using the Percentage Method is Well-Supported by Ninth Circuit Law.**

To determine the appropriate attorney fee award in a class action, the Ninth Circuit Court of Appeals recognizes that district courts have the "discretion to use either a percentage or lodestar method." *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994) ("*WPPSS*")). In situations where injunctive relief is provided to the class, whose monetary value is difficult to discern, the Ninth Circuit has held that the lodestar method is an appropriate way for determining class counsel fees. *Yeagley v. Wells Fargo & Co.*, 365 Fed.Appx. 886 (9th Cir. 2010); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049 (9th Cir. 2002).

Further, the Ninth Circuit has held that when state substantive law applies, attorneys' fees are to be awarded in accordance with state law. *See Vizcaino v. Microsoft Corp.*, *supra*. Because Washington law applies to the claims in this action, (Compl. ¶ 60), Washington law should be applied to determine the fee award. *Vizcaino* at 1047; *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1325 (W.D. Wash. 2009).

Washington law recognizes both the lodestar and the percentage method for determining

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the appropriate attorneys' fee. *See Bowles v. Wash. Dep't of Ret. Sys.*, 121 Wn.2d 52, 847 P.2d 440, 450-51 (1993). Under the lodestar method, this "calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate." *Hanlon*, 150 F.3d at 1029 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). On the other hand, "[t]he percentage method means that the court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee." *Hanlon*, 150 F.3d at 1029 (citation omitted).

To determine the appropriate multiplier to be applied to a lodestar, the Courts have generally applied the following factors: (a) the quality of the representation; (b) the benefit obtained for the class; (c) the complexity and novelty of the issues presented; and (d) the risks of nonpayment. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). Similarly, with respect to the determination of the percentage of common fund, comparable factors include: (1) the results achieved; (2) the risk of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. *See Vizcaino*, 290 F.3d at 1048-50. Other district courts within the Ninth Circuit have examined the experience and efforts expended by class counsel. *See In re Heritage Bond Litig.*, 2005 WL 1594389, at *8 (C.D. Cal. June 10, 2005)(citations omitted).

Accordingly, in determining either the lodestar approach or the percentage approach, the following comparable factors need to be considered.

**1.      Class Counsel Obtained a Very Good Result for the Class.**

With respect to the injunctive relief portion of the Settlement, Plaintiffs obtained the very relief that it was seeking from the outset of this action. Specifically, the Plaintiffs were misled by the "Guestbook" feature into buying a Gold Membership, and this was the impetus for the filing of this class action lawsuit. The Injunctive Terms of the Settlement Agreement changes

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Defendants' practices and provides meaningful disclosure about this feature.[7]

Further, given the relatively small amount of money that was paid by class members for the Gold Memberships with Classmates.com (often as little as $9.95), there were limits to the recovery that Plaintiffs could ultimately obtain in any settlement. In light of the potential issues that might preclude class certification as well as a full recovery at trial [*see, e.g.* Dkt. No. 88 ("Defendants vigorously dispute plaintiffs' allegations and are confident that if the case were not settled defendants would have prevailed on the merits of the case.")], the $3.00 monetary credit for class members who paid for the Gold Membership is a reasonable recovery for the more than 3,000,000 affected class members. Significantly, in order to minimize the cost and inconvenience of the claims application process, Class Counsel successfully negotiated Settlement Agreement that included an electronic claims process, the costs of which are being fully borne by Defendants in addition to their other obligations under the settlement.

At the Court's behest, Class Counsel further negotiated other benefits under the Settlement Agreement once the low participation rates were revealed. Now, in addition to the injunctive relief and monetary benefits that were made available to the class, a $500,000 *cy pres* payment will be made to a charity approved by the Court.

In sum, the settlement is a good one – especially when considered in the totality of the circumstances.

### 2. The Prosecution of this Lawsuit was Risky because it Involved Novel and Difficult Questions of Law and Fact.

The Ninth Circuit recognizes that risk as well as novelty and difficulty of issues presented are important factors in determining a fee award. *See Vizcaino*, 290 F.3d at 1048; *see also WPPSS*, 19 F.3d at 1302; *In re Pacific Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995); *Fischel v. Equitable Assur. Society of U.S.*, 307 F.3d 997, 1008 (9th Cir. 2002).

