The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | No. CV09-45RAJ<br><br>**[PROPOSED] ORDER, FINDINGS OF FACT, AND CONCLUSIONS OF LAW ON CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES** |

This matter comes before the Court on Plaintiffs' Motion for Award of Attorneys' Fees and Costs and Participation Awards to the Class Representatives ("Fee Petition"). The Court has reviewed the Class Action Settlement Agreement ("Settlement Agreement"), the amendment to the Settlement Agreement, as well as all files, records, and proceedings to date in this matter.

IT IS HEREBY ORDERED:

1. Class Counsel is hereby awarded attorneys' fees in the amount of $1,050,000, which the Court finds to be fair and reasonable.

2. Class Counsel is hereby awarded reimbursement of $21,679.07 in reasonable expenses incurred in the prosecution of this action.

PROPOSED FINDINGS OF FACT, AND CONCLUSIONS OF LAW
(No. CV09-45RAJ) Page - 1

3.  The Class Representatives, Anthony Michaels and David Catapano, are each hereby awarded a Participation Award in the amount of $2,500 each.

4.  The Attorneys' Fees, Costs and Participation Awards set forth above shall be paid pursuant to the terms of the Settlement Agreement, as amended.

5.  In making this award of attorneys' fees, reimbursement of costs, and the Participation Awards, the Court makes the following findings of fact and conclusions of law:

## **FINDINGS OF FACT**

1.  On October 30, 2008, Plaintiff Anthony Michaels filed his complaint against Defendants in the Los Angeles Superior Court. The Michaels complaint was removed to the U.S. District Court for the Central District of California and then transferred by stipulation of the parties to the U.S. District Court for the Western District of Washington. Dkt. Nos. 12, 13, and 15. Two months after the Michaels complaint was filed, Plaintiff Xavier Vasquez filed a similar class action complaint that was removed and assigned to the Hon. Marsha J. Pechman of the Western District of Washington. By Orders dated April 30, 2009, the Michaels and Vasquez matters were consolidated. Dkt. No. 45.

2.  The attorneys representing Mr. Michaels and Mr. Vasquez filed competing motions for appointment of lead counsel. After considering the briefing on those motions, "the court required each group [of competing counsel] to submit objective information about what their representation would cost the putative class. The court ordered the groups to be specific about the costs of their services, and in particular to state whether they would agree to a cap on their fees." Dkt. No. 51. The Court appointed Kabateck Brown Kellner LLP and Keller Rohrback L.L.P. as interim class counsel, noting that they agreed to progressively cap their attorneys fees in the event that they ultimately recover a percentage of a common fund awarded

PROPOSED FINDINGS OF FACT, AND CONCLUSIONS OF LAW
(No. CV09-45RAJ) Page - 2

to the class. "The cap varies from 15% (if the case is resolved prior to a motion for class certification) to 22.5% (if the case is resolved after class certification and the submission of post-certification litigation material)." Interim class counsel also agreed to limit their multiplier to 2.0 or less if the court awards attorney fees via the lodestar method based upon their schedule of hourly fees. *Id.* at 2-3.

3.   At the Court's direction, interim class counsel filed an amended complaint to govern all claims in the consolidated action. They dropped Mr. Vasquez as a Plaintiff and added David Catapano. The Amended Consolidated Class Action Complaint ("Complaint") (Dkt. No. 59) alleges only Washington law causes of action, including claims under the Washington Consumer Protection Act ("CPA") and the Washington Commercial Electronic Mail Act ("CEMA").

4.   After a mediation session before the Hon. Steven Scott, Ret., but before moving for class certification, the parties negotiated the terms of a Class Action Settlement Agreement ("Settlement Agreement") subject to Court approval. The Settlement Agreement provides for the certification of a main class of all registered Classmates users since October 30, 2004 and a "subclass" of approximately 3.1 million "Gold Members" who paid a classmates.com membership fee. The parties agree to settle this action for: a) a total aggregate amount not to exceed $9.5 million in cash to the "subclass;" b) a $2.00 offer of credit to each of Classmates' millions of non-paying subscribers; c) injunctive relief (described below); d) attorneys' fees not to exceed $1.3 million as may be awarded by the Court; and e) costs of suit, including participation awards to the Class Representatives not to exceed $2,500 each, as may be awarded by the Court.

