THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | No. CV09-45 RAJ<br><br>DECLARATION OF MARK A. GRIFFIN IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES |

I, Mark A. Griffin, declare pursuant to the penalties of perjury under 28 U.S.C. § 1746 as follows:

1. I am a Partner at Keller Rohrback L.L.P., one of the law firms appointed as Class Counsel in this case. I have been personally involved in the litigation of this matter and am responsible for the prosecution of this action. I make this Declaration based on personal knowledge and am competent to testify to the matters set forth herein.

2. I submit this declaration in support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs and Participation Awards to the Class Representatives.

3. The purpose of this declaration is to summarize the factual and procedural history of this litigation, including, but not limited to, the initial filing and investigation of this action, the amended complaint, discovery, motion practice, settlement negotiations, and litigation

DECLARATION OF MARK A. GRIFFIN IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(CV09-45RAJ) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1 expenses.

2  4. Keller Rohrback L.L.P. has considerable experience in class action litigation, as illustrated by the firm's Complex Litigation Group Resume, a true and correct copy of which is attached hereto as Exhibit A. During the past 20 years, the Complex Litigation Group at Keller Rohrback L.L.P. has litigated dozens of class action cases that resulted in the recovery of over $4 billion for the benefit of victims of price fixing conspiracies, securities fraud, breaches of fiduciary duties, and deceptive practices. The Complex Litigation Group's resume and website identify twenty-two class action antitrust cases that resulted in almost $3 billion in cash recoveries and fourteen class action securities fraud cases that resulted in over $330 million in cash recoveries. In addition, Keller Rohrback has recovered over $750 million for employees on behalf of their retirement savings plans.

5. On October 30, 2008, Plaintiff Anthony Michaels filed his complaint against Defendants in the Los Angeles Superior Court. The Michaels complaint was removed to the U.S. District Court for the Central District of California and then transferred by stipulation of the parties to the U.S. District Court for the Western District of Washington. Dkt. Nos. 12, 13, and 15. Two months after the Michaels complaint was filed, Plaintiff Xavier Vasquez filed a similar class action complaint that was removed and assigned to the Hon. Marsha J. Pechman of the Western District of Washington. By Orders dated April 30, 2009, the Michaels and Vasquez matters were consolidated. Dkt. No. 45.

6. The attorneys representing Mr. Michaels and Mr. Vasquez filed competing motions for appointment of lead counsel. After considering the briefing on those motions, "the court required each group [of competing counsel] to submit objective information about what their representation would cost the putative class. The court ordered the groups to be specific about the costs of their services, and in particular to state whether they would agree to a cap on their fees." Dkt. No. 51. The Court appointed Kabateck Brown Kellner LLP and Keller Rohrback L.L.P. as interim class counsel, noting that they agreed to progressively cap their

DECLARATION OF MARK A. GRIFFIN IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(CV09-45RAJ) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

attorneys fees in the event that they ultimately recover a percentage of a common fund awarded to the class. "The cap varies from 15% (if the case is resolved prior to a motion for class certification) to 22.5% (if the case resolved after class certification and the submission of post-certification litigation material)." Interim class counsel also agreed to limit their multiplier to 2.0 or less if the court awards attorney fees via the lodestar method based upon their schedule of hourly fees. *Id.* at 2-3.

7. At the Court's direction, interim class counsel filed an amended complaint to govern all claims in the consolidated action. They dropped Mr. Vasquez as a Plaintiff and added David Catapano. The Amended Consolidated Class Action Complaint ("Complaint") (Dkt. No. 59) alleges only Washington law causes of action, including claims under the Washington Consumer Protection Act ("CPA") and the Washington Commercial Electronic Mail Act ("CEMA").

