1

The Honorable Richard A. Jones

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| | | |
|---|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | No. CV09-45 RAJ

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES

**NOTE ON MOTION CALENDAR: December 16, 2010, at 1:30 p.m.** |

I, Richard L. Kellner, declare as follows:

1.      I am a named partner in the firm of Kabateck Brown Kellner LLP ("KBK"). My firm, along with the law firm of Keller Rohrback L.L.P., serves as Class Counsel in this action.

2.      I have actively participated in the prosecution of this action, have personal knowledge of the matters described below and am competent to testify thereto.

3.      This declaration is respectfully submitted in support of Plaintiffs' motion for an award of attorneys' fees and costs, and participation awards to the class representatives.

4.      My firm (KBK) commenced this action in October 2008. Through September 28, 2010, my firm has expended 1,114.8 hours and $479,516.00 in legal work, plus $8,292.50 in

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 1

1   costs and disbursements, in the prosecution of this action.  All of the legal work has been done

2   under my direct supervision.

3          5.      On October 30, 2008, plaintiff Anthony Michaels commenced this action in the

4   Superior Court of the State of California, County of Los Angeles.  Thereafter, the action was

5   removed to the United States District Court for the Central District of California and on January

6   9, 2009, this matter was transferred to the United States District Court for the Western District of

7   Washington.

8          6.      From January 9, 2009 through the present date, KBK and Keller Rohrback have

9   jointly prosecuted this class action in the United States District Court for the Western District of

10  Washington.

11         7.      As is our practice, KBK efficiently staffed this case to minimize any possible

12  inefficiencies or waste in the litigation of this matter.  The case was primarily staffed by a named

13  partner, a senior attorney and a junior attorney.  In fact, no other biller had more than 15 hours in

14  time billed during the almost two years of litigating this case.

15         8.      I was the partner assigned to this matter.  I have more than 24 years of litigation

16  experience, and have a practice that concentrates on consumer class actions.  My role in the

17  litigation was to provide high level supervision and legal strategy, engage in settlement

18  negotiations, prepare the class certification motion and coordinate this action with Keller

19  Rohrback.

20         9.      One of our senior attorneys, Joshua Haffner (who has over 14 years of

21  experience) was also assigned to this matter.   Mr. Haffner provided not only senior leadership,

22  but was heavily involved in briefing, some document review and acted as liaison at the outset of

23  this action with defense counsel.

24         10.     Artin Gholian, a junior attorney, was a recently admitted attorney at the outset of

25  this action.  Mr. Gholian was primarily responsible for document review, extensive interviews of

26

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 2

1 hundreds of individuals who contacted KBK with complaints about classmates.com, preliminary
2 legal research and initial drafting of some pleadings.

3      11.    With respect to the other KBK professionals, none had more than 32 hours during
4 the almost two years of this litigation.   As a result, the work performed was extremely efficient.

5      12.    Prior to the filing of this class action on October 30, 2008, KBK conducted
6 extensive investigations, interviewed a number of potential class representatives, engaged in
7 substantive legal research and drafted the complaint for this action.

8      13.    Thereafter, KBK began the process of drafting the complaint and solidified the
9 class allegations.

10      14.    Once the complaint was filed, KBK continued to interview well over 150
11 individuals who contacted the firm with complaints regarding classmates.com.  Mr. Gholian and,
12 on occasions, Mr. Haffner conducted these interviews through the early part of 2009.  Mr.
13 Gholian was primarily tasked with the responsibility of documenting the information generated
14 from the interviews.

15      15.    At the same time, the Defendant removed the action from State Court to the
16 United States District Court for the Central District of California, where it was ultimately
17 transferred to the United States District Court for the Western District of Washington on January
18 9, 2009.

19      16.    In the interim, KBK began to draft discovery responses and engaged in extensive
20 legal research regarding potential causes of action that might be amended to the complaint when
21 the case was transferred to Washington.   In addition, KBK engaged in a full evaluation of
22 whether the action should, in fact, be transferred to Washington District Court.  Based upon its
23 full evaluation, KBK believed that the transfer was not only appropriate, but in the best interest
24 of the class.

25      17.    Beginning in or around the end of December 2008, KBK contacted Keller
26 Rohrback to determine if the firm wanted to act as co-counsel in this action.  KBK was

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 3

extremely familiar with the fine reputation of Keller Rohrback and had prosecuted on prior class action with the firm in Washington. The firms reached an agreement regarding the apportionment of work – including the ultimate dividing of documents for review.

