The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE

CLASSMATES.COM CONSOLIDATED LITIGATION

CASE NO. C09-00045-RAJ

DECLARATION OF MICHAEL I. KRAUSS IN SUPPORT OF OBJECTION

**CLASS ACTION**

**Note on Motion Calendar:**
**December 16, 2010 at 1:30 p.m.**

I, MICHAEL I. KRAUSS, hereby declare as follows:

1. My name is Michael Krauss, I am a class member, I am a full professor at George Mason University Law School, a member of the American Law Institute, and a co-author of the first two editions of *Legal Ethics in a Nutshell* (West Publishing). I have been considered a Legal Ethics expert in federal courts. I attach my CV as an exhibit.

2. My considered opinion is that the proposed settlement is ethically deficient. As the American Law Institute has found (*Principles of the Law of Aggregate Litigation*, § 3.07(a)), a *Cy pres* payment in lieu of payment to an aggrieved class is appropriate when the transaction costs of distributing funds to a large and indeterminable class are prohibitive. But in this case provision is already made to distribute funds to an identifiable class, and compensation of this class is not complete, so there are simply no legitimate grounds to divert funds to a *Cy pres* payment. The class attorneys' diversion of funds from compensation of aggrieved class members to *Cy pres* is, in short, a breach of their fiduciary duties to the class.

DECLARATION OF MICHAEL I. KRAUSS IN SUPPORT
OF OBJECTION - 1
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

3.   Other prominent experts on legal ethics share my view that the proposed diversion of funds is an ethical violation of the class attorneys' duties to zealously represent their clients, by diverting funds to a third party. *See, e.g.*, Martin H. Redish *et al.*, *Cy Pres Relief and the Pathologies of the Modern Class Action*, 62 Fla. L. Rev. 617 (2010); John Beisner *et al.*, *Cy Pres: A Not So Charitable Contribution to Class Action Practice* (U.S. Chamber of Commerce Institute for Legal Reform, 2010).

4.   By leaving the selection of the recipient charity to the discretion of the judge, class attorneys have purposely created an unethical conflict of interest for said judge. Since the judge must approve the proposed class action settlement, it is natural that a judge would look more favorably on a proposal that greatly favors the judge's preferred charity. At the very least, this creates the appearance of impropriety, encouraging charities to lobby judges and encouraging class attorneys to curry favor with both said charities and judges by neglecting the interests of their clients. In my considered opinion the proposed settlement conflicts with Canon 1 and Rule 1.2 of the American Bar Association's *Model Code of Judicial Conduct*:

> A Judge shall act at all times in a manner that promotes public confidence in the independence, integrity and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.

5.   Lead class counsel in this case notoriously negotiated a $0 class action settlement consisting entirely of *cy pres* and a substantial class attorney fee. The charity chosen was aligned with the sitting judge's spouse. The settlement brought the bar and the bench into national disrepute. *See Nachsin v. AOL LLC* (appeal pending in the Ninth Circuit, # 10-55129); Nathan Koppel, *Proposed Facebook Settlement Comes Under Fire*, Wall St. Journal, March 2, 2010.

6.   For all these reasons, I am of the opinion that the proposed class settlement is unethical. This ethical objection is in addition to the objections noted by my attorney, Theodore Frank.

DECLARATION OF MICHAEL I. KRAUSS IN SUPPORT
OF OBJECTION - 2
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

I declare under penalty of the laws of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.

DATED this 18th day of November, 2010, at Arlington, Virginia.

_____
Michael I. Krauss

DECLARATION OF MICHAEL I. KRAUSS IN SUPPORT
OF OBJECTION - 3
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Mark A. Griffin, Esq.
> Amy C. Williams-Derry, Esq.
> Keller Rohrback
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101
> *mgriffin@kellerrohrback.com*
> *derry@kellerrohrback.com*
>
> Richard L. Kellner, Esq.
> Kabateck Brown Kellner L.L.P.
> 644 S. Figueroa Street
> Los Angeles, CA 90017
> *rlk@kbklawyers.com*
>
> Stellman Keehnel, Esq.
> Russell B. Wuehler, Esq.
> DLA Piper LLP (US)
> 701 Fifth Avenue, Suite 7000
> Seattle, WA 98104
> *stellman.keehnel@dlapiper.com*
> *russell.wuehler@dlapiper.com*

I hereby further certify that on this day I caused a true and correct copy of the foregoing to be served via First Class Mail upon addressees designated above.

DATED this 18th day of November, 2010.

_____
Marcia A. Ripley

---

DECLARATION OF MICHAEL I. KRAUSS IN SUPPORT
OF OBJECTION - 4
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001