The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | No. C09-45RAJ<br><br>PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF **REVISED** CLASS ACTION SETTLEMENT<br><br>**NOTED FOR CONSIDERATION:**<br><br>**APRIL 15, 2011** |

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ)

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**Table of Contents**

I.    INTRODUCTION ................................................................ 1

II.   PROCEDURAL AND FACTUAL BACKGROUND ........................................ 3

      A.    Description of the Litigation ................................. 3

      B.    The Prior Settlement and Renewed Settlement Negotiations ............... 4

      C.    Terms of the Revised Settlement ............................. 5

      D.    Reasons for the Revised Settlement ............................ 8

III.  DISCUSSION ............................................................... 9

      A.    The Proposed Settlement Meets the Standards for Approval Under
            Rule 23. ................................................................ 9

            1.    The Proposed Revised Settlement is the Result of Arm's-
                  Length Negotiations and Therefore Satisfies the Procedural
                  Component for Preliminary Approval. ..................... 11

            2.    The Proposed Revised Settlement is Fair, Reasonable, and
                  Adequate and Therefore Satisfies the Substantive
                  Component for Preliminary Approval. ..................... 12

            3.    The Strength of Plaintiffs' Case Favors Approval of the
                  Proposed Settlement ............................................... 13

                  a.    The Risk, Expense, Complexity, and Duration of
                        Further Litigation Weighs in Favor of Approval. ....... 14

                  b.    The Risk of Maintaining Class Action Status
                        throughout Trial ........................................ 16

                  c.    The Amount Offered in Settlement Weighs in Favor
                        of Approval. ............................................ 16

                  d.    The Extent of Discovery Completed and the Stage
                        of Proceedings Weigh in Favor of Approval. ............ 18

                  e.    The Experience and View of Counsel Weigh in
                        Favor of Approval. ...................................... 19

                  f.    The Presence of a Government Participant ................ 19

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - i

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

g.    The Reaction of Class Members to the Proposed
Settlement ................................................................................. 19

B.    The Proposed Settlement Satisfies All of the Court's Concerns
Expressed In Its February 23, 2011 Order ......................................... 20

C.    The Form of Notice to Class Members Meets the Due Process
Requirements of Rule 23. ................................................................ 22

IV.    PROPOSED SCHEDULE ........................................................................... 24

V.    CONCLUSION ............................................................................................ 24

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - ii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

**Table of Authorities**

Cases

2

3    *Alberto v. GMRI, Inc.*,
         2008 WL 4891201 (E.D. Cal. Nov. 12, 2008) ..................................................................... 16

4

5    *Alberto v. GMRI, Inc.*,
         252 F.R.D. 652 (E.D. Cal. 2008) ...................................................................................... 10

6    *Browning v. Yahoo! Inc.*,
         2007 WL 4105971 (N.D. Cal. 2007) .......................................................................... 22, 23

7

8    *Carson v. Am. Brands, Inc.*,
         450 U.S. 79 (1981) ............................................................................................................ 10

9

10   *Class Plaintiffs v. City of Seattle*,
         955 F.2d 1268 (9th Cir. 1992) .......................................................................................... 11

11   *Coop. v. DIRECTV, Inc.*,
         221 F.R.D. 523 (C.D. Cal. 2004) ............................................................................... passim

12

13   *Farinella v. PayPal, Inc.*,
         611 F. Supp. 2d 250 (E.D.N.Y. 2009) .............................................................................. 23

14

15   *Ficalora v. Lockheed California Co.*,
         751 F.2d 995 (9th Cir. 1985) ............................................................................................ 11

16   *Glass v. UBS Fin. Servs., Inc.*,
         2007 WL 221862 (N.D. Cal. 2007) ................................................................................... 11

17

18   *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
          105 Wn.2d 778 (1986) ..................................................................................................... 14

19

20   *Hanlon v. Chrysler Corp.*,
         150 F.3d 1011 (9th Cir. 1998) ..................................................................................... 11, 12

21   *In re Immune Response Sec. Litig.*,
         497 F. Supp. 2d 1166 (S.D. Cal. 2007) ............................................................................ 11

22

23   *In re Mego Fin. Corp. Sec. Litig.*,
         213 F.3d 454 (9th Cir. 2000) ............................................................................................ 17

24   *In re Pacific Enters. Sec. Litig.*,
         47 F.3d 373 (9th Cir. 1995) .............................................................................................. 19

25

26   *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
         227 F.R.D. 553 (W.D. Wash. 2004) ................................................................................. 10

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - iii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*In re Tableware Antitrust Litig.*,
 484 F. Supp. 2d 1078 (N.D. Cal. 2007) ...................................................... 10, 11

*In re Toys "R" Us Antitrust Litig.*,
 191 F.R.D. 347 (E.D.N.Y. 2000) ................................................................ 11

*Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*,
 162 Wn.2d 59 (2007) ................................................................................ 14

*Linney v. Cellular Alaska P'ship*,
 151 F.3d 1234 (9th Cir. 1998) ................................................................ 12, 16

*Microsoft Corp. v. JDO Media, Inc.*,
 No. 04-1515, 2005 WL 1838609 (W.D. Wash. Aug. 1, 2005) ........................ 9

*Officers for Justice v. Civil Serv. Comm'n*,
 688 F.2d 615 (9th Cir. 1982) ............................................................ 10, 11, 16

*Pelletz v. Weyerhauser Co.*,
 255 F.R.D 537 (W.D. Wash. 2009) .......................................................... 13

*Rankin v. Rots*,
 2006 WL 1876538 (E.D. Mich. 2006) ...................................................... 16

*Rodriguez v. West Publishing Corp.*,
 563 F.3d 948 (9th Cir. 2009) .................................................................... 22

*Schnall v. AT&T Wireless Servs., Inc.*,
 168 Wn.2d 125 (2010) .............................................................................. 15

*Schnall v. AT&T Wireless Servs., Inc.*,
 No. 80572-5 (Wash. Feb. 17, 2011) .......................................................... 15

*Silber v. Mabon*,
 18 F.3d 1449 (9th Cir. 1994) .................................................................... 22

*Torrisi v. Tucson Elec. Power Co.*,
 8 F.3d 1370 (9th Cir. 1993) ...................................................................... 13

Statutes

28 U.S.C. § 1332 ............................................................................................ 3

28 U.S.C. § 1441 ............................................................................................ 3

28 U.S.C. § 1446 ............................................................................................ 3

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - iv

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

28 U.S.C. § 1453 ..................................................................................................... 3

Wash. Rev. Code § 19.190 ..................................................................................... 4

Wash. Rev. Code § 19.190.020(2) .......................................................................... 15

Wash. Rev. Code § 19.190.040(2) .......................................................................... 9

Wash. Rev. Code § 19.190.140(1) .......................................................................... 9

Wash. Rev. Code § 19.86 ....................................................................................... 4

Rules

Fed. R. Civ. P. 23 ..................................................................................... 9, 22, 24

Fed. R. Civ. P. 23(a) ................................................................................. 5, 14

