# EXHIBIT 1

Exhibit 1 -- Page 34

## REVISED CLASS ACTION SETTLEMENT AGREEMENT

This Revised Class Action Settlement Agreement ("Settlement Agreement") is entered into, subject to final approval of the Court and entry of final judgments of dismissal with prejudice, between lead plaintiffs Anthony Michaels and David Catapano, individually ("Lead Plaintiffs"), and the Settlement Class, as defined below, represented by Lead Plaintiffs (collectively, "Plaintiffs"), on the one hand, and Classmates Online, Inc. (now known as Memory Lane, Inc.), Classmates Media Corporation, and United Online, Inc. (collectively, "Defendants"), on the other hand.  Plaintiffs and Defendants are, at times, individually referred to herein as a "Party" and collectively as the "Parties."

## RECITALS

A.      On October 30, 2008, plaintiff Anthony Michaels filed a putative class action complaint against Defendants in the Los Angeles Superior Court for the County of Los Angeles (the "Michaels Lawsuit").  The allegations in the Michaels Lawsuit are incorporated herein by reference.  The Michaels Lawsuit was removed to the United States District Court for the Central District of California on December 5, 2008, and by stipulation of the parties was transferred to the United States District Court for the Western District of Washington on January 5, 2009.  The Michaels Lawsuit was assigned Western District of Washington Case Number 09-cv-0045.

B.      On December 19, 2008, plaintiff Xavier Vasquez filed a putative class action complaint against Defendants in King County Superior Court for the State of Washington (the "Vasquez Lawsuit").  The allegations in the Vasquez Lawsuit are incorporated herein by reference.  The Vasquez Lawsuit was removed to the United States District Court for the Western District of Washington on January 23, 2009.  The Vasquez Lawsuit was assigned Western District of Washington Case Number 09-cv-0104.

C.      On April 30, 2009, the Honorable Richard A. Jones of the United States District Court for the Western District of Washington consolidated the Michaels Lawsuit and the Vasquez Lawsuit.   The Court captioned the consolidated lawsuit *In re Classmates.com*

*Consolidated Litigation*, Case No. 09-cv-0045.  The Michaels Lawsuit, the Vasquez Lawsuit, and the consolidated lawsuit are collectively referred to herein as the "Consolidated Lawsuit."

D.      On July 29, 2009, the Court appointed Keller Rohrback L.L.P. and Kabateck Brown Kellner L.L.P. to serve as interim class counsel.

E.      On September 18, 2009, interim class counsel in the Consolidated Lawsuit filed Plaintiffs' Amended Consolidated Class Action Complaint for Violations of the Washington Commercial Electronic Mail Act and Washington Consumer Protection Act (the "Consolidated Complaint").   The allegations in the Consolidated Complaint are incorporated herein by reference.

F.      The Parties have conducted formal discovery and extensive investigation, and have researched and analyzed the legal and factual issues relating to the claims and defenses in the Consolidated Lawsuit.  The Parties have assessed the relative strengths and weaknesses of the claims and defenses in the Consolidated Lawsuit.

G.      On March 12, 2010, the Parties entered into the Class Action Settlement Agreement (the "Prior Settlement Agreement").   The Prior Settlement Agreement was preliminarily approved by the Court on April 19, 2010.  The Prior Settlement Agreement was administered according to its terms and resulted in certain claims, objections and exclusions by various class members.  For the reasons set forth in the Court's Order dated February 22, 2011, which was entered on the Court's docket on February 23, 2011 (the "February 2011 Order"), however, the Prior Settlement Agreement was not finally approved by the Court.

H.      In light of the Court's February 2011 Order, the Parties have renegotiated this Settlement Agreement.  The Parties have engaged in substantial negotiations to resolve the claims in the Consolidated Lawsuit.  The Parties engaged in such negotiations during the course of several months in late-2009 through early-2010, including participating in formal mediation on December 18, 2009, before the Honorable Steven Scott of Judicial Dispute Resolution, LLC, who is a retired King County Superior Court Judge.  The Parties engaged in further negotiations from January 2011 through March 2011, including participating in a settlement conference on

February 8, 2011, before the Honorable John C. Coughenour, United States District Judge for the Western District of Washington.

I.       As a result of their settlement negotiations and after substantial inquiry and investigation, Lead Plaintiffs and Class Counsel have concluded that the Parties' renegotiated settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.

J.       Defendants have denied and continue to deny each of the claims and contentions alleged in the Consolidated Lawsuit and in each complaint filed in these proceedings. Defendants have repeatedly asserted and continue to assert defenses thereto, and have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Consolidated Lawsuit and in each complaint filed in these proceedings. Defendants have also denied and continue to deny that any Settlement Class member has suffered any damage or is entitled to any of the relief sought or that could have been sought through the Consolidated Lawsuit, or was harmed by any conduct of Defendants alleged or that could have been alleged in the Consolidated Lawsuit.  Neither this Settlement Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Settlement Agreement, is, may be construed as, or may be used as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever.

K.       The Parties recognize that the outcome of the Consolidated Lawsuit is uncertain, and that a final resolution through litigation would require protracted adversarial litigation and substantial risk and expense.  The Parties have agreed to resolve the Consolidated Lawsuit as a class action settlement according to the terms herein.

NOW, THEREFORE, without (a) any admission or concession on the part of Plaintiffs of the lack of merit of the Consolidated Lawsuit, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by any of the Defendants, it is hereby stipulated and agreed by the undersigned, on behalf of Lead Plaintiffs, the Settlement Class, and Defendants, that the Consolidated Lawsuit be settled, compromised, and dismissed on the merits and with prejudice, subject to approval of the Court, on the following terms and conditions:

**Revised Class Action Settlement Agreement**                    **Page 3**

<u>TERMS AND CONDITIONS</u>

## 1.    DEFINED TERMS

In addition to the terms defined above, the following terms shall have the meanings set forth below:

1.1.    "Claim Form Submission Date" shall have the meaning set forth in Paragraph 12.1. of this Settlement Agreement.

1.2.    "Claimant(s)" shall mean those members of the Settlement Class who submit a Valid Claim Form.

1.3.    "Class Counsel" shall have the meaning set forth in Paragraph 6.2. of this Settlement Agreement.

1.4.    "Classmates Online, Inc." shall mean Classmates Online, Inc. (now known as Memory Lane, Inc.) and each of its past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers.

1.5.    "Classmates Media Corporation" shall mean Classmates Media Corporation and each of its past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers.

1.6.    "Consolidated Complaint" shall have the meaning set forth in Paragraph E of the Recitals of this Settlement Agreement.

1.7.    "Consolidated Lawsuit" shall have the meaning set forth in Paragraph C of the Recitals of this Settlement Agreement.

1.8.    "Court" shall mean the United States District Court for the Western District of Washington, where the Consolidated Lawsuit is currently pending before the Honorable Richard A. Jones.

1.9.    "Defendants" shall have the meaning set forth in the introductory paragraph of this Settlement Agreement.

1.10.   "Effective Date" shall mean the first date after which all of the following events and conditions have been met or occurred:

(1)    All Parties or their competent representatives have executed this Settlement Agreement;

(2)    The Court, by entry of an appropriate order, has preliminarily approved this Settlement Agreement, the settlement terms set forth herein, and the method for providing notice to Settlement Class members and the claims process;

(3)    The Court has entered the Final Approval Order and Judgment, formally and finally approving this Settlement Agreement, without material alteration, and releasing the Released Parties from the Released Claims and dismissing with prejudice, and without leave to amend, the Consolidated Lawsuit and all claims asserted therein, except as to those Settlement Class members who timely request exclusion, and the Final Approval Order and Judgment is fully enforceable and the time for any appeals has expired;

(4)    Automatic termination of this Settlement Agreement has not occurred pursuant to the terms of Paragraph 16.1. herein; and

(5)    Defendants choose not to exercise their right, if such right exists, to terminate this Settlement Agreement pursuant to Paragraph 16.4. herein.

1.11. "Escrow Agent" shall have the meaning set forth in Paragraph 5.4. of this Settlement Agreement.

1.12. "February 2011 Order" shall have the meaning set forth in Paragraph G of the Recitals of this Settlement Agreement.

1.13. "Final Approval" and "Final Approval Order and Judgment" shall mean the order to be entered by the Court finally approving this Settlement Agreement as fair, adequate, reasonable and in the best interests of the Settlement Class, and dismissing the Consolidated Lawsuit with prejudice and without leave to amend in accordance with the applicable Federal Rules of Civil Procedure and other applicable law, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Settlement Agreement.

1.14. "Final Approval (Final Fairness) Hearing" shall mean the Court hearing at which final approval of this Settlement Agreement is sought. The Final Approval (Final Fairness) Hearing shall be set by the Court after entry of the Preliminary Approval Order on a date at least sixty (60) calendar days after the Notice Date, and in no event before August 31, 2011.

1.15. "Individual Notice to Settlement Class" shall mean the notice provided to Settlement Class members, pursuant to the terms of this Settlement Agreement, that this Settlement Agreement has been preliminarily approved. The Individual Notice to Settlement Class will be approved as to form and content by the Court and will be in substantially the form attached hereto as Exhibit A, unless otherwise modified by agreement of the Parties and approved by the Court.

