**EXHIBIT 2**

Exhibit 2 -- Page 83

1                                                The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | No. CV09-45RAJ **[PROPOSED] ORDER PRELIMINARILY APPROVING REVISED CLASS ACTION SETTLEMENT, APPROVING FORM AND METHOD OF NOTICE OF PROPOSED SETTLEMENT, AND SCHEDULING FINAL FAIRNESS HEARING** |

This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Revised Class Action Settlement. The parties have agreed, subject to final approval by this Court following notice to the Settlement Class as defined below, to settle this action upon the terms and conditions set forth in the Revised Settlement Agreement. The Court has reviewed the Revised Class Action Settlement Agreement, as well as all files, records, and proceedings to date in this matter.

IT IS HEREBY ORDERED:

1.    **Preliminary Approval of Proposed Revised Settlement**. The Revised Settlement Agreement is preliminarily approved as fair, reasonable and adequate. The Court

1  also finds that notice to members of the Settlement Class should be provided and a final fairness

2  hearing on the Revised Settlement Agreement should be held as set forth in this Order.

3        2.    **Stay of Proceedings**.  All proceedings in this action are hereby stayed and

4  suspended until further order of the Court, except such actions as may be necessary to implement

5  the Revised Settlement Agreement and this Order.

7        3.    **Class Findings**.  Solely for the purpose of the Revised Settlement Agreement, the

8  Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the

9  United States Constitution, the Rules of the Court and any other applicable law have been met as

10  to the Settlement Class defined below, in that:

11        (a)    The Court preliminarily finds for purposes of settlement only that, as required by

12  FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records maintained by

13  Defendants, and the members of the Settlement Class are so numerous that their joinder before

14  the Court would be impracticable.

16        (b)    The Court preliminarily finds for purposes of settlement only that, as required by

17  FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the

18  Settlement Class.

19        (c)    The Court preliminarily finds for purposes of settlement only that, as required by

20  FED. R. CIV. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement

21  Class.

23        (d)    The Court preliminarily finds, for purposes of settlement only, as required by

24  FED. R. CIV. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the

25  Settlement Class in that: (i) the interests of the Plaintiffs and the nature of their alleged claims

26  are consistent with those of the members of the Settlement Class, (ii) there appear to be no

PROPOSED PRELIMINARY APPROVAL ORDER
(No. CV09-45RAJ) Page - 2

Exhibit 2 -- Page 85

conflicts between or among the Plaintiffs and the Settlement Class, and (iii) the Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting complex consumer class actions.

(e)     The Court finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(b)(2), final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class  as a whole.

(f)     The Court finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(b)(3), that questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

(g)     The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(g), Counsel for Plaintiffs ("Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class, in that Class Counsel (i) have done appropriate work identifying or investigating potential claims in the action; (ii) are experienced in handling class actions; (iii) are knowledgeable of the applicable law; and (iv) have committed the necessary resources to represent the Settlement Class.

4.     **Class Certification**.  The Court, in conducting the settlement approval process as required by FED. R. CIV. P. 23, preliminarily certifies for purposes of settlement the following Settlement Class under FED. R. CIV. P. 23(b)(2) and 23(b)(3):

"**Settlement Class**"

> All Persons residing in the United States who were registered with or subscribed to www.classmates.com at any time beginning on October 30, 2004 through February 23, 2011.

The following Persons are expressly excluded from the Settlement Class:

PROPOSED PRELIMINARY APPROVAL ORDER
(No. CV09-45RAJ) Page - 3

Exhibit 2 -- Page 86

Defendants, all present or former officers and/or directors of Defendants, Class Counsel, the Judge of this Court, the Judge's family and staff, Defendants' counsel of record, and all Persons who make a timely and valid election to be excluded from the Settlement Class  in accordance with the provisions of the Individual Notice to Settlement Class.

The Court appoints David Catapano and Anthony Michaels as representatives for the Settlement Class and Class Counsel as counsel for the Settlement Class.

4.      **Schedule**.  The Court approves the following schedule:

| Event | Time for Compliance |
|---|---|
| Deadline for filing Plaintiffs' motion for attorneys' fees and costs & posting on Settlement Website | 21 calendar days from the Court's entry of Preliminary Approval of the Settlement |
| Deadline for publishing notice | 30 calendar days from the Court's entry of Preliminary Approval of the Settlement |
| Deadline for e-mailing individual notice to members of the Class ("Notice Date") | 90 calendar days from the Court's entry of Preliminary Approval of the Settlement |
| Deadline for Opting Out of Class | 30 calendar days from the Notice Date |
| Deadline for Objecting to Settlement | 30 calendar days from the Notice Date |
| Deadline for Submitting Claim Form | 30 calendar days from the Notice Date |
| Deadline for filing Plaintiffs' motion for final approval | 20 calendar days prior to the Final Fairness Hearing |
| Final Fairness Hearing[1] | No earlier than August 31, 2011 |

5.      **Final Approval Hearing**.  A final approval hearing (the "Settlement Hearing" or "Final Hearing") shall be held before this Court on _____, 2011, at _____, to determine whether the Settlement Agreement is fair, reasonable and adequate and should be approved.  The Settlement Hearing may be postponed, adjourned, or continued by order of the

---

[1] Pursuant to 28 U.S.C. § 1715, the date of the Final Fairness Hearing must be at least 90 days after the filing date of Plaintiffs' Motion for Preliminary Approval.

