UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE CLASSMATES.COM<br>CONSOLIDATED LITIGATION | MASTER CASE NO. C09-45RAJ<br>ORDER<br><br>(APPLIES TO ALL ACTIONS) |

## I. INTRODUCTION

This matter comes before the court on three motions from people who wish to become parties to this action. Curtis Neeley filed two motions. Dkt. ## 130, 132. Christopher Langone filed one. Dkt. # 142. No one requested oral argument, and the court finds argument unnecessary. For the reasons stated below, the court DENIES the motions.

## II. BACKGROUND

Plaintiffs David Catapano and Anthony Michaels, through class counsel, have sought to resolve not only their claims against Defendant Classmates.com ("Classmates"), but the claims of as many as 50 million similarly situated people across the country. Last year, Classmates and Plaintiffs reached a putative class settlement. The court rejected that settlement early this year, first notifying the parties in a January 13, 2011 minute order, and then providing an explanation of its decision in a February 23,

ORDER – 1

2011 order. In rejecting the settlement, the court declined to certify a settlement class. No class has been certified.

By January 28, 2011, Plaintiffs and Classmates informed the court that they wished to renew their efforts to reach a classwide settlement. Dkt. # 126. They reached a new settlement this spring, and a motion for preliminary approval of that settlement is awaiting the court's decision.

In the interim, Mr. Neeley and Mr. Langone have sought to become parties to this lawsuit. Mr. Langone was an objector to the first settlement. He filed written objections and appeared telephonically at a December 16, 2010 final approval hearing. Mr. Neeley objected to the first settlement as well. He also filed several motions while that settlement awaited approval. The court denied all of them, noting that "Mr. Neeley [had] misconstrue[d] his role as an objector":

> Although [Mr. Neeley] (like other objectors) served an important role in revealing the reaction to the settlement, he is not a party to this case. Only parties (or those seeking to become parties) can file motions.

Feb. 23, 2011 Order (Dkt. # 128) at 15.

Mr. Neeley has now filed two more motions, proceeding without the assistance of an attorney. His first motion is a single-page "Motion Seeking Rule 19 Joinder As Party." He contends that he is a required party within the meaning of Rule 19 of the Federal Rules of Civil Procedure. He explains that he is "an emotionally distressed Party who is insulted soundly by the former litigation." He contends that a class action is inappropriate, that Classmates is guilty of criminal wire fraud, and that Classmates will "continue this cyber-crime-wave if allowed to continue to exist." Mr. Neeley's motion violates many of this District's local rules. Class counsel focused on just one of them, observing that Mr. Neeley had failed to properly note his motion. *See* Local Rules W.D. Wash. CR 7(d). In response, Mr. Neeley filed his second motion, which is identical to his first. This time, however, he used the court's electronic filing system to assign a

ORDER – 2

noting date to the motion. This time, both Plaintiffs and Classmates offered substantive responses to his motion, treating it as a motion to intervene invoking Rule 24 of the Federal Rules of Civil Procedure. The court will hereafter refer to Mr. Neeley's identical motions as a single motion.

Mr. Langone, who is represented by counsel, filed his motion after Plaintiffs filed their most recent motion for preliminary approval. He contends that he is entitled to intervene as a matter of right. *See* Rule 24(a).

The court now considers Mr. Langone's and Mr. Neeley's motions.

### III. ANALYSIS

So far as the court is aware, Rule 24 provides the only path for a non-party who wishes to petition the court to become a party. As noted, Mr. Neeley did not invoke Rule 24, he invoked Rule 19, which addresses the joinder of a "required party." Rule 19 is not a mechanism by which non-parties can seek to join a litigation. Instead, Rule 19 dictates when current parties to a litigation can be compelled to join a necessary non-party. In any event, Mr. Neeley does not state any basis on which he could be deemed a required party. The court considers Mr. Neeley's motion as a motion to intervene.

