The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV09-45 RAJ<br><br>PLAINTIFFS' RENEWED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION AWARDS TO THE CLASS REPRESENTATIVES<br><br>**NOTE ON MOTION CALENDAR: December 15, 2011** |

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(CV09-45 RAJ)

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................. 1

II.    FACTUAL BACKGROUND .............................................................. 2

III.   DISCUSSION .................................................................................... 4

      A.    Class Counsel's Request for an Award of Attorneys' Fees and
              Costs is Well-Supported by Ninth Circuit Law. ................................. 4

            1.    Class Counsel Obtained a Very Good Result for the Class. .................... 5

            2.    The Prosecution of this Lawsuit was Risky Because it
                  Involved Novel and Difficult Questions of Law and Fact. ...................... 7

            3.    The Litigation Required Significant Skill and Effort to
                  Properly Perform the Required Legal Services. ....................................... 7

            4.    Class Counsel Has Carried the Financial Burden in
                  Pursuing this Litigation by Pursuing this Case on a
                  Contingency Fee Basis. ......................................................................... 8

            5.    The Fees Requested Are in the Range of Awards in Similar
                  Cases. .................................................................................................... 9

            6.    The Reaction of the Class to the Settlement. ........................................ 10

      B.    Under the Lodestar Method, Class Counsel's Fee Request is Fully
               Justified. ................................................................................................ 10

      C.    Class Counsel's Request for Reimbursement of Costs is Fair and
               Reasonable. ........................................................................................... 11

      D.    The Participation Awards to the Representative Plaintiffs are Fair
               and Reasonable. ..................................................................................... 11

IV.   CONCLUSION................................................................................... 12

# TABLE OF AUTHORITIES

Cases

*Blum v. Stenson*,
    465 U.S. 886 (1984) ................................................................................................ 5

*Bowles v. Wash. Dep't of Ret. Sys.*,
    121 Wn.2d 52, 847 P.2d 440 (1993) ....................................................................... 5

*Fischel v. Equitable Assur. Society of U.S.*,
    307 F.3d 997 (9th Cir. 2002) .............................................................................. 7, 9

*Grays Harbor*,
    2008 WL 1901988 ................................................................................................. 12

*Hanlon v. Chrysler*,
    Group, 150 F.3d 1011 (9th Cir. 1998) ................................................................. 4, 5

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994) .................................................................................... 11

*Hughes v. Microsoft Corp.*,
    No. 98-1646, 2001 WL 34089697 (W.D. Wash. March 26, 2001) ....................... 12

*In re Equity Funding Corp. Sec. Litig.*,
    438 F. Supp. 1303 (C.D. Cal. 1977) ....................................................................... 8

*In re Heritage Bond Litig.*,
    2005 WL 1594389 (June 10, 2005 C.D. Cal.) ......................................................... 5

*In re Immune Response Sec. Litig.*,
    497 F. Supp. 2d 1166 (S.D. Cal. 2007) ................................................................ 11

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ............................................................................... 12

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ......................................................................... 4, 7, 9

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975) .................................................................................... 5

*Litig.*,
    47 F.3d 373 (9th Cir. 1995) .................................................................................... 7

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page ii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Pelletz v. Weyerhaeuser Co.*,
   592 F. Supp. 2d 1322 (W.D. Wash. 2009).......................................................... 5, 10

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ....................................................................... 11, 12

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) ................................................................................. 9

*Van Vranken v. Atl. Richfield Co.*,
   901 F. Supp. 294 (N.D.Cal. 1995) ..................................................................... 11

*Vizcaino*,
   290 F.3d ..................................................................................................... passim

*Yeagley v. Wells Fargo & Co.*,
   365 Fed.Appx. 886 (9th Cir. 2010)...................................................................... 4

*Zaldivar v. T-Mobile USA, Inc.*,
   2010 WL 1611981 (March 16, 2010 W.D.Wa.) ................................................. 10

