The Honorable Richard A. Jones

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

CLASSMATES.COM CONSOLIDATED
LITIGATION

CASE NO. C09-00045-RAJ

OBJECTION OF PROFESSOR
MICHAEL I. KRAUSS TO PROPOSED
SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD

**CLASS ACTION**

FAIRNESS HEARING:
December 15, 2011 at 1:30 p.m.

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................... 1

II.    OBJECTOR MICHAEL I. KRAUSS IS A MEMBER OF THE CLASS ........................ 1

III.   THE COURT HAS AN ESPECIALLY HIGH FIDUCIARY DUTY TO
       MEMBERS OF THIS CLASS ................................................................... 2

IV.    THIS SETTLEMENT CONTAINS EVERY ONE OF *BLUETOOTH'S* THREE
       "WARNING SIGNS" OF SELF-DEALING ............................................... 4

       A.     Under *Bluetooth,* Fairness Prohibits Self-Dealing. ............................. 5

       B.     The Settlement's Disproportionate Benefit to the Attorneys, Combined
              With Its Clear Sailing and Kicker Clauses, Indicate Prohibited Self-Dealing. ...... 6

V.     CLASS COUNSEL'S AWARD REQUEST IS UNJUSTIFIABLE ................................ 9

VI.    THE COURT SHOULD DISCOUNT ATTEMPTS BY THE SETTLING
       PARTIES TO INFER CLASS APPROVAL FROM A LOW NUMBER OF
       OBJECTIONS ......................................................................................... 13

VII.   KRAUSS REQUESTS LEAVE OF THIS COURT TO REQUEST AN AWARD
       FOR THE BENEFIT THAT IS ATTRIBUTABLE TO HIS OBJECTION .................... 15

VIII.  THIS OBJECTION IS BROUGHT IN GOOD FAITH .................................... 18

IX.    CONCLUSION ......................................................................................... 19

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - i
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

TABLE OF AUTHORITIES

## CASES

*Amalgamated Meat Cutters & Butcher Workmen v. Safeway Stores, Inc.*,
    52 F.R.D. 373 (D. Kan. 1971)...............................................................15

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997).......................................................................3

*Diaz v. Trust Territory of Pacific Islands*,
    876 F.2d 1401 (9th Cir. 1989) ..........................................................3

*Duhaime v. John Hancock Life Ins. Co.*,
    2 F.Supp.2d 175 (D. Mass. 1998) ...................................................16

*Ellis v. Edward D. Jones & Co.*,
    527 F. Supp. 2d 439 (W.D. Pa. 2007)..............................................14

*Gottlieb v. Barry*,
    43 F.3d 474 (10th Cir. 1994) ...........................................................16

*Grove v. Principal Mut. Life Ins. Co.*,
    200 F.R.D. 434 (S.D. Iowa 2001) ...................................................13

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ..................................................4, 5, 12

*In re Aqua Dots Prods. Liab. Litig.*,
    654 F.3d 748 (7th Cir. 2011) .............................................................9

*In re Bluetooth Headset Prods. Liab. Litig*,
    654 F.3d 935, 2011 U.S. App. LEXIS 17224 (9th Cir. 2011) ................. *passim*

*In re General Motors Corp. Engine Interchange Litig.*,
    594 F.2d 1106 (7th Cir. 1979) .........................................................14

*In re General Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*,
    55 F.3d 768 (3rd Cir. 1995) ......................................................... *passim*

*In re Horizon/CMS Healthcare Corp. Sec. Litig.*,
    3 F.Supp.2d 1208 (D. N.M. 1998) ..............................................16, 17

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) .............................................................2

*In re Prudential Ins. Co. of Am.*,
    273 F.Supp.2d 563 (D. N.J. 2003) ..............................................16, 17

*In re Washington Pub. Power Supply Sys. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ......................................................2, 4, 5

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

*Johnson v. Comerica*
    83 F.3d 241 (8th Cir. 1996) ..................................................................7, 17

*Lobatz v. U.S. West Cellular of Cal., Inc.,*
    222 F.3d 1142 (9th Cir. 2000) .......................................................................9

*Lonardo v. Travelers Indem. Co.,*
    706 F.Supp.2d 766 (N.D. Ohio 2010)..................................................16, 17

*Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.,*
    834 F.2d 677 (7th Cir. 1987) .......................................................................14

*Mirfasihi v. Fleet Mortgage Corp.,*
    356 F.3d 781 (7th Cir. 2004).........................................................................2

*Molski v. Gleich,*
    318 F.3d 937 (9th Cir. 2003) .........................................................................3

*Paul, Johnson, Alston & Hunt v. Graulty*
    886 F.2d 268 (9th Cir. 1989) .........................................................................9

*Petruzzi's, Inc. v. Darling-Delaware Co.,*
    880 F. Supp. 292 (M.D. Pa. 1995) ..............................................................14

*Reynolds v. Beneficial Nat. Bank,*
    288 F.3d 277 (7th Cir. 2002) .......................................................................16

*Riker v. Gibbons,*
    2010 WL 4366012 (D. Nev. Oct. 28, 2010) ..................................................3

*Rodriguez v. West Publishing Corp.,*
    563 F.3d 948 (9th Cir. 2009) .......................................................................16

*Silber v. Mabon,*
    957 F.2d 697 (9th Cir. 1992) .........................................................................2

*Six Mexican Workers v. Arizona Citrus Growers,*
    904 F.2d 1301 (9th Cir. 1990) .......................................................................9

*Sobel v. Hertz,*
    No. 3:06-CV-00545, 2011 U.S. Dist. LEXIS 68984 (D. Nev. Jun. 27, 2011) ..................6

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003) .........................................................4, 5, 6, 7, 10

*Sylvester v. Cigna Corp.,*
    369 F.Supp.2d 34 (D. Me. 2005) ...................................................................8

*Synfuel Tech. Inc. v. DHL Express.,*
    463 F.3d 646 (7th Cir. 2006) .......................................................................12

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - iii
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

*Thorogood v. Sears Roebuck & Co.*,
547 F.3d 742 (7th Cir. 2008) ...................................................................5

*True v. Am. Honda Motor Co.*,
749 F.Supp. 1052 (C.D. Cal. 2010) ..........................................................3

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002) ..................................................................4

*Weinberger v. Great Northern Nekoosa Corp.*,
925 F.2d 518 (1st Cir. 1991) ................................................................7-8

## STATUTES AND FEDERAL RULES

15 U.S.C. § 77z-1(a)(6) ..............................................................................10

Fed. R. Civ. Proc. 23(a)(4) ....................................................................9, 19

Fed. R. Civ. Proc. 23(e) ......................................................................3, 6, 8

Fed. R. Civ. Proc. 54(d)(2) .......................................................................15