---

[7] In addition to addressing the alleged misleading nature of the "Guestbook" feature, the injunctive relief also revises the Privacy Policy of Classmates for a period of two years, following entry of the Final Approval Order and Judgment. The specific language of the injunctive relief was appended to the Supplemental Notice of Proposed Class Action Settlement ("Supplemental Notice"). Griffin Decl., Ex. C.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Here, substantial risks and uncertainties in this litigation made it far from certain that any recovery would ultimately be obtained. Defendants' answer included seventeen affirmative defenses, including challenges to the constitutionality of CEMA. Answer at.10-11 (Dkt. No. 62). Defendants also planned to oppose class certification on various grounds. *Id.* Given the novel and difficult questions of law and fact involved, Class Counsel's fee request is justified.

### 3. The Litigation Required Significant Skill and Effort to Properly Perform the Required Legal Services.

Class Counsel exerted tremendous time and effort in the prosecution of this complex action, which required the work of highly-skilled and specialized attorneys with significant experience in class action litigation. As set forth in the Griffin and Kellner declarations filed with this motion, Class Counsel were well qualified to prosecute this case, and devoted 2,865.05 hours to the prosecution of this lawsuit. This time is well justified as demonstrated by the fact that this action was actively litigated and hard-fought over two years, including the dozens of hours spent by Class Counsel investigating and developing the factual record prior to filing the complaint. Plaintiffs also conducted fact discovery and expert work necessary to file their motion for class certification. In light of the Court's deadlines, Plaintiffs had prepared a draft of that motion when the parties initiated mediation.[8]

The quality of opposing counsel is also important in evaluating the quality of work performed by Class Counsel. *See*, *e.g.*, *In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) ("[P]laintiffs' attorneys in this class action have been up against established and skillful defense lawyers, and should be compensated accordingly."). Plaintiffs were opposed in this litigation by DLA Piper, a firm with 3,500 lawyers in offices throughout the world, whose attorneys are fully capable of defending the class action brought here.

As a result of the novel legal theories and the quality of opposing counsel, Class Counsel has advanced a reasonable amount of time and labor on behalf of the class.

---

[8] Indeed, the parties negotiated a settlement over a three month period between December 2009 and March 2010. During this period, Class Counsel continued to pursue and analyze discovery (over Defendants' objection), refine their draft class certification motion, and otherwise conduct due diligence on the emerging settlement.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### 4. Class Counsel Carried the Financial Burden in Pursuing this Litigation by Pursuing this Case on a Contingency Fee Basis.

"Attorneys whose compensation depends on their winning the case must make up in compensation in the cases they win for the lack of compensation in the cases they lose." *Vizcaino*, 290 F.3d at 1051. Thus, whether class counsel takes a case on a contingency fee basis is a factor in determining the appropriateness of a fee award. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376-77 (9th Cir. 1993). "Contingent fees [are] a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless [of] whether they win or lose." *WPPSS*, 19 F.3d at 1299 (citation omitted). This is also a ground for providing a positive multiplier. *See Fischel,* 307 F.3d at 1007 (case remanded, in part, because court failed to consider counsel's expectation that they would receive a risk multiplier).

Here, Class Counsel undertook this litigation on a purely contingent basis, with no assurance of recovering attorneys' fees or reimbursement of costs. Although there was no guarantee of recovery, and despite the complex and novel issues of law and fact involved, Class Counsel expended considerable time and resources over two years to successfully prosecute the case on behalf of the settlement class. Because of Class Counsel's efforts, Classmates has now substantially modified its practices and disclosures related to its "Guestbook" feature. Additionally, Class Counsel's commitment of time and resources to the litigation required counsel to forego significant other work. *See Vizcaino*, 290 F.3d at 1050 (recognizing that these burdens are relevant circumstances in determining appropriateness of a fee award).