PROPOSED FINDINGS OF FACT, AND CONCLUSIONS OF LAW
(No. CV09-45RAJ) Page - 3

5.  The Settlement Agreement provides for substantial injunctive relief that will modify the "Guestbook" feature and revise the Privacy Policy of Classmates for a period of two years, following entry of the Final Approval Order and Judgment. Plaintiffs' impetus for this lawsuit was the alleged misleading nature of the "Guestbook" feature of the emails sent by Classmates. Plaintiffs alleged that they and others similarly situated paid for Gold Memberships because emails misleadingly stated that they had received "Guestbook" signatures suggesting that their classmates were looking for them. As a result of this class action, Defendants now have to disclose in several different ways what Defendants mean by the term "Guestbook" so that it is no longer misleading. While it is impossible to calculate the monetary effect of the injunctive portion of the settlement, it will have an effect on tens of millions of people who use the Classmates.com services.

6.  After the parties reached agreement on the class settlement, they separately negotiated Defendants' agreement to pay attorneys' fees, reimburse the costs of litigation, and make case contribution awards to the Plaintiffs Michaels and Catapano. Dkt. No. 69.

7.  In order to keep their fee request under the 15% cap agreed to with the Court, which cap was set to increase to 20% immediately upon the filing of plaintiffs' motion for class certification (Dkt. No. 50), the parties twice sought and obtained Court approval to extend the deadline for filing their motion for class certification. Dkt. Nos. 67 and 68.

8.  On April 19, 2010, the Court granted preliminary approval to the Settlement Agreement and appointing Keller Rohrback L.L.P. and Kabateck Brown Kellner LLP as Class Counsel. Dkt. No. 76.

9.  The Court preliminarily certified for purposes of settlement the following Settlement Class and Settlement Subclass under FED. R. CIV. P. 23(b)(2) and 23(b)(3):

**"Settlement Class"**

All Persons, excluding Settlement Subclass members, residing in the United States who were registered with or subscribed to www.classmates.com at any time between October 30, 2004 and April 19, 2004.

**"Settlement Subclass"**

All Persons residing in the United States who registered with or subscribed to www.classmates.com and between January 1, 2007 and April 19, 2004, paid for a Gold Membership subscription to www.classmates.com (and did not previously receive a refund of such payment) as a result of:

1. Upgrading to a Gold Membership through the process on Classmates.com of seeking to see who visited their Guestbook; or

2. Upgrading to a Gold Membership after clicking on a link to Classmates.com in a Guestbook email, or Connections email that included a Guestbook subject line, and upgrading to a Gold Membership within the same session activated by clicking on that link or within the same day of clicking on that link; or

3. Upgrading to a Gold Membership within the same day of receiving a Guestbook email or Connections email that included a Guestbook subject line.

The following Persons are expressly excluded from the Settlement Class and Settlement Subclass:

Defendants, all present or former officers and/or directors of Defendants, Class Counsel, the Judge of this Court, the Judge's family and staff, Defendants' counsel of record, and all Persons who make a timely and valid election to be excluded from the Settlement Class and Settlement Subclass in accordance with the provisions of the Individual Notice to Settlement Class and Individual Notice to Settlement Subclass.

The Court appointed David Catapano and Anthony Michaels as representatives for the Settlement Class and Settlement Subclass.

10. After the parties made revisions to the settlement website in response to the Court's minute order, the Court directed that the class be provided with email and publication notice. Dkt. No. 78. In accordance with these orders, 56,860,107 email notices were sent to

PROPOSED FINDINGS OF FACT, AND CONCLUSIONS OF LAW
(No. CV09-45RAJ) Page - 5

class members by July 18, 2010 and the court-approved summary notice was published in the *Wall Street Journal* on July 4, 2010.  Dkt. No. 88.

11.     Considering the enormous number of people who were sent the notice, the number of objections received to date is extraordinarily low.  Almost all of the objections focused on the total amount of fees that are being sought compared with the modest size of the recovery available to each of the over 50 million individual class members.

12.     At the Court's direction, the parties filed a Joint Statement Regarding Settlement on September 23, 2010 (Dkt. No. 88).  That Joint Statement proposed a new schedule for seeking final approval of the Settlement Agreement as mandated by *In re: Mercury Interactive Corp. Sec. Litig.,* No. 08-17372, 2010 U.S. App. LEXIS 17189 (9th Cir. August 18, 2010).  It also advised the Court that the parties had amended the Settlement Agreement to reduce the amount of the attorneys' fee award to be sought by Class Counsel by $250,000 from $1.3 million to $1,050,000.  In addition, the amendment provided for the additional *cy pres* contribution of $500,000 that will be made by Defendants to a charity to be approved by the Court.  The Court set a new schedule to comply with *Mercury* and approved the distribution of the Supplemental Notice.  Dkt. No. 90.  Pursuant to that new schedule, Plaintiffs' Motion for Award of Attorneys' Fees and Participation Awards to the Class Representatives and the declarations in support of that motion are to be filed and posted on the settlement website, www.cmemailsettlement.com, prior to the new November 19, 2010 deadline for objecting to the request for attorneys' fees.