8. After a mediation session before the Hon. Steven Scott, Ret., but before moving for class certification, the parties negotiated the terms of a Class Action Settlement Agreement ("Settlement Agreement") subject to Court approval. Indeed, in order to keep their fee request under the 15% cap agreed to with the Court, which cap was set to increase to 20% immediately upon the filing of plaintiffs' motion for class certification (Dkt. No. 50), the parties twice sought and obtained Court approval to extend the deadline for filing their motion for class certification. Dkt. Nos. 67 and 68. The Settlement Agreement provides for the certification of a main class of all registered Classmates users since October 30, 2004 and a "subclass" of approximately 3.1 million "Gold Members" who paid a classmates.com membership fee. The parties agree to settle this action for: a) a total aggregate amount not to exceed $9.5 million in cash to the "subclass;" b) a $2.00 offer of credit to each of Classmates' millions of non-paying subscribers; c) injunctive relief (described below); d) attorneys' fees not to exceed $1.3 million as may be awarded by the Court; and e) costs of suit, including participation awards to the Class Representatives not to exceed $2,500 each, as may be awarded by the Court. The parties have amended the Settlement

DECLARATION OF MARK A. GRIFFIN IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(CV09-45RAJ) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  Agreement so that attorneys' fees will not exceed $1,050,000. A true and correct copy of this
2  amendment is attached to this Declaration as Exhibit B.

3      9.    The Settlement Agreement provides for substantial injunctive relief that will
4  modify the Guestbook feature and revise the Privacy Policy of Classmates for a period of two
5  years, following entry of the Final Approval Order and Judgment. Plaintiffs' impetus for this
6  lawsuit was the alleged misleading nature of the Guestbook feature of the emails sent by
7  Classmates. The specific language of the injunctive relief was appended to the Supplemental
8  Notice of Proposed Class Action Settlement ("Supplemental Notice"). Dkt. No. 88. A true and
9  correct copy of the Supplemental Notice is attached to this Declaration as Exhibit C.

10      10.    After the parties reached agreement on the class settlement, they separately
11  negotiated Defendants' agreement to pay attorneys' fees, reimburse the costs of litigation, and
12  make case contribution awards to the Plaintiffs Michaels and Catapano. Dkt. No. 69. The
13  parties agreed that Defendants would pay up to $1.3 million in Class Counsel's fees, subject to
14  Court approval, based on the understanding that it was less than 15% of the $9.5 million cash
15  common fund available to the "subclass" that was the agreed upon attorneys' fees limit arising
16  out of the contested leadership motion. Dkt. No. 51.

17      11.    On April 19, 2010, the Court granted preliminary approval to the Settlement
18  Agreement and appointing Keller Rohrback L.L.P. and Kabateck Brown Kellner LLP as Class
19  Counsel. Dkt. No. 76. After the parties made revisions to the settlement website in response to
20  the Court's minute order, the Court directed that the class be provided with email and publication
21  notice. Dkt. No. 78. In accordance with these orders, 56,860,107 email notices were sent to
22  class members by July 18, 2010 and the court-approved summary notice was published in the
23  *Wall Street Journal* on July 4, 2010. Dkt. No. 88.

24      12.    In early August, Class Counsel sent a letter to the 24 class members who had
25  expressed unhappiness (regardless of whether they had lodged a formal objection) and had
26  provided contact information, with information about their proposed $1.3 million fee award. The

DECLARATION OF MARK A. GRIFFIN IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(CV09-45RAJ) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

27

letter stated:

> This letter is being written to respond to your request for information about the attorneys' fees and costs incurred by Class Counsel in the above-captioned matter. The Notice of Proposed Class Action Settlement that was sent to you states, "Class Counsel will ask the Court for attorneys' fees and costs to be paid in conjunction with this Settlement. Defendants have agreed not to oppose Class Counsel's request to the Court for attorneys' fees up to $1.3 million, plus costs." As of July 31, 2010, Class Counsel (Keller Rohrback L.L.P. and Kabateck Brown Kellner L.L.P.) has incurred about $1.2 million in fees plus $43,666.55 in costs. More fees and costs will be incurred to bring this matter to conclusion.

True and correct copies of these letters are attached to this Declaration as Exhibit D. One class member objected that the proposed $1.3 million fee award was too small. A true and correct copy of that objection is attached to this Declaration as Exhibit E. However, no class member objected to the award of costs of suit, including participation awards to the Class Representatives not to exceed $2,500 each.

13. Considering the enormous number of people who were sent the notice, the number of objections received to date is extraordinarily low. Almost all of the objections focused on the total amount of fees that are being sought compared with the modest size of the recovery available to each of the over 50 million individual class members.