18.     The firms would act as one team, with Keller Rohrback having primary responsibility for in-court appearances and KBK having primary responsibility for client contact and potential witnesses interviews. In addition, both firms would be jointly involved in document review, and the firms would take turns having initial drafting responsibility for motions and pleadings.

19.     Immediately, the firms began looking at alternative theories upon which to amend the complaint, to incorporate specific Washington statutory provisions. The firms also conducted legal research regarding the application of Washington statutory law to all members of the class.

20.     The parties engaged the services of a linguist expert, and also divided work on a potential motion for class certification. It was the intent of the firms to expeditiously get the case positioned for class certification. This is because the prospects of class certification would either prompt Defendants to serious negotiations or, in the alternative, it would allow for the expeditious determination of the class' claims.

21.     At the same time, there was a class action pending in Washington that was commenced after KBK had commenced this action. Keller Rohrback was primarily involved in motions to determine the leadership for the class action, as well as all interactions with that other firm.

22.     The initial litigation of this case continued through the middle of 2009, with the parties exchanging Rule 26 disclosures and discovery requests. KBK continued to interview prospective witnesses and both firms conducted legal research to map out the potential motion for class certification.

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 4

241

23.     Of particular note for the KBK/Keller Rohrback team was the application of Washington statutory law to the class claims because, if such claims were applicable, it would be ones that could be easily amenable to class treatment.   The teams coordinated legal research and discussions on these issues.

24.     By November/December 2009, the Defendants made serious overtures for settlement and, eventually, agreed to a mediation on December 18, 2009 before the Honorable Steve Scott, Ret., of Judicial Dispute Resolution.   While the mediation did not result in a settlement, it did provide a framework for future settlement discussions.

25.     At the same time, KBK and Keller Rohrback split up a large volume of documents that were produced for coding and analysis.  At KBK, Mr. Gholian and Mr. Haffner were primarily responsible for the document review (with the vast majority of the time being done by Mr. Gholian).

26.     Mr. Haffer and myself took an active role in revising the mediation brief, and I was directly involved with Keller Rohrback in the formulation of settlement proposals and mediation strategy.  I personally attended the December 18, 2009 mediation.

27.     KBK and Keller Rohrback also geared itself up for Rule 30(b)(6) depositions and began to outline their motion for class certification – all while settlement discussions continued. This was required not only in the interest of maintaining pressure on Defendants, but also because the Court had imposed deadlines for the filing of the motion for class certification.

28.     Through February and March 2010, settlement discussions eventually reached the point of a Letter of Intent.  Significantly, the parties did not engage in any discussions regarding attorneys' fees until after the injunctive and monetary relief had been fully negotiated for the class.

29.     As a result, the negotiations for attorneys' fees continued for quite some time – since Plaintiffs' counsel did not have a lot of leverage (other than to have the fees matter

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 5

1    determined by the District Court with no caps).  Ultimately, by March 12, 2010, the parties

2    reached a negotiated settlement.

3        30.    By the time that the settlement was reached, KBK had expended 1,076.6 hours

4    and $453,158.00 in time for the prosecution of this case.  The time, accumulated for

5    contemporaneous billing records (the details of which are attached hereto) is broken down for the

6    professionals as follows:

| Name | Rate | Hours | Total |
|------|------|-------|-------|
| Richard L. Kellner(Partner) | $690.00 | 275.9 | $ 190,371.00 |
| Brian S. Kabateck(Partner) | $690.00 | 4.8 | $     3,312.00 |
| Joshua Haffner (Assoc.) | $425.00 | 152.7 | $   64,897.50 |
| Ron Karz (Assoc.) | $375.00 | 26.1 | $     9,787.50 |
| Alfredo Torrijos (Assoc.) | $350.00 | 31.6 | $   11,060.00 |
| Artin Gholian (Assoc.) | $300.00 | 572.7 | $ 171,810.00 |
| Artin Gholian (Clerk)[1] | $150.00 | 9.0 | $     1,350.00 |
| Franklin Jiron (Clerk) | $150.00 | 3.8 | $        570.00 |
| **Total:** | | 1,076.6 | $ 453,158.00 |

20        31.    In fact, at this point of the litigation, attorneys Kellner, Haffner and Gholian

21   accounted for $427,078.50 of the $453,158.00 in time billed – representing 94.24 % of the

22   billings.

23        32.    Following the settlement of the action, the vast majority of additional legal work

24   was performed by Keller Rohrback, with some input from KBK.  Following the settlement of the

25   action, my time was primarily devoted to responding to class member inquiries regarding the

26        [1]       Mr. Gholian was admitted to practice law in California on December 1, 2008, at
which time his rate was adjusted to be an attorney rate.