Fed. R. Civ. P. 23(b)(2) ............................................................................ 5

Fed. R. Civ. P. 23(b)(3) ............................................................................ 5, 14

Fed. R. Civ. P. 23(c)(2)(B) ....................................................................... 23

Fed. R. Civ. P. 23(e) ................................................................................ 7, 9, 11

Fed. R. Civ. P. 23(e)(1) ............................................................................ 22

Fed. R. Civ. P. 23(e)(1)(B) ....................................................................... 23

Other Authorities

5 Moore's Federal Practice, § 23.85(2)(e) (Matthew Bender 3d ed.) ....................... 13

Alba Conte & Herbert B. Newberg, Newberg on Class Actions, § 11.50 (4th ed.
       2002) ...................................................................................................... 14

Manual for Complex Litigation § 21.632 (4th ed. 2004) ........................................ 9

Manual for Complex Litigation, § 30.41 (3rd ed. 1995) ......................................... 10

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - v

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## I.   INTRODUCTION

Plaintiffs Anthony Michaels and David Catapano (collectively "Lead Plaintiffs"), individually and on behalf of all others similarly situated, respectfully request that the Court: (1) grant preliminary approval of the proposed Revised Class Action Settlement Agreement ("Revised Settlement" or "Settlement"); (2) approve the form and manner of notice of the Settlement to the Class as described herein and in the Revised Settlement; and (3) schedule a hearing for the Court to consider a motion for final approval of the Revised Settlement and Class Counsel's application for an award of attorneys' fees and reimbursement of costs.[1]

The Revised Settlement, attached hereto as Exhibit 1, is an excellent settlement that provides meaningful relief to the class, and directly addresses all of the concerns previously expressed by the Court when it denied a motion for final approval of an earlier settlement in this action.  The injunctive relief requires Defendants to modify their email subject line to indicate the specialized nature of the use of the term "Classmates® Guestbook" (rather than the generic, non-capitalized term "guestbook") and requires Defendants to provide an explanation in the text of *every email* using this header what a "visit" to a Classmates® Guestbook really means.  As a result of these changes, Defendants are eliminating the alleged misleading nature of the email's subject line.  Further, a fund of $2.5 million has been established for *all* 60 million class members from which they can submit a claim to receive a pro rata payment of up to $15 each.[2] In order for the *pro rata* payments to be as low as $2 per class member, there would have to be 1.25 million claims filed.  In order for the payments to be as low as $3 per class member, there would have to be 833,333 claims filed.  Given the prior participation rates, even with the disclosed $15 cap, it is relatively unlikely that more than 1.25 million class members will file claims.

---

[1] Plaintiffs submit herewith the Declarations of Lead Plaintiffs Anthony Michaels and David Catapano in Support of the Revised Settlement.

[2] The $2.00 credit that would have been made available to class members under the prior settlement is not a feature of the Revised Settlement.

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

It is, however, likely that class members will avail themselves of the full $2.5 million made available.  To do so, class members will need to submit at least 166,666 claims.  Because Defendants have agreed to honor the approximately 50,000 claims made in the prior settlement (unless any class member previously submitting a claim affirmatively opts out of the Revised Settlement), the participation rate for additional, new claims will have to approximately double the participation rate of the prior settlement in order for each class member to recover $15, and the fund to be fully utilized.  The parties are hopeful that the increased cash offer of up to $15 per person will provide sufficient incentive for a significant number of class members to submit claims.  If fewer than 166,666 claims are made, the parties suggest that, subject to Court approval, any unused funds out of the $2.5 million will be donated equally to one or more of seven non-profit organizations, and ear-marked for their work on technology-related consumer rights and/or protection from unfair and deceptive consumer practices.  *See* Revised Settlement, Ex. 1 ¶ 4.1.1.

Further, the claims process has been made entirely electronic and payments will be made either by check or PayPal, at each class member's choice.

Finally, Class counsel will not be seeking a greater fee than sought in their prior application ($1.05 million).  As with the prior settlement, Defendants will also pay the requested attorneys' fees, costs, requested lead plaintiff participation awards (as awarded by the Court), and additional administrative costs separately and in addition to the $2.5 million fund for class benefits.

The Revised Settlement is the result of serious, non-collusive, arm's-length negotiations that occurred with the assistance of United States District Court Judge John C. Coughenour and was thereafter completed between counsel.  The settlement is fair, reasonable, and adequate under the governing standards for evaluating class action settlements in this Circuit.  All prerequisites for preliminary approval of the Revised Settlement have been met, and notice to

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   Class members satisfies the requirements of due process.  As a result, Plaintiffs respectfully

2   request that this motion be granted.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

**A.   Description of the Litigation**

5        Procedurally, this case remains in essentially the same position as it did when the parties

6   presented the prior proposed settlement.  Both parties are motivated to settle this matter in lieu of

7   the risks presented by additional litigation and trial.

8        Plaintiff Anthony Michaels filed a class action complaint against defendants Classmates

9   Online, Inc., Classmates Media Corporation, and United Online, Inc. (collectively,

10  "Defendants"), on October 30, 2008 in Los Angeles County Superior Court (the "Michaels

11  Lawsuit").  On or about December 5, 2008, Defendants filed their Notice of Removal of the

12  Michaels Lawsuit pursuant to 28 U.S.C. § 1332, 1441, 1446, and 1453 and removed this action

13  to the United States District Court for the Central District of California.  On or about December

14  31, 2008, the parties stipulated to a transfer of the Michaels Lawsuit to the United States District

15  Court for the Western District of Washington at Seattle.  On or about January 5, 2010, the Hon.

16  Dale S. Fischer of the Central District of California, having considered the parties' stipulation,

17  ordered this action to be transferred to the Western District of Washington at Seattle and the

18  action was thereupon assigned to this Court.

19       On December 19, 2008, plaintiff Xavier Vasquez filed a class action complaint against

20  Defendants in King County Superior Court for the State of Washington (the "Vasquez Lawsuit").

21  The Vasquez Lawsuit was removed to the United States District Court for the Western District of

22  Washington on January 23, 2009.  On April 30, 2009, the Court consolidated the Michaels

23  Lawsuit and the Vasquez Lawsuit.  Dkt. 45.  The Michaels Lawsuit and the Vasquez Lawsuit

24  and all claims and defenses asserted therein, and all claims and defenses asserted in the

25  consolidated action, are collectively referred to herein as the "Consolidated Lawsuit."  On July

26

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    29, 2009, the Court appointed counsel from the Michaels Lawsuit as interim Class Counsel for

2    the Consolidated Lawsuit. Dkt. 51.

3           On September 18, 2009, Plaintiffs Anthony Michaels and David Catapano filed their

4    Amended Class Action Complaint (the "Complaint") in the Consolidated Lawsuit.  Dkt. 59.  In

5    their Complaint, Plaintiffs allege claims under the Commercial Electronic Mail Act, Wash. Rev.