1.16. "Judge" shall mean the Honorable Richard A. Jones of the United States District Court for the Western District of Washington.

1.17. "Lead Plaintiffs" shall have the meaning set forth in the introductory paragraph of this Settlement Agreement.

1.18. "Michaels Lawsuit" shall have the meaning set forth in Paragraph A of the Recitals of this Settlement Agreement.

**Revised Class Action Settlement Agreement**                    **Page 6**

1.19.   "Notice" shall mean, collectively, the communications by which Settlement Class members are notified of this Settlement Agreement and the Court's Preliminary Approval of this Settlement Agreement.

1.20.   "Notice Date" shall be defined by the period required to provide Notice to the Settlement Class members.   Subject to Preliminary Approval by the Court of this Settlement Agreement, Defendants shall work diligently and exercise commercially reasonable efforts to enable the Settlement Administrator to provide Notice within ninety (90) calendar days of the Court's entry of a Preliminary Approval Order.   Thus, for purposes of this Settlement Agreement, the "Notice Date" shall be the ninetieth (90) calendar day after the Court enters a Preliminary Approval Order.

1.21.   "Party" and "Parties" shall have the meaning set forth in the introductory paragraph of this Settlement Agreement.

1.22.   "Person(s)" shall mean any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

1.23.   "Plaintiffs" shall have the meaning set forth in the introductory paragraph of this Settlement Agreement.

1.24.   "Preliminary Approval" or "Preliminary Approval Order" shall mean the Court's entry of an order of preliminary approval of this Settlement Agreement.

1.25.   "Prior Settlement Agreement" shall have the meaning set forth in Paragraph G of the Recitals of this Settlement Agreement.

1.26.   "Released Claims" shall have the meaning set forth in Paragraph 13.1. of this Settlement Agreement.

1.27.   "Released Parties" shall have the meaning set forth in Paragraph 13.1. of this Settlement Agreement.

1.28.   "Releasing Parties" shall have the meaning set forth in Paragraph 13.1. of this Settlement Agreement.

1.29.   "Request for Exclusion" shall mean a request to be excluded from the Settlement Class, submitted in accordance with the terms and conditions of this Settlement Agreement and the instructions provided in the Notice.

1.30.   "Settlement Administrator" shall have the meaning set forth in Paragraph 7.1. of this Settlement Agreement.

1.31.   "Settlement Class Claim Form" shall mean the claim form to be used by members of the Settlement Class who elect to participate in the receipt of benefits as set forth herein.  The Settlement Class Claim Form will be approved as to form and content by the Court and will be in substantially the form attached hereto as Exhibit B, unless otherwise modified by agreement of the Parties and approved by the Court.

1.32.   "Total Cash Consideration" shall have the meaning set forth in Paragraph 4.1.1. of this Settlement Agreement.

1.33.   "United Online, Inc." shall mean United Online, Inc. and each of its past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers.

1.34.   "Valid Claim Form" shall have the meaning set forth in Paragraph 12.1. of this Settlement Agreement.

1.35.   "Vasquez Lawsuit" shall have the meaning set forth in Paragraph B of the Recitals of this Settlement Agreement.

2.      **COOPERATION BY THE PARTIES**

2.1.     The Parties and their counsel agree to cooperate fully with each other to promptly execute all documents and take all steps necessary to effectuate the terms and conditions of this Settlement Agreement.  The Parties and their counsel further agree to support the final approval of the Settlement Agreement including against any appeal of the Final Approval Order and Judgment including any collateral attack on the Settlement Agreement or the Final Approval Order and Judgment.

3.      **DEFINITION OF THE SETTLEMENT CLASS**

3.1.     For purposes of this Settlement Agreement only, the Parties agree to the certification, as discussed in Paragraph 6.3. of this Settlement Agreement, of a Settlement Class as defined below:

> **"Settlement Class"**
>
> All Persons residing in the United States who were registered with or subscribed to www.classmates.com at any time beginning on October 30, 2004 through February 23, 2011.

3.2.     According to Defendants' analysis and calculations, the Settlement Class is expected to be comprised of approximately sixty million individuals.  This estimated number of individuals comprising the Settlement Class is a material term of this Settlement Agreement.

3.3.     The following Persons are expressly excluded from the Settlement Class:

Defendants, all present or former officers and/or directors of Defendants, Class Counsel, the Judge of this Court, the Judge's family and staff, Defendants' counsel of record, and all Persons who make a timely and valid election to be excluded from the Settlement Class in accordance with the provisions of the Individual Notice to Settlement Class.

4.      **CONSIDERATION TO PLAINTIFFS**

4.1.     In exchange for the terms and conditions set forth in this Settlement Agreement, including without limitation the Released Claims set forth in Paragraph 13 below, Defendants will provide the following consideration:

4.1.1.   <u>Cash Payment to Settlement Class</u>.  Defendants will make available to the Settlement Class, collectively, a total cash payment of $2,500,000.00 (the "Total Cash Consideration").  All Settlement Class members who submit a Valid Claim Form will receive a pro rata share of the Total Cash Consideration up to and not to exceed $15.00 per Claimant.  In the event that the Total Cash Consideration, at a maximum of $15.00 per Claimant, is not exhausted by Claimants submitting Valid Claim Forms, the remainder of the Total Cash Consideration shall be donated in equal amounts to one or more of the following seven non-profit organizations, subject to the Court's confirmation, and ear-marked for their work on technology-related consumer rights and/or protection from unfair and deceptive consumer practices: (1) AARP Foundation's Fraud Fighter Call Center – Seattle; (2) Appleseed Network; (3) Campaign for Equal Justice; (4) Electronic Frontier Foundation; (5) Identity Theft Resource Center; (6) National Consumer Law Center; and (7) Public Justice Foundation.

4.1.2.   <u>Injunctive Relief</u>.  Beginning at the time of the Court's entry of a Final Approval Order and Judgment, and for a period of two years thereafter, Defendants will be enjoined as set forth in Exhibit C hereto.  Class Counsel will periodically monitor Defendants' compliance with the injunctive relief set forth in Exhibit C hereto, and shall provide Defendants with at least thirty (30) days prior written notice to their counsel designated herein of a claim of potential violation of such injunctive relief, and an opportunity to cure any such alleged violation, before filing any motion with the Court.  The Court shall retain jurisdiction over this settlement and the injunctive relief specified herein throughout the terms of the injunction.

4.1.3.   <u>Participation Awards to Lead Plaintiffs</u>.  Defendants agree not to oppose Class Counsel's request for the Court to award a participation payment of $2,500 each to Lead Plaintiffs Anthony Michaels and David Catapano for their contributions to the Consolidated Lawsuit.  If approved, such participation awards will be added to Class Counsel's cost bill submitted to the Court and paid directly by Class Counsel to Lead Plaintiffs.

5.      **CLASS COUNSEL'S FEES AND COSTS**

5.1.     Provided that Class Counsel will limit their request for fees as set forth below, Defendants will not oppose Class Counsel's application to the Court for an award of reasonable attorneys' fees and reimbursement of costs and expenses incurred in the prosecution of this matter on behalf of Plaintiffs.  In connection with this request, Class Counsel will limit their requested fee award to $1,050,000.00.   Defendants agree to pay to Class Counsel: i) the attorneys' fee awarded by the Court to Class Counsel not to exceed $1,050,000.00; and ii) the cost bill awarded by the Court, which shall include any participation awards by the Court, if any, to the Lead Plaintiffs in an amount not to exceed $2,500 for each of the two Lead Plaintiffs, as set forth in Paragraph 4.1.3. above.

5.2.     Defendants make no representations or admissions relating to the reasonableness of the fees Plaintiffs' counsel may be awarded by the Court.

5.3.     Any attorneys' fees and costs awarded by the Court shall be in addition to the Total Cash Consideration to be paid to the Settlement Class as provided for in Paragraph 4.1.1. above, and shall be paid by Defendants to Class Counsel within ten (10) business days of the Final Approval Order and Judgment and exhaustion of any appeals, subject to receipt by Defendants of a Form W-9 completed and signed by the payee.  Such payment shall be made pursuant to the delivery instructions of Class Counsel, and as agreed to by Defendants.

5.4.     In the event that the Final Approval Order and Judgment is appealed, within ten (10) business days of the filing of any such appeal, Defendants shall place the amount awarded by the Court in attorneys' fees and costs into an escrow account selected by Defendants, to be held in escrow until the exhaustion of any such appeal.  The funds in any such escrow account shall be held together with the funds in the escrow account, if any, contemplated by Paragraph 12.8. below.  Defendants shall retain all interest earned through such escrow account, if any, and only the principal balance (*i.e.*, only the total amount awarded by the Court in attorneys' fees and costs) shall be paid to Class Counsel as set forth in Paragraph 5.3. above.  In the event that the Final Approval Order and Judgment is overturned by any appellate court, Defendants shall have

the immediate right to withdraw and use the funds in the escrow account.  Defendants shall have the exclusive right to select the bank or trust entity to hold the funds in escrow (the "Escrow Agent").  Defendants shall bear the cost of opening and maintaining any such escrow account.

5.5.    None of the Released Parties shall have any responsibility for, and the Released Parties shall have no liability whatsoever with respect to, the allocation among Class Counsel and/or any other Person who may assert a claim for any attorneys' fees, costs, or expenses that the Court may award in connection with the Consolidated Lawsuit.