PROPOSED PRELIMINARY APPROVAL ORDER
(No. CV09-45RAJ) Page - 4

Exhibit 2 -- Page 87

Court without further notice to the Settlement Class.  After the Settlement Hearing, the Court may enter a Final Approval Order and Judgment that will fully and finally adjudicate the rights of the Settlement Class members and the named parties to this lawsuit.

6.  **Notice**.  No later than ninety (90) calendar days after the date of entry of this Order (the "Notice Date"), the Settlement Administrator shall have a copy of the Individual Notice to Settlement Class and Settlement Class Claim Form in substantially the same form as Exhibit A to the Revised Settlement Agreement sent or made available via electronic mail to all members of the Settlement Class.  In addition, the Settlement Administrator shall provide publication notice to potential Settlement Class members by a *Wall Street Journal* newspaper classified advertisement no smaller than one-eighth of a page, and establish a website with settlement and claim administration information, within thirty (30) calendar days of the date of entry of this Order.

7.  **Findings Concerning Notice**.  The Court finds that electronic notice, together with the proposed form of published notice, is the best practicable notice under the circumstances and is as likely as any other form of notice to apprise potential Settlement Class members of the Settlement Agreement, and their rights to opt out and to object.  The Court further finds that such notice is reasonable, that it constitutes adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of Due Process.

8.  **Papers in Support of Settlement**.  The parties to the Revised Settlement Agreement may file additional papers in support of the proposed settlement twenty (20) calendar days prior to the Final Hearing.

9.  **Right to Exclude**.  Any Settlement Class member may choose to be excluded from the Settlement Class, as the case may be, by signing and submitting to the Settlement

PROPOSED PRELIMINARY APPROVAL ORDER
(No. CV09-45RAJ) Page - 5

Exhibit 2 -- Page 88

Administrator a Request For Exclusion postmarked no later than thirty (30) calendar days after the Notice Date, as set forth more fully in the Notice to Settlement Class.

10.   **Objections and Appearances**

(a)   **Written Objections**.  Any Settlement Class member may object to the fairness, reasonableness or adequacy of the Settlement Agreement.  Settlement Class members may do so either on their own or through counsel hired at their own expense.  Any Settlement Class member who wishes to make a written objection to the Settlement Agreement must serve a written statement of objection as set forth in the Notice along with any other supporting materials, papers or briefs that he or she wishes the Court to consider postmarked no later than thirty (30) calendar days after the Notice Date. The objection must be sent to the Clerk of the Court **and** he or she must also serve such papers so as to be received by Class Counsel and counsel for Defendants, as set forth below, no later than thirty (30) calendar days after the Notice Date:

Mark A. Griffin
Amy Williams-Derry
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052

**and** to

Stellman K. Keehnel
Russ Wuehler
DLA Piper LLP (US)
701 Fifth Avenue, Suite, 7000
Seattle, Washington 98104-7044

(b)   **Appearance at Settlement Hearing**.  Any Settlement Class member who has served an objection may appear at the Settlement Hearing, either in person or through

counsel hired at the Settlement Class member's expense, and object to the fairness,

reasonableness or adequacy of the Revised Settlement Agreement.  Any Settlement Class

member who chooses to be heard must send a written notice of intent to appear to the Clerk of

the Court and on Class Counsel at the addresses listed above so as to be received no later than

thirty (30) calendar days after the Notice Date.

  11. **Effect of Failure to Finally Approve the Settlement Agreement**.  If (i) the

Court does not finally approve this Revised Settlement Agreement, (ii) the Court does not enter

the Final Approval Order and Judgment dismissing the Consolidated Lawsuit with prejudice and

without leave to amend, (iii) Defendants terminate the Settlement Agreement pursuant to Section

16.4 of the Settlement Agreement, or (iv) the Settlement Agreement does not become final for

any other reason, then:

  (a) The Revised Settlement Agreement shall automatically become null and void and

have no further force or effect, and all proceedings that have taken place with regard to this

Revised Settlement Agreement and the settlement shall be without prejudice to the rights and

contentions of the Parties hereto;

  (b) The Revised Settlement Agreement, all of its provisions (including, without

limitation, any provisions concerning class certification), and all negotiations, statements and

proceedings relating to the Settlement Agreement shall be without prejudice to the rights of any

of the Parties, each of whom shall be restored to their respective position as of December 18,

2009;

  (c) The Revised Settlement Agreement, any provision of the Revised Settlement

Agreement (including, without limitation, the provisions concerning class certification), and the

PROPOSED PRELIMINARY APPROVAL ORDER
(No. CV09-45RAJ) Page - 7

Exhibit 2 -- Page 90

1   fact of the Revised Settlement Agreement having been made, shall not be admissible or entered

2   into evidence for any purpose whatsoever; and

3           (d)      Any judgment or order entered in connection with the Revised Settlement

4   Agreement, including, without limitation, any order certifying the Settlement Class will be

5   vacated and will be without any force or effect.

6           IT IS SO ORDERED.

7           DATED this _____ day of _____, 2011.

8

9

10

11                                          _____
                                            The Honorable Richard A. Jones
12                                          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PROPOSED PRELIMINARY APPROVAL ORDER
(No. CV09-45RAJ) Page - 8

Exhibit 2 -- Page 91