An intervenor must invoke either Rule 24(a), which governs intervention as of right, or Rule 24(b), which governs permissive intervention. As the jargon suggests, a court must permit intervention when a non-party satisfies the requirements for intervention as of right, provided the application to intervene is timely. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Permissive intervention, however, is an exercise of the court's discretion. *Donnelly*, 159 F.3d at 412 ("Even if an applicant satisfies th[e] threshold requirements, the district court has discretion to deny permissive intervention.").

An applicant for intervention as of right has the burden to establish four elements:

(1) [that] it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) [that] the disposition of the

ORDER – 3

action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) [that] the application is timely; and (4) [that] the existing parties may not adequately represent the applicant's interest.

*United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002).

**A.  Mr. Neeley**

Mr. Neeley cannot meet either of the first two requirements for intervention as of right. His interest, so far as the court can discern it from the two paragraphs of text in his motion, is in accusing Classmates of criminal conduct. Even assuming that this is a significant protectable interest, it is not an interest that he can protect by intervening in this action. This is a civil action. Neither Mr. Neeley nor anyone else can use this action as a forum for pursuing criminal charges. Moreover, no matter the outcome of this case, there will be no effect on Mr. Neeley's criminal accusations. This action will not resolve any questions of criminal conduct. For at least these reasons, Mr. Neeley is not entitled to intervention as of right.

Mr. Neeley can intervene permissively only if he has a statutory right to do so or if he has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Mr. Neeley has no statutory right to intervene. His criminal accusations present questions of criminal law that this civil action cannot resolve. Mr. Neeley has not pointed to any factual overlap between his criminal accusations and the facts essential to this civil case. Even if he had, however, the court would deny his application as an exercise of its discretion. Mr. Neeley's submissions give the court no reason to believe that he can contribute meaningfully to the litigation of this action. His presence as an intervenor bent on accusing Classmates of crimes will only delay the resolution of this case. Mr. Neeley is free to continue to exercise whatever rights he has as a class member or a putative class member. For example, if the court preliminarily approves the revised settlement, he may object to it or opt out of the settlement class. He may not, however, continue to file motions in this case. The court

ORDER – 4

will summarily deny any motion from Mr. Neeley that does not comply with this order. No party need respond to Mr. Neeley's further submissions unless the court orders otherwise.[1]

**B.     Mr. Langone**

Mr. Langone offers two arguments in support of his motion for intervention as of right. First, he contends that class members always have the right to intervene. Second, he claims that class counsel cannot represent his interests for a variety of reasons.

Even if the court were to accept that class members have a right to intervene, that would be of no benefit to Mr. Langone. He is not a class member. Indeed, there are no class members. Should the court certify a class, Mr. Langone would perhaps have a limited right to intervene. He could, for example, intervene for the purpose of appealing the court's approval of a settlement. *Devlin v. Scardelletti*, 536 U.S. 1, 11-13 (discussing intervention for purpose of appeal). Even that is unnecessary, however, because as long as he timely objects to any settlement, he can appeal even without intervening. *Id.* at 14. One of the purposes of class litigation is "to simplify litigation involving a large number of class members with similar claims." *Id.* at 10. The notion that every class member has a right to intervene is at odds with that principle. *See*, *e.g.*, *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (noting that intervention motions compromise the "efficiency and economy of litigation which is a principal purpose of the [class action] procedure"); *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 532 (9th Cir. 2011) (noting that *American Pipe* does not establish an intervention right for class members).

Rule 23 of the Federal Rules of Civil Procedure recognizes that intervention *may* be appropriate during the course of a class action. Fed. R. Civ. P. 23(d)(1)(B)-(C). In

---

[1] Class counsel included copies of email correspondence with Mr. Neeley in which he repeated his allegations of criminal conduct and threatened to file a lawsuit in his home state of Arkansas. Dkt. # 141-2 ("Curtis J Neeley Jr will either be added as a Plaintiff soon or will begin litigation against EVERY Plaintiff, Defendant, and Counselor in the United States Court for the Western District of Arkansas.").