<u>Statutes</u>

RCW 19.190.020(1)(b) ............................................................................................ 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

## I.   INTRODUCTION

2       Plaintiffs Anthony Michaels and David Catapano (collectively "Plaintiffs"), individually

3 and on behalf of the settlement class, respectfully submit through their counsel, Keller Rohrback

4 L.L.P. and Kabateck Brown Kellner LLP ("Class Counsel"), this motion for attorneys' fees and

5 costs and participation awards to the Class Representatives.  Class Counsel seek an award of

6 attorneys' fees totaling $1,050,000[1] plus reimbursement of $33,610.77 in costs[2] and participation

7 awards to the Class Representatives totaling $5,000 ($2,500 to each) for the services they have

8 rendered to the settlement class.  These are amounts that Defendants have agreed to pay, subject

9 to Court approval, in addition to all of the benefits being provided directly to members of the

10 Class as part of the Revised Class Action Settlement Agreement ("Settlement Agreement")

11 Griffin Decl., Ex. 2.[3]  Class Counsel respectfully submits that their fee application warrants

12 approval, as does the request for a $2,500 participation award to each Class Representative for

13 their service to the settlement class.

14

15       More than anything else, this settlement represents a very good result for the Class.  In

16 comparison to the prior settlement that was rejected by the Court, both the monetary and

17 injunctive relief portions of this settlement were dramatically improved.

18

19       The Settlement Agreement will provide real monetary relief to the Class.  In light of the

20 relatively low participation rate in the prior settlement, that settlement "would have paid only

21 about $52,000 to satisfy the claims that were made."  Order, p. 4 (Dkt No. 128).  Here, all of the

22

23 ---

[1] The requested attorney fee was generated through 3,937.35 hours of work on this case since its inception through
June 30, 2011.  Declaration of Mark A. Griffin in Support of Plaintiffs' Renewed Motion for Award of Attorneys'
Fees and Costs and Participation Awards to the Class Representatives ("Griffin Decl."), ¶ 14; Declaration of
24   Richard L. Kellner in Support of Plaintiffs' Renewed Motion for Award of Attorneys' Fees and Costs and
Participation Awards to the Class Representatives ("Kellner Decl."), ¶ 6.
25 [2] Griffin Decl., ¶ 22; Kellner Decl., ¶ 6.
[3] During a hearing on December 16, 2010, the Court stated that this same fee request based on many fewer hours of
26   work was reasonable.  ". . . I have reviewed the fee request.  The request is reasonable in light of the work the
lawyers have put into this litigation."  Transcript of Proceedings, p. 18 (Dkt No. 157).

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    monetary relief ($2.5 million) will distributed to members of the Class.  There will be no

2    credits—only cash—distributed to members of the Class.  Given the participation levels in the

3    prior settlement (even at the lower amounts that were made available to class members), it is

4    anticipated that each participating Class member will receive $10 in cash.  This would represent

5    a significant portion of the membership fees that were paid by the Class members (*i.e.* many

6    Class members paid only $9.95 for a membership).  Given the risks associated with this action,

7    the monetary portion of the settlement constitutes substantial relief for the Class.

8

9        With respect to the proposed injunctive relief, Classmates will now provide disclosures ***in

10   each email solicitation it sends regarding the Guestbook feature,*** explaining how the feature

11   works.  In particular, Classmates will explain that a visit to one's Guestbook does not necessarily

12   occur as the result of an intentional act.  This disclosure represents a material change in

13   Classmates' business practices and directly addresses the practice for which the Plaintiffs sought

14   redress in this class action.

15       In sum, Class Counsel devoted substantial resources to this class action and have

16   negotiated a very good settlement for the Class.  The fee request, which constitutes a negative

17   multiplier, is fair, reasonable, and should be approved by the Court.