## OTHER AUTHORITIES

American Law Institute, *Principles of the Law of Aggregate Litigation* § 3.05, *comment a*
(2010)…......................................................................................15

American Law Institute, *Principles of the Law of Aggregate Litigation* § 3.05(c) (2010)..............3

Brunet, Edward, *Class Action Objectors: Extortionist Free Riders or Fairness*
*Guarantors,* 2003 U. CHI. L. FORUM 403 (2003) ...............................18

Eisenberg, Theodore & Geoffrey Miller, *The Role of Opt-Outs and Objectors in Class*
*Action Litigation: Theoretical and Empirical Issues*, 57 VAND. L. REV. 1529,
1532 (2004) ..................................................................................14

Federal Judicial Center, *Manual for Complex Litigation (Fourth)* § 21.71 (4th ed. 2008) .......7, 17

Frankel, Allison, *Legal Activist Ted Frank Cries Conflict of Interest, Forces O'Melveny*
*and Grant & Eisenhofter to Modify Apple Securities Class Action Deal,*
AMERICAN LAWYER LIT. DAILY (Nov. 30, 2010) ................................18

Jones, Ashby, *A Litigator Fights Class-Action Suits*, WALL ST. J. (Oct. 31, 2011) .....................18

Leslie, Christopher R., *The Significance of Silence: Collective Action Problems and Class*
*Action Settlements*, 59 FLA. L. REV. 71 (2007) ................................13

Karlsgodt, Paul & Raj Chohan, *Class Action Settlement Objectors: Minor Nuisance or*
*Serious Threat to Approval,* BUREAU OF NAT. AFFAIRS: CLASS ACTION LIT.
REPORT (Aug. 12, 2011) .............................................................18

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - iv
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Morrison, Alan B., *Improving the Class Action Settlement Process: Little Things Mean a Lot*, 79 GEO. WASH. L. REV. 428 (2011)............................................................................17

Newberg, Herbert & Alba Conte, NEWBERG ON CLASS ACTIONS § 13:20 (4th ed. 2002) ...............3

Report of the Third Circuit Task Force, Court Awarded Attorney Fees, 108 F.R.D. 237 (1985) ................................................................................................................................7

Zahorsky, Rachel M., "Unsettling Advocate," *ABA Journal* (April 2010) ...................................18

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - v
CASE NO. C09-00045-RAJ

## I.  INTRODUCTION

In its rejection of the parties' first proposed settlement, this Court found it to be "a settlement that would have provided substantial benefits to Classmates, to class counsel, and to the class representatives," but one that "offered very little to class members." Order of February 23, 2011 Denying Final Approval at 15 (Dkt. No. 128) ("Order"). The settling parties' newest proposal is superior to the one this Court rejected earlier this year, but their second draft remains fatally burdened by self-serving defects that require modification to be fair to the class.

This settlement carries every single sign of self-dealing that caused the Ninth Circuit Court of Appeals to strike down a similar settlement just a few months ago—namely, oversized attorneys' fees, a "clear sailing" clause that blocks the defendant from objecting to those fees, and a "kicker" that denies any benefits caused by judicial reduction of those fees from accruing to anyone besides the defendant. Because the plaintiffs originally fought hard to restrict the class benefit to "about $52,000" (Order at 8), but have now grudgingly renegotiated a settlement that provides $2.5 million in class benefits, it is difficult to justify an award that pays class counsel the full 25% benchmark of the Ninth Circuit. And, indeed, class counsel doesn't request 25%. Instead, it requests 30%.

The parties should agree to a modification of the settlement to create a single common fund that reverts the portion of the excessive attorney-fee request to the class; the reduced amount should be split between class counsel and the objectors that made this $2.5 million class settlement fund possible. Without these modifications, the settlement is unfair and should be rejected.

## II.  OBJECTOR MICHAEL I. KRAUSS IS A MEMBER OF THE CLASS

Professor Michael I. Krauss (business address George Mason University School of Law, 3301 North Fairfax Drive, #316, Arlington, Virginia, 22201, 703-993-8024) was registered with classmates.com during the relevant class period.

The putative settlement class is defined as "All Persons, excluding Settlement Subclass members, residing in the United States who were registered with or subscribed to

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 1
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

www.classmates.com at any time between October 30, 2004 and February 23, 2011." Professor Krauss is thus a class member with standing to object.  He intends to appear at the fairness hearing through his counsel, Daniel Greenberg of the Center for Class Action Fairness and local counsel Lawrence C. Locker of the Summit Law Group. If any witness testifies at the hearing in support of the proposed settlement, Professor Krauss requests permission to cross-examine the witness or witnesses through his counsel. Because of the instructions of the Notice, Professor Krauss states: "I object to the settlement in the Classmates.com class action, Case No. 09-45RAJ." *See* Notice, § 12.

Professor Krauss teaches torts and legal ethics at George Mason University School of Law. He objects to both the proposed attorneys' fees and the proposed settlement.

Professor Krauss's objection materially improved the original settlement. The original settlement provided "about $52,000" to the class, whereas the current version supplies the class $2.5 million: this means that the new settlement benefits the class approximately fifty times as much as the old one. It was Professor Krauss's counsel at the fairness hearing who drew this Court's attention to the settling parties' incorrect argument that courts construe silence as tacit consent to a bad settlement. *See* Order at 9-11, chiefly at 10.

## III.   THE COURT HAS AN ESPECIALLY HIGH FIDUCIARY DUTY TO MEMBERS OF THIS CLASS

A district court must act as a "fiduciary for the class," "with 'a jealous regard' "for the rights and interests of absent class members. *In re Mercury Interactive Corp.*, 618 F.3d 988, 994-95 (9th Cir. 2010) (quoting *In re Washington Pub. Power Supply Sys. Lit.,* 19 F.3d 1291, 1302 (9th Cir. 1994)).  "Because class actions are rife with potential conflicts of interest between class counsel and class members, district judges presiding over such actions are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004). "Both the class representative and the courts have a duty to protect the interests of absent class members."  *Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992).  *See also*

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 2
CASE NO. C09-00045-RAJ

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

*Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) ("The district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members").

This Court is not relieved of its responsibility because it previously discharged its duty by scrutinizing and rejecting the first proposed settlement. "A trial court has a *continuing* duty in a class action case to scrutinize the class attorney to see that he or she is adequately protecting the interests of the class." Herbert Newberg & Alba Conte, NEWBERG ON CLASS ACTIONS § 13:20 (4th ed. 2002) (emphasis added).

Where a court is confronted with a settlement-only class certification, the court must look to factors "designed to protect absentees." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003).  "Settlements that take place prior to formal class certification require a higher standard of fairness."  *Molski*, 318 F.3d at 953 (quoting *Dunleavy v. Nadler*, 213 F.3d 454, 458 (9th Cir. 2000)).