Class Counsel have only submitted a fee request for work performed in this case through September 30, 2010, and the request does not include the time and work involved in preparing this motion and other pleadings that will need to be filed in the future. Class Counsel will also be responsible for continuing to monitor the Settlement and the disbursement of Settlement proceeds once the Court approves the Settlement, and this time and labor will not be compensable. Accordingly, this factor supports Class Counsel's request for fees.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### 5. The Fees Requested Are in the Range of Awards in Similar Cases.

This District Court recognizes that a "modest 1.82 multiplier requested by [counsel] falls well within the range of multipliers approved by Ninth Circuit courts." *Pelletz*, 592 F. Supp. 2d at 1328 (citing *Vizcaino*, 290 F.3d at 1052-54). In fact, the Ninth Circuit acknowledges that most multipliers range from 1.0 to 4.0. *Id.* This Court has recently approved fee requests from firms with similar hourly rates to the rates charged by Class Counsel here. *See Zaldivar v. T-Mobile USA, Inc.*, 2010 WL 1611981 (W.D.Wash. March 16, 2010) (approving attorneys' hourly rate of $325 to $650); *In re Northwest Biotherapeutics Inc. Sec. Litig.*, No. C07-1254-RAJ (W.D. Wash.) (Ex. H to Griffin Decl.) (same). This District Court has likewise found that an hourly rate of $305 to $800 is reasonable for this type of class action litigation. *See Pelletz*, 592 F. Supp. 2d at 1327. Finally, under the percentage approach, the amount sought is below the established benchmark of 25% for comparable class actions in this Circuit.

Class Counsel's fee request of $1,050,000 is less than the amount of fees incurred in this case and is only 85% of the $1,232,168.85 total lodestar amount of Class Counsel. Griffin Decl. ¶ 19; Kellner Decl. ¶¶ 4, 30. Class Counsel's hourly rate for attorneys ranges from $165 to $740, which is consistent with the hourly rates charged by similar firms with the same experience both in this district and across the country. Further, in light of the range of the percentage fees awarded in class settlements, the multipliers commonly approved by courts within the Ninth Circuit, Class Counsel's prior representations to the Court about the fee cap it would self-impose, and the hourly rates that have been previously approved by this Court, the fee request is justified.

### 6. The Class Has Responded Positively to the Settlement. [9]

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *see also Atlas v. Accredited Home Lenders Holding Co.* No.

---

[9] The Supplemental Notice gives members of the Class until November 19, 2010 to object to this motion. Class Counsel will respond to all objections in a subsequent filing after this deadline has passed.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

C07-488-CAB, 2009 WL 3698393, at *5 (S.D. Cal. Nov. 4, 2009) (finding that when class members who receive notice do not submit an objection to a fee request, this fact supports grating class counsel's fee request in full).  Here, the Class has responded positively to the Settlement because only 27 Class Member have filed formal objections to the Settlement Agreement, .00005% of the total Settlement Class.  Dkt. No. 88.  This factor supports the fee request.  *See In re Aetna, Inc.*, No. 1219, 2001 WL 20928, at *15 (E.D. Pa. Jan. 4, 2001) ("[T]he Class members' view of the attorneys' performance, inferred from the lack of objections to the fee petition, supports the fee award.").

**B.     Under the Lodestar Method, or Even the Percentage Basis, Class Counsel's Fee Request is Fully Justified.[10]**

Class Counsel is requesting a fee award that is less than its lodestar.  Negative multipliers, such as that being applied here, are unusual and district courts routinely approve much larger multipliers in complex class action proceedings.  *See*, *e.g.*, *Vizcaino*, 290 F.3d at 1051, n.6 (recognizing a survey of class action settlements nationwide, and noting that 54% of lodestar multipliers fell within the 1.5 to 3.0 range, and that 83% of multipliers fell within the 1.0 to 4.0 range).  Given the work performed, the risks undertaken by class counsel, the results obtained (including the injunctive and other relief), a positive multiplier would be justified.  Here, where the request is for a negative multiplier, it is respectfully submitted that the fee request should be granted in all respects.