13.     Class Counsel has devoted significant time and effort to this case since its filing incurring a total of 2,865.05 hours through September 30, 2010.  These hours were incurred by, among other things, investigating the claims against Defendants, reviewing and analyzing documents and information, preparing the Amended Complaint and amendments thereto,

conducting necessary legal research, retaining and working with an expert, pursuing discovery, preparing materials for class certification, engaging in extensive settlement negotiations, and preparing the necessary agreements and pleadings related to the settlement.

14. Significant additional attorney hours will be necessary after October 1, 2010, the date as of which the above numbers were compiled, to complete the remaining work on this case. In addition to incurring hours in connection with the final approval hearing, based on its experience with numerous other settlements of comparable cases, Class Counsel anticipates that it will spend a substantial amount of additional time over the next several months responding to inquiries from Class members and generally shepherding implementation of the settlement. Class Counsel does not intend to apply for reimbursement of additional fees, substantial as they may be, incurred after Final Approval.

15. The lodestar value of Class Counsel's time, billed at their regular rates, was $1,232,168.85 as of September 30, 2010.

16. The attorneys' fees sought by Class Counsel in this case represent 85% of the total lodestar value of Class Counsel's time.

17. During the course of this litigation, Class Counsel has advanced costs and expenses in the amount of $21,679.07.

18. The Settlement Agreement expressly provides that Defendants will pay Class Counsel's attorneys' fees and litigation expenses in the amount awarded by the Court in addition to all of the other benefits of the Settlement Agreement.

19. To date, Class Counsel has received no compensation for either their time or expenses over the nearly two years that this case has been pending. Class Counsel's fees and expenses are totally contingent and dependent on a fee and expense award by this Court.

PROPOSED FINDINGS OF FACT, AND CONCLUSIONS OF LAW
(No. CV09-45RAJ) Page - 7

20. Both of the Class Representatives, Anthony Michaels and David Catapano, were subjected to discovery, participated in the mediation process, and assisted with the prosecution of this lawsuit.

21. Keller Rohrback L.L.P. and Kabateck Brown Kellner LLP, Class Counsel in this action, are well-known class action law firms with extensive experience in class action litigation.

22. These two firms undertook this action without participation by any other firm and were solely responsible for its outcome.

Based upon the foregoing Findings of Fact, the Court hereby makes the following Conclusions of Law.

## **CONCLUSIONS OF LAW**

1. An attorneys' fee award of $1,050,000 – 85% of the lodestar amount incurred by Class Counsel - is fair and reasonable under all the circumstances.

2. Reimbursement of the costs and expenses advanced by Class Counsel during the course of this litigation, $21,679.07, is fair and reasonable under the circumstances.

3. An award of $2,500 to each of the Class Representatives, Anthony Michaels and David Catapano, who responded to discovery, participated in the mediation process, and assisted in the prosecution of this lawsuit, is fair and reasonable under the circumstances.

4. The Court finds that electronic notice, together with the published notice, approved by the Court, is the best practicable notice under the circumstances and is as likely as any other form of notice to apprise potential Settlement Class and Settlement Subclass members of the Settlement Agreement as amended, and their rights to object to the Fee Petition. The Court further finds that such notice is reasonable, that it constitutes adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of Due Process.

Finally, the Court finds that the filing of the Fee Petition on October 12, 2010 and the posting of the contents of the Fee Petition along with all of the materials supporting that petition, including Class Counsel's detailed billing records, meets the requirement of *In re: Mercury Interactive Corp. Sec. Litig.,* No. 08-17372, 2010 U.S. App. LEXIS 17189 (9th Cir. August 18, 2010).

Dated this \_\_\_\_ day of December, 2010.

————————————————
The Honorable Richard A. Jones
United States District Judge

Presented by:
KELLER ROHRBACK L.L.P.

By s/Mark A. Griffin
Mark A. Griffin, WSBA #16296
Amy Williams-Derry, WSBA #28711

KABATECK BROWN KELLNER LLP
Richard L. Kellner

*Attorneys for Plaintiffs and the Class*