14. At the Court's direction, the parties filed a Joint Statement Regarding Settlement on September 23, 2010 (Dkt. No. 88). That Joint Statement proposed a new schedule for seeking final approval of the Settlement Agreement as mandated by *In re: Mercury Interactive Corp. Sec. Litig.,* No. 08-17372, 2010 U.S. App. LEXIS 17189 (9th Cir. August 18, 2010). It also advised the Court that the parties had amended the Settlement Agreement to reduce the amount of the attorneys' fee award to be sought by Class Counsel by $250,000 from $1.3 million to $1,050,000. In addition, the amendment provided for the additional *cy pres* contribution of $500,000 that will be made by Defendants to a charity to be approved by the Court. The Court set a new schedule to comply with *Mercury* and approved the distribution of the Supplemental Notice. Dkt. No. 90. Pursuant to that new schedule, Plaintiffs' Motion for Award of Attorneys'

DECLARATION OF MARK A. GRIFFIN IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(CV09-45RAJ) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Fees and Participation Awards to the Class Representatives and the declarations in support of that motion are to be filed and posted on the settlement website, www.cmemailsettlement.com, prior to the new November 19, 2010 deadline for objecting to the request for attorneys' fees.

15. I have had gathered and have had attorneys review the time and expense reports from Keller Rohrback L.L.P. and Keller Rohrback P.L.C. (our affiliated law firm in Phoenix, Arizona) ("Keller Rohrback"). The detailed billing records describing the hours and costs spent on this litigation by Keller Rohrback is attached hereto as Exhibit F.

16. Keller Rohrback has devoted significant time and effort to this case since its filing. To date, Keller Rohrback devoted more than 1,750.25 attorney and professional hours to the prosecution of this case. The hours claimed were incurred by, among other things, investigating the claims against Defendants, reviewing and analyzing documents and information, preparing the Amended Complaint and amendments thereto, conducting necessary legal research, retaining and working with an expert, pursuing discovery, preparing materials for class certification, engaging in extensive settlement negotiations, and preparing the necessary agreements and pleadings related to the settlement.

17. Since the inception of this case, in accordance with their normal business practices, Keller Rohrback has and does maintain detailed and contemporaneous records of the time spent by their lawyers, law clerks, paralegals, and certain other personnel on this action. Our timekeepers have been and are required to keep daily time-records, both noting amounts of time spent on projects and providing descriptions of that work. These records then are computerized, checked, and maintained in databases. These systems allow us to be confident that the hours reported for this case are accurate.

18. The hourly rates charged by Keller Rohrback in this case, between $165 and $740 per hour, are the rates that have been or could be charged as usual and customary hourly rates for their work performed for non-contingency fee clients and in other class action cases. Counsel's hourly rates have been paid by hourly clients and/or, separately, approved for payment by federal

DECLARATION OF MARK A. GRIFFIN IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(CV09-45RAJ) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and state courts in other class and derivative litigations, for many years and throughout the time this litigation has been pending.

19.   If these hours had been billed on a "straight" hourly basis (i.e., no contingency and no risk of non-payment), the lodestar (hours times current billing rates) for this professional time would be $752,452.85, as set forth in Exhibit F hereto.

20.   The lodestar figures are based on Keller Rohrback's current billing rates and contemporaneous time records. Expense items are billed separately and such charges are not duplicated in the firm's billing rates.

21.   Significant additional attorney hours will be necessary after October 1, 2010, the date as of which the above numbers were compiled, to complete the remaining work on this case. In addition to incurring hours in connection with the final approval hearing, based on its experience with numerous other settlements of comparable cases, Keller Rohrback anticipates that it will spend a substantial amount of additional time over the next several months responding to inquiries from Class members and generally shepherding implementation of the settlement. Keller Rohrback does not intend to apply for reimbursement of additional fees, substantial as they may be, incurred after Final Approval.

22.   The Settlement Agreement expressly provides that Defendants will pay Class Counsel's litigation expenses in the amount awarded by the Court in addition to all of the other benefits of the Settlement Agreement.

23.   Keller Rohrback requests reimbursement for the reasonable and necessary expenses advanced to prosecute this litigation since its inception. These expenses, totaling $13,376.57, are detailed in Exhibit F hereto.