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 6

settlement and consultations regarding changes to the settlement as strongly suggested by the Court in an order.  However, to minimize duplication of effort, KBK was envisioned to bear the primary load in the drafting of the motion for final approval.

33.     As a result, the amount of time billed since March 13, 2010 has been relatively minimal and I have been the only biller on the case.  Since March 13, 2010 through the end of September 2010, I billed a total of 38.2 hours for $26,358.00 in time.  It is anticipated that my firm will bill considerable additional time in connection with the motion for final approval, but that time has yet to be incurred.

34.     In addition, KBK has expended $8,292.50 in expenses (the details of which are attached hereto), primarily for: (a) mediation fees ($862.50); (b) travel and lodging for the mediation ($2,450.14); (c) expert costs ($2,632.50); filing fees ($1,420.00) and (d) service costs, mail costs, cab fare and photocopying ($927.36).

35.     The rates that KBK is seeking are rates that have been consistently approved by federal judges in California for our time.

36.     Attorneys at KBK have recovered approximately $1 billion in judgments, verdicts, and settlements on behalf of their clients, including 75 recoveries of more than $1 million.

37.     KBK's attorneys have successfully litigated dozens of class actions.  Recent experience includes the following:

(a) KBK's attorneys obtained a $20,000,000 settlement of the action entitled *Marootian, et al. v. New York Life Insurance Company*, Case No. C99-12073 CAS (MCx) (U.S.D.C., Central Dist. CA), in which the plaintiffs alleged that New York Life Insurance Company failed to pay benefits under life insurance policies it issued in and following 1875 in the Turkish Ottoman Empire on the lives of persons of Armenian descent;

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 7

1    (b) In *Borrayo, et al. v. Carlton Forge Works*, L.A.S.C. Case No. BC298858, KBK's

2    attorneys obtained a settlement that fully compensated a class composed of 244

3    employees who were not paid overtime wages which were owed for time worked on

4    alternative work week schedule;

5    (c) In *Epson Ink Cartridge Cases*, L.A.S.C. Case No. BC293641 & S.F.S.C. Case

6    No. CGC-03-425588, KBK obtained a settlement on behalf of a nationwide class of

7    consumers whose Epson printer cartridges were defined by printer software as being

8    empty when, in fact, they contain a substantial amount of ink and may continue to print.

9    The settlement was approved on August 15, 2006 by the Superior Court of the State of

10   California for the County of Los Angeles;

11   (d) KBK was co-lead counsel in *Checkmate v. Yahoo!, Inc.*, U.S. District Court, Case

12   No. 05-cv-4588 (U.S.D.C., Central Dist. CA), which alleges that defendants improperly

13   charged its pay-per-click internet advertising clients for fraudulent website "clicks" by

14   third parties.  The settlement was approved on March 26, 2007;

15   (e) KBK was lead counsel in *Marisol Balandran, et. al. v. Labor Read, Inc.*, et. al.,

16   L.A.S.C. Case No. BC 278551, an employment discrimination case involving more than

17   200 women.  Final settlement approval was granted August 6, 2007;

18   (f) KBK was co-lead counsel in *Alba v. Papa John's USA, Inc. et al.*, U.S. District

19   Court, Case No. 05-cv-7487 (U.S.D.C., Central Dist. CA), a wage and hour suit

20   involving more than 900 possible plaintiffs who worked at Papa John's pizzerias, which

21   was certified by the United States District Court on February 8, 2007.  Following

22   certification, the case settled.  The settlement was granted final approval on July 11,

23   2008;

24   (g) KBK was co-lead counsel in *Hurtado v. TEG/L VI, Environmental Services Inc.*,

25   LASC Case No. BC276468, a class action for unpaid wages.  The case was settled and

26   final approval was granted on April 13, 2007;

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 8

245

1   (h) KBK was co-lead counsel in *Harrison, et al. v. Pacific Bay Properties, et al.*,

2   L.A.S.C. Case No. BC285320, a construction defect class action.  Final settlement

3   approval was granted on March 4, 2008;

4   (i)  KBK was co-lead counsel in *Cossey v. BCI Coca Cola Bottling Co. of Los*

5   *Angeles*, L.A.S.C Case No. BC36978, an employment class action involving Coca-Cola

6   Bottling Company employees who did not receive adequate pay.  Settlement was

7   entered and final approval granted approved in 2008.

8   (j)  KBK was co-lead counsel in *Lockette v. Ross Stores, Inc.*, U.S. District Court,

9   Civil No. 07-cv-3430 MMC, class settlement of an FLSA collective action for unpaid

10  overtime based on the misclassification of assistant managers.  Final approval of

11  settlement was granted on March 11, 2009.