6    Code § 19.190 ("CEMA"), and the Consumer Protection Act, Wash. Rev. Code § 19.86

7    ("CPA").  The Complaint alleges a class of all persons who purchased a paid subscription to

8    www.classmates.com between October 30, 2004 to the present, after receiving one or more e-

9    mail messages containing certain e-mail subject lines that were the subject of the Complaint.

10   The Complaint alleges that yearly subscriptions to www.classmates.com range from $9.95 to

11   $39.00.

12          Defendants answered the Complaint on October 8, 2009.  Dkt. 62.  In preparation for the

13   class certification phase of litigation, the parties propounded and answered multiple sets of

14   interrogatories and requests for production.  The parties engaged in several rounds of discovery

15   conferences and compromises, including extensive negotiation involving an ESI protocol and

16   electronic discovery search terms.  Defendants produced over 35,000 pages of documents to

17   Plaintiffs, all of which were reviewed and catalogued by Class Counsel.  In addition, Class

18   Counsel reviewed and analyzed numerous sources of publicly available documents in an effort to

19   substantiate and bolster their claims.  Class Counsel had also noticed depositions, which were

20   imminent when the parties agreed to formal mediation in December 2009 under the auspices of

21   the Hon. Steven Scott, Ret. of Judicial Dispute Resolution, LLC.

22   **B.      The Prior Settlement and Renewed Settlement Negotiations**

23          On December 16, 2010, the Court held a final approval hearing to review the adequacy of

24   the prior settlement.  On January 13, 2011 the Court issued a minute order advising the parties

25   that it would decline to finally approve the proposed settlement. Dkt. 121.  The parties, at the

26   suggestion of the Court, resumed settlement negotiations.  On January 28, 2011, the parties

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   informed the Court that it would be beneficial to maintain the stay currently in place to facilitate

2   their resumed settlement discussions.  Dkt. 126.  The Court ordered a status report to be filed on

3   March 4, 2011.  In addition to the extensive mediation and settlement negotiations for the prior

4   proposed settlement, the parties also mediated in January 2011 before the Hon. John C.

5   Coughenour of the United States District Court for the Western District of Washington.  The

6   terms of the Revised Settlement were not reached on the day of that mediation.  However, the

7   parties remained engaged in settlement negotiations.  In the subsequent days and weeks, the

8   parties continued to negotiate the points of a revised settlement and ultimately reached terms

9   agreeable by both sides.  On February 23, 2011 the Court issued an Order regarding the prior

10  proposed settlement, *see* Dkt. 128 and on March 4, 2011 the parties filed a joint status report

11  notifying the Court that the parties had reached a revised settlement in principle.  Dkt. 129.  The

12  parties continued to negotiate the points of a settlement and ultimately reached terms agreeable

13  to both sides.  On March 24, 2011, the parties entered into a Revised Settlement which addresses

14  the concerns of the objections filed in response to the prior proposed settlement as well as those

15  articulated by the Court in its February 23, 2011 Order.

16  **C.      Terms of the Revised Settlement**

17          A summary of the principal terms of the parties' agreement follows.

18          1.      Class:  The proposed Revised Settlement has been reached on behalf of the

19  following Settlement Class ("the Class") pursuant to Rules 23(a), 23(b)(2), and (b)(3) of the

20  Federal Rules of Civil Procedure:

21          The Settlement Class is defined as:

22          All Persons residing in the United States who were registered with or subscribed
        to www.classmates.com at any time beginning on October 30, 2004 through
23      February 23, 2011.

24  Excluded from the Class are:

25          Defendants, all present or former officers and/or directors of Defendants, Class
        Counsel, the Judge of this Court, the Judge's family and staff, Defendants'
26      counsel of record, and all Persons who make a timely and valid election to be

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

excluded from the Settlement Class in accordance with the provisions of the Individual Notice to Settlement Class.

The Revised Settlement removes the distinction between the prior class and subclass and makes an actual cash payment available to all class members who submit a claim. The revised class includes all members who were included in both the prior class and subclass, and is slightly expanded to cover class members whose alleged injury may have arisen between the date of the prior preliminary approval order (April 19, 2010), and the date the Court entered its full opinion rejecting the settlement (February 23, 2011).

2.    <u>Released Parties</u>:  The Released Parties include all Defendants and their affiliates, agents, or representatives, as set forth in Paragraph 13.1 of the Revised Settlement Agreement.

3.    <u>Settlement Amount</u>:  The parties agree to settle this action for a total aggregate amount of $2.5 million, exclusive of Defendants' obligation to pay attorneys' fees, disbursements, incentive payments and class administration costs.  From this settlement fund, each class member who makes a claim will receive up to $15.  If the number of claims is such that the $2.5 million is not exhausted (fewer than 166,666 claims), the remainder will be donated to non-profit charities as set forth in Paragraph 4.1.1 of the Settlement.  If the number of claims exhausts the $2.5 million fund, each class member who submits a claim will share pro-rata in the fund disbursement.  In addition, Defendants have agreed to pay attorneys' fees not to exceed $1,050,000 as may be awarded by the Court, plus disbursements, incentive payments and class administration costs.  The requested attorneys' fee is the same amount sought in connection with the prior proposed settlement.  Class counsel is seeking no additional fee for the renewed negotiation and finalization of the Revised Settlement.

4.    <u>Injunctive Relief</u>:  For a term of two years, following entry of the Final Approval Order and Judgment, Defendants will be enjoined as set forth in the revised terms of the injunctive relief agreement in Exhibit C to the Revised Settlement.  The injunctive relief requires the Defendants to disclose within the body of any email that uses the revised term "Classmates® Guestbook" in the email subject line a prominent description about the Guestbook feature and

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

what it means if a name appears in a recipient's Classmates ® Guestbook. This revised injunction requires Defendants to substantially alter both the email subject line and the email body of the allegedly deceptive emails.

5.    <u>Settled Claims</u>:  As set forth in Paragraph 13 of the Revised Settlement Agreement, the parties agree that all claims that were alleged or could have been alleged in this Consolidated Lawsuit, including all claims that were alleged or that could have been alleged in the Michaels Lawsuit and the Vasquez Lawsuit, for all years alleged in the Complaint, shall be released. Defendants deny any and all liability, and the Settlement shall not be deemed in any way an admission of any liability or of the certifiability of any litigation class.

6.    <u>Notice</u>:  As set forth in further detail below, notice to the Class ("Class Notice") will conform to the due process requirements of Fed. R. Civ. P. 23(e). Defendants intend to effectuate notice of the Revised Settlement in a manner similar to that done for the prior settlement. Defendants will provide notice of the Revised Settlement to the class through an electronic mail transmission from the Settlement Administrator to each class members' last known e-mail address within 90 calendar days of the entry of an order by this Court granting preliminary approval of the Settlement. Defendants will also publish notice of the Revised Settlement in the *Wall Street Journal*. The proposed Class Notice is attached to the Revised Settlement Agreement as Exhibit A, and is expressly incorporated into the terms of the Settlement.