## 6.     PRELIMINARY APPROVAL OF SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

6.1.    The Parties shall work in good faith to jointly seek Preliminary Approval of this settlement from the Court.  Without limitation, the Court shall be asked to approve the terms and conditions of this Settlement Agreement, the Individual Notice to Settlement Class, the method of Notice, the Settlement Class Claim Form, the procedure for submitting claims, and the cap on attorneys' fees sought by Class Counsel, all as part of Preliminary Approval.  In the event Preliminary Approval is granted, Class Counsel will not represent, encourage or solicit any Person requesting exclusion from the Settlement Class or making objections to this Settlement Agreement.

6.2.    For settlement purposes only, the Parties agree that the Court may enter an order conditionally certifying the Settlement Class, appointing Lead Plaintiffs Anthony Michaels and David Catapano as representatives of the Settlement Class, and appointing the following counsel as "Class Counsel" for the Settlement Class:

> KELLER ROHRBACK L.L.P.
> Mark A. Griffin
> Amy Williams-Derry
> 1201 Third Avenue, Suite 3200
> Seattle, Washington 98101
>
> KABATECK BROWN KELLNER L.L.P.
> Richard L. Kellner
> 644 South Figueroa Street

Los Angeles, California 90017

6.3.    Conditional certification of the Settlement Class and appointment of Lead Plaintiffs and Class Counsel by the Court shall be binding only if the terms of this Settlement Agreement are given full force and effect and there is a full and final settlement of the Consolidated Lawsuit.  In the event this Settlement Agreement is terminated pursuant to its terms, or a Final Approval Order and Judgment does not occur for any reason, the conditional certification of the Settlement Class shall be automatically nullified, and the Consolidated Lawsuit shall proceed as though the Settlement Class had never been conditionally certified, with the Parties reserving all of their rights with respect to class certification.

**7.    SETTLEMENT ADMINISTRATOR**

7.1.    The Parties agree to recommend to the Court that The Garden City Group, 815 Western Avenue, Suite 200, Seattle, WA 98104, be designated to oversee the claims administration process (the "Settlement Administrator").  The Settlement Administrator will work with Defendants to, without limitation, (i) provide Notice to potential Settlement Class members; (ii) process Settlement Class Claim Forms; (iii) confirm the issuance of payments to the Claimants; and (iv) provide any necessary certifications to the Court concerning the administration and processing of claims.

7.2.    The Settlement Administrator shall be paid by Defendants for services rendered pursuant to this Settlement Agreement.  Separate and apart from its payment of attorneys' fees and costs as awarded by the Court and as set forth in Paragraph 5.1., Defendants shall also pay all reasonable costs of administering the settlement, if Preliminary Approval is granted by the Court.  Such costs include, without limitation, the reasonable costs of Notice to Settlement Class members, preparing the Individual Notice to Settlement Class and Settlement Class Claim Form, electronically mailing the Individual Notice to Settlement Class and Settlement Class Claim Form to Settlement Class members, publication notice, processing claims, and any other costs associated with the services of the Settlement Administrator.

## 8.    NOTICE OF SETTLEMENT AND ADMINISTRATION OF CLAIMS

8.1.    As soon as practicable after the Preliminary Approval of the Settlement Class, Defendants shall initiate a search of its reasonably available electronic data in an effort to ascertain the valid electronic mail address of each Settlement Class member.  Thereafter, the Settlement Administrator shall send via electronic mail a copy of the Individual Notice to Settlement Class and Settlement Class Claim Form to all identified potential Settlement Class members.  Due to the large number of potential Settlement Class members, it is expected that the Settlement Administrator will need to send such electronic mail notifications over a period of at least sixty (60) days.  Defendants and the Settlement Administrator shall use their commercially reasonable efforts to complete the identification of Settlement Class members and electronic mailing of these notices and claim forms to Settlement Class members by the Notice Date.

8.2.    The Settlement Administrator shall also provide publication notice to potential Settlement Class members through a *Wall Street Journal* newspaper classified advertisement posting not smaller than one-eighth of a page.  The publication notice shall be designed to comply with FED. R. CIV. P. 23(c)(2) and shall state that a class action lawsuit involving www.classmates.com has been settled and advise that if the reader was a registered user of www.classmates.com he or she may be entitled to settlement benefits.  The notice will direct potential Settlement Class members to contact the Settlement Administrator for more information.  Upon receipt of the individual's www.classmates.com email address or user identification information, the Settlement Administrator will provide, via electronic mail, the individual with a Settlement Class Claim Form.  Defendants and the Settlement Administrator shall make such publication notice within thirty (30) calendar days after the Preliminary Approval of the settlement as provided herein.

8.3.    Upon entry of a Preliminary Approval Order, the Settlement Administrator shall also update and continue to maintain the settlement website, which is located at www.cmemailsettlement.com.  Such website will continue to host appropriate information

relating to the settlement and administration of claims, and contact information for the Settlement Administrator.

8.4.    Defendants shall pay all of the costs associated with Notice and settlement administration separate and apart from their obligation to pay the Total Cash Consideration as set forth in Paragraph 4.1.1. and attorneys' fees and costs, including the participation payments to the Lead Plaintiffs, as set forth in Paragraphs 5.1 and 4.1.3.

8.5.    Defendants will also notify the appropriate federal and state officials of this Revised Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## 9.    REQUESTS FOR EXCLUSION

9.1.    Settlement Class members who wish to exclude themselves (opt out) from the Settlement Class must submit a written Request for Exclusion.  To be effective, such a request must include the Settlement Class member's name, mailing address, e-mail address, the signature of the Settlement Class member (or, in the case of a Person who is deceased or incapacitated only, the signature of the legally authorized representative of that Settlement Class member), and substantially the following statement, "I want to opt out of the class certified in the In re Classmates.com Consolidated Litigation."   An online mechanism will be established so that Requests for Exclusion can be made electronically through the settlement website.  Alternatively, Requests for Exclusion may be submitted via First Class U.S. Mail paid by the Settlement Class member and sent to the Settlement Administrator at the address provided in the Individual Notice to Settlement Class.  Requests for Exclusion must be submitted no later than thirty (30) calendar days after the Notice Date.

9.2.    Those individuals who excluded themselves from the Prior Settlement Agreement are not deemed to be excluded from this Settlement Agreement.  To be excluded from this Settlement Agreement, any such individual must re-submit a valid Request for Exclusion from the Settlement Class as set forth in Paragraph 9.1. above.

9.3.    The Settlement Administrator shall promptly log each Request for Exclusion that is received, and shall provide copies of the log and all such Requests for Exclusion to Class Counsel and to Defendants and their counsel within five (5) business days after the deadline fixed for Settlement Class members to request exclusion.

9.4.    Within five (5) business days after the deadline fixed for Settlement Class members to request exclusion from the Settlement Class, Class Counsel shall forward to the Settlement Administrator and to Defendants and their counsel copies of any Requests for Exclusion received by Class Counsel.

**10.    OBJECTIONS**

10.1.    Settlement Class members who do not request exclusion from the Settlement Class may object to the settlement.  Settlement Class members who choose to object to the settlement must file written notices of intent to object with the Court and serve copies of any such objection on counsel for the Parties, as set forth in more detail in Paragraph 10.2.  Any Settlement Class member may appear at the Final Approval (Final Fairness) Hearing, in person or by counsel, and be heard to the extent permitted under applicable law and allowed by the Court, in opposition to the fairness, reasonableness and adequacy of the settlement, and on Class Counsel's application for an award of attorneys' fees and costs.  The right to object to the settlement must be exercised individually by an individual Settlement Class member, not as a member of a group and, except in the case of a deceased, minor, or incapacitated Person or where represented by counsel, not by the act of another Person acting or purporting to act in a representative capacity.

10.2.    To be effective, a notice of intent to object to the settlement that is filed with the Court must:

(a) Contain a caption that includes the name of the Consolidated Lawsuit and its case number as follows: *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045;

(b) Provide the name, address, telephone number and signature of the Settlement Class member filing the intent to object;

(c) Be filed with the Clerk of the Court not later than thirty (30) calendar days after the Notice Date;

(d) Be served on Class Counsel and counsel for Defendants so as to be received no later than thirty (30) calendar days after the Notice Date;

(e) Contain the name, address, bar number and telephone number of the objecting Settlement Class member's counsel, if represented by an attorney; and

(f) State whether the objecting Settlement Class member intends to appear at the Final Approval (Final Fairness) Hearing, either in person or through counsel.

10.3.   In addition to the foregoing, if the Settlement Class member is represented by counsel and such counsel intends to speak at the Final Approval (Final Fairness) Hearing, a notice of intent to object must contain the following information:

(a) A detailed statement of the specific legal and factual basis for each and every objection; and

(b) A detailed description of any and all evidence the objecting Settlement Class member may offer at the Final Approval (Final Fairness) Hearing, including copies of any and all exhibits that the objecting Settlement Class member may introduce at the Final Approval (Final Fairness) Hearing.

10.4.   Any Settlement Class member who does not file a timely and adequate notice of intent to object in accordance with this Section 10 waives the right to object or to be heard at the Final Approval (Final Fairness) Hearing and shall be forever barred from making any objection to the settlement.  To the extent any Settlement Class member objects to the settlement, and such objection is overruled in whole or in part, such Settlement Class member will be forever bound by the Final Approval Order and Judgment of the Court.