ORDER – 5

acknowledging that possibility, Rule 23 establishes that the court has broad discretion in designing procedures to ensure that non-parties' views can be heard without unduly hampering the efficient resolution of the action. Thus the court can "prescribe measures to prevent undue repetition or complication in presenting evidence or argument," Rule 23(d)(1)(A). It can "impose conditions on the representative parties or on intervenors." Rule 23(d)(1)(C). It can provide class members with the "opportunity to signify whether they consider the representation [of class counsel] fair and adequate." Rule 23(d)(1)(B)(iii).

As the court's prior orders have demonstrated, the court is keenly interested in the input of putative class members. The procedure it uses to obtain that input in a class settlement is to permit putative class members to object to the settlement after preliminary approval but before the court makes a decision on final approval. As this litigation has demonstrated, that process itself can be slow and labor intensive. Absent a compelling reason, the court is loathe to create a second de facto objection period *before* the court grants preliminary approval. *See American Pipe*, 414 U.S. at 550 ("A federal class action is no longer 'an invitation to joinder' but a truly representative suit designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions."). Mr. Langone has not provided a compelling reason to permit him to voice his objections as an intervenor before preliminary approval.

Mr. Langone fails to establish that he needs to intervene to protect his interests in this lawsuit. He wants to intervene, it would appear, so that he can oppose even the preliminary approval of the parties' revised settlement. He makes clear that he finds the proposed settlement inadequate. Even if the court preliminarily approves the settlement, he has at least three options to protect that interest. He can opt out of the settlement class and pursue his own claims. He can object to the settlement, as he has done once already.

ORDER – 6

Finally, as noted above, he can appeal in the event that the court gives final approval to the settlement.

Intervention will be of no obvious advantage to Mr. Langone. He believes, for example, that class counsel violated Washington Rule of Professional Conduct ("RPC") 5.6 when it agreed in the revised settlement agreement that it would not represent parties who opt out of the settlement class or object to the settlement. *See* Revised Settlement Agr. (Dkt. # 134-1) ¶ 6.1 ("In the event Preliminary Approval is granted, Class Counsel will not represent, encourage, or solicit any person requesting exclusion from the settlement class or making objections to this Settlement Agreement."). The court takes no position on whether Mr. Langone is correct, but the court notes that nothing prevents him from raising that argument in an objection or on appeal. The court finds that Mr. Langone has not demonstrated that intervention would give him any right that he does not already have as a putative objector and appellant.

Some of Mr. Langone's concerns are beyond redress whether he intervenes or not. He is convinced that class counsel did a poor job negotiating the revised settlement. He contends, for example, that class counsel left millions of dollars in compensation for class members "on the table." Even if Mr. Langone became a party to this litigation, however, he would have no right to force class counsel to represent the class in the matter he sees fit. Class counsel's strategy and judgment as to a proper settlement are a matter of counsel's discretion. The court may, after considering the objections of class members, determine that the settlement cannot be approved. It has done so once already. But until such time as it becomes apparent that class counsel cannot effectively represent the class, the court will not remove class counsel.[2] Mr. Langone thus has no mechanism to impose his judgment on class counsel.

---

[2] The court has consistently used the term "class counsel" for simplicity. Because no class has been certified, current counsel is "interim" class counsel. Fed. R. Civ. P. 23(g)(3). As the record in this action reflects, the competition for designation as interim class counsel was hotly contested and protracted.

ORDER – 7

For these reasons, the court finds that Mr. Langone does not have an interest in this litigation that he needs to protect via intervention. He has neither established a right to intervene nor convinced the court to exercise its discretion to permit him to intervene. The court need not reach the parties' other arguments, including their dispute over whether Mr. Langone timely filed his intervention motion.

## IV. CONCLUSION

For the reasons stated above, the court DENIES each of the pending motions for intervention. Dkt. ## 130, 132, 142.

Dated this 19th day of May, 2011.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 8