18                        ## II.    FACTUAL BACKGROUND

19       This lawsuit asserts class action claims against Classmates.  Among other things, the

20   lawsuit claims that Classmates sent e-mail to subscribers of www.classmates.com that violated

21   the law and the privacy rights of subscribers.  Classmates denies wrongdoing, but it has agreed

22   with class representatives and Class Counsel that a settlement is appropriate.  Both sides agree

23   that because of the risks and expenses of continuing this lawsuit, this settlement is fair.  This

24   settlement is offered to a Settlement Class that includes:

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1        All Persons residing in the United States who were registered with or
2        subscribed to www.classmates.com at any time beginning on October 30,
          2004 through February 23, 2011.

3  Each Settlement Class member who submits a valid Claim Form will receive a cash award

4  (payable via PayPal or physical check to facilitate ease of participation).  Because the amount of

5  the individual payments will be determined upon the number of Class members who submit

6  claim forms, a precise amount of the cash award cannot be determined in advance.  However, as

7  described below, it is estimated that each participating Class member will receive about $10.

8        The cash award will be determined by dividing the $2.5 million that Classmates has

9  agreed to pay by the number of Settlement Class members who submit valid Claim Forms.  In

10  the prior settlement, there were approximately 50,000 Class members who submitted claims for

11  either cash or credit.  Unless these Class members affirmatively opt out of the Settlement

12  Agreement, they will be included in the new settlement and receive a distribution of cash.  Based

13  upon the fact that Class members will be potentially entitled to greater individual payments,

14  Class Counsel believes that the participation rate will increase dramatically.  There are as many

15  as 60 million Settlement Class members.  If 250,000 make claims (including the 50,000 who

16  previously made claims), each participating Class members will receive $10.  Even at a

17  participation level of 500,000, each would receive $5.  Class members can elect to receive their

18  cash allocation either electronically via PayPal or by a mailed check.

19        Based on the participation rates in the Prior Settlement, it is estimated that each

20  participating Settlement Class member will receive about $10.  As set forth in the Class Notice,

21  these amounts are estimates only, as the actual amount each claimant will receive will not be

22  known until all claims are submitted.

23        In addition to the cash award, for a period of two years, the Settlement will require

24  Classmates to change certain business practices that formed the basis for this class action.

25  Among other things, Classmates will no longer use the term "guestbook" as a stand-alone term in

26  the subject line of the emails it sends to its subscribers, but will instead call it "Classmates[®]

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Guestbook".  The "Classmates® Guestbook" feature will be described in the footer of those emails as follows, which will provide a disclosure that will address the claimed deception that individuals are being falsely told that a former classmate was looking for the recipient of the email solicitation, when that might not be so:

> WHAT IS CLASSMATES® GUESTBOOK?:  When most Classmates members visit your profile, their names will automatically be listed in your Classmates® Guestbook.  Any member can leave their name in any other member's Classmates® Guestbook simply by visiting that member's profile, so you might not know everyone who signed yours.  For more information, see our Classmates® Guestbook Help Article.

A complete description of the business practices that Classmates has agreed to change is available at the Settlement Website (www.cmemailsettlement.com) and is described in Exhibit C to the Settlement Agreement.  The proposed injunctive relief is significant because *it will accompany every Guestbook-related email solicitation* and will address the alleged misleading descriptions about Guestbook visitors.

The Griffin Declaration filed herewith contains detailed discussions of this litigation's progress, risks and ultimate success.  Accordingly, Plaintiffs will not repeat that discussion here and instead refer to that filing where necessary to show the reasonableness of the fees, costs, and case contribution awards sought in this motion.

## III.   DISCUSSION

**A.   Class Counsel's Request for an Award of Attorneys' Fees and Costs is Well-Supported by Ninth Circuit Law.**

To determine the appropriate attorney fee award in a class action, the Ninth Circuit recognizes that district courts have the "discretion to use either a percentage or lodestar method." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994) ("*WPPSS*")).[4]

---

[4] In situations, like here, where injunctive relief whose monetary value is difficult to discern is provided to the class, the Ninth Circuit has held that the lodestar method is an appropriate way for determining class counsel fees. *Yeagley v. Wells Fargo & Co.*, 365 Fed.Appx. 886 (9th Cir. 2010); *Vizcaino.*, 290 F.3d at 1049.