"Under Rule 23(e) the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members.... [T]he court cannot accept a settlement that the proponents have not shown to be fair, reasonable and adequate." *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.,* 55 F. 3d 768, 785 (3d. Cir. 1995) (quoting *Grunin v. International House of Pancakes,* 513 F.2d 114, 123 (8th Cir. 1975)). *See also Riker v. Gibbons,* 2010 WL 4366012, at *2 (D. Nev. Oct. 28, 2010).

There should be no presumption in favor of settlement approval: "[t]he proponents of a settlement bear the burden of proving its fairness." *True v. American Honda Co.*, 749 F. Supp. 1052, 1080 (C.D. Cal. 2010) (*citing* 4 NEWBERG ON CLASS ACTIONS § 11:42 (4th ed. 2009)). *Accord* AMERICAN LAW INSTITUTE, PRINCIPLES OF THE LAW OF AGGREGATE LITIG. § 3.05(c) (2010) ("*ALI Principles*"). That rule is especially important in a case like this, in which the settling parties had previously asked this Court to approve an unfair settlement.

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 3
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

"These concerns warrant special attention when the record suggests that settlement is driven by fees; that is, when counsel receive a disproportionate distribution of the settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 2011 U.S. App. LEXIS 17224 at *28 (9th Cir. 2011). This remains a fee-driven settlement: the attorneys are requesting a fee in excess of this Circuit's benchmark even after the Court earlier chided class counsel for "point[ing] to an illusory $9.5 million benefit as justification for its own fee award." Order at 13.

It is insufficient that the settlement happened to be at "arm's length" without express collusion between the settling parties; because of the danger of conflicts of interest, third parties must monitor the reasonableness of the settlement as well. "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have obtained." *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003). "Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1052 (9th Cir. 2002) (quoting *In Re Washington Public Power Supply Sys. Lit.,* 19 F.3d 1291 (9th Cir. 1994)). "Accordingly, fee applications must be closely scrutinized." *Vizcaino*, 290 F. 3d at 1052.

## IV.   THIS SETTLEMENT CONTAINS EVERY ONE OF *BLUETOOTH'S* THREE "WARNING SIGNS" OF SELF-DEALING

This settlement carries all of the indicia of self-dealing that caused this Circuit's Court of Appeals to strike down a similarly structured settlement less than three months ago. *Bluetooth*, 2011 U.S. App. LEXIS 17224. That decision's dishonor roll of "warning signs" of self-dealing is controlling.

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 4
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

A.      Under *Bluetooth,* Fairness Prohibits Self-Dealing.

Courts "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests … to infect the negotiations." *Bluetooth,* 2011 U.S. App. LEXIS 17224 at *28 (citing *Staton v. Boeing Co.,* 327 F.3d at 960). A "district court ha[s] a fiduciary responsibility to the silent class members." *In re Wash. Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d at 1295-96. It is not enough that the settlement happened to be at "arm's length" without explicit collusion; the settlement must be objectively reasonable as well and must avoid self-dealing by class counsel.

Concerns about the potential conflict of interest between class counsel and their clients "warrant special attention when the record suggests that settlement is driven by fees; that is, when counsel receive a disproportionate distribution of the settlement…" *Hanlon v. Chrysler Corp.,* 150 F.3d at 1021; *accord Bluetooth* 2011 U.S. App. LEXIS 17224 at *28.

Any court judging the fairness of a class action faces "a responsibility difficult to discharge when the judge confronts a phalanx of colluding counsel. The defendant wants to minimize outflow of expenditures and the class counsel wants to increase inflow of attorneys' fees. Both can achieve their goals if they collude to sacrifice the interests of the class." *Thorogood v. Sears Roebuck & Co.,* 547 F.3d 742, 745 (7th Cir. 2008), *vacated on other grounds by Thorogood v. Sears Roebuck & Co.,* -- S. Ct. --, 2011 U.S. LEXIS 4939 (2011).

That collusion need not be explicit: "a defendant is interested only in disposing of the total claim asserted against it … the allocation between the class payment and the attorneys' fees is of little or no interest to the defense …" *Staton,* 327 F.3d at 964 (quotation omitted). It is therefore a mistake to conclude that when the prospect of express collusion is eliminated, the question of collusion is therefore settled: on the contrary, an impermissibly self-dealing settlement can come about simply because of the indifference of the settling parties to the interests of the class. Thus, courts judging the fairness of a settlement should not only ask whether a settlement was negotiated at arms' length, but whether the attorneys are unfairly pursuing their self-interest at the expense of

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 5
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    the class. *Bluetooth,* 2011 U.S. App. LEXIS 17224 at *28; *id.* at *31 ("While the Rule 23(a)

2    adequacy of representation inquiry is designed to foreclose class certification in the face of 'actual

3    fraud, overreaching or collusion,' the Rule 23(e) reasonableness inquiry is designed precisely to

4    capture instances of unfairness not apparent on the face of the negotiations" (quoting *Staton*, 327

5    F.3d at 960)).

6    B.     The Settlement's Disproportionate Benefit to the Attorneys, Combined With Its Clear
            Sailing and Kicker Clauses, Indicate Prohibited Self-Dealing.

7           The *Bluetooth* decision suggests a non-exclusive list of three possible signs of self-dealing.

8    As in *Bluetooth*, all three of these "multiple indicia" of unfairness are present in this settlement.

9    *Bluetooth,* 2011 U.S. App. LEXIS 17224 at *28–30.

10          First, "counsel receive[d] a disproportionate distribution of the settlement." *Id.* at *28

11   (quoting *Hanlon*, 150 F.3d at 1021). Class counsel was originally an enthusiastic cheerleader for a

12   settlement that would have produced "about $52,000" for the class (see Order at 4); in exchange it

13   demanded just over twenty times that figure—or $1.05 million—in payment for its labors. After

14   this Court rejected that unfair settlement, one might think that class counsel would restrain its

15   appetite. Not so: even though the class benefit has now increased to $2.5 million—largely because

16   of the arguments of objectors which class counsel strenuously resisted—class counsel continues to

17   demand the same fee. *Cf. Sobel v. Hertz*, No. 3:06-CV-00545, 2011 U.S. Dist. LEXIS 68984, at

18   *44 (D. Nev. Jun. 27, 2011) ("Class Counsel has requested for itself an uncontested cash award ...

19   with only a modest discount from the claimed lodestar amount. In other words, the class is being

20   asked to 'settle,' yet Class Counsel has applied for fees as if it had won the case outright.").