With respect to the independent justification for the fee based upon the percentage of common fund analysis, it is critical to point out that the analysis is on the monetary benefits made available to the class – not the amounts actually claimed.  In *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), the Supreme Court addressed the proper measure of an attorney fee award under the common fund measure when portions of a class action judgment went unclaimed by class members.  Boeing argued that the court's fee award could not be based on the unclaimed

---

[10] As noted above, Class Counsel also agreed to limit their multiplier to 2.0 or less in the event that the court awards attorney fees via the lodestar method based upon their schedule of hourly fees.  Dkt. Nos. 50 and 51.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

portion of the judgment. *Id.* at 477. The Court rejected Boeing's argument, concluding that a fee award based on unclaimed funds was a proper application of the common fund doctrine. *Id.* at 480-81. Accordingly, even though the subclass has not claimed all of the $9.5 million available to it in this action, under Supreme Court precedent, the fund bestowed upon the subclass for purposes of calculating an attorneys' fee award is $9.5 million. Similarly, the Ninth Circuit's benchmark of awarding fees in the amount of 25% of a common fund is to be calculated on the basis of the entire fund, and not to be based on claims made against the fund. *See Six (6) Mexican Workers,* 904 F.2d at 1311 ("attorneys' fees sought under a common fund theory should be assessed against every class members' share, not just the claiming members").[11]

Under Washington law, the benchmark award in common fund cases is 25% of the recovery obtained, with 20-30% as the usual range. *See Bowles*, 121 Wn.2d at 72-73. Washington courts also look to federal law for guidance in the area of attorneys' fees. *See Bowles*, 121 Wn.2d at 72-73. Ninth Circuit jurisprudence echoes Washington law, setting the general benchmark award of 25% in common fund cases. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). However, "[t]he 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases." *Vizcaino*, 290 F.3d at 1048. Specifically, "[t]he benchmark percentage should be adjusted … when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers,* 904 F.2d at 1301.

Here, even though Courts in this Circuit have determined that the benchmark for the percentage of fees awardable is 25%, Class Counsel agreed to a cap of 15% of the common fund benefits that are available to the class prior to filing the class certification motion. Dkt. Nos. 50

---

[11] The Second and Eleventh Circuits similarly have held that the computation of attorneys' fees is made on the basis of the entire fund rather than on claims made against the fund. *Masters v. Wilhelmina Model Agency, Inc.,* 473 F.3d 423, 437 (2d Cir. 2007) ("The entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class. An allocation of fees by percentage should therefore be awarded on the basis of the total funds made available, whether claimed or not."); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir.1999) (rejecting that fees should be based on actual payments made to class members, and affirming fee award based on total available fund).

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

& 51. The $1,050,000 fee amount that Defendants have agreed to pay is only 11% of the $9.5 million common fund available to members of the "subclass."[12]  Thus, if the lodestar is cross-checked by the percentage method, the $1,050,000.00 fee request should be awarded.

**C.   Class Counsel's Request for Reimbursement of Costs is Fair and Reasonable.**

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D.Cal. 1995) (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970)).  The requested costs must be relevant to the litigation and reasonable in amount. *Id.*  The expenses advanced by Class Counsel were necessary to secure the resolution of this litigation. *See* Griffin Decl., ¶¶ 23-26; Kellner Decl., ¶ 34.  Courts allow recovery of "out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).  *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, and mediation expenses are relevant and necessary expenses in class action litigation).  The expense categories for which Class Counsel seek reimbursement are of the type routinely charged to hourly clients and, therefore, should be reimbursed here.