24.   Keller Rohrback advanced significant unreimbursed expenses of the litigation. The expenses incurred in this action are commercially reasonable and are reflected on Keller Rohrback's books and records. These books and records are prepared from expense vouchers, check records, and other source materials, and they represent an accurate record of the expenses

DECLARATION OF MARK A. GRIFFIN IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(CV09-45RAJ) Page - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

30

incurred.  The expenses include necessary travel, expert witnesses and copying, as well as telephone, fax, computer aided research, and document database storage and maintenance.

25. Keller Rohrback charged $0.10 per page for black/white copies and $0.70 per page for color copies.  This billing rate was set to partially recoup the costs of labor, paper, copy machine lease payments, and other overhead costs directly attributable to making copies.  The firm does not make a profit on the internal copy charges.  For large copy projects, my firm sends the copy projects to outside vendors to make copies.  The lowest rate that we pay for such copying services varies between $0.12 and $0.20 for black/white 8.5x11 copies.  For color copies, we are charged either $0.99 (8.5x11) or $1.98 (11x17).  The actual amounts paid to outside vendors for copies on the matter were billed to this matter.

26. Attached as Exhibit G is a spreadsheet that shows the actual out-of-pocket expenditures incurred by Keller Rohrback for Westlaw Research on this matter.  To determine the actual charges for this matter, my firm's librarian logged onto Westlaw's QuickView+ system, which is an online tool that can be used to track all Westlaw usage in the firm.  For each month in which there were charges in the Classmates case, she went to the "Create Report" screen and selected the month's data to download into an Excel file and chose the "Apply Special Pricing" option.  The librarian then clicked on "Submit," and on the next screen, "Select Special Pricing Report Options," she entered the applicable "monthly fixed amount" which is the flat rate amount Keller Rohrback paid pursuant to its Westlaw contract.  It should be noted that the flat rate amount Keller Rohrback pays Westlaw changes periodically as content plus usage changes with our contract.  The "monthly fixed amount" and the amount of our firm's usage are used by QuickView+ to calculate the discount we receive on Westlaw's retail costs as listed in the spreadsheet.  Each monthly QuickView+ report that the librarian downloaded included usage for multiple client matter numbers for those months.  She copied the Classmates usage from each month and pasted that usage into Exhibit G to create a report that would show only the Classmates usage.   The librarian determined the Classmates usage by the client matter number

DECLARATION OF MARK A. GRIFFIN IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
 (CV09-45RAJ) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

31

or description entered by users. This information shows up in the "Client" column. Then she added the subtotals for each month under the "Total Charge" column and labeled the subtotals with the dates in which billing reports were added to our billing database by our accounting department. The librarian also added the grand total at the end of the report which accounts for the total Westlaw charges for this matter.

27.   To date, Keller Rohrback has received no compensation for either their time or expenses over the nearly two years that this case has been pending. Class Counsel's fees and expenses are totally contingent and dependent on a fee and expense award by this Court.

28.   In undertaking to represent the Class, Class Counsel had to ensure that sufficient resources and funds existed at all times, not only to prosecute the litigation in a cost-effective manner, but also to compensate vendors and the experts that we had engaged in support of class certification, and that would have soon been required had the case proceeded. The financial burden on contingent fee counsel is far greater than it is on firms that are paid on an ongoing basis throughout lengthy and complex litigation.

29.   Attached as Exhibit H is a true and correct copy of the July 10, 2009 Order Awarding Attorneys' Fees and Reimbursement of Expenses from In re Northwest Biotherapeutics Inc. Securities Litigation, No. C07-1254-RAJ (W.D. Wash.).

30.   Attached as Exhibit I is a true and correct copy of the July 22, 2010 objection ot the settlement in this matter filed by Alan Silverberg. On page 4 of this objection, Mr. Silverberg states that "to my understanding [$2,500 each] is a fairly small amount for acting as a lead plaintiff…."

Dated this 12th day of October, 2010, in Seattle, Washington.

s/ Mark A. Griffin
Mark A. Griffin

DECLARATION OF MARK A. GRIFFIN IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES
(CV09-45RAJ) Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

32