12  (k)  KBK is lead counsel in *Saloman v. Bodee, LLC*, L.A.S.C. Case No. BC 379376, a

13  California Business and Professions Code suit involving a claim for misrepresentation

14  of male enhancement products.  A nationwide class was certified on April 22, 2009.

15  (l)  KBK is co-lead counsel in *Ely v. Davey Tree Surgery Co.,* Alamada Superior

16  Court, Case No. RG08398173, involving claims that over 1,000 tree trimming workers

17  failed to receive their proper wages.  The class was certified on May 13, 2010.

18  (m)KBK is currently lead counsel in *Menagerie Productions, et al. v.*

19  *IAC/Interactivecorp.* and *Citysearch, LLC*, U.S. District Court, Central District of

20  California, Civil No. CV 08-04263 CAS, involving a click fraud lawsuit against

21  Citysearch on behalf of business.  The class action was certified by the Hon. Christina

22  Snyder on November 9, 2009.

23  (n)  KBK is currently representing the National Association for the Advancement of

24  Colored People in a class action based on the racially discriminatory lending practices

25  of 18 national mortgage lenders.  NAACP v. Ameriquest Mortgage Company et al.,

26

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 9

246

1        U.S. District Court, Case No. 07-cv-0794 (U.S.D.C. Central Dist. CA).  A number of the

2        defendants have entered settlement agreements in that action.

3        38.     The partners of KBK have collectively tried over 100 cases and have handled

4    over 100 appeals.

5        39.     The above hourly rates for the attorneys are reasonable and regular rates that are

6    commensurate with the experience and expertise of each attorney:

7        (a)     Brian S. Kabateck is the managing partner of KBK with over 19 years of

8        litigation experience, in 2006 was named California Lawyer of the Year/Litigation by his

9        peers in recognition of my winning track record, and in 2009 Mr. Kabateck was named as

10       one of the top 100 lawyers in California by the Daily Journal.  Kabateck has won more

11       than $750 million for his clients in state and federal courts. He has brought actions

12       against Fortune 500 companies including Google, Travelers and Eli Lilly and the first-

13       ever cases involving stolen bank accounts and unpaid insurance claims arising from the

14       1915 Armenian Genocide.  Kabateck is currently a Vice President of the Consumer

15       Attorneys of California and Past President of the Century City Bar Association.  He is a

16       past trustee of the Los Angeles County Bar Association and is a member of the American

17       Association of Justice, Association of Trial Lawyers of America, and the American Bar

18       Association.

19       (b)     Richard L. Kellner heads the firm's class action and mass tort practice.  I have

20       been a litigator for 24 years, have conducted over 25 trials and have handled over 100 in

21       state and federal courts.  I currently serves as lead or co-lead counsel in over 30 pending

22       class actions.  My areas of expertise include class action litigation, complex business

23       litigation appellate law, plaintiffs' employment and labor law, civil rights, and law

24       partnership disputes.  I have obtained hundreds of millions of dollars for my clients.

25       Among my notable successes is the class action settlement that I obtained as co-lead

26       counsel on behalf of owners of Epson printers, valued at over $350 million.  That

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 10

1    settlement is considered one of the largest consumer class action settlements in United

2    States history.  I have argued before the U.S. Ninth Circuit Court of Appeals, the U.S.

3    Second Circuit Court of Appeals, the California Supreme Court and the New York Court

4    of Appeals.  Along with Mr. Kabateck, I was honored to receive the Civil Rights

5    Champions Award from the NAACP at its National Convention in 2010.

6    (c)      Ronald I. Karz is a veteran lawyer with more than 21-years in practice and more

7    than 10,000 court appearances.  His diverse base of "in the trenches" experience includes

8    serving the public for over 13 years as a Deputy District Attorney for Los Angeles

9    County, and as Senior Attorney responsible for interstate and international support

10   enforcement matters for Santa Clara County.  He has more than eight years of experience

11   in inter-jurisdictional law, including interpretation and application of foreign law and

12   court orders from countries as varied as Australia, Germany, Hungary, Canada, Mexico,

13   and the United Kingdom.  Mr. Karz's legal background includes criminal prosecution,

14   criminal defense, plaintiff personal injury, insurance defense, family law, probate and

15   elder law.

16   (d)      Joshua Haffner is a graduate of the University of California, Hastings College of

17   Law in 1997.  Mr. Haffner has extensive experience representing plaintiffs in class

18   actions involving consumer fraud, insurance bad faith and real estate fraud.