7.    <u>Attorneys' Fees</u>:  By separate application to be filed prior to the Final Fairness Hearing, Class Counsel will seek an award of attorneys' fees in an amount not to exceed $1,050,000. Classmates further agrees to pay Class Counsel all costs in the action awarded by the Court, including participation awards to the Lead Plaintiffs as may be awarded by the Court, in an amount not to exceed $2,500 for each of the two Lead Plaintiffs. The requested attorneys' fees and participation award to the Lead Plaintiffs are in addition to the settlement amount available to the class described above.

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    8.    <u>Plan of Allocation</u>:  The Revised Settlement provides, subject to the Court's

2    approval, that Defendants will make available to all class members on a claims-made basis a

3    cash payment of up to $15 subject to a maximum total aggregate amount of $2.5 million, or a

4    pro-rata share of that amount if the number of claims exceeds 166,666 (including the

5    approximately 50,000 class members who previously submitted claims for either cash or credit

6    and who do not affirmatively opt out of the Revised Settlement).  Class members can elect to

7    receive their cash allocation either electronically via PayPal or by a mailed check.  The Revised

8    Settlement provides no coupon or marketing benefit to Defendants.

9    **D.    Reasons for the Revised Settlement**

10        The parties have entered the Revised Settlement with an understanding of the strengths

11   and weaknesses of their claims and defenses.  This understanding is based on: (1) the motion

12   practice undertaken by the parties; (2) the investigation, research, and discovery outlined above;

13   (3) the possibility that either party could prevail at trial; (4) the range of possible recovery; and

14   (5) the substantial complexity, expense, and duration of litigation necessary to prosecute this

15   action through trial, post-trial motions, and likely appeals, as well as the significant uncertainties

16   in predicting the outcome of this complex litigation.  The parties have also considered the

17   objections sent by class members and the comments from this Court.  Having undertaken this

18   analysis, Plaintiffs and Defendants have concluded that the Revised Settlement is fair,

19   reasonable, adequate, and should be presented to the Court for approval.

20        As set forth in more detail below, there are two primary issues justifying the Revised

21   Settlement.  First, Plaintiffs would face substantial challenges in certifying a class that requires

22   them to prove that the email subject lines were false or misleading in each instance, as well as

23   reliance under the CPA, because Defendants will certainly argue that proving each of these

24   elements requires examination of individual issues and individual proof that precludes

25

26

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

certification.[3]  Second, even if Plaintiffs succeed in certifying a class, the mandatory nature of statutory damages under CEMA could present an insurmountable hurdle here.[4]  Under CEMA, Plaintiffs and the Class are arguably entitled to a mandatory damages remedy of $500 *per false or misleading email*.  RCW 19.190.140(1).  Even if each of the 60 million class members received only 2 false or misleading emails during the class period,[5] the damages in this case would be $60 billion under CEMA alone.  Discovery revealed that Defendants do not have insurance coverage for these claims and that a damages award of this magnitude would undoubtedly put Defendants out of business.  Accordingly, even under Plaintiffs' best-case scenario where a class is certified and CEMA statutory damages are applied, the class would likely recover no cash benefit because Defendants do not have the assets to pay any such award, and such a judgment would likely bankrupt the company.  Finally, Defendants have indicated they believe the emails in question do not, in fact, violate CEMA, and will likely present evidence of their position in support of summary judgment.

## III.   DISCUSSION

### A.   The Proposed Settlement Meets the Standards for Approval Under Rule 23.

Rule 23(e) of the Federal Rules of Civil Procedure governs settlement of class actions.  It provides that a "class may be settled, voluntarily dismissed, or compromised only with the court's approval."  *See* Fed. R. Civ. P. 23(e).  Although the procedure for approval of a class action settlement is not delineated in Rule 23, a two-step procedure is set forth in the Federal Judicial Center's Manual for Complex Litigation § 21.632 (4th ed. 2004).  This procedure is

---

[3] Plaintiffs make no concession that certifying any class in this action would be inconsistent with or unavailable under Rule 23, and Plaintiffs make no waiver of any argument in support of class certification.  Rather, Plaintiffs simply point out that Defendants would have numerous potential arguments at their disposal to attempt to defeat the certification of any class, and that Plaintiffs would certainly face a serious risk that the Court might not certify any class if the case proceeds in litigation.

[4] *See Microsoft Corp. v. JDO Media, Inc.*, No. 04-0515, 2005 WL 1838609, at *3 (W.D. Wash. Aug. 1, 2005) (Pechman, J.) (interpreting mandatory damages award under RCW 19.190.040(2) and finding that the Court has "no discretion in the amount of damages it awards," even though "the amount here appears to be excessive.")

[5] Discovery in this action reveals, in fact, that the number of guestbook emails received by some class members could be higher.  For example, the Complaint attaches over 50 guestbook emails that Plaintiff Michaels received between March 2007 and July 2009.

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  universally followed by district courts within the Ninth Circuit when considering preliminary

2  approval of class action settlements.  *See Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 658-59 (E.D.

3  Cal. 2008); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal.

4  2004); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553 (W.D. Wash.

5  2004).

6       Under this framework, the court must initially determine "whether a proposed class

7  action settlement deserves preliminary approval."  *DIRECTV*, 221 F.R.D. at 525 (citing Manual

8  for Complex Litigation, § 30.41, at 236-37 (3rd ed. 1995)).  If a settlement is preliminarily

9  approved, members of the class are given notice of the proposed settlement, and the court must

10 then determine whether final approval is warranted.  *See id.*

11      When evaluating whether to grant preliminary approval of a class settlement, the court

12 need "not decide the merits of the case or resolve unsettled legal questions."  *Carson v. Am.*

13 *Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981).  Courts should not reach legal conclusions "for it is

14 the very uncertainty of outcome in litigation and the avoidance of wasteful and expensive

15 litigation that induce consensual settlements."  *Officers for Justice v. Civil Serv. Comm'n*, 688

16 F.2d 615, 625 (9th Cir. 1982).  Instead, the court "need only determine whether the proposed

17 settlement is within the range of possible approval."  *Alberto*, 252 F.R.D. at 666 (internal

18 quotations and citation omitted).  In making this inquiry, the court's "intrusion upon what is

19 otherwise a private consensual agreement…must be limited[.]"  *Officers for Justice*, 688 F.2d at

20 625.  Specifically, the court must ensure that "the agreement is not the product of fraud or

21 overreaching by, or collusion between, the negotiating parties, and that the settlement taken as a

22 whole, is fair, reasonable and adequate to all concerned."  *Id.*  Therefore "preliminary approval

23 of a settlement has both a procedural and a substantive component."  *In re Tableware Antitrust*

24 *Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).

25      It is well-settled that there exists "a strong judicial policy that favors settlements,

26 particularly where complex class action litigation is concerned."  *Class Plaintiffs v. City of*

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   *Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *see also Officers for Justice*, 688 F.2d at 625 ("[I]t

2   must not be overlooked that voluntary conciliation and settlement are the preferred means of

3   dispute resolution.").   It is equally well-established that approval of a proposed settlement is a

4   matter committed to the sound discretion of the trial judge.  *See Hanlon v. Chrysler Corp.*, 150

5   F.3d 1011, 1026 (9th Cir. 1998).   The Court should therefore exercise its discretion and grant

6   preliminary approval here based on the principles of Rule 23(e).