10.5.   Lead Plaintiffs agree to the terms of this Settlement Agreement, agree not to request to be excluded from settlement, and agree not to object to any of the terms of this

**Revised Class Action Settlement Agreement**          **Page 17**

Settlement Agreement.  Non-compliance by Lead Plaintiffs with this paragraph shall be void and of no force and effect.  Any such Request for Exclusion or objection shall therefore be void and of no force or effect.

10.6.   No later than fifteen (15) calendar days before the Final Approval (Final Fairness) Hearing, the Settlement Administrator shall provide to Class Counsel and to Defendants and their counsel the following information:  i) the number of e-mail notices sent to Settlement Class members; ii) the approximate number of visits to the settlement website from the date of entry of a Preliminary Approval Order; and iii) such other similar tracking information reasonably requested by Class Counsel or by Defendants or their counsel.

10.7.   No later than fifteen (15) calendar days before the Final Approval (Final Fairness) Hearing, the Settlement Administrator shall provide to Class Counsel and to counsel for Defendants the number of Settlement Class members who have to date submitted Valid Claim Forms and the number of Settlement Class members who have requested exclusion from the Settlement.

## 11.    FINAL APPROVAL

11.1.   The Individual Notice to Settlement Class shall contain a date, time and location for the Final Approval (Final Fairness) Hearing to be conducted by the Court.  The Final Approval (Final Fairness) Hearing shall be set by the Court after entry of the Preliminary Approval Order on a date at least sixty (60) calendar days after the Notice Date, and in no event before August 31, 2011.

11.2.   Upon final approval of this Settlement Agreement, the Final Approval Order and Judgment shall be entered by the Court, which shall, *inter alia*:

(1)     Grant final approval to the settlement and Settlement Agreement as fair, reasonable, adequate, in good faith and in the best interests of Plaintiffs, and order the Parties to carry out the provisions of this Settlement Agreement;

(2)    Dismiss with prejudice and without leave to amend the Consolidated Lawsuit and all actions, complaints and claims and any lawsuit as against Defendants and/or the Released Parties arising out of or related to any of the actions or events complained of in the Consolidated Lawsuit herein;

(3)    Adjudge that the Releasing Parties are conclusively deemed to have released Defendants and the Released Parties of the Released Claims;

(4)    Bar and permanently enjoin each Settlement Class member from prosecuting against the Released Parties any and all of the Released Claims;

(5)    Enjoin Defendants as set forth in the attached Exhibit C; and

(6)    Reserve continuing jurisdiction by the Court to preside over any ongoing proceedings relating to the Consolidated Lawsuit or this Settlement Agreement.

## 12.    CLAIM PROCESSING AND CASH PAYMENT/DISTRIBUTION OF TOTAL CASH CONSIDERATION

12.1.    Settlement Class members must electronically complete and sign, under penalty of perjury, the appropriate claim form and submit it to the Settlement Administrator via mail or an electronic claim form submission process to be established by the Settlement Administrator, submitted not later than thirty (30) calendar days after the Notice Date (a "Valid Claim Form"). A claim form shall be considered defective if the Claimant fails to timely submit the claim form, provide the required information on the claim form, or to electronically sign under penalty of perjury that the Claimant is entitled to the benefit sought.  The deadline for submitting a Valid Claim Form set forth herein shall be the "Claim Form Submission Date" for each Claimant.

12.2.    Each Claimant that submitted a valid claim form for benefits under the Prior Settlement Agreement shall automatically be treated as having submitted a Valid Claim Form for benefits under this Settlement Agreement.  In the event any such Claimant wants to withdraw his or her claim and object to or opt out of this Settlement Agreement, such Claimant will have the ability to conveniently do so.

12.3.   Cash payments made pursuant to Paragraph 4.1.1. above will be made to Claimants through PayPal or, in the event any Claimant chooses not to receive payment through PayPal, via physical check.

12.4.   Within ninety (90) calendar days after the entry of a Final Approval Order and Judgment and exhaustion of any appeals, the Settlement Administrator will process PayPal payments and mail checks, as set forth in Paragraph 4.1.1. above, to the Settlement Class members who submit a Valid Claim Form.

12.5.   Within sixty (60) calendar days of the Notice Date, the Settlement Administrator will notify Class Counsel and counsel for Defendants of any Settlement Class member who has submitted a deficient claim form, and those Settlement Class members will be given ten (10) calendar days to cure the deficiency.

12.6.   The Settlement Class members acknowledge that the claims process may take longer than described above due to the number of potential Settlement Class members. Defendants and the Settlement Administrator will employ all due commercially reasonable speed to distribute claimed cash payments as set forth herein.

12.7.   Other than as set forth in Paragraphs 4.1.3. and 5.1., the cash payments set forth above shall be the only payments to which any Settlement Class member will be entitled pursuant to this Settlement Agreement, and each Settlement Class member will only be entitled to such cash payment if they submit a Valid Claim Form.  Any unclaimed cash payments will be donated to one or more of the seven non-profit organizations, subject to the Court's confirmation, as set forth in Paragraph 4.1.1. above.

12.8.   In the event that the Final Approval Order and Judgment is appealed, within ten (10) business days of the filing of any such appeal, Defendants shall place the Total Cash Consideration (*i.e.*, $2,500,000.00) into an escrow account selected by Defendants, to be held in escrow until the exhaustion of any such appeal.  The funds in any such escrow account shall be held together with the funds in the escrow account, if any, contemplated by Paragraph 5.4. above.  Defendants shall retain all interest earned through such escrow account, if any, and only

the principal balance (*i.e.*, only $2,500,000.00) shall be paid to the Settlement Class as set forth in Paragraph 4.1.1. above.   In the event that the Final Approval Order and Judgment is overturned by any appellate court, Defendants shall have the immediate right to withdraw and use the funds in the escrow account.   Defendants shall have the exclusive right to select the Escrow Agent.   Defendants shall bear the cost of opening and maintaining any such escrow account.

12.9.   Settlement Class members who receive a physical check pursuant to Paragraph 12.3. above shall have ninety (90) calendar days within which to cash the issued check.   At 12:00 p.m. PST on the ninetieth (90) calendar day after issuance of the check, Defendants will stop payment on all uncollected checks.   Similarly, Defendants will stop payment on all checks returned as undeliverable to the address provided by any Settlement Class member seeking payment by check.   All additional funds from any such uncollected or undeliverable checks shall be further donated to the seven non-profit organizations set forth and in the manner identified in Paragraph 4.1.1.

## 13.   RELEASE BY ALL SETTLEMENT CLASS MEMBERS

13.1.   As of the Effective Date, the Settlement Class members, including Lead Plaintiffs (collectively, the "Releasing Parties"), release Defendants and each of their past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers (the "Released Parties"), from the "Released Claims."   For purposes of this Settlement Agreement, the "Released Claims" are defined as:

(1)     All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal constitution, statute, rule or regulation, arising out of any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged, or that could have been alleged, in the Consolidated Lawsuit and the underlying complaints in the Consolidated Lawsuit; and

(2)     Any unknown claims arising out of any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged, or related to acts alleged, in the Consolidated Lawsuit that the Releasing Parties do not know or suspect to exist in their favor at the time of this release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this settlement.  With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which section provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

13.2.   The Releasing Parties may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-

contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

13.3.    As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class member who does not file a valid Request for Exclusion, thereby becoming a Settlement Class member, automatically, upon final approval of the Settlement, shall be held to have fully released, waived, relinquished and discharged the Released Parties from the Released Claims, to the fullest extent permitted by law, and shall be enjoined from continuing, instituting or prosecuting any legal proceeding against the Released Parties relating in any way whatsoever to the Released Claims.

13.4.    The Releasing Parties stipulate and agree that upon the Court's final approval of this Settlement Agreement, the Consolidated Lawsuit shall be dismissed with prejudice.

13.5.    The Releasing Parties, on behalf of themselves and their respective assigns, agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.

**14.    CONFIDENTIALITY**

14.1.    Lead Plaintiffs and Class Counsel agree, for a period ending three (3) years from the date on which the Court enters the Final Approval Order and Judgment not to issue any press releases or public announcements, or make or permit any disclosures, through print media, the internet, electronic mail, broadcast announcements, or otherwise, concerning this Settlement Agreement or the terms and conditions contained herein, not to advertise, market or promote their business or law firms in any way (including on their websites and promotional materials) that would reveal Defendants' identity in connection with the Consolidated Lawsuit or this Settlement Agreement, and not to make or permit any public statements or disclosures regarding this Settlement Agreement that in any way expressly or impliedly reveal the identity of

Defendants.   This provision shall not restrict Class Counsel from making any necessary representations to the Court or other Courts concerning the Settlement Agreement or from responding to inquiries Class Counsel may receive from Settlement Class members. Furthermore, Class Counsel's statements or representations regarding the Settlement Agreement, other than those reasonably necessary to effectuate their good faith efforts set forth in Paragraph 2.1. to effectuate the terms and conditions of this Settlement Agreement or when consulting with class members about the settlement, shall be limited to those terms set forth in the Settlement Agreement and associated documents.