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    Further, the Ninth Circuit has held that when state substantive law applies, attorneys' fees

2    are to be awarded in accordance with state law.  *See Vizcaino v. Microsoft Corp.*, *supra*.

3    Because Washington law applies to the claims in this action, Compl. ¶ 60, Washington law

4    should be applied to determine the fee award.  *Vizcaino* at 1047.  This District Court follows this

5    well-established rule.  *See Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1325 (W.D.

6    Wash. 2009).

7    Washington law also recognizes both the lodestar method and the percentage method for

8    determining the appropriate attorneys' fee.  *See Bowles v. Wash. Dep't of Ret. Sys.*, 121 Wn.2d

9    52, 847 P.2d 440, 450-51 (1993).  Under the lodestar method, this "calculation begins with the

10   multiplication of the number of hours reasonably expended by a reasonable hourly rate."

11   *Hanlon*, 150 F.3d at 1029 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

12   To determine the appropriate multiplier to be applied to a lodestar, the Courts have

13   generally applied the following factors: (a) the quality of the representation; (b) the benefit

14   obtained for the class; (c) the complexity and novelty of the issues presented; and (d) the risks of

15   nonpayment. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Kerr v. Screen*

16   *Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).  Similarly, with respect to the determination

17   of the percentage of common fund, comparable factors include: (1) the results achieved; (2) the

18   risk of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee

19   and the financial burden carried by the plaintiffs; and (5) awards made in similar cases.  *See*

20   *Vizcaino*, 290 F.3d at 1048-50.  Other district courts within the Ninth Circuit have examined the

21   experience and efforts expended by class counsel.  *See In re Heritage Bond Litig.*, 2005 WL

22   1594389, at *8 (June 10, 2005 C.D. Cal.) (citations omitted).

23   Accordingly, in determining the fairness of a fee award under either the lodestar approach

24   or the percentage approach, the following comparable factors need to be considered.

25        **1.        Class Counsel Obtained a Very Good Result for the Class.**

26   While the amount of the cash award for each claimant cannot be determined in advance,

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    it is estimated to be $10 for each Settlement Class member.  The cash award will be determined

2    by dividing the $2.5 million that Classmates has agreed to pay by the number of Settlement Class

3    members who submit valid Claim Forms.  Given the relatively small amount of money that was

4    paid by class members to Classmates (often as little as $9.95 for a Gold Membership), this is a

5    good result.   In light of the potential issues that might preclude class certification as well as a

6    full recovery at trial [*see, e.g.* Dkt. No. 88 ("Defendants vigorously dispute plaintiffs' allegations

7    and are confident that if the case were not settled defendants would have prevailed on the merits

8    of the case.")], the monetary recovery is reasonable.  Significantly, in order to minimize the cost

9    and inconvenience of the claims application process, Class Counsel successfully negotiated an

10   electronic claims process, the costs of which Defendants will fully bear in addition to their other

11   obligations under the settlement.  Further, the approximately 50,000 Class members who

12   submitted claims for either cash or credit in connection with the prior settlement will be included

13   in this cash distribution unless they affirmatively opt out of the Settlement Agreement, and

14   payments will be made either by check or PayPal – further streamlining the payment process.