21   Moreover, although class counsel no longer requests a fee twenty times as large as the class's

22   recovery, its new request of fees and costs is in excess of 30% of the value of the settlement,[1] an

24          ────────────────
     [1] If this court acts as class counsel requests, defendant will pay $2.5 million to the class, $5,000 to named plaintiffs,
25   $1.05 million in fees to class counsel, and $33,610.77 in expenses to class counsel. Summing all four of these figures
     will produce the total value of the settlement, and summing just the last two figures will produce the value of the
26   settlement that goes to class counsel. Class counsel's receipt of this latter sum would give it just over 30% of the
     entire value of the settlement.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

amount that is significantly above this Circuit's benchmark. The fact that class counsel previously proposed a wholly inadequate settlement suggests that any upward deviation from the benchmark is inappropriate.

As noted above, the "defendant is interested only in disposing of the total claim asserted against it … the allocation between the class payment and the attorneys' fees is of little or no interest to the defense…" *Staton,* 327 F.3d at 964. *See also In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d at 820 (severable fee structure "is, for practical purposes, a constructive common fund"); *cf. id.* at 821 ("[P]rivate agreements to structure artificially separate fee and settlement arrangements cannot transform what is in economic reality a common fund situation into a statutory fee shifting case."); *Johnson v. Comerica*, 83 F.3d 241 (8th Cir. 1996) ("[I]n essence the entire settlement amount comes from the same source. The award to the class and the agreement on attorney fees represent a package deal."). "If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees" then "the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class, with the agreed-on fee amount constituting the upper limit on the fees that can be awarded to counsel." Manual for Complex Litigation § 21.71 (4th ed. 2008). "Even if the plaintiff's attorney does not consciously or explicitly bargain for a higher fee at the expense of the beneficiaries, it is very likely that this situation has indirect or subliminal effects on the negotiations." Report of the Third Circuit Task Force, Court Awarded Attorney Fees, 108 F.R.D. 237, 266 (1985). In short, the defendant had no duty to ensure that the appropriate portion of the settlement's value would go to the class. But class counsel did, and it failed.

Second, the settlement has a "clear sailing" arrangement that provides for the payment of attorneys' fees separate and apart from class funds without challenge from the defendants. Revised Settlement Agreement, § 5.2; *Bluetooth*, 2011 U.S. App. LEXIS 17224 at *29. A clear sailing clause stipulates that attorney awards will not be contested by opposing parties. "Such a clause by its very nature deprives the court of the advantages of the adversary process." *Weinberger v. Great*

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 7
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   *Northern Nekoosa Corp.*, 925 F. 2d 518, 525 (1st Cir. 1991). The clause "suggests, strongly," that

2   its associated fee request should go "under the microscope of judicial scrutiny." *Id*. The clear

3   sailing clause lays the groundwork for lawyers to "urge a class settlement at a low figure or on a

4   less-than-optimal basis in exchange for red-carpet treatment on fees." *Id*. at 524; accord *Bluetooth*,

5   2011 U.S. App. LEXIS 17224 at *29. Here, class counsel put its own fees ahead of the interests of

6   the class by negotiating a provision that insulates those fees from challenge by the defendant.

7        Third, the "parties arrange[d] for fees not awarded to revert to defendants rather than be

8   added to the class fund." *Id.* at *29. The structure of this settlement does that by segregating class

9   counsel's fee request from the "Total Cash Consideration" fund that is made available to the class,

10  creating the unattractive consequence that any reduction in fees cannot redound to the class'

11  benefit. A "kicker arrangement reverting unpaid attorneys' fees to the defendant rather than to the

12  class amplifies the danger" that is "already suggested by a clear sailing provision." *Id*. at *34.

13  "The clear sailing provision reveals the defendant's willingness to pay, but the kicker deprives the

14  class of that full potential benefit if class counsel negotiates too much for its fees." *Id*. at *35.

15  (Sometimes courts go farther than *Bluetooth*, even holding that "the reverter clause and clear

16  sailing clause raise a presumption of unfairness." *Sylvester v. Cigna Corp.*, 369 F.Supp.2d 34, 47

17  (D. Me. 2005).)

18       Should the court decide that the requested fees are too high (and it should so decide, based

19  on Ninth Circuit precedent: *see* § IV below), the "kicker" will simply shift the remainder back into

20  the pockets of the defendants. This is wrong. "If the defendant is willing to pay a certain sum in

21  attorneys' fees as part of the settlement package, but the full fee award would be unreasonable,

22  there is ***no apparent reason*** the class should not benefit from the excess allotted for fees." *Id.* at

23  *34–35 (emphasis added). The reversion of an oversized fee request to the defendant is *per se* self-

24  dealing that makes the settlement inherently unfair under Rule 23(e).

25       Classmates was willing to pay just over $3.588 million to be rid of the settlement. Because

26  class counsel has requested fees and expenses in excess of the 25% Ninth Circuit benchmark, but

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 8
CASE NO. C09-00045-RAJ

S<small>UMMIT</small> L<small>AW</small> G<small>ROUP</small> PLLC
315 F<small>IFTH</small> A<small>VENUE</small> S<small>OUTH</small>, S<small>UITE</small> 1000
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   made it impossible for the class to recover any reduction in that excessive fee request, the

2   settlement cannot be approved unless the parties agree to delete the kicker provision and create a

3   single common $3.588 million common fund. No more than $897,153 should be going to

4   attorneys in this case, and the class, rather than Classmates, should be the beneficiary of the excess

5   $186,458.[2] In short, this second settlement shares the defect of the first one: if it had been

6   structured just a bit differently, it could have benefited the class significantly more without the

7   slightest increase in payment from the defendant. *Cf.* Order, at 7-8, 9.

8     Moreover, if "class counsel agreed to accept excessive fees and costs to the detriment of

9   class plaintiffs, then class counsel breached their fiduciary duty to the class." *Lobatz v. U.S. West*

10   *Cellular of Cal., Inc.,* 222 F.3d 1142, 1147 (9th Cir. 2000). When class counsel bring class

11   litigation to benefit themselves, rather than their putative class clients, they cannot meet the

12   adequacy requirements of Rule 23(a)(4), and the class should not be certified. *In re Aqua Dots*

13   *Prods. Liab. Litig.,* 654 F.3d 748 (7th Cir. 2011).

14       V. CLASS COUNSEL'S AWARD REQUEST IS UNJUSTIFIABLE

15     The Ninth Circuit's benchmark for the award of attorneys' fees is 25% of the value of the

16   settlement. *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.

17   1990). The court may take unusual circumstances—such as the degree of success obtained—into

18   account when it awards attorneys' fees, but the 25% benchmark should be the starting point. *See*

19   *id.; see also Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir.1989). As

20   discussed in § III.B. above, it is reasonable to view the second proposed settlement as springing

21   from a constructive common fund. *See In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.,*

22   55 F.3d at 820 (3d Cir. 1995) (severable fee structure "is, for practical purposes, a constructive

23   common fund").