**D.   The Participation Awards to the Representative Plaintiffs are Fair and Reasonable.**

Finally, it is well-recognized that "named plaintiffs … are eligible for reasonable incentive payments" as part of a class action settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).  Courts regularly award such enhancements, which are intended to advance public policy by encouraging individuals to come forward and take action to protect their rights and the rights of the class. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299-300 (N.D.Cal. 1995). The award also compensates class representatives for their time, effort and

---

[12] Indeed, the requested attorneys' fee is even lower if calculated as a percentage of Defendants' total cash exposure, which includes a $500,000 *cy pres* award and approximately $365,000 for the costs of notice and administration ($268,000 of which Defendants have already incurred plus an additional estimate of $100,000 for the Supplemental Notice). *See* Dkt. No. 88.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  inconvenience. *See Staton*, 327 F.3d at 976-77 (collecting cases). When evaluating the

2  reasonableness of a participation award, courts consider factors such as "the action the plaintiff

3  has taken to protect the interests of the class, the degree to which the class has benefited from

4  those actions … [and] the amount of time and effort the plaintiff expended in pursuing the

5  litigation." *Id.* at 977; *see also Manual for Complex Litigation*, § 21.62 n.971 (4th ed. 2004)

6  (enhancement payments may be "warranted for time spent meeting with class members,

7  monitoring cases, or responding to discovery").

8        Here, Class Counsel request that the Court award named Plaintiffs Anthony Michaels and

9  David Catapano $2,500 each.[13] These amounts reflect the named Plaintiffs' contributions to this

10  litigation, which include their participation in case investigation, complaint drafting, discovery,

11  and mediation. Each of the named Plaintiffs answered interrogatories and requests for

12  production. The individuals also regularly communicated with class counsel throughout the

13  course of the litigation and responded to repeated requests for information from counsel.

14  ### IV.  CONCLUSION

15        For these reasons, Plaintiffs respectfully request that the Court grant their motion for

16  attorneys' fees and costs. Specifically, Class Counsel asks the Court to award $1,050,000, which

17  is less than the cap agreed to at the outset of the litigation, reimburse all expenses advanced by

18  Class Counsel, and issue participation awards to the Class Representatives.

19        DATED this 12th day of October, 2010.

20                                          **KELLER ROHRBACK L.L.P.**

21                                          By s/Mark A. Griffin
                                        Mark A. Griffin, WSBA #16296

---

[13] The modest proposed participation awards requested in this case are also reasonable vis-à-vis other class cases involving requested service awards. *See*, *e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457 (9th Cir. 2000) (affirming $5,000 payments from a $1.725 million settlement fund); *Pelletz v. Weyerhuaser Co*, 255 F.R.D at 546 (W.D. Wash. 2009) (granting participation awards of $7,5000 to each of the named plaintiffs in a $1.75 million settlement); *Grays Harbor Adventist Christian School v. Carrier Corp.*, 2008 WL 1901988 (W.D. Wash. April 24, 2008), at *6 (awarding participation award of $3,500 to each named plaintiff in a multi-million dollar settlement); *Hughes v. Microsoft Corp.*, No. 98-1646, 2001 WL 34089697, at 12-13 (W.D. Wash. March 26, 2001) (awarding participation awards of $7,500, $25,000, and $40,000 to the representative plaintiffs). One class member, Alan Silverberg, objected that "to my understanding [$2,500 each] is a fairly small amount for acting as a lead plaintiff…." Griffin Decl, Ex. I.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| | |
|---|---|
| 1 | Amy Williams-Derry, WSBA #28711 |
| 2 | 1201 Third Avenue, Suite 3200 |
|   | Seattle, WA 98101-3052 |
| 3 | Tel: (206) 623-1900 |
|   | Fax: (206) 623-3384 |
| 4 | mgriffin@kellerrohrback.com |
| 5 | awilliams-derry@kellerrohrback.com |
| 6 | Brian S. Kabateck |
|   | Richard L. Kellner |
| 7 | Joshua H. Haffner |
|   | KABATECK BROWN KELLNER LLP |
| 8 | 644 South Figueroa Street |
| 9 | Los Angeles, CA 90017 |
|   | Tel: (213) 217-5000 |
| 10 | Fax: (213) 217-5010 |
|    | bsk@kbklawyers.com |
| 11 | rlk@kbklawyers.com |
|    | jhh@kbklawyers.com |
| 12 | |
| 13 | *Attorneys for Plaintiffs and the Class* |

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of October, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

s/Mark A. Griffin
Mark A. Griffin

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384