19   (e)      Alfredo Torrijos is a graduate of Stanford Law School in 2001.  Alfredo Torrijos

20   specializes in class action litigation, with a focus on representing consumers against

21   insurance, pharmaceutical and technology companies.

22   (f)      Artin Gholian is a graduate of Southwestern School of Law in 2008.  Mr.

23   Gholian's practice focuses on class action and mass tort matters.  He was admitted to

24   practice law on December 1, 2008.

25   40.      The above rates are comparable to the rates requested by – and awarded to – these

26   attorneys in other class actions successfully prosecuted by KBK.

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 11

248

41.     For example, in *Checkmate Strategic Group, Inc. v. Yahoo!, Inc.*, United States District Court for the Central District of California (cv-04588-CAS-FMO), Judge Christina Snyder approved an attorney fee request in connection with a class action settlement for work done in 2005 and 2006 at the following blended rates:

| | |
|---|---|
| Richard L. Kellner | $600.00/hr. |
| Brian S. Kabateck | $600.00/hr. |
| Alfredo Torrijos | $350.00/hr. |

42.     In *Hurtado v. TEG/LVI Environmental Services, Inc.*, Los Angeles Superior Court (BC 276468), Judge Carl J. West approved a KBK attorney fee request in connection with a wage and hour class action for work done in 2005, 2006 and a small amount of work in 2007 at the following rates:

| | |
|---|---|
| Richard L. Kellner | $600.00/hr. |
| Brian S. Kabateck | $600.00/hr. |
| Alfredo Torrijos | $350.00/hr. |

43.     In *Balandran v. Labor Ready, Inc.*, Los Angeles Superior Court (BC 278551), Judge Anthony J. Mohr approved an attorney fee request in connection with a wage and hour class action for work done in 2006 and 2007 at the following blended rates:

| | |
|---|---|
| Richard L. Kellner | $650.00/hr. |
| Brian S. Kabateck | $650.00/hr. |

44.     In *Lockette v. Ross Stores, Inc.*, United States District Court for the Northern District of California (cv-07-03430-MMC), Judge Maxine M. Chesney approved an attorney fee request in connection with a nationwide consumer class action for work done in 2007 through 2008 at the following blended rates:

| | |
|---|---|
| Brian S. Kabateck | $690.00/hr. |
| Richard L. Kellner | $690.00/hr. |
| Alfredo Torrijos | $350.00/hr. |

45.    In *McElroy v. Network Solutions LLC, et al.*, United States District Court for the Central District of California (cv-08-01247 PSG-VBK), Judge Philip S. Gutierrez approved an attorney fee request in connection with a nationwide consumer class action for work done in 2008 through 2009 at the following blended rates:

|                     |             |
|---------------------|-------------|
| Brian S. Kabateck   | $690.00/hr. |
| Richard L. Kellner  | $690.00/hr. |
| Alfredo Torrijos    | $350.00/hr. |

46.    In *Luna v. AOL, LLC*, United States District Court for the Central District of California (cv-08-8468 PSG-SSx), Judge Philip S. Gutierrez approved an attorney fee request in connection with a nationwide consumer class action for work done in 2008 through 2009 at the following blended rates:

|                     |             |
|---------------------|-------------|
| Brian S. Kabateck   | $690.00/hr. |
| Richard L. Kellner  | $690.00/hr. |
| Alfredo Torrijos    | $350.00/hr. |

47.    In *Taylor v. JVC Americas Corporation*, United States District Court for the District of New Jersey (Case No. 07-0459 (FSH)), Judge Patty Schwartz approved an attorney fee request in connection with a nationwide consumer class action for work done in 2007 through 2009 at the following blended rates:

|                     |             |
|---------------------|-------------|
| Brian S. Kabateck   | $690.00/hr. |
| Richard L. Kellner  | $690.00/hr. |
| Alfredo Torrijos    | $390.00/hr. |

48.    Given my caseload and responsibility, I can only participate in class actions at key moments in any litigation.  Accordingly, as reflected in our billings, I am usually involved in the revision of key class action submissions (such as oppositions to motions to dismiss, motions for class certification, motions for approval of settlements, etc.) that are initially drafted by skilled

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ) – Page 13

1    associates, the formulation of overall case strategies, and high level discussions with my

2    counterpart on the defense relating to key litigation issues.

3         I declare under penalty of perjury of the laws of the United States of America that the

4    foregoing is true and correct, executed on October 12, 2010 in Los Angeles, California.

5

6

7    _____

8                   Richard L. Kellner

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF RICHARD L. KELLNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND COSTS AND PARTICIPATION AWARDS TO THE CLASS
REPRESENTATIVES
(C07-1787 RAJ – Page 14