7       **1.       The Proposed Revised Settlement is the Result of Arm's-Length Negotiations
            and Therefore Satisfies the Procedural Component for Preliminary**
8       **Approval.**

9       "Before approving a class action settlement, a district court must reach a reasoned

10   judgment that the proposed agreement is not the product of fraud and overreaching by, or

11   collusion among, the negotiating parties[.]"  *Ficalora v. Lockheed California Co.*, 751 F.2d 995,

12   997 (9th Cir. 1985).  When applying this factor, courts give substantial weight to the experience

13   of the attorneys who prosecuted the case and negotiated the settlement.  *See In re Tableware*, 484

14   F.Supp.2d at 1080.  If a settlement is negotiated at arm's-length, there is a presumption that the

15   settlement is procedurally sufficient.  *See, e.g. Hanlon*, 150 F.3d at 1027 (finding that courts are

16   deferential to "the private consensual decisions of the parties").

17       Courts additionally consider whether the settlement was reached with the assistance of a

18   mediator.  *See, e.g., In re Toys "R" Us Antitrust Litig.*, 191 F.R.D. 347, 352 (E.D.N.Y. 2000)

19   ("Most significantly, the settlements were reached only after arduous settlement discussions

20   conducted in a good faith, non-collusive manner, over a lengthy period of time, and with the

21   assistance of a highly experienced neutral mediator[.]"); *see also Glass v. UBS Fin. Servs., Inc.*,

22   2007 WL 221862, at *5 (N.D. Cal. 2007) (finding that the assistance of a well-respected

23   mediator supports approval of a settlement).  The parties' voluntary participation in renewed

24   mediation before the Honorable John C. Coughenour in order to reach a Revised Settlement

25   creates a highly indicative presumption of fairness in the negotiation process.  *See In re Immune*

26   *Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1171 (S.D. Cal. 2007).

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

There is no dispute that the Revised Settlement is the product of extensive, arm's-length negotiations. The parties' negotiations extended over a number of weeks, including a separate session conducted before the Hon. John C. Coughenour. The parties also conducted discovery, and Plaintiffs engaged in extensive communications with consulting experts and potential witnesses, for both class certification briefing and trial preparation. The parties' negotiations were informed by the knowledge of counsel gained by their respective investigations of the law and the facts over the life of this case. The parties' negotiations have been further refined by the comments and concerns raised by class member objections and this Court's comments to the prior proposed settlement. The parties have a thorough understanding of the facts and legal arguments at issue in this lawsuit.

Based on their familiarity with the factual and legal issues, and their experience in litigating claims similar in nature to those in this case, the parties were able to make a well-informed decision on the relative strengths and weaknesses of their claims and defenses. Both parties were able to make good-faith assessments of the costs and risks of proceeding to trial before reaching an agreement. As a result, the proposed Revised Settlement is the result of serious, arm's-length, non-collusive negotiations.

## 2. The Proposed Revised Settlement is Fair, Reasonable, and Adequate and Therefore Satisfies the Substantive Component for Preliminary Approval.

The Ninth Circuit has articulated eight factors in determining whether a settlement is fair, adequate, and reasonable: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and stage of proceedings; (6) the experience and views of counsel; (7) the presence of governmental participant; and (8) the reaction of the class members to the settlement. *Hanlon*, 150 F.3d at 1026. Courts within the Ninth Circuit and this district court have consistently applied these factors when making the fairness determination. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370,

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   1375 (9th Cir. 1993); *Pelletz v. Weyerhauser Co.*, 255 F.R.D 537, 542 (W.D. Wash. 2009).

2   Consideration of these criteria demonstrates that the Revised Settlement should be approved.

3     **3.**  **The Strength of Plaintiffs' Case Favors Approval of the Proposed Settlement.**

4     When evaluating a settlement for preliminary approval, courts need only weigh the

5   plaintiff's case against the amount offered in settlement, rather than considering the strength of

6   the plaintiff's case on the merits. *DIRECTV*, 221 F.R.D. at 526 (citing 5 Moore's Federal

7   Practice, § 23.85(2)(e) (Matthew Bender 3d ed.)). As evidenced by the vigor with which Class

8   Counsel have prosecuted this action and the amount of time expended toward that end, Class

9   Counsel strongly believe in the merits of this case and the claims in the Complaint. In Class

10   Counsel's view, the discovery conducted in this case supports Plaintiffs' allegations. Discovery

11   has revealed both the strength and enormous scope of Plaintiffs' case. First, at the time of the

12   prior settlement, the number of potential class members exposed to the alleged misleading

13   "guestbook" emails was approximately 56 million. Based on representations from Classmates in

14   the context of reaching the Revised Settlement, that number has now grown to 60 million.

15   Second, during the proposed class period, Classmates generated "guestbook" emails on a regular

16   and continual basis. The evidence reveals that most class members received at least one

17   guestbook email a week, and some class members may have received offending guestbook

18   emails even more frequently. Plaintiffs' analysis is that Defendants generated their "guestbook"

19   emails through an internal, automated process that lacks evidence of quality control or

20   verification as to the truth or falsity of the emails it generates.

21     Class Counsel further believe that the evidence at trial would establish, among other

22   things, that Defendants' e-mail subject lines improperly induced free members to pay for a

23   "Gold" membership with Classmates. Defendants unequivocally dispute these claims.

24   Defendants believe that plaintiffs will not prevail at trial but recognize the benefit in resolving

25   the Consolidated Lawsuit now. Accordingly, this factor supports preliminary approval of the

26   proposed Revised Settlement.

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

    a.  **The Risk, Expense, Complexity, and Duration of Further Litigation Weighs in Favor of Approval.**

  "[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *DIRECTV*, 221 F.R.D. at 526 (citing Alba Conte & Herbert B. Newberg, Newberg on Class Actions, § 11.50 (4th ed. 2002)).  Courts clearly favor settlement, as it preserves individual resources by avoiding protracted litigation and subsequent appeals. *Id.* at 527.

  Here, the parties recognize the risks of continued litigation and an adverse outcome. Although Plaintiffs and Defendants strongly believe in the merits of their claims and defenses, they are cognizant of the risks of proceeding to trial.  The factual scenario surrounding the circumstances of this lawsuit – which include, among other things, the validity and legality of certain email subject lines used by Defendants, the multiple factors that may be considered by a consumer upon purchasing a "Gold" membership, and the perception and interpretation of e-mail subject lines and communications and issues relating to Classmates use of its user information – are both complex and in dispute.

  Plaintiffs acknowledge Defendants argument that the CPA's requirement of proving reliance on alleged misrepresentations could prove to be a significant hurdle in certifying any claim under the CPA.  Among other factors required to prevail on a CPA claim, a plaintiff must show that it was injured by the defendant's conduct and that the defendant's act or practice was the proximate cause of plaintiff's injury. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 787-93, (1986).  For cases involving affirmative misrepresentations,  a plaintiff "must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wn.2d 59, 84 (2007).