14.2.   Notwithstanding any term, agreement, promise, or covenant in this Settlement Agreement to the contrary, the terms, agreements, promises, and covenants of this Section 14 are binding and enforceable upon execution of this Settlement Agreement and remain in full force and effect regardless of any failure, invalidation, termination, or abandonment of the settlement or the Settlement Agreement.   Any violation by the Releasing Parties of the terms, agreements, promises, or covenants of this Section 14 constitutes grounds for termination of the settlement and the Settlement Agreement as well as the recovery of damages, costs, expenses and fees including without limitation the recovery of all costs, expenses and fees paid to Class Counsel.

## 15.   NO ADMISSION OF WRONGDOING

15.1.   Were it not for this Settlement Agreement, Defendants would have contested each and every claim and allegation of wrongdoing in the Consolidated Lawsuit.   Defendants maintain that they have consistently acted in a reputable manner and in accordance with the law. Defendants deny all of the material allegations set forth in the Consolidated Lawsuit. Defendants have concluded nevertheless that it is in their best interests that the Consolidated Lawsuit be resolved subject to and on the terms and conditions set forth in this Settlement Agreement.   Defendants reached this conclusion after considering the factual and legal issues in the Consolidated Lawsuit, the substantial benefits of a final resolution of the Consolidated Lawsuit, the expense that would be necessary to defend the Consolidated Lawsuit through trial

and any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of Defendants to conduct their business unhampered by the distractions of continued litigation.

15.2.   As a result of the foregoing, Defendants enter into this Settlement Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind.  Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations made in the Consolidated Lawsuit, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of Defendants.

15.3.   Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Defendants, except that Defendants may file this Settlement Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.4.   Neither this Settlement Agreement, nor any pleading or other paper related in any way to this Settlement Agreement, nor any act or communication in the course of negotiating, implementing or seeking approval of this Settlement Agreement, shall be deemed an admission by Defendants that certification of a class or subclass against Defendants is appropriate in this or any other litigation, or otherwise shall preclude Defendants from opposing or asserting any argument it may have with respect to certification of any class or subclass in any proceeding, or shall be used as precedent in any way as to any subsequent conduct of Defendants except as set forth herein.

15.5.   Notwithstanding any other provision in this Settlement Agreement, the provisions set forth in Section 15 of this Settlement Agreement shall become effective when this Settlement

Agreement is signed and shall be binding upon the Parties and their counsel regardless of whether this Settlement Agreement is preliminarily and/or finally approved or terminated for any reason, or rendered null and void.

### 16.   AUTOMATIC TERMINATION OF SETTLEMENT AGREEMENT AND TERMINATION RIGHTS

16.1.   In the event (i) the Court does not preliminarily approve this Settlement Agreement, (ii) the Court does not finally approve this Settlement Agreement, (iii) the Court does not enter the Final Approval Order and Judgment dismissing the Consolidated Lawsuit with prejudice and without leave to amend, (iv) Defendants terminate this Settlement Agreement pursuant to Paragraph 16.4 below, or (v) this Settlement Agreement does not become final for any other reason:

(1)     Except as expressly stated herein, this Settlement Agreement shall automatically become null and void and have no further force or effect, and all proceedings that have taken place with regard to this Settlement Agreement and the settlement shall be without prejudice to the rights and contentions of the Parties hereto;

(2)     This Settlement Agreement, all of its provisions (including, without limitation, any provisions concerning class certification), and all negotiations, statements and proceedings relating to this Settlement Agreement shall be without prejudice to the rights of any of the Parties, each of whom shall be restored to their respective position as of December 18, 2009;

(3)     This Settlement Agreement, any provision of this Settlement Agreement (including, without limitation, the provisions concerning class certification), and the fact of this Settlement Agreement having been made, shall not be admissible or entered into evidence for any purpose whatsoever;

(4)     Any judgment or order entered in connection with this Settlement Agreement, including, without limitation, any order certifying the Settlement Class, will be vacated and will be without any force or effect; and

(5)      The Parties hereby agree that they will not thereafter argue or raise any claim or defense, including, but not limited to, waiver, estoppel and other similar or related theories, that the Settlement Agreement and related pleadings and filings, any provision of this Settlement Agreement (including, without limitation, the provisions concerning class certification), the fact of this Settlement Agreement having been made, or any settlement negotiations preclude Defendants from opposing class certification or the claims in the Consolidated Lawsuit or any other proceeding.

This Section shall survive any termination of this Settlement Agreement.

16.2.   Upon the Preliminary Approval of this Settlement Agreement by the Court, as evidenced by entry of an order preliminarily approving this settlement, all proceedings in the Consolidated Lawsuit shall be stayed or continue to be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Settlement Agreement or to comply with or effectuate the terms of this Settlement Agreement.

16.3.   The failure of the Court or any appellate court to approve in full any request by Class Counsel for attorneys' fees, costs, and other expenses shall not be grounds for Plaintiffs or their counsel to cancel or terminate the Settlement Agreement.

16.4.   Defendants' willingness to settle the Consolidated Lawsuit on a class-action basis and not to contest certification of the Settlement Class is dependent upon achieving finality with respect to the Released Claims and the desire to avoid the expense of this and potentially other litigation.  Consequently, Defendants, each individually or in concert, have the unilateral right to terminate this Settlement Agreement if the number of Persons who exclude themselves (opt out) from the Settlement Class equals or exceeds fifty thousand (50,000) Settlement Class members. Any Defendant wishing to exercise this termination right, if such right exists, must provide written notice to the Court and to Class Counsel that this Settlement Agreement is terminated pursuant to this provision not later than ten (10) calendar days before the date set by the Court for the Final Approval (Final Fairness) Hearing.

17.    **SEVERABILITY**

17.1.    With the exception of the provisions contained in Section 13 herein, in the event any covenant, term or other provision contained in this Settlement Agreement is held to be invalid, void or illegal, the same shall be deemed severed from the remainder of this Settlement Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision herein.  If any covenant, condition or other provision herein is held to be invalid due to its scope or breadth, such covenant, condition or other provision shall be deemed valid to the extent of the scope or breadth permitted by law.

18.    **INCORPORATION OF EXHIBITS**

18.1.    All exhibits attached hereto are hereby incorporated by reference as though set forth fully herein and are a material part of this Settlement Agreement.  Any notice or other exhibit attached hereto that requires approval of the Court must be approved without material alteration from its current form in order for this Settlement Agreement to become effective.

19.    **GOVERNING LAW AND COMPLIANCE WITH TERMS OF SETTLEMENT AGREEMENT**

19.1.    All questions with respect to the construction of this Settlement Agreement and the rights and liabilities of the parties hereto shall be governed by the laws of the State of Washington.

19.2.    The Court shall have continuing jurisdiction to resolve any dispute which may arise with regard to the terms and conditions of this Settlement Agreement, and the Parties hereby consent to such jurisdiction.

20.    **PREPARATION OF SETTLEMENT AGREEMENT, SEPARATE COUNSEL AND AUTHORITY TO ENTER SETTLEMENT AGREEMENT**

20.1.    The Parties and their counsel have each participated and cooperated in the drafting and preparation of this Settlement Agreement.  Hence, in any construction to be made of this Settlement Agreement, the same shall not be construed against any party as drafter of the Settlement Agreement.

20.2.    The Parties each acknowledge that he, she or it has been represented by counsel of his, her or its own choice throughout all of the negotiations which preceded the execution of this Settlement Agreement and in connection with the preparation and execution of this Settlement Agreement.

20.3.    The Parties each represent and warrant that each of the Persons executing this Settlement Agreement is duly empowered and authorized to do so.

## 21.    HEADINGS

21.1.    The headings contained in this Settlement Agreement are for reference only and are not to be construed in any way as a part of the Settlement Agreement.

## 22.    COUNTERPARTS

22.1.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

## 23.    BINDING EFFECT

23.1.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and to their respective heirs, assigns and successors-in-interest.

## 24.    ENTIRE AGREEMENT

24.1.    With the exception set forth in Paragraph 24.2., this Settlement Agreement represents the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior contemporaneous oral and written agreements and discussions, including without limitation the Prior Settlement Agreement.  Each of the Parties covenants that he, she or it has not entered into this Settlement Agreement as a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein.  Each Party further covenants that the consideration recited herein is the only consideration for entering into this Settlement Agreement and that no promises or representations of another or further consideration have been made by any Person.  This Settlement Agreement may be amended only by an agreement in writing duly executed by all Parties hereto.

Amendments may be made without additional notice to the Settlement Class members unless such notice is required by law or ordered by the Court.

24.2.   This Settlement Agreement does not supersede the Parties' Stipulation and Agreement for the Handling of Confidential Material, dated December 11, 2009, which survives this Agreement and remains in full force and effect pursuant to its terms.

**25.    NOTICE**

25.1.   All notices, requests, demands and other communications required or permitted to be given pursuant to this Settlement Agreement shall be in writing and shall be delivered personally or mailed postage pre-paid by First Class U.S. Mail to the following persons at their addresses set forth as follows:

<u>**Class Counsel**</u>

KELLER ROHRBACK L.L.P.
Mark A. Griffin
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, Washington 98101

KABATECK BROWN KELLNER L.L.P.
Richard L. Kellner
644 South Figueroa Street
Los Angeles, California 90017

<u>**Counsel for Defendants**</u>

DLA PIPER LLP (US)
Stellman Keehnel
Russ Wuehler
701 Fifth Avenue, Suite 7000
Seattle, Washington 98104-7044

WHEREFORE, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the last date of execution by all undersigned representatives of the Parties.