15        With respect to the injunctive relief portion of the settlement, Plaintiffs obtained the relief

16   that they were seeking from the outset of this action.  Specifically, the Plaintiffs were misled by

17   the "guestbook" feature into buying a Gold Membership, and this was the impetus for the filing

18   of this class action lawsuit.  Although the CEMA statute under which Plaintiffs are suing only

19   regulates *email subject lines*, RCW 19.190.020(1)(b), Plaintiffs were able to obtain injunctive

20   relief that modifies Defendants' allegedly false and misleading use of the "guestbook" term in

21   both the email subject line and the *body* of the emails they send to their subscribers.  This

22   injunctive relief is significant, because adding clarifying language to the body of each guestbook-

23   related email allows Class members to readily discern what the Classmate® Guestbook means

24   and whether it functions as a traditional "guestbook" or something unique to the Classmates

25   website, without the character or space constraints inherent in an email subject line.  The

26

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    Settlement Agreement's injunctive relief changes Defendants' practices and provides meaningful

2    disclosure about the (now) Classmates® Guestbook feature.[5]

3         In sum, the settlement is a very good one – especially when considered in the totality of

4    the circumstances.

5    ### 2. The Prosecution of this Lawsuit was Risky Because it Involved Novel and Difficult Questions of Law and Fact.

6

7         The Ninth Circuit recognizes that risk as well as novelty and difficulty of issues presented

8    are important factors in determining a fee award.  *See Vizcaino*, 290 F.3d at 1048; *see also*

9    *WPPSS*, 19 F.3d at 1302; *In re Pacific Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995);

10   *Fischel v. Equitable Assur. Society of U.S.*, 307 F.3d 997, 1008 (9th Cir. 2002).

11        Here, substantial risks and uncertainties in the litigation made it far from certain that any

12   recovery would be obtained.  Defendants' answer included seventeen affirmative defenses,

13   including challenges to the constitutionality of CEMA.  Answer at 10-11 (Dkt. No. 62).

14   Defendants also planned to oppose class certification on various grounds.  *Id.*  Moreover, CEMA

15   is a relatively new statute without much precedent yet refining or clarifying it, so Plaintiffs faced

16   a host of uncertainties in pursuing a class action under the statute.  No court has previously

17   certified a class under CEMA, so this action sought to plow new ground.  Given the novel and

18   difficult questions of law and fact involved, Class Counsel's fee request is justified.

19   ### 3. The Litigation Required Significant Skill and Effort to Properly Perform the Required Legal Services.

20        Class Counsel exerted tremendous time and effort in the prosecution of this complex

21   action, which required the work of highly-skilled and specialized attorneys with significant

22   experience in class action litigation.  As set forth in the Griffin and Kellner declarations filed

23   with this motion,  Class Counsel were well qualified to prosecute this case, and devoted 3,937.35

24

25

26   ---
     [5] In addition to addressing the alleged misleading nature of the "Guestbook" feature, the injunctive relief also revises the Privacy Policy of Classmates for a period of two years, following entry of the Final Approval Order and Judgment.  The specific language of the injunctive relief is set forth in Exhibit C to the Settlement Agreement.

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

hours[6] to the prosecution of this lawsuit.  This time is well justified as demonstrated by the fact that this action was actively litigated and hard-fought over three years, including the dozens of hours spent by Class Counsel investigating and developing the factual record prior to filing the original and amended complaint.  Plaintiffs also conducted fact discovery and expert work necessary to file their motion for class certification.  In light of the Court's deadlines, plaintiffs had prepared a draft of that motion when the parties initiated mediation.  The parties negotiated an initial settlement over a three month period between December 2009 and March 2010. During this period, Class Counsel continued to pursue and analyze discovery (over Defendants' objection), refine their draft class certification motion, and otherwise conduct due diligence on the emerging settlement.  Upon consideration of the initial settlement, the Court stated, "The [fee] request is reasonable in light of the work the lawyers have put into this litigation." Transcript of Proceedings, p. 18 (Dkt No. 157).  Since then, the parties have renegotiated the settlement over the course of another year, but Class Counsel are only seeking the same amount of attorneys' fees despite spending many more hours working on this matter since their initial fee application in 2010.

The quality of opposing counsel is also important in evaluating the quality of work performed by Class Counsel.  *See, e.g.*, *In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) ("[P]laintiffs' attorneys in this class action have been up against established and skillful defense lawyers, and should be compensated accordingly.").  Plaintiffs were opposed in this litigation by DLA Piper, a firm with 3,500 lawyers in offices throughout the world, whose attorneys are fully capable of defending the class action brought here.