24

25     [2] For ease of reading, the dollar figures in the sentence above and in this footnote are rounded to the nearest dollar.
Footnote 1 above contains the calculation of the value of the entire settlement. A quarter, or 25%, of that value is

26   $897,153; however, class counsel requests $1,083,611 for attorneys' fees and expenses, which is $186,458 above the
benchmark.

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 9
CASE NO. C09-00045-RAJ

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1    Here, however, class counsel proposes that its services should be valued at a much higher

2  level than the Ninth Circuit benchmark. In fact, class counsel asks this court to add its expenses

3  into the bill and ultimately to award it more than 30% of the settlement's value. (*See* footnote 1

4  above. This Court should include both fees and costs in the 25% benchmark. *See Staton v. Boeing

5  Co.,* 327 F.3d at 974; *cf. also* 15 U.S.C. § 77z-1(a)(6) (PSLRA) ("total attorneys' *fees and

6  expenses* shall not exceed a reasonable percentage of the amount of any damages and prejudgment

7  interest *actually paid* to the class" (emphasis added)).)

8    When this Court determines the appropriate fee to award to attorneys, deviation from the

9  25% benchmark requires some justification. Class counsel has decided that a 25% award is not

10 high enough, but this Court should not accept class counsel's estimate of its services at face value.

11 Although it is true *as a general matter* that the 25% benchmark may be adjusted up or down, *in

12 this particular case* class counsel's demand is remarkably aggressive. This is true for two reasons.

13   *First*, in the original settlement it brought to this Court, class counsel advocated

14 compensating the class in a way that would have produced for the class about one-fiftieth of the

15 current settlement's value. When objectors criticized the first settlement as unfair, class counsel

16 vigorously defended the morsel it had procured for the class as well as the banquet it had created

17 for itself, engaging in false and *ad hominem* attacks against objectors' counsel—who were

18 demonstrably the only participants in the fairness hearing, aside from this Court, looking out for

19 the class's interest. The $2.5 million that the class would receive under the second settlement came

20 about largely in spite of the efforts of class counsel, not because of them. Judicial endorsement of

21 class counsel's 30% request would, in a very real way, reward class counsel's willingness to sell

22 out the class in the first proposed settlement in exchange for a tiny fraction of what class members

23 were able to receive from the second proposed settlement. If this is not a reason to reduce class

24 counsel's requested 30% award, it is difficult to see what would be: class counsel has proposed a

25 heads-I-win, tails-you-lose scheme in which it is amply rewarded whether its arguments in favor

26 of getting the class $52,000 in the first settlement succeed or fail. At some point, basic fairness

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 10
CASE NO. C09-00045-RAJ

1   demands that there ought to be some kind of consequence when class counsel vigorously and

2   unsuccessfully argues against the class's interest, and certainly there should be no reward for such

3   conduct that might motivate another class counsel to behave this way in the future. A more

4   appropriate response from this Court would be the recognition that class counsel and objectors'

5   counsel are entitled to joint credit for the modification of the first settlement, and that they should

6   receive joint benefit: attorneys' fees should be awarded to those objectors that this Court

7   determines have materially improved this settlement, and (to the extent possible) any reduction in

8   the sum of all attorneys' awards should accrue to the benefit of *the class*, not to the benefit of

9   defendants.

10          *Second*, determining the most appropriate total value of the settlement to the class requires

11   sound judgment, not just toting up figures. This settlement provides several striking example of

12   stark differences between the judgment of class counsel and the judgment of this Court about the

13   value of settlement components to the class, perhaps most notably over what class counsel calls

14   "substantive injunctive relief." Plaintiff's Motion for Preliminary Approval of Revised Class

15   Action Settlement, at 15. This Court took a dim view of the settlement's injunctive relief in its

16   Order of February 23, finding that it was "notable in that it does not stop *any* of the practices that

17   led to this action." Order at 7 (emphasis in original). As this Court noted, the relief merely

18   mandates "disclosure that is highly unlikely to make a difference to class members"—"a marginal

19   benefit at best." *Id*.

20          Although the parties slightly modified the proposed disclosure measures in the second

21   settlement, this Court's judgment that the injunction is a "questionable benefit to the class" (*Id*.)

22   lives on. In its subsequent Order of July 8 granting preliminary approval to the second proposed

23   settlement, this Court stated that it "continues to question whether the injunction provides

24   meaningful relief." (Order of July 8, at 2 n. 1.) Objector Krauss respectfully submits that the Court

25   is right to suggest that the injunction provides no such thing. This is true not only because of the

26

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 11
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   insubstantial nature of the benefits from the injunctive relief, which this Court has thoughtfully

2   and comprehensively described,[3] but also because those benefits do not go *to the class*.

3        By definition, injunctive relief cannot benefit the class in a class action like this one, which

4   alleges consumer fraud in the inducement of subscriptions. The class is composed of people who

5   have done business with Classmates *in the past*; the injunctive relief can only benefit those who do

6   business with Classmates *in the future*. Because the relief, by definition, cannot compensate the

7   class, it cannot be evaluated as part of the settlement: furthermore, it cannot be a basis for

8   attorneys' fees or render the settlement fair, reasonable, and adequate. "The fairness of the

9   settlement must be evaluated primarily based on how it compensates class members for these past

10  injuries." *Synfuel Tech. Inc. v. DHL Express,* 463 F.3d 646, 654 (7th Cir. 2006). Changes in future

11  Classmates disclosures will not benefit class members who have been harmed by inadequate past

12  Classmates disclosures.

13       Notably, when courts have improved injunction-only settlements, those settlements contained

14  material benefits that made class members whole. The injunctive relief proposed here does nothing of

15  the kind. For example, in *Hanlon v. Chrysler Corp.*, the parties agreed to a settlement in which

16  Chrysler would provide "a redesigned improved replacement latch to be installed free of charge." 150

17  F.3d at 1018. The *Hanlon* class received relief, provided free of charge, that improved their lot: the

18  new latch transformed each class member's defective vehicle into a repaired vehicle. Injunctive relief

19  is only a class benefit in a case like *Hanlon* where the injunctive relief cures past injuries. The

20  only selling point of this proposed injunctive relief is that it might possibly insulate defendant

21  against some sort of civil liability in the future. This settlement's injunctive relief brings no value

22  to the class: like many parts of the first settlement, it simply is not a class benefit.