  Applying these factors here, Defendants would certainly argue that proximate causation introduces individual issues that defeat manageability under Rule 23(b)(3), if not also the typicality and commonality prongs of Rule 23(a).  For example, for any proposed class member

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   who purchased a Gold membership after receiving an allegedly misleading email from

2   Classmates, Defendants would likely require Plaintiffs to prove – on an individual by individual

3   basis – that the class member purchased the Gold membership in reliance on, or as a proximate

4   cause of, that email.  This type of individually-based proof, Defendants will argue, precludes

5   certification.

6          Defendants would no doubt raise similar objections to class certification under CEMA,

7   RCW 19.190.020(2).  Defendants would likely argue that determining whether any email subject

8   lines generated by Classmates contain "false or misleading information" is also a fact-specific

9   determination that requires individual inquiry.  Defendants will emphasize that determining

10  whether any *particular* email subject line was false as to its *particular* recipient when sent is a

11  unique, person-by-person undertaking that precludes class certification.

12         Furthermore, there is significant doubt whether Plaintiffs could certify a nationwide class

13  under the Washington CPA.  Indeed, between January 21, 2010 and February 17, 2011 under

14  *Schnall v. AT&T Wireless Servs., Inc.*, 168 Wn.2d 125 (2010) it would have been difficult – if

15  not impossible – to certify a nationwide consumer class under the Washington CPA.  On

16  February 17, 2011, the Washington Supreme Court withdrew the *Schnall* decision, stating only

17  that a subsequent decision would be forthcoming.  *Schnall v. AT&T Wireless Servs., Inc.*, No.

18  80572-5 (Wash. Feb. 17, 2011).  Given *Schnall's* withdrawal, the state of Washington law on

19  this point is at best uncertain and therefore creates significant risks for both parties.

20         In addition, the potential costs of going to trial would be substantial.  The parties estimate

21  that trial would take at least five days, and both parties began taking the preliminary steps to

22  prepare for trial.  Under such circumstances, the avoidance of further risks and costs conserves

23  both the parties' and judicial resources.  As such, this factor weighs in favor of the preliminary

24  approval of the proposed Revised Settlement.

25

26

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 15

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### b.     The Risk of Maintaining Class Action Status throughout Trial

Where "[t]he court is unaware of any specific difficulty in maintaining class-action status in [a] case were the matter to continue to trial…the court will not consider this factor for settlement purposes." *Alberto v. GMRI, Inc.*, 2008 WL 4891201, at *9 (E.D. Cal. Nov. 12, 2008) (citation omitted).  For the reasons set forth above, Plaintiffs face serious risks in certifying any class in this action under either the CPA or CEMA.

### c.     The Amount Offered in Settlement Weighs in Favor of Approval.

A proposed revised settlement should be viewed as a whole rather than in individual pieces. *Officers for Justice*, 688 F.2d at 628.  An offer "may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *DIRECTV*, 221 F.R.D. at 527.  Moreover, a settlement should not be judged against a "speculative measure" of what could have been attained in negotiation.  *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).  The Court should "not substitute its business judgment for that of the parties." *Rankin v. Rots*, 2006 WL 1876538, at *3 (E.D. Mich. 2006).

In this case, there is a broad range of potential recovery if the case were to be litigated to its conclusion.  At one end of the spectrum is the possibility that Plaintiffs would prevail on their claims and recover the full amounts they request as paid out in membership fees under the CPA as well as potential statutory penalties under CEMA.  Under Plaintiffs' theory of the case, this could constitute approximately $9.95 to $39.00 per class member, per membership.  Moreover, CEMA provides for statutory damages of up to $500 per e-mail violation.  As alleged, Classmates has millions of free and paid subscribers, and Classmates sends e-mail communications to these free and paid subscribers on a regular and continual basis.  Accordingly, statutory damages under CEMA could be staggering – $60 billion, or more.  *See supra* at 9.  At the other end of the spectrum is the possibility that Defendants would prevail on their legal arguments to defeat liability entirely, resulting in no recovery for Plaintiffs.

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 16

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    Given this broad range of possible damages, the Revised Settlement provides a

2    substantial recovery, including substantive injunctive relief falling well within the range that

3    courts have traditionally found to be fair and adequate under the law.  *See, e.g., In re Mego Fin.*

4    *Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000); *Lane, et al. v. Facebook, Inc., et al.*, No. C-

5    08-3845RS (N.D. Cal.).

6    The Revised Settlement is reasonable under the circumstances.  Defendants are

7    absolutely obligated to pay $2.5 million, whereas under the prior proposed settlement Defendants

8    were only obligated to pay amounts for which class members submitted claims, plus a cy pres

9    donation of $500,000.  However, there are several serious hurdles that could stand in the way of

10   Plaintiffs or the class receiving any award though the litigation process.  It is likely to take a

11   significant amount of time to proceed with this case through trial.  Defendants have asserted on

12   numerous occasions, including in the attached Agreement, that they vigorously oppose Plaintiffs'

13   allegations.  In addition to vigorous opposition to class certification, Plaintiffs will likely face a

14   motion for summary judgment and continued discovery disputes.  The vast majority of class

15   members paid no money as a result of Defendants' conduct.  Those that did sign up for a Gold

16   Membership paid between approximately $10-40 dollars.  Under the Revised Settlement, each

17   class member is entitled to up to $15 as a result of Plaintiffs' efforts.

18   Although CEMA provides statutory damages of $500 for each email that violates the

19   statute, this mandatory penalty operates as more of a fiction than a reality in a class of this size.

20   First, the statutory penalty is all or nothing.  If Plaintiffs prove that an email subject line they

21   received is false or misleading, the statute entitles them to $500 (or actual damages, if higher) per

22   email.  If Plaintiffs do not succeed in this proof, they recover nothing.  Second, if Plaintiffs

23   succeed in proving that each of the 60 million class members received two false or misleading

24   emails from Classmates, the damages are $60 billion.  In fact, Plaintiffs have reason to believe

25   that many – if not most – class members received more than two such misleading emails from

26   Classmates.  Damages of this size and scope would quickly put Defendants out of business, and

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 17

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    class members would likely receive nothing from the bankrupt estates.  Under these

2    circumstances, then, the $500 statutory penalty is so significant in the aggregate as to be

3    functionally meaningless.

4          Under this Revised Settlement Agreement, members of the class are entitled to receive up

5    to $15, and Defendants are required to pay $2.5 million no matter how many claims are made

6    during the claims process, together with improved and more focused injunctive relief.  In

7    addition, Defendants have agreed to pay the costs of notice, settlement administration, as well as

8    attorneys' fees and costs, as allowed by the Court.  Accordingly, this Revised Settlement

9    provides all Class members substantial relief relative to their out-of-pocket costs, if any, and is a

10   reasonable compromise of the claims at issue.