**ANTHONY MICHAELS**

By:  Anthony Michaels          03-24-2011
                                Date

**DAVID CATAPANO**

By:  David Catapano          _____
                              Date

**UNITED ONLINE, INC.**

By:  Charles B. Ammann          _____
     Executive Vice President    Date

**CLASSMATES MEDIA
CORPORATION**

By:  Charles B. Ammann          _____
     Executive Vice President    Date

**CLASSMATES ONLINE,
INC., NOW KNOWN AS
MEMORY LANE, INC.**

By:  Charles B. Ammann          _____
     Executive Vice President    Date

WHEREFORE, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the last date of execution by all undersigned representatives of the Parties.

**ANTHONY MICHAELS**

_____          _____

By:  Anthony Michaels                          Date


**DAVID CATAPANO**

_David T Catapano_

03/24/2011

By:  David Catapano                            Date


**UNITED ONLINE, INC.**

_____          _____

By:  Charles B. Ammann                        Date
       Executive Vice President


**CLASSMATES MEDIA
CORPORATION**

_____          _____

By:  Charles B. Ammann                        Date
       Executive Vice President


**CLASSMATES ONLINE,
INC., NOW KNOWN AS
MEMORY LANE, INC.**

_____          _____

By:  Charles B. Ammann                        Date
       Executive Vice President

WHEREFORE, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the last date of execution by all undersigned representatives of the Parties.

**ANTHONY MICHAELS**

_____          _____
By:  Anthony Michaels                    Date

**DAVID CATAPANO**

_____          _____
By:  David Catapano                       Date

**UNITED ONLINE, INC.**

_____          March 24, 2011
By:  Charles B. Ammann                Date
       Executive Vice President

**CLASSMATES MEDIA CORPORATION**

_____          March 24, 2011
By:  Charles B. Ammann                Date
       Executive Vice President

**CLASSMATES ONLINE, INC., NOW KNOWN AS MEMORY LANE, INC.**

_____          March 24, 2011
By:  Charles B. Ammann                Date
       Executive Vice President

APPROVED AS TO FORM BY:

KELLER ROHRBACK L.L.P.

By:  Mark A. Griffin
     Amy Williams-Derry
     1201 Third Avenue, Suite 3200
     Seattle, Washington 98101

*and*

KABATECK BROWN KELLNER L.L.P.

By:  Richard L. Kellner
     644 South Figueroa Street
     Los Angeles, California 90017

*Counsel for Lead Plaintiffs Anthony
Michaels and David Catapano and for the
Settlement Class*

DLA PIPER (US) LLP

By:  Stellman Keehnel
     Russ Wuehler
     701 Fifth Avenue, Suite 7000
     Seattle, Washington 98104-7044

*Counsel for United Online, Inc.,
Classmates Media Corporation, and
Classmates Online, Inc. (now known as
Memory Lane, Inc.)*

Exhibit 1 -- Page 68

**EXHIBIT A: Individual Notice to Settlement Class**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
*In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

**TO:  ALL MEMBERS OF THE SETTLEMENT CLASS, AS DEFINED IN THIS
NOTICE**

**A SETTLEMENT HAS BEEN PROPOSED THAT WILL AFFECT YOUR RIGHTS IF
YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED BELOW.
PURSUANT TO THIS SETTLEMENT, IN ADDITION TO THE INJUNCTIVE RELIEF
BEING OFFERED, YOU MAY BE ENTITLED TO SUBMIT A CLAIM FORM TO
RECEIVE UP TO $15.00 IN CASH UNDER THE SETTLEMENT.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**1.  WHY DID I GET THIS SETTLEMENT NOTICE?**

The purpose of this Notice is to inform you that a proposed revised settlement (the "Settlement")
has been reached in the consolidated class action lawsuit entitled *In re Classmates.com
Consolidated Litigation*, United States District Court for the Western District of Washington,
Case No. 09-cv-0045-RAJ (the "Litigation").  This Settlement replaces the prior settlement in
this lawsuit, which was not finally approved by the Court.  This Notice explains the Litigation,
the Settlement, your legal rights, the injunctive relief being offered through the Settlement, what
cash benefits are available to you, and how to make a claim.

**2.  WHAT IS THIS LAWSUIT ABOUT?**

In this Litigation, Plaintiffs assert class action claims against Classmates Online, Inc. (now
known as Memory Lane, Inc.), Classmates Media Corporation, and United Online, Inc.
("Defendants").  Complaints filed in the action allege, among other things, that Defendants sent
e-mail messages to subscribers of www.classmates.com that were in violation of the law and
engaged in conduct that had the potential to violate www.classmates.com user's privacy rights.
Defendants have denied and continue to deny Plaintiffs' allegations and maintain that
Defendants have not engaged in any wrongful conduct.  Defendants also contend that the
Litigation is not suitable for class action treatment.  Defendants have nevertheless concluded that
it is in their best interests that this Litigation be resolved subject to and on the terms and
conditions set forth in the Settlement Agreement.

This Settlement is the result of arm's-length negotiations between Plaintiffs in the Litigation,
individually and on behalf of the Settlement Class, and Defendants.  Both sides agree that, in
light of the risks and expenses associated with continued litigation, this Settlement is fair and
appropriate under the circumstances.  Plaintiffs further believe that this Settlement is in the best
interests of the Settlement Class.  Please be advised that the United States District Court for the
Western District of Washington has not ruled on the merits of Plaintiffs' claims or Defendants'

defenses and, therefore, you should not make any assumptions about the strengths or weaknesses of the claims or defenses in the Litigation.

## 3. WHO IS COVERED BY THE SETTLEMENT?

For settlement purposes, the parties have stipulated to the certification of a Settlement Class, as defined below.

> All Persons residing in the United States who were registered with or subscribed to www.classmates.com at any time beginning on October 30, 2004 through February 23, 2011.

You are receiving this Notice because you have been identified from Defendants' records as a potential Settlement Class member.  If you have any questions regarding whether you were properly identified as a Settlement Class member, please contact the Classmates Settlement Administrator at the address listed in Section 5 below.

## 4. AS A SETTLEMENT CLASS MEMBER, WHAT AM I ENTITLED TO?

In addition to injunctive relief, as a Settlement Class member, if you do not exclude yourself from the Settlement and if you timely submit a Valid Claim Form, you are entitled to receive **up to $15.00 in cash** from Defendants.  Defendants estimate there are roughly sixty million Settlement Class members and will make a total cash contribution to those who submit a Valid Claim Form of $2.5 million.  Each claimant will receive a pro rata share of that $2.5 million up to a maximum per claimant of $15.00.  **For example**, if 166,666 class members submit valid claims, each participating class member will receive $15.00.  If 833,333 class members submit valid claims, each participating class member will receive $3.00.

After the claims period has expired, any unclaimed cash payments will be donated in equal amounts to the following seven non-profit organizations, and ear-marked for their work on technology-related consumer rights and/or protection from unfair and deceptive consumer practices: (1) AARP Foundation's Fraud Fighter Call Center – Seattle; (2) Appleseed Network; (3) Campaign for Equal Justice; (4) Electronic Frontier Foundation; (5) Identity Theft Resource Center; (6) National Consumer Law Center; and (7) Public Justice Foundation.

In addition to its cash component, the Settlement also provides, on a non-opt out basis, for Defendants to provide injunctive relief to all Settlement Class members.  Among other things, Classmates will no longer use the term "guestbook" as a stand-alone, generic term in the subject line of the emails it sends to its users, but will instead call it "Classmates® Guestbook".  The "Classmates® Guestbook" feature will be described in the footer of those emails as follows: "WHAT IS CLASSMATES® GUESTBOOK?:  When most Classmates members visit your profile, their names will automatically be listed in your Classmates® Guestbook.  Any member can leave their name in any other member's Classmates® Guestbook simply by visiting that member's profile, so you might not know everyone who signed yours.  For more information, see our Classmates® Guestbook Help Article."  A complete description of the injunctive relief that Defendants are providing is set forth at the following website: www.cmemailsettlement.com.

**Revised Class Action Settlement Agreement**            **Page 34**

**5. HOW CAN I GET THE CASH PAYMENT THAT I AM ENTITLED TO?**

To receive a cash payment as a Settlement Class member, you must fit the description of a Settlement Class member and timely submit a Valid Claim Form to the Settlement Administrator.  You may submit a Valid Claim Form simply and easily online.  To access a copy of the Settlement Class Claim Form, click this link or go to [website address] and input the following Claim number and Control number:

Claim #
Control #

Please read the Settlement Class Claim Form's instructions carefully, fill it out in its entirety, electronically sign it under penalty of perjury, and either e-mail it **not later than [Date]** or mail it via First Class U.S. Mail, postmarked **not later than  [Date]** to:

In re Classmates.com Consolidated Litigation
c/o The Garden City Group, Inc.
P.O. Box ___
City, State, Zip Code
[GCG To Insert Updated E-mail Address]

If you misplace the Settlement Class Claim Form or you are not able to access it through the above link, please contact the Settlement Administrator at the address shown above immediately.