As a result of the novel legal theories and the quality of opposing counsel, Class Counsel has advanced a reasonable amount of time and labor on behalf of the class.

### 4. Class Counsel Has Carried the Financial Burden in Pursuing this Litigation by Pursuing this Case on a Contingency Fee Basis.

"Attorneys whose compensation depends on their winning the case must make up in

---

[6] Griffin Decl., ¶ 14; Kellner Decl., ¶ 6.

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

compensation in the cases they win for the lack of compensation in the cases they lose." *Vizcaino*, 290 F.3d at 1051. Thus, whether class counsel takes a case on a contingency fee basis is a factor in determining the appropriateness of a fee award. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376-77 (9th Cir. 1993). "Contingent fees [are] a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless [of] whether they win or lose." *WPPSS*, 19 F.3d at 1299 (citation omitted). This is also a ground for providing a lodestar multiplier. *See Fischel,* 307 F.3d at 1007 (case remanded, in part, because court failed to consider counsel's expectation that they would receive a risk multiplier).

Here, Class Counsel undertook this litigation on a purely contingent basis, with no assurance of recovering attorneys' fees or reimbursement of costs. Although there was no guarantee of recovery, and despite the complex and novel issues of law and fact involved, Class Counsel expended considerable time and resources over three years to successfully prosecute the case on behalf of the settlement class. Because of Class Counsel's efforts, Classmates has agreed to pay significant monetary relief and to modify its practices and disclosures related to its "guestbook" feature. Additionally, Class Counsel's commitment of time and resources to the litigation required counsel to forego significant other work. *See Vizcaino*, 290 F.3d at 1050 (recognizing that these burdens are relevant circumstances in determining appropriateness of a fee award).

Class Counsel have only submitted a fee request for work performed in this case through June 30, 2011, and the request does not include the time and work involved in preparing this motion, the final approval motion, and all other related briefings thereto. Even after this petition is submitted, Class Counsel will also be responsible for continuing to monitor the Settlement and the disbursement of Settlement proceeds once the Court approves the Settlement, and this time and labor will not be compensable. Accordingly, this factor supports Class Counsel's fee request.

### 5. The Fees Requested Are in the Range of Awards in Similar Cases.

This District Court recognizes that a "modest 1.82 multiplier requested by [counsel] falls

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 9

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    well within the range of multipliers approved by Ninth Circuit courts." *Pelletz*, 592 F. Supp. 2d

2    at 1328 (citing *Vizcaino*, 290 F.3d at 1052-54). In fact, the Ninth Circuit acknowledges that most

3    multipliers range from 1.0 to 4.0. *Id.* This Court specifically has recently approved fee requests

4    from firms with similar hourly rates to the rates charged by Class Counsel here. *See Zaldivar v.*

5    *T-Mobile USA, Inc.*, 2010 WL 1611981 (March 16, 2010 W.D.Wa.) (approving hourly rates of

6    $150 to $650) (Ex. 5 to Griffin Decl.); *In re Northwest Biotherapeutics Inc. Sec. Litig.*, No. C07-

7    1254-RAJ (W.D. Wash.) (Ex. 6 to Griffin Decl.) (same). This District Court has likewise found

8    that an hourly rate of $305 to $800 is reasonable for this type of class action litigation. *See*

9    *Pelletz*, 592 F. Supp. 2d at 1327.

10          Class Counsel's fee request of $1,050,000 is less than the amount of fees incurred in this

11   case and is only 62% of the $1,707,768.85 total lodestar amount of Class Counsel.[7] Class

12   Counsel's hourly rate for attorneys ranges from $165 to $740, which is consistent with the hourly

13   rates charged by similar firms with the same experience both in this district and across the

14   country. In light of multipliers commonly approved by courts within the Ninth Circuit, Class

15   Counsel's prior representations to the Court about the fee cap it would self-impose,[8] and the

16   hourly rates that have been previously approved by this Court, the fee request is justified.