23

24

25     [3] The injunctive relief is only one of several settlement components whose value class counsel oversold: this

26  Court's Order also found that most of the other benefits of the first Settlement lauded by class counsel did not actually benefit the class. The coupons did not benefit the class, they benefited Classmates. Order at 7. The *cy pres* provision was also "not a meaningful settlement benefit." Order at 9.

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 12
CASE NO. C09-00045-RAJ

1
2

VI.   THE COURT SHOULD DISCOUNT ATTEMPTS BY THE SETTLING PARTIES
      TO INFER CLASS APPROVAL FROM A LOW NUMBER OF OBJECTIONS

3

        In this Court's Order Denying Final Approval (§ III.B., at 9-11), it held correctly that

4

widespread silence from class members provided little reason to approve the first Classmates

5

settlement. This Court should find the same result in this case, and for the same reasons: any given

6

class action settlement, no matter how much it betrays the interests of the class, will produce only

7

a small percentage of objectors. The predominating response will always be apathy, because

8

objectors—unless they can obtain *pro bono* counsel—must expend significant resources on an

9

enterprise that will create little direct benefit for themselves. *See e.g.* Order at 9 ("The vast

10

majority of the people notified of the settlement, about 99.9% of them, reacted by doing nothing").

11

Another common response from non-lawyers will be the affirmative avoidance, whenever

12

possible, of anything involving a courtroom. It is possible that class counsel will once again argue

13

that class members' understandable tendency to ignore notices or free-ride on the work of other

14

objectors is best understood as acquiescence in or evidence of support for the settlement. This is

15

wrong. Silence is simply *not* consent. *Grove v. Principal Mut. Life Ins. Co.*, 200 F.R.D. 434, 447

16

(S.D. Iowa 2001) (*citing In re Gen. Motors Pick-Up Litig.,* 55 F.3d at 789.). "Silence may be a

17

function of ignorance about the settlement terms or may reflect an insufficient amount of time to

18

object. But most likely, silence is a rational response to any proposed settlement even if that

19

settlement is inadequate. For individual class members, objecting does not appear to be cost-

20

beneficial. Objecting entails costs, and the stakes for individual class members are often low."

21

Christopher R. Leslie, *The Significance of Silence: Collective Action Problems and Class Action*

22

*Settlements*, 59 FLA. L. REV. 71, 73 (2007); Order at 11 ("For a settlement that offered most

23

people no monetary benefit, and a $3 maximum, objecting to the settlement was not a cost-

24

effective proposition.").

25

        There is usually little hope that opt-outs can recover for their claims—the entire purpose of

26

class actions is to aggregate claims that would be uneconomical to bring individually. "Almost by

definition, most class members have too little at stake to warrant opting out of the class litigation

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 13
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

and filing an individual lawsuit. Thus, opting out is probably not a viable option even though a proposed settlement is unfair or inadequate." *Id.* at 109. Without *pro bono* counsel to look out for the interests of the class, filing an objection is economically irrational for any individual. "[A] combination of observations about the practical realities of class actions has led a number of courts to be considerably more cautious about inferring support from a small number of objectors to a sophisticated settlement." *In re Gen. Motors Pick-Up Litig.*, 55 F.3d at 812 (*citing In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 217-18 (5th Cir. 1981)); *cf. Petruzzi's, Inc. v. Darling-Delaware Co.*, 880 F. Supp. 292, 297 (M.D. Pa. 1995) ("'[T]he silence of the overwhelming majority does not necessarily indicate that the class as a whole supports the proposed settlement . . . . '"). "[A] low number of objectors is almost guaranteed by an opt-out regime, especially one in which the putative class members receive notice of the action and notice of the settlement offer simultaneously." *Ellis v. Edward D. Jones & Co.*, 527 F. Supp. 2d 439, 446 (W.D. Pa. 2007). "[W]here notice of the class action is, again as in this case, sent simultaneously with the notice of the settlement itself, the class members are presented with what looks like a *fait accompli*." *Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.*, 834 F.2d 677, 680-681 (7th Cir. 1987). "Acquiescence to a bad deal is something quite different than affirmative support." *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1137 (7th Cir. 1979) (reversing approval of settlement).

When class members have little at stake, as in an action such as this where each class member's dollar recovery will likely consist of a single digit, the rate of response will be predictably low. As such, the response from class members cannot be seen as something akin to an election or a public opinion poll. *See In re Gen. Motors Pick-Up Litig.*, 55 F.3d at 813 (finding that "class reaction factor" does not weigh in favor of approval, even when low number of objectors in large class, when "those who did object did so quite vociferously"); Theodore Eisenberg & Geoffrey Miller, *The Role of Opt-Outs and Objectors in Class Action Litigation: Theoretical and Empirical Issues*, 57 Vand. L. Rev. 1529, 1532 (2004). It is typically not worth

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 14
CASE NO. C09-00045-RAJ

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

the average citizen's time or money to object: the slight likelihood that one additional objection will be decisive, when multiplied by the slight increase in an individual class member's payout that such an objection would produce, makes individually-funded objections a losing proposition.

The Court must act as a guardian for *all* class members—whether or not they have formally entered the case by registering an objection. "[T]he absence or silence of class parties does not relieve the judge of his duty and, in fact, adds to his responsibility." *Amalgamated Meat Cutters & Butcher Workmen v. Safeway Stores, Inc.*, 52 F.R.D. 373, 375 (D. Kan. 1971). The Court should draw no inference in favor of the settlement from the number of objections, especially given the vociferousness of the objectors. *In re Gen. Motors Pick-Up Litig.*, 55 F.3d at 812-13; *ALI Principles* § 3.05, *comment a* at 206.

## VII.    KRAUSS REQUESTS LEAVE OF THIS COURT TO REQUEST AN AWARD FOR THE BENEFIT THAT IS ATTRIBUTABLE TO HIS OBJECTION

Krauss respectfully requests this Court's permission—in the event that this Court grants the settlement final approval—to file a subsequent motion for award of fees and costs pursuant to Fed. R. Civ. Proc. 54(d)(2) and this Court's local rules. The basis of this request, at a minimum, will be the material improvement in the terms of the settlement that appears to have been driven, at least in part, by Krauss's initial objection (Dkt. No. 102). As discussed in more detail below, Krauss's requested award would not invade any part of the settlement's benefit that would go to the class; rather, Krauss's requested award would come from a portion of the settlement that might otherwise go to class counsel.

This Court praised the work of objectors in its rejection of the initial settlement, noting that "The court's decision today is in many respects a result of their effort." Order at 9 n.4. The importance of Krauss's original objection may be demonstrated by class counsel's decision to file a separate brief aimed only at Krauss's arguments. Dkt. No. 117. Had this Court accepted the original recommendations of the settling parties, the benefit to the class would have amounted to roughly $52,000. Instead, it is $2.5 million: nearly 50 times the benefit of the initial settlement. When compared to the settling parties' original proposal, it is a transformation of a mouse into an

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 15
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   elephant: Kraus is therefore entitled to request a share of the total attorneys' fees awarded in this

2   case. *See e.g., Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (objectors'

3   "lawyers who contribute materially to the proceeding" entitled to fee, even if judge would have

4   *sua sponte* made same finding without objection); *Gottlieb v. Barry*, 43 F.3d 474, 491 (10th Cir.