11              **d.      The Extent of Discovery Completed and the Stage of Proceedings
                          Weigh in Favor of Approval.**

12   

13          The extent of discovery conducted assists in the parties' determination of the strengths

14   and weaknesses of the case.  *See DIRECTV*, 221 F.R.D at 527 (*citing* Manual for Complex

15   Litigation § 30.42 (3d ed. 1995)).  Preliminary approval of a settlement is more likely if the

16   settlement was reached after careful investigation and consideration of the "legal and factual

17   issues surrounding the case."  *Id.*  "A court is more likely to approve a settlement if most of the

18   discovery is completed because it suggests that the parties arrived at a compromise based on a

19   full understanding of the legal and factual issues surrounding the case."  *DIRECTV*, 221 F.R.D.

20   at 527 (internal quotations and citation omitted).

21          Here, and as described previously, both parties have undertaken discovery.  Both parties

22   propounded and answered numerous interrogatories, requests for production, and were preparing

23   to embark on substantial rounds of witness and third-party depositions.  The parties have also

24   reviewed thousands of pages of documents in this case.  Therefore, the parties have a well-

25   informed view of the case.  This factor supports preliminary approval.

26

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 18

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

       e.        **The Experience and View of Counsel Weigh in Favor of Approval.**

2

      "Great weight is accorded to the recommendation of counsel, who are most closely

3

acquainted with the facts of the underlying litigation." *DIRECTV*, 221 F.R.D. at 528 (citation

4

omitted). "This is because '[p]arties represented by competent counsel are better positioned than

5

courts to produce a settlement that fairly reflects each party's expected outcome in the

6

litigation.'" *Id.* (*citing In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).

7

      Class Counsel have extensive experience in handling complex class action cases. Keller

8

Rohrback L.L.P. is a national leader in such litigation. The firm has served as lead or co-lead

9

counsel in numerous class actions in the areas of consumer protection, securities fraud, antitrust,

10

and ERISA-related class action litigation. *See* Declaration of Mark Griffin, Dkt. 31 (March 20,

11

2009). Kabateck Brown Kellner LLP is also a leading class action firm that specializes in

12

consumer class actions. *See* Declaration of Richard Kellner, Dkt. 32 (March 20, 2009). Based

13

on the experience and the specific facts of this case, Class Counsel have concluded that the

14

Settlement is fair, reasonable, and adequate. Counsel have their combined experience in prior

15

cases as well as their experience gained from a thorough review of the objections submitted in

16

response to the prior proposed settlement. This factor also supports preliminary approval of the

17

Revised Settlement.

18

       f.        **The Presence of a Government Participant**

19

      The Government is not a party or a formal participant in this case. Consequently, this

20

factor is inapplicable.

21

       g.       **The Reaction of Class Members to the Proposed Settlement**

22

      The Lead Plaintiffs[6] and other Class Members with whom Class Counsel have consulted

23

support the proposed Revised Settlement. However, full discussion of this factor cannot occur

24

until after notice is issued and the Class as a whole has the opportunity to evaluate the

25

Settlement. In crafting the terms of the Revised Settlement the parties have taken into account

26

---

[6] *See supra* note 1.

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 19

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

class members' objections and statements of this Court in response to the prior proposed

settlement.  The Revised Settlement addresses all of the relevant concerns previously raised in

class member submissions.  First, the parties have eliminated the distinction between class and

subclass members – all members that were in either the prior class or subclass are part of the

revised class.  Second, the coupon element of the settlement which was seen as a benefit and

potential marking advantage for Defendants has been eliminated in lieu of a cash payment to all

class members – even those who never paid Classmates a dime.  The injunctive relief is focused

to address the primary concern raised by the Complaint, and the non-profit organizations to

whom any potential left-over funds may be donated have been selected because they currently

are engaged in work that is germane to the issues in the Complaint.  Any cy pres donation to

these organizations will be ear-marked for work on technology-related consumer rights or

protection from unfair and deceptive consumer practices, and will be subject to Court approval.

**B.    The Proposed Settlement Satisfies All of the Court's Concerns Expressed In Its February 23, 2011 Order**

Class Counsel took full heed of the objections made by class members, the statements

made by this Court, and Class Counsel's duty to the putative class members when renegotiating

the settlement.  First, the revised injunction, unlike the prior injunction, requires Classmates to

change the substance of its marketing emails by including a statement in the body of each email

which explains, in detail, the guestbook feature and why and how the email was generated.  It

also requires Defendants to change the actual subject line of the allegedly deceptive email.

These changes directly address Classmates' deceptive marketing practices.  Additionally,

Sections 5 through 7 of Exhibit C, attached to the Revised Agreement, address certain potential

privacy concerns and explain to users how they can protect themselves from privacy

transgressions while using Defendants' website.

Second, the parties have disposed of an automatic cy pres payment in favor of a larger

guaranteed payment by Classmates.  There will be no cy pres award unless: (1) fewer than

166,666 claims are made; or (2) class members who do make a claim and elect payment by

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 20

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   check rather than PayPal fail to provide a valid mailing address or to cash their checks within 90

2   days of receipt.  Because the potential amount of the award has been increased to $15, and

3   because the electronic claims process has been even further streamlined to allow for electronic

4   processing and payment, Plaintiffs believe that the class participation rates will be significantly

5   improved over the prior settlement.

6          Third, under the Revised Settlement, Classmates now has a fully defined monetary

7   obligation.  Classmates must pay $2,500,000 for the class fund, plus up to $1,050,000 in

8   attorneys' fees, plus disbursements, plus class representative incentives (as approved by the

9   Court), and the costs of administering the settlement.  Further, there can be no question that

10  Classmates is undertaking a tremendous risk to its business by making blatant disclosures in

11  emails regarding the mechanics of what it will now call the Classmates® Guestbook program.

12         Fourth, with respect to class member objections, this settlement addresses their most

13  common concern – the credits which could only be used if class members used the Classmates

14  service.  Now, *all* class members have an opportunity to participate in the $2.5 million cash fund

15  – up to $15 each.  Since this cash payment can be used at the class members' sole discretion,

16  there is no element of a promotion or benefit to Classmates with respect to this settlement

17  structure.  This consideration fully justifies the release provided by this settlement.

18         Fifth, with respect to the individual benefit, the Court indicated that a $3 payment was

19  not unreasonable to settle a claim where class members paid between $10 and $40.  Here, not

20  only will class members who never paid a dime to Classmates have access to up to $15 in cash,

21  but under the terms of this Agreement more than 17 times as many class members will have to

22  make a claim in order for the pro-rata allocation to each class member drop below $3.

23  Additionally, more than 1.25 million claims will need to be received for the pro-rata allocation to

24  drop below $2 per claim.  In the unlikely event there are not enough claims made to exhaust the

25  $2.5 million fund, the Revised Settlement provides that the remainder will be donated equitably

26  to seven non-profit charitable organizations, and ear-marked for work that is directly relevant to

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 21

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the claims at issue in this case – technology-related consumer rights and protection from unfair and deceptive consumer practices.  In this way, any cy pres award will be used by the selected charities to provide at least an indirect benefit to class members on issues relevant to the Complaint's allegations.