If you timely submit a Settlement Class Claim Form and request a cash payment, you are a valid member of the Settlement Class, and the form is deemed to be a Valid Claim Form, you will receive payment in the amount of your pro rata share of the $2.5 million, up to $15.00, after the Settlement is finally approved by the Court and any appeals have been exhausted.  Unless you elect to receive a physical check, payment will be made through PayPal.  Your Claim Form will ask you for PayPal account information, which information will be kept strictly confidential and be used only for the purpose of paying you under this Settlement Agreement.

If you submitted a claim in response to the prior notice of settlement in 2010, you do not need to submit a new claim.  Unless you have changed your mind, and notify the Settlement Administrator that you now wish to opt out, you will automatically be treated as having submitted a claim.

**6. WHEN WOULD I GET MY PAYMENT?**

The Court will hold a hearing on _____, 2011 at __ a./p.m. at the United States District Court, Western District of Washington, before the Honorable Richard A. Jones, Courtroom 13128, 700 Stewart Street, Seattle, Washington 98101, to decide whether to order final approval of the Settlement and entry of judgment dismissing the litigation.  If the Court approves the Settlement, and you have followed the claim form procedures outlined in Section 5, and after any appeals have been exhausted, you will receive the payment to which you are entitled within roughly 90 days.

**7.  WHAT AM I GIVING UP TO GET A PAYMENT OR STAY IN THE CLASS?**

Unless you exclude yourself, you will remain a member of the Settlement Class.  Being a member of the Settlement Class means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case.  It also means that all of the Court's orders in this case will apply to you and legally bind you.

**8.  HOW DO I OPT OUT OF THE SETTLEMENT?**

If you do not want to receive a cash payment from this Settlement and want to maintain the right to pursue your own claim against Defendants, then you must take steps to opt out.  This is called "excluding yourself" from, or is sometimes referred to as "opting out" of, the Settlement Class.

To exclude yourself from the Settlement Class, you must submit a Request for Exclusion.  Such request must include your full legal name, mailing address, e-mail address, your signature (or in the case of a person who is deceased or incapacitated, the signature of that person's legally authorized representative), and substantially the following statement, "I want to opt out of the class certified in the In re Classmates.com Consolidated Litigation."  You may submit this request electronically or via First Class U.S. Mail, postmarked no later than _____, 2011, to:

In re Classmates.com Consolidated Litigation
c/o The Garden City Group, Inc.
P.O. Box ___
City, State, Zip Code
[GCG To Insert Updated E-mail Address]

Failure to comply with any of these requirements may invalidate your attempt to exclude yourself.  If you ask to be excluded, you will not be entitled to a cash payment under the Settlement, and you cannot object to that aspect of the Settlement.

The injunctive relief being offered by the Settlement will be provided to all Settlement Class members, whether or not they choose to exclude themselves from the cash payment benefit option.

**9.  IF I DON'T EXCLUDE MYSELF, CAN I SUE DEFENDANTS FOR THE SAME THING LATER?**

No.  You must exclude yourself from the lawsuit in order to maintain the right to sue Defendants for the claims released through this Settlement.  If you have a pending lawsuit against Defendants, speak to your lawyer in that case immediately.

**10. IF I EXCLUDE MYSELF, CAN I GET PAYMENT FROM THIS SETTLEMENT?**

No.  If you exclude yourself from this Settlement, you are also excluding yourself from obtaining the cash payment offered by the Settlement, and any claim form you submit will not be valid.

## 11. DO I HAVE A LAWYER IN THIS CASE?

The Court has authorized the following lawyers to represent you and other Settlement Class members:

> KELLER ROHRBACK L.L.P
> Mark A. Griffin
> Amy Williams-Derry
> 1201 Third Avenue, Suite 3200
> Seattle, Washington 98101
>
> KABATECK BROWN KELLNER L.L.P.
> Richard L. Kellner
> 644 South Figueroa Street
> Los Angeles, California 90017

These lawyers are called "Class Counsel." **These lawyers are representing you and the Settlement Class <u>at no charge to you</u>. You may make a claim, opt out of the settlement, submit an objection, or do nothing, and you will not have to make any payment to these lawyers.** If you want to be represented by your own lawyer, you may hire one at your own expense.

## 12. HOW WILL CLASS COUNSEL BE PAID?

Class Counsel will ask the Court for attorneys' fees and costs to be paid in conjunction with this Settlement. Defendants have agreed not to oppose Class Counsel's request to the Court for attorneys' fees of $1,050,000.00, plus costs. Costs may include participation awards of up to $2,500 for each of the two Lead Plaintiffs. **Fees and costs that are awarded by the Court will be paid by Defendants separately and will not affect your entitlement to benefits under this Settlement.** You will not be obligated to pay any attorneys' fees or costs as a Settlement Class member, nor will any award of attorneys' fees, costs, or participation awards by the Court reduce the amount of Settlement benefit available to Settlement Class members.

A copy of Plaintiffs' Motion for Award of Attorneys' Fees and Costs and Participation Awards to the Class Representatives, including a detailed accounting of the time and expense spent by Class Counsel on the Litigation, is available at the following website: www.cmemailsettlement.com.

## 13. CAN I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?

If you are a Settlement Class member, and you do not request exclusion from the Settlement Class, you may object to the Settlement if you like. The Court will consider your views. To object, you must file with the Court a written notice of intent to object. The written notice of intent to object must contain a caption that includes *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045. The written notice of intent to object must also include your name, address, telephone number, your signature, and must state whether you intend to appear at the Final Approval Hearing.

**Revised Class Action Settlement Agreement**                     **Page 37**

You must file your written notice of intent to object with the Clerk of the Court no later than _____, 2011. You must also mail the objection to Class Counsel and to Defense Counsel by First Class U.S. Mail, postmarked no later than _____, 2011. The addresses for the Court, Class Counsel, and Defense Counsel are below.

| THE COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| The Honorable Richard A. Jones | KELLER ROHRBACK L.L.P. | DLA PIPER LLP (US) |
| U.S. Courthouse | Mark. A. Griffin | Stellman Keehnel |
| 700 Stewart Street, Suite 13128 | Amy Williams-Derry | Russ Wuehler |
| Seattle, WA 98101 | 1201 Third Avenue, Suite 3200 | 701 Fifth Avenue, Suite 7000 |
| | Seattle, WA 98101 | Seattle, WA 98104 |
| | KABATECK BROWN | |
| | KELLNER L.L.P. | |
| | Richard L. Kellner | |
| | 644 South Figueroa Street | |
| | Los Angeles, CA 90017 | |

## 14. WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object to the cash being offered by the Settlement, because that portion of the relief will no longer affect you.

## 15. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a hearing to decide whether to approve the Settlement and Class Counsel's request for an award of attorneys' fees and costs. You may attend, and you may ask to speak, but there is no requirement that you do so.

The Court will hold a Final Approval Hearing on _____, 2011, at __ a./p.m., at the United States District Court, Western District of Washington, before the Honorable Richard A. Jones, Courtroom 13128, 700 Stewart Street, Seattle, Washington 98101.

At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate to the Settlement Class, as well as Class Counsel's request for an award of attorneys' fees and costs. The Court will consider any objections made according to the procedures described above. You cannot speak at the hearing if you exclude yourself from the Settlement. After the hearing, the Court will decide whether to approve the Settlement and how much to award Class Counsel in attorneys' fees and expenses. It is not known how long those decisions will take.

## 16. DO I HAVE TO ATTEND THE HEARING?

No.  Class Counsel will answer questions that the Court may have.  But, you are welcome to attend at your own expense.  If you send an objection, you don't have to come to the Final Approval Hearing to talk about it.  As long as you submitted your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

## 17. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will not get any cash payment from this Settlement.  And, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants involving the claims released through this Lawsuit.

## 18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

Yes.  This Notice is only intended to summarize the Settlement.  If you would like more information concerning the Litigation or this Settlement, you should inspect the complete settlement documents, papers and pleadings filed in the Litigation.  You may also learn more about this Settlement by contacting the Settlement Administrator at the address set forth in Section 5 above.  Additionally, information about this Settlement is available at the following website: www.cmemailsettlement.com.

**PLEASE DO NOT CALL THE COURT, THE CLERK, CLASSMATES ONLINE, INC., CLASSMATES MEDIA CORPORATION, OR UNITED ONLINE, INC.**

Please do not reply to this message.  We are unable to respond to inquiries sent in reply to this email.  For more information, please visit the official Settlement Website at www.cmemailsettlement.com.

**EXHIBIT B: Settlement Class Claim Form**

*In re Classmates.com Consolidated Litigation*, United States District Court
for the Western District of Washington, Case No. 09-cv-0045-RAJ

**SETTLEMENT CLASS CLAIM FORM**

**INSTRUCTIONS:** IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, AS DEFINED BELOW, AND YOU WOULD LIKE TO RECEIVE THE BENEFITS AVAILABLE TO YOU, AS DESCRIBED BELOW AND IN THE ACCOMPANYING NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, YOU MUST COMPLETE THIS SETTLEMENT CLASS CLAIM FORM AND SUBMIT IT TO THE SETTLEMENT ADMINISTRATOR AS SET FORTH BELOW **BY _____.**

**Step 1:   Read The Following, And All Information Available To You Concerning The Settlement, Including The Information Contained In The Accompanying Notice Of Proposed Class Action Settlement.**

**DEFINITION OF SETTLEMENT CLASS.**  You are a Settlement Class member if you meet the following definition:

> All Persons residing in the United States who were registered with or subscribed to www.classmates.com at any time beginning on October 30, 2004 through February 23, 2011.