17          **6.      The Reaction of the Class to the Settlement.**

18          The Court-Approved Notice of Class Action Settlement gives members of the Settlement

19   Class until November 18, 2011 to object to this motion (Dkt. No. 159). Class Counsel will

20   respond to all objections in a subsequent filing after this deadline has passed.

21   **B.    Under the Lodestar Method, Class Counsel's Fee Request is Fully Justified.**

22          Class Counsel is requesting a fee award that is less than its lodestar. So-called "negative

23   multipliers," such as that being requested here, are unusual. District courts here and across the

24   country routinely approve much larger multipliers in complex class action proceedings. *See*,

25
_____
26   [7] Griffin Decl. ¶ 17; Kellner Decl. ¶ 6.
     [8] Class Counsel agreed to limit their multiplier to 2.0 or less if the court awards attorney fees via the lodestar method
     based upon their schedule of hourly fees (*see* Dkt. No. 51).

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   *e.g.*, *Vizcaino*, 290 F.3d at 1051, n.6 (recognizing a survey of class action settlements

2   nationwide, and noting that 54% of lodestar multipliers fell within the 1.5 to 3.0 range, and that

3   83% of multipliers fell within the 1.0 to 4.0 range).  Given the work performed, the risks

4   undertaken by class counsel, and the results obtained, a positive multiplier would be amply

5   justified.  Here, where the request is for a negative multiplier, it is respectfully submitted that the

6   fee request should be granted in all respects, particularly since Defendants have agreed to pay the

7   amount awarded by the Court in addition to all of the monetary and injunctive relief provided to

8   the Settlement Class.

9   **C.      Class Counsel's Request for Reimbursement of Costs is Fair and Reasonable.**

10          The requested costs must be relevant to the litigation and reasonable in amount.  *Id.*  The

11  expenses advanced by Class Counsel were necessary to secure the resolution of this litigation.

12  *See* Griffin Decl., ¶¶ 22-27; Kellner Decl., ¶¶ 4-43.  Courts allow recovery of "out-of-pocket

13  expenses that would normally be charged to a fee paying client."  *Harris v. Marhoefer*, 24 F.3d

14  16, 19 (9th Cir. 1994).  *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78

15  (S.D. Cal. 2007) (costs such as filing fees, photocopy costs, travel expenses, postage, telephone

16  and fax costs, and mediation expenses are relevant and necessary expenses in class action

17  litigation).  The expense categories for which Class Counsel seek reimbursement are of the type

18  routinely charged to hourly clients and, therefore, should be reimbursed here.

19  **D.      The Participation Awards to the Representative Plaintiffs are Fair and Reasonable.**

20          Finally, it is well-recognized that "named plaintiffs … are eligible for reasonable

21  incentive payments" as part of a class action settlement.  *Staton v. Boeing Co.*, 327 F.3d 938, 977

22  (9th Cir. 2003).  Courts regularly award such enhancements, which are intended to award the

23  named plaintiffs for their efforts in protecting the rights of the class.  *See Van Vranken v. Atl.*

24  *Richfield Co.*, 901 F. Supp. 294, 299-300 (N.D.Cal. 1995).  The award also compensates class

25  representatives for their time, effort and inconvenience.  *See Staton*, 327 F.3d at 976-77

26  (collecting cases).  When evaluating the reasonableness of a participation award, courts consider

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

factors such as "the action the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions … [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Id.* at 977; *see also Manual for Complex Litigation*, § 21.62 n.971 (4th ed. 2004) (enhancement payments may be "warranted for time spent meeting with class members, monitoring cases, or responding to discovery").