5   1994) (error to deny fees to objector that benefitted class); *In re Prudential Ins. Co. of Am.*, 273

6   F.Supp.2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3rd Cir. 2004) (awarding

7   objector's attorneys' fees out of class counsel's fee award); *Duhaime v. John Hancock Mut. Life

8   Ins. Co.*, 2 F.Supp.2d 175, 176 (D. Mass. 1998) (same); *Lonardo v. Travelers Indem. Co.*, 706

9   F.Supp.2d 766, 816-17 (N.D. Ohio 2010) (same); *In re Horizon/CMS Healthcare Corp. Sec.

10  Litig.*, 3 F.Supp.2d 1208, 1215 (D.N.M. 1998) (same). Class counsel cannot cite a single case

11  where an objector provided this much material pecuniary benefit but was not entitled to attorneys'

12  fees. It would be "clearly erroneous" to rule otherwise. *Rodriguez v. West Publishing Corp.*, 563

13  F.3d 948, 963 (9th Cir. 2009).

14      Krauss exposed himself personally to the risk of harassing discovery (and quite likely

15  faced private investigation from the plaintiffs' attorneys) and is therefore entitled to an incentive

16  payment. *Lonardo*, 706 F.Supp.2d at 816-17. Even when *pro bono* counsel is available, class

17  members have little incentive to object. Order at 9-11. Just as class representatives receive

18  incentive payments, so should objectors whose objections contribute meaningfully to class

19  recovery.

20      However, Krauss will also request that any award to him or his counsel of any fee, cost

21  reimbursement, or incentive payment should not invade the resources that will go to the class, but

22  should instead come from the funds that were dedicated to class counsel. Though class counsel

23  originally acquiesced in a settlement that only provided about $52,000 in benefit to the class, they

24  now apparently ask for fees based on the $2.5 million benefit which resulted from the objectors'

25  involvement. At a minimum, objectors are entitled to joint credit and joint compensation for these

26  results. Courts regularly award attorneys' fees to objectors in this manner from class counsel's

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 16
CASE NO. C09-00045-RAJ

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   award, even if that award comes from a separate fund. *In re Prudential Ins. Co. of Am.*, 273 F.

2   Supp. 2d at 572 (awarding objector's attorneys' fees out of class counsel's fee award, which was

3   separate from settlement fund for class); *In re Horizon/CMS Healthcare Corp. Sec. Litig.*, 3

4   F.Supp.2d at 1215 (same); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d at 816-17 (class

5   counsel concedes that objectors' fees should come from class counsel's fees, though those fees

6   were part of a separate fund).

7         Once again, as discussed in § III.B. *supra*, it is reasonable to view the second proposed

8   settlement as springing from a constructive common fund. To understand the settlement this way

9   is to adopt the posture of not only a multitude of courts and other authorities, but also class

10   counsel—whose own filings repeatedly argued that separate payments for various portions of a

11   settlement are really just an economic fiction. *See* Plaintiffs' Motion for Final Approval at 24-25

12   (Dkt. No. 113); Plaintiffs' Motion for Award of Attorneys' Fees and Costs and Participation

13   Awards to the Class Representatives at 3-8 (Dkt. No. 93). "[P]rivate agreements to structure

14   artificially separate fee and separate arrangements cannot transform what is in economic reality a

15   common fund situation into a statutory fee shifting case." *In re General Motors Corp. Pickup*

16   *Truck Fuel Tank Prod. Liab. Litig.*, 55 F. 3d at 821. See also *id.*  at 820 (severable fee structure

17   "is, for practical purposes, a constructive common fund."). *See also Johnson v. Comerica,* 83 F. 3d

18   at 241; Manual for Complex Litigation § 21.71 at 525 (4th ed. 2008). *Cf.* Alan B. Morrison,

19   *Improving the Class Action Settlement Process: Little Things Mean a Lot*, 79 GEO. WASH. L. REV.

20   428, 443-44 (2011).

21         Krauss will make no application for any award until the matter is ripe, and the matter will

22   not be ripe until this Court finds that this settlement is fair, reasonable, and adequate. With the

23   Court's permission, Krauss will request a fee award to be deducted from the fee award to class

24   counsel within two weeks of when the Court approves the settlement or when the Court otherwise

25   orders.

26

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 17
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

VIII.   THIS OBJECTION IS BROUGHT IN GOOD FAITH

Krauss's counsel, the Center for Class Action Fairness LLC ("the Center"), is a non-profit program founded in 2009. The attorneys engaged by the Center represent consumers *pro bono* by, among other things, representing class members aggrieved by class action attorneys that negotiate settlements that benefit themselves at the expense of their putative clients. The Center has won millions of dollars for class members since its founding in 2009. *See, e.g.*, Ashby Jones, *A Litigator Fights Class-Action Suits,* WALL ST. J. (Oct. 31, 2011); Rachel M. Zahorsky, "Unsettling Advocate," ABA J. (Apr. 2010); Allison Frankel, "Legal Activist Ted Frank Cries Conflict of Interest, Forces O'Melveny and Grant & Eisenhofer to Modify Apple Securities Class Action Deal," AMERICAN LAWYER LIT. DAILY (Nov. 30, 2010).

It is perhaps relevant to distinguish the Center's mission from the agenda of those who are often styled "professional objectors." It is understood that "professional objectors" are for-profit attorneys who attempt or threaten to disrupt a settlement unless plaintiffs' attorneys buy them off with a share of the attorneys' fees; thus, some courts presume that the objector's legal arguments are not made in good faith. Edward Brunet, *Class Action Objectors: Extortionist Free Riders or Fairness Guarantors*, 2003 U. CHI. LEGAL F. 403, 437 n. 150 (2003) (defining "professional objector" to exclude non-profit public-interest litigators). This is not the business model of the Center for Class Action Fairness, which is funded entirely by charitable donations and court-awarded attorneys' fees. *See* Paul Karlsgodt & Raj Chohan, *Class Action Settlement Objectors: Minor Nuisance or Serious Threat to Approval*, BUREAU OF NAT. AFFAIRS: CLASS ACTION LITIG. REPORT (Aug. 12, 2011) (distinguishing the Center from professional objectors). While the Center focuses on bringing objections to unfair class action settlements, it refuses to engage in *quid pro quo* settlements and does not extort attorneys; the Center has never settled an objection.