Sixth, while the Court noted that the electronic claims process was sufficient under the former settlement, the Revised Settlement will be fully automated.  Because the claims and payment processes can be accomplished electronically, class members will have to expend minimal time and expense to make a claim and receive payment.  Indeed, class members will even have the option of payment by PayPal.

Finally, class members can also electronically exclude themselves from the settlement; giving class members a very simple and efficient way to opt-out of the settlement if they choose.

In sum, this is a very good settlement that is fair, reasonable, and adequate and should be preliminarily approved.

## C.   The Form of Notice to Class Members Meets the Due Process Requirements of Rule 23.

Following preliminary approval of a settlement, the class members must be notified of the proposed settlement.  Rule 23 provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]."  Fed. R. Civ. P. 23(e)(1).  With respect to the terms of the notice, "[n]otice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."  *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (internal quotations and citations omitted).  "Settlement notices are supposed to present information about a proposed settlement neutrally, simply, and understandably[.]"  *Id.* (citing cases in the Second, Sixth, and Eighth Circuits).

With respect to the method of notice, members of the Class must receive the "best notice practicable" under the circumstances.  *See Silber v. Mabon*, 18 F.3d 1449, 1452 (9th Cir. 1994); *see also Browning v. Yahoo! Inc.*, 2007 WL 4105971, at *7 (N.D. Cal. 2007) (notice "need not

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 22

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    [be] perfect" but must be "the best notice practicable under the circumstances and directed in a

2    reasonable manner to all members who would be bound") (citing Fed. R. Civ. P. 23(c)(2)(B) &

3    23(e)(1)(B)) (internal quotations and citations omitted).

4         As with the prior settlement, the parties propose that the best method of providing notice

5    is via electronic mail correspondence to the Class, as well as publication in the classified

6    advertising section of the *Wall Street Journal*, as set forth in Paragraphs 8.1 and 8.2 of the

7    Revised Settlement Agreement.  Notice by electronic mail has held to be particularly suitable in

8    cases where class members' claims arise from their visits to Defendants' internet websites.

9    *Browning*, 2007 WL 4105971 at *4; *accord Farinella v. PayPal, Inc.*, 611 F. Supp. 2d 250, 257,

10   n. 10 (E.D.N.Y. 2009) (finding that class members were "uniquely suited" for e-mail notification

11   because "(1) their interactions with defendants have exclusively or predominantly been via e-

12   mail and over the internet and (2) while the e-mail addresses associated with their PayPal

13   accounts have been verified by the defendants, their mailing addresses have not").

14        Here, the parties have the benefit of providing notice on two prior occasions and the

15   parties' experience with the process ensures that notice will be performed efficiently.  As done

16   previously, the proposed Notices will be e-mailed directly to each of Classmates' customers who

17   fall within the Class definition.  Because each class members' relationship with Defendants is

18   internet-based, and because of the extraordinarily large number of class members, this method of

19   notice is particularly suitable under the circumstances.  By providing notice in this manner,

20   notice will reach a high percentage of the target audience.

21        The proposed Class Notice (*see* Exhibit A to the Revised Settlement Agreement)

22   describes the terms of the Revised Settlement in plain language and with sufficient detail,

23   including providing a website address to visit for additional information.  The Notice describes

24   the terms and operation of the Revised Settlement, the considerations that caused the parties to

25   conclude that the Settlement is fair and adequate, the fact of the (then-) pending requests for

26   attorneys' fees and costs and where class members can review those requests, including

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 23

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

participation awards to the Lead Plaintiffs, the procedure for objecting to the Settlement, the procedure for submitting a valid claim form, and the date and place of the Final Fairness Hearing.  It contains contact information for the Settlement Administrator and Class Counsel.  It also provides a clear and concise description of the amounts to be paid to each class member as well as the contingencies for pro-rata distributions based on the number of class members who submit their claim.  Notice of this Settlement will also be published in the *Wall Street Journal* and on the settlement website.

## IV.   PROPOSED SCHEDULE

As set forth in the Revised Settlement, the parties propose a schedule regarding notice to the Class and final approval of the Revised Settlement Agreement.  The proposal is set forth in Paragraphs 4 and 5 of the proposed order submitted herewith as Exhibit 2.

## V.   CONCLUSION

For the reasons described above, the Revised Settlement is the product of serious, non-collusive, arm's-length negotiations, and is a fair, reasonable, and adequate resolution of Plaintiffs' claims.  The proposed Class Notice also satisfies Rule 23's due process requirements. As a result, the parties respectfully request that the Court grant their joint motion and enter the proposed order attached hereto which: (1) grants preliminary approval of the Settlement; (2) approves the form and manner of Class Notice; and (3) sets a date for the Final Fairness Hearing.

DATED this 25th day of March, 2011.

KELLER ROHRBACK L.L.P.

By s/Amy Williams-Derry
Mark A. Griffin, WSBA #16296
Amy Williams-Derry, WSBA #28711
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 24

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Tel: (206) 623-1900
Fax: (206) 623-3384
mgriffin@kellerrohrback.com
awilliams-derry@kellerrohrback.com

Brian S. Kabateck
Richard L. Kellner
Joshua H. Haffner
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA  90017
Tel: (213) 217-5000
Fax: (213) 217-5010
bsk@kbklawyers.com
rlk@kbklawyers.com
jhh@kbklawyers.com

***Interim Class Counsel***

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

4

5

6

7

IN RE CLASSMATES.COM              )        No. CV09-45RAJ
CONSOLIDATED LITIGATION           )
                                  )        CERTIFICATE OF SERVICE
                                  )
_____   )

8

9

10

I HEREBY CERTIFY that on the 25th day of March, 2011, I electronically filed the

foregoing document with the Clerk of the Court using the ECF system, which will send

notification of such filing to the following:

11

12

13

14

15

Stellman Keehnel, WSBA No. 9309
Russell B. Wuehler, WSBA No. 37941
Nicole Tadano, WSBA No. 40531
DLA Piper US LLP
stellman.keehnel@dlapiper.com
russell.wuehler@dlapiper.com
Nicole.tadano@dlapiper.com

16

17

*Attorneys for Defendants Classmates Online, Inc,*
*Classmates Media Corporation and United Online, Inc.*

18

19

Clifford A. Cantor, WSBA No. 17893
Law Office of Clifford A. Canter PC
cacantor@comcast.net

20

21

22

David Stampley
Scott Kamber
KamberLaw, LLC
dstampley@kamberlaw.com
skamber@kamberlaw.com

23

24

25

Lawrence Carl Locker, WSBA No. 15819
Summit Law Group
larryl@summitlaw.com

26

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2   Theodore Frank
    Center for Class Action Fairness
3   tfrank@gmail.com

4   Curtis J. Neeley, Jr.
    curtis@CurtisNeeley.com
5                                        s/Amy Williams-Derry

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF REVISED CLASS ACTION SETTLEMENT
(No. CV09-45RAJ) Page - 27

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384