You have been identified from Defendants' records as a potential Settlement Class member. However, to receive benefits under the Settlement Agreement as a Settlement Class member, you must complete this Settlement Class Claim Form, electronically sign it, and electronically submit or mail it to the Settlement Administrator.  By doing so, you are certifying that, to the best of your understanding, you meet the above definition and qualify as a Settlement Class member.

**RELEASE.**  The Settlement Agreement that gives you the right to receive benefits as set forth in the accompanying Notice of Proposed Class Action Settlement provides the following release of claims.

> As of the Effective Date, the Settlement Class members, including Lead Plaintiffs (collectively, the "Releasing Parties"), release Defendants and each of their past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants,

**Revised Class Action Settlement Agreement                Page 40**

attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be, each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers (the "Released Parties"), from the "Released Claims."   For purposes of this Settlement Agreement, the "Released Claims" are defined as:

> (1)    All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal constitution, statute, rule or regulation, arising out of any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged, or that could have been alleged, in the Consolidated Lawsuit and the underlying complaints in the Consolidated Lawsuit; and

> (2)    Any unknown claims arising out of any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged, or related to acts alleged, in the Consolidated Lawsuit that the Releasing Parties do not know or suspect to exist in their favor at the time of this release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this settlement.   With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which section provides:

> > **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now

exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class member who does not file a valid Request for Exclusion, thereby becoming a Settlement Class member, automatically, upon final approval of the Settlement, shall be held to have fully released, waived, relinquished and discharged the Released Parties from the Released Claims, to the fullest extent permitted by law, and shall be enjoined from continuing, instituting or prosecuting any legal proceeding against the Released Parties relating in any way whatsoever to the Released Claims.

**Step 2:  Provide The Necessary Information To Receive Your Benefit.**

To receive your pro rata share of the $2.5 million cash benefit to the Settlement Class of up to $15.00, please provide the following information.  PLEASE WRITE LEGIBLY TO ENSURE ACCURATE AND TIMELY PROCESSING OF YOUR CLAIM.

Name:_____

Do you reside in the United States?   ☐ Yes   ☐ No

If you have a PayPal account and elect to receive payment via PayPal, provide your Email Address/Account Name tied to your PayPal account:_____

If you elect to receive payment via a physical check, check the following box and provide your full U.S. Mailing Address: ☐ _____

_____

Your email address(s) that is associated with
your www.classmates.com user profile:_____

**YOUR INFORMATION WILL ONLY BE USED IN CONNECTION WITH THIS SETTLEMENT AGREEMENT.**  The information you provide on this Settlement Class Claim Form will only be used in connection with the Settlement Agreement and in order to process your claim.  Your information will not be used for any other purpose.

**Step 3:  Certification.**

**I acknowledge that I have read the Release set forth above and declare under penalty of perjury, that to the best of my understanding I am a Settlement Class member, as defined above, and that all of the information provided above is true and correct.**

**Revised Class Action Settlement Agreement**              **Page 42**

DATE:_____        ELECTRONIC SIGNATURE:_____

**Step 4:  Submit Your Claim Form To The Settlement Administrator by [DATE].**

You must submit your fully completed Settlement Class Claim Form electronically as an attachment to an e-mail or via First Class U.S. Mail to the Classmates Settlement Administrator at the address listed below by **no later than_____.**

In re Classmates.com Consolidated Litigation
c/o The Garden City Group, Inc.
P.O. Box ___
City, State, Zip Code
[GCG To Insert Updated E-mail Address]

**Please Do Not Submit Your Claim Form To The Court.**

## EXHIBIT C: Injunctive Relief Terms

For a period of two years starting with entry of an order and judgment granting final approval of the settlement, Classmates Online, Inc. (now known as Memory Lane, Inc.) ("Classmates") will be enjoined to do the following:

1.      Classmates will stop using the term "guestbook" as a stand-alone, generic term in the subject line of the emails it sends to its users, but will instead call it "Classmates® Guestbook". In addition, the "Classmates® Guestbook" feature will be described in the footer of those emails as follows: "WHAT IS CLASSMATES® GUESTBOOK?: When most Classmates members visit your profile, their names will automatically be listed in your Classmates® Guestbook. Any member can leave their name in any other member's Classmates® Guestbook simply by visiting that member's profile, so you might not know everyone who signed yours. For more information, see our Classmates® Guestbook Help Article."

        A sample of such an email utilizing this revised email subject line and containing this prominent explanation of Classmates® Guestbook is attached hereto as Exhibit C.1.

2.      In addition, the Classmates® Guestbook webpage will contain a hyperlink titled "What's This?" or some other language indicating an opportunity to learn more about the Classmates® Guestbook feature. When a member clicks on this hyperlink, it will take that member to a pop-up window or landing page that explains how the Classmates® Guestbook feature works, including how Classmates® Guestbook names are left behind (either manually when the other member's Classmates® Guestbook setting is on "quiet" mode or automatically when the other member's Classmates® Guestbook setting is on "normal" mode) and that, because members' profiles can be viewed by all members of Classmates.com, other members who have left their names behind may not be people that the visited member knows or who belong to one of that member's affiliations.

3.      In either the Terms of Service or Privacy Policy, the Classmates® Guestbook feature will be clearly explained (in the same way as it is explained in the pop-up window in #1 above).

4.      Classmates will improve the Help area of the website to explain the Classmates® Guestbook feature in the same way that it is described in #1 above and to explain how members can manage their email subscriptions.

5.      Classmates will revise its Privacy Policy to clearly explain that certain emails Classmates sends to it members contain links that check for existing Classmates cookies on a member's computer and, if no authentication cookie is found, will set such a cookie so that the member can be logged into the site without the need to enter a password. The policy will further explain, therefore, that members should not forward the emails they receive from Classmates to anyone else and should keep them secure. The Privacy Policy will also fully explain what a "cookie" is and how cookies are used in the internet context. The policy will explain that by visiting Classmates.com and not opting out of

the use of cookies (by affirmatively clicking a link stating that the computer should not remember the user), the user consents to the addition of a "cookie" on the computer.

6.   In every email that Classmates sends that contains a cookie as described above, the footer will contain the following language: "TO PROTECT YOUR PRIVACY, DO NOT FORWARD THIS EMAIL TO ANYONE NOT AUTHORIZED BY YOU TO ACCESS YOUR CLASSMATES.COM PROFILE."   After that statement, there will be a link that says "For more information, see our Privacy Policy", with "Privacy Policy" being a hyperlink that will take the member to the Privacy Policy.

7.   On every member's profile page, there will be a link that says "Not [name]?" or other similar language.   When a member clicks that link, it will take the members to a page that states, "If you are not the person to whom the account you are currently logged into belongs, you may be in violation of Classmates.com's Privacy Policy and/or Terms of Service, and you may be violating the privacy rights of another individual. Classmates.com does not permit the unauthorized use of member profiles and may prosecute or assist in the prosecution of any unauthorized privacy violations."   The member will also be given the opportunity to logout of the site, with the option to have the member's password remembered or not remembered on that computer, along with a warning that the member should choose the option to not have the member's password remembered if the computer is publicly available or shared with others.

## EXHIBIT C.1.: Sample Email

From: **Classmates.com** <[ClassmatesEmail@classmates.com](mailto:ClassmatesEmail@classmates.com)>
Date: Thu, Jan 27, 2011 at 4:45 AM
Subject: **Someone stopped by yesterday, Gina. Open your Classmates® Guestbook.**
To: ▓▓▓▓▓▓▓▓▓▓▓

**classmates·com**                Someone signed your Classmates® Guestbook! Find out who

# NEW VISITOR

**Hey Gina,** see who stopped by and
signed your Classmates® Guestbook.                    [ Satisfy your curiosity ]

You are receiving this email as part of your Classmates membership.

**WHAT IS CLASSMATES® GUESTBOOK?:**
When most Classmates members visit your profile, their names will automatically be listed in your Classmates®
Guestbook. Any member can leave their name in any other member's Classmates® Guestbook, so you might not
know everyone who signed yours. For more information, see our Classmates® Guestbook Help Article.

**TO PROTECT YOUR PRIVACY:**
Do not forward this email to anyone not authorized by you to access your profile. For more information, see our
Privacy Policy.

**UNSUBSCRIBE:**
You received this email as part of Classmates' email subscription program. To change your preferences for this
email, visit: Email Preferences.

**CONTACT US:**
We are unable to respond to messages sent to this automated email address, so if you have questions or have
received this message in error, visit the Online Help Center.

Classmates Online, Inc. 333 Elliott Ave. W., Seattle, WA 98119
© 2009 Classmates Online, Inc.

      

United Online        FTD        Classmates        MyPoints        NetZero        Juno        MySite

**Revised Class Action Settlement Agreement**              **Page 46**