Here, Class Counsel request that the Court award named Plaintiffs Anthony Michaels and David Catapano $2,500 each.[9]  These amounts reflect the named Plaintiffs' contributions to this litigation, which include their participation in case investigation, complaint drafting, discovery, and mediation.  Each of the named Plaintiffs produced documents, contributed to and reviewed the complaint and amended complaint, responded to interrogatories and requests for production, began to prepare for their depositions, and oversaw the original and revised settlement process.  Each named Plaintiff has also submitted declarations in support of the revised settlement.  The individuals also regularly communicated with class counsel throughout the course of the litigation and responded to ongoing requests for information from counsel.

## IV.   CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their motion for attorneys' fees and costs.  Specifically, Class Counsel asks the Court to award $1,050,000, which is significantly less than the lodestar incurred in this litigation, reimburse all expenses advanced by Class Counsel, and issue participation awards to the Class Representatives.

DATED this 5th day of August, 2011.

**KELLER ROHRBACK L.L.P.**

By s/Mark A. Griffin

---

[9] The modest proposed participation awards requested in this case are also reasonable vis-à-vis other class cases involving requested service awards.  *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457 (9th Cir. 2000) (affirming $5,000 payments from a $1.725 million settlement fund); *Pelletz*, 592 F. Supp at 1329-133 (granting participation awards of $7,500 to each of the named plaintiffs in a $1.75 million settlement); *Grays Harbor Adventist Christian School v. Carrier Corp.*, 2008 WL 1901988, at *7 (awarding participation award of $3,500 to each named plaintiff in a multi-million dollar settlement); *Hughes v. Microsoft Corp.*, No. 98-1646, 2001 WL 34089697, at 12-13 (W.D. Wash. March 26, 2001) (awarding participation awards of $7,500, $25,000, and $40,000 to the representative plaintiffs).

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Mark A. Griffin, WSBA #16296
Amy Williams-Derry, WSBA #28711
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Tel: (206) 623-1900
Fax: (206) 623-3384
mgriffin@kellerrohrback.com
awilliams-derry@kellerrohrback.com

Brian S. Kabateck
Richard L. Kellner
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA  90017
Tel: (213) 217-5000
Fax: (213) 217-5010
bsk@kbklawyers.com
rlk@kbklawyers.com

***Class Counsel***

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 13

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

3

4

5

6

IN RE CLASSMATES.COM               )     No. CV09-45RAJ
CONSOLIDATED LITIGATION            )
                                   )     CERTIFICATE OF SERVICE
                                   )
_____)

7

8

9

     I HEREBY CERTIFY that on the 5th day of August, 2011, I electronically filed the

foregoing document with the Clerk of the Court using the ECF system, which will send

notification of such filing to the following:

10

11

12

13

14

Stellman Keehnel, WSBA No. 9309
Russell B. Wuehler, WSBA No. 37941
Nicole Tadano, WSBA No. 40531
DLA Piper US LLP
stellman.keehnel@dlapiper.com
russell.wuehler@dlapiper.com
Nicole.tadano@dlapiper.com

15

16

***Attorneys for Defendants Classmates Online, Inc,***
***Classmates Media Corporation and United Online, Inc.***

17

18

Clifford A. Cantor, WSBA No. 17893
Law Office of Clifford A. Canter PC
cacantor@comcast.net

19

20

21

David Stampley
Scott Kamber
KamberLaw, LLC
dstampley@kamberlaw.com
skamber@kamberlaw.com

22

23

Lawrence Carl Locker, WSBA No. 15819
Summit Law Group
larryl@summitlaw.com

24

25

26

Theodore Frank
Center for Class Action Fairness
tfrank@gmail.com

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Curtis J. Neeley, Jr.
curtis@CurtisNeeley.com

Christina L. Henry, WSBA No. 31273
Seattle Debt Law, LLC
chenry@seattledebtlaw.com

Mark Lavery
The Lavery Law Firm
mark@laverylawfirm.com

s/Mark A. Griffin

PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS' FEES AND COSTS AND PARTICIPATION
AWARDS TO THE CLASS REPRESENTATIVES
(C07-1787 RAJ) – Page 15

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384