Because the Center does not object indiscriminately, it has an excellent track record of success. In 28 cases to date where the Center has objected 29 times, courts have rejected the underlying settlement or materially modified the settlement and fee request thirteen times

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 18
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    (including the first proposed settlement in this case); on two other occasions, parties responded to

2    the Center's objection before the fairness hearing by modifying settlements so as to provide

3    millions of dollars more cash to the class. The Center has lost three objections with finality and

4    has sixteen objections pending in trial or appellate courts (including five where the objection was

5    upheld in part). In short, Krauss brings this objection in good faith to protect the interests of the

6    class. Nonetheless, it is the experience of the Center, based on the conduct of class counsel in

7    other cases, that some attorneys will falsely and unjustifiably accuse the Center of seeking to

8    extort class counsel. If this Court has any doubt whether the Center's objection is brought in good

9    faith, Krauss and the Center are willing to stipulate to an injunction prohibiting them from

10   accepting a cash payment in exchange for the settlement of this objection.

## IX.   CONCLUSION

11

12           This settlement is a significant improvement over the initial one that this Court rejected.

13   The progress that has been made is a testament to the efforts of Krauss and other objectors.

14   Although the above objection goes into some detail about the defects of the settlement as it

15   currently stands, it is within the power of the settling parties to modify it slightly so as to make it a

16   lawful and appropriate agreement. The "clear sailing" and "kicker" provisions the settlement

17   contains, and the swollen attorneys' fees it provides for, are warning signs of self-dealing that

18   demonstrate class counsel's less than zealous attention to the interests of the class. This

19   settlement's generosity to its advocates cannot be reconciled with class counsel's duty under Rule

20   23(a)(4) to "fairly and adequately protect the interests of the class." If the parties decide to make

21   minor modifications to the settlement so as to comply with *Bluetooth*, so that the fee reduction that

22   Ninth Circuit precedent and fundamental fairness require goes to the class instead of the

23   defendant, then this settlement will have become essentially unobjectionable. As of now, however,

24   class counsel has neglected its fiduciary duties by advocating this settlement; unless these

25   modifications are made, this Court should attend to its own fiduciary duties by rejecting it. In

26

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 19
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   short, this court should withhold approval of this settlement until the settling parties modify it as

2   described above, so that it complies with the law and furthers the interests of the class.

3       In the event that this Court approves the settlement, it should award no more than 25% of

4   the class benefit to attorneys—but that award should go jointly to all the attorneys who improved

5   this settlement. Because about 98% of the settlement's benefit was obtained in spite of the efforts

6   of class counsel and not because of them, when making fee awards this Court should recognize the

7   work of those objectors who helped to produce a $2.5 million class benefit. The objectors are, at a

8   minimum, jointly responsible for the vast majority of benefits that this settlement has produced;

9   they deserve some compensation for their work given the costs they have borne, which include not

10  only the conventional costs of legal research and advocacy but also the difficulties that spring

11  from being the target of unfair and *ad hominem* attacks by class counsel who fought against the

12  best interests of the class. Class counsel asks for the identical fee that it requested from the court

13  for the first settlement. That request is based on the theory that class counsel's production of the

14  first settlement, which wasted the time of the court and would have wasted the benefits due to the

15  class, should be amply rewarded. It is a theory that, like class counsel's inflated fees, this Court

16  should reject.

17      Should the Court approve this settlement, Objector Krauss should receive a reasonable

18  incentive award in the neighborhood of $1250 for the labor and time he has invested in both this

19  Objection and the previous one, and the risk of facing harassment from the settling parties,

20  including discovery requests and the false and *ad hominem* attacks that blemished their first

21  responses to his first objection. Furthermore, Krauss's counsel should receive an award of

22  reasonable fees and costs because of the material contribution to the proceedings of the Krauss

23  objection. The Center for Class Action Fairness respectfully requests this Court's permission to

24  submit an account of its fees and expenses for this Court's consideration, but further requests that

25  a substantial part of any reduction in class counsel's fees should go not to benefit the defendant or

26  the objectors, but instead to increase the $2.5 million that is intended to compensate the class—the

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 20
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  customers of Classmates, whose interests the architects of both the new settlement and the old one

2  too often ignored.

3      DATED this 18th day of November, 2011.

4

5                                      Respectfully submitted,

6                                      _/s/ Daniel Greenberg_
                                       Daniel Greenberg (*pro hac vice*)
7                                      **CENTER FOR CLASS ACTION FAIRNESS**
                                       **LLC**
8                                      **GREENBERG LEGAL SERVICES**
                                       55 Fontenay Circle
9                                      Little Rock, AR  72223
                                       (501) 588-4245
10                                     *dngrnbrg@gmail.com*

11
                                       _/s/ Theodore H. Frank_
12                                     Theodore H. Frank (*pro hac vice*)
                                       **CENTER FOR CLASS ACTION FAIRNESS**
13                                     **LLC**
                                       1718 M Street NW, No. 236
14                                     Washington, DC  20036
                                       (703) 203-3848
15                                     *tfrank@gmail.com*

16
                                       _/s/ Lawrence C. Locker_
17                                     Lawrence C. Locker, WSBA #15819
                                       **SUMMIT LAW GROUP PLLC**
18                                     315 Fifth Avenue S., Suite 1000
                                       Seattle, WA  98104-2683
19                                     (206) 676-7000
                                       *larryl@summitlaw.com*
20
                                       ***Attorneys for Professor Michael I. Krauss,***
21                                     ***Objector***

22

23

24

25

26

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 21
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the

3

Court using the CM/ECF system which will send notification of such filing to the following:

4

Mark A. Griffin, Esq.
Keller Rohrback

5

1201 Third Avenue, Suite 3200
Seattle, WA  98101

6

*mgriffin@kellerrohrback.com*

7

Stellman Keehnel, Esq.
DLA Piper LLP (US)

8

701 Fifth Avenue, Suite 7000
Seattle, WA  98104

9

*stellman.keehnel@dlapiper.com*

10

I hereby further certify that on this day I caused a true and correct copy of the foregoing to

be served via First Class Mail upon addressees designated above and below.

11

12

United States District Court
Classmates Litigation 09-45RAJ

13

700 Stewart Street, Suite 13128
Seattle, WA  98101

14

15

DATED this 18th day of November, 2011.

16

/s/          *Marcia A. Ripley*

17

Marcia A. Ripley

18

19

20

21

22

23

24

25

26

OBJECTION OF PROFESSOR MICHAEL I. KRAUSS TO
PROPOSED SETTLEMENT AND PROPOSED
ATTORNEYS' FEE AWARD - 22
CASE NO. C09-00045-RAJ