The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>CLASSMATES.COM CONSOLIDATED LITIGATION | CASE NO. C09-00045-RAJ<br><br>STATEMENT REGARDING COURT'S INVITATION TO SUBMIT FEE REQUEST<br><br>**CLASS ACTION**<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, January 27, 2012** |

## I. INTRODUCTION

Objector Michael I. Krauss thanks this Court for granting permission to request attorneys' fees. Professor Krauss's two objections have resulted in a settlement that is materially improved in multiple respects: perhaps most significantly, they have helped to create a second settlement that provides over $3.5 million to a common fund for the class, as compared to the first rejected settlement that would have provided roughly $52,000 for the class.

Because the Center for Class Action LLC is non-profit and takes a conservative interpretation of tax law, and is thus constrained by the amount of fees it can accept, Professor Krauss had planned to make a fee, costs, and incentive request of roughly $30,000—less than lodestar. As we will demonstrate below, Professor Krauss would have been entitled to request somewhere in the neighborhood of $175,000 in fees, costs, and an incentive payment as compensation for his contributions to the material improvements to this settlement. But because of the remarkable behavior of class counsel in recent weeks, Professor Krauss has decided to request

STATEMENT REGARDING COURT'S INVITATION TO
SUBMIT FEE REQUEST - 1
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

something very different. Instead, he will request exactly $0 in fees, costs, and incentive payments, but he will also request that the $175,000 that this Court might conceivably have awarded to him go, instead, to increase the settlement's payment to the class.

On December 21, 2011, class counsel served an abusive and illegal subpoena on the non-profit with which Professor Krauss's attorneys are affiliated, the Center for Class Action Fairness LLC, and its much larger 501(c)(3) parent, Donors Trust Inc.[1] Compliance with the dozens of categories of the subpoena would have required retaining outside counsel and would have cost CCAF and Donors Trust tens of thousands of dollars in attorney time. Attempts to negotiate the scope of the subpoena were fruitless: class counsel insisted that disclosure of this information was required by *In re Mercury*, and that they would refuse to withdraw the subpoena unless Krauss withdrew his fee request or our objection. CCAF would have lost money complying with the subpoena and making a fee request, so CCAF withdrew its fee request. Class counsel thereby achieved its goal of deterring Professor Krauss's fee request; this Court must decide whether class counsel's abusive actions will be rewarded or punished, and set precedent whether it is appropriate to harass or retaliate against future objectors to future unfair class action settlements.

A.   **Professor Krauss Is Entitled, as a Matter of Law, to Request Fees, Costs, and an Incentive Payment.**

In general, objectors are entitled to request an award of fees and costs. A "litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444

---

[1] The abusiveness and illegality of the subpoena is demonstrated in a motion for sanctions, filed concurrently with this filing. See also Declaration of Theodore H. Frank in Support of Motion for Sanctions.

The Center for Class Action Fairness ("CCAF") was established in 2009 as one of several not-for-profit programs at Donors Trust, Inc. ("DT"), a charitable and educational foundation exempt from taxation under 26 U.S.C. §501(c)(3). CCAF is one of several programs of DT, each of which is separately funded and administered.

CCAF engages independent third-party attorneys to provide pro bono representation to consumers and shareholders aggrieved by class action attorneys who negotiate settlements and conduct litigation that benefit themselves at the expense of their putative clients. CCAF seeks to increase net awards to members of class action lawsuits through, inter alia, objections to settlements producing excessive attorney fees. Additional information concerning DT and its programs such as CCAF are publicly disclosed on the publicly-available Form 990 Tax Returns filed annually by DT with the Internal Revenue Service.

STATEMENT REGARDING COURT'S INVITATION TO
SUBMIT FEE REQUEST - 2
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

U.S. 472, 478 (1980). This principle applies to objector's counsel and plaintiff's counsel alike. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051-52 (9th Cir. 2002). Attorneys whose actions confer benefits upon class members are entitled to file a claim for reasonable compensation for the attorneys' efforts. *See Great Neck Capital Appreciation Inv. P'ship, L.P. v. PriceWaterhouseCoopers, L.L.P.,* 212 F.R.D. 400, 413 (E.D. Wis. 2002).

Objectors assist the settlement process by providing independent scrutiny of a proposed settlement. "Objectors serve as a highly useful vehicle for class members, for the court and for the public generally" in evaluating the terms of a proposed settlement to ensure that it is fair, adequate, and reasonable. *Great Neck*, 212 F.R.D. at 412. Objectors improve the process by reintroducing adversarial criticism at the fairness-hearing stage—the point at which the adversarial relationship between the parties has ended. This adversarial dynamic helps the trial court ensure that the proposed settlement meets the standards of Fed. R. Civ. P. 23. *See In re General Motors Corp. Pick-Up Truck Fuel Tank Litig.,* 55 F. 3d 768, 803 (3d. Cir. 1995) ("where there is an absence of objectors, courts lack the independently derived information about the merits to oppose proposed settlements"). When objections are presented, the court should consider whether the efforts of counsel for the objectors "improved the settlement, assisted the court, and/or enhanced the recovery in any discernible fashion." *Great Neck,* 212 F.R.D at 413 (internal quotations omitted).

In this case, Professor Krauss and his counsel respectfully hope that this Court would concur that all three of these objectives were accomplished. Indeed, objectors' "lawyers who contribute materially to the proceeding" are entitled to fees, even if the court would have, *sua sponte,* made the same finding without objection. *Reynolds v. Beneficial Nat. Bank,* 288 F. 3d 277, 288 (7th Cir. 2002). Any other result would be unfair because objectors "must decide whether to object without knowing what objections may be moot because they have already occurred to the judge." *Id.*

1. **Professor Krauss Has Benefited the Class Through His Objections.**

Objectors are entitled to fees in the event that they cause the settlement to be modified so as to increase compensation to the class. *Vizcaino,* 290 F. 3d 1043, at 1051-52. In its rejection of the

STATEMENT REGARDING COURT'S INVITATION TO
SUBMIT FEE REQUEST - 3
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  parties' first proposed settlement, this Court found it to be "a settlement that would have provided
2  substantial benefits to Classmates, to class counsel, and the class representatives," but one that
3  "offered very little to class members." Order of February 23, 2011 Denying Final Approval at 15
4  (Dkt. No. 128). Ultimately, Professor Krauss's several objections materially improved the original
5  in at least three ways. First, Professor Krauss's original objection highlighted the manner in which
6  the settling parties' proposed cy pres distribution would have unacceptably benefited third parties at
7  the expense of the class. See Dkt. No. 102, at 8-11. Second, that original settlement provided "about
8  $52,000" (Order at 8) to the class, but the second settlement brought the class $2.5 million: that is,
9  the second settlement benefited the class more than forty-eight times as much as the first one.
10 Professor Krauss's original objection illustrated the first settlement's remarkable disparity between
11 the compensation of class counsel and the compensation of the class. Dkt. No. 102, at, e.g., 1-2, 4-8.
12 Third, Professor Krauss's second objection also described the manner in which the second
13 settlement violated *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935 (9th Cir. 2011), which
14 led to the settling parties' amendment to the second settlement agreement that stripped the "kicker"
15 clause out of it, which in turn led to the redirection of funds that would originally have gone to the
16 defendant going instead to the class.

17    Furthermore, Professor Krauss has improved the *process* of the settlement. Class action
18 settlements require a higher level of scrutiny than ordinary cases because there is always a potential
19 conflict of interest between the class and class counsel. *Thorogood v. Sears,* 627 F.3d 289, 293-94
20 (7th Cir. 2010) (citing long list of authority for this proposition), *vacated on other grounds*,
21 *Thorogood v. Sears,* 2011 U.S. LEXIS 4939 (Jun. 27, 2011); *accord Hanlon v. Chrysler Corp.*, 150
22 F. 3d 1011, 1026 (9th Cir. 1998); *Mars Steel v. Continental Ill. Nat. Bank and Trust*, 834 F.2d 677,
23 681-82 (7th Cir. 1987). Because the risk of collusive settlements is much greater in class actions
24 than in ordinary litigation, it is "imperative" that a trial judge conduct a "careful inquiry" into the
25 fairness of a proposed class settlement. *Mars Steel,* 834 F.2d at 682. It was Professor Krauss's

STATEMENT REGARDING COURT'S INVITATION TO
SUBMIT FEE REQUEST - 4
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

counsel who drew this court's attention to the settling parties' incorrect argument that courts should appropriately construe silence as constituting tacit consent. See Order of February 23, at 9-11.

2.   Objectors Are Entitled to a Percentage of the Class Benefit.

Were Professor Krauss going to make a standard request for attorneys' fees, he would be entitled to request a sizable amount. The settlement modification constitutes more than a 48-fold increase in the settlement's total value. As a matter of law, when an objection is responsible for a certain percentage of class recovery, the objector is entitled as a matter of law to that percentage of class counsel's fee award. *E.g., In re Prudential Ins. Co. of Am.,* 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3rd Cir. 2004) (awarding objector 1.4% of class counsel's fee award for objection that was responsible for 1.4% of class recovery); *Larson v. Sprint Nextel Corp.,* 2010 WL 234934 at *28 (D.N.J. Jan 15, 2010) (awarding objectors' attorneys 4.4% of attorneys' fee award for providing 4.4% of total class benefit). *See also Lan v. Ludrof,* 2008 WL 763763 at *28 (W.D. Pa. Mar 21, 2008) (awarding objector 25% of the increase in the benefit to the class). A literal interpretation of this rule in this case would lead to startling results: if this court were to find that Professor Krauss's objection was responsible for this increase in class recovery, he arguably would be entitled to something like 48 times the fees that class counsel would appropriately receive in this action.

It is more fair, however, if this Court views the objectors and the class counsel as jointly responsible for the improvement in the settlement, as each were a *sine qua non*. Thus, this Court would be within its discretion to award Professor Krauss a reasonable amount as an incentive fee, actual costs, and a small percentage of the overall value of the settlement to the class. The second settlement's value to the class represented a radical increase in value when compared to the first. When the two are compared, the second one is larger by nearly $2.5 million in payments directly to the class, *plus* some figure that is less than $1.05 million. (That second figure is the value of the remainder of the $1.05 million that is not paid to class counsel, but is instead paid directly to the class along with the $2.5 million.) Ordinarily, an objector would be entitled to receive a small

STATEMENT REGARDING COURT'S INVITATION TO
SUBMIT FEE REQUEST - 5
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

percentage of the fund that this second settlement creates—a fund that will likely be somewhere between $2.5 and $3.5 million. See, e.g., *Howes v. Atkins*, 668 F. Supp. 1021, 1027 (E.D. Ky. 1987) (court awarded 10% of the total fund to objectors' counsel). Assume, for instance, that this Court found that the value of the settlement to the class was $3.5 million, and it wished to follow the Ninth Circuit's benchmark and award 25% of the value of the settlement to the attorneys. The Court could, in that case, award 25% of the value of the settlement ($875,000) to class counsel and then order that class counsel pay 5% of the value of the settlement ($175,000) to each of the two objectors who appeared at the second fairness hearing.

On two occasions, class counsel attempted to impose an abusive and self-serving class action settlement upon their putative clients, a previously uncertified class. Both times objectors such as Krauss made a substantial difference. If class counsel receives the same $1,050,000 it would have received if the first abusive settlement had been approved, it creates a counterproductive set of incentives: heads I win, tails is a free do-over. Only if there are adverse consequences for such attempts will class counsel ever have an incentive to comply with its fiduciary duties to the class and the requirements of Rule 23(e) in the first place. This alone provides an independent reason to require class counsel to pay fees to objectors in an amount proportional to the benefit achieved by objectors.

### 3. Professor Krauss Has Been Deterred by Class Counsel's Improper Conduct From Making a Standard Fee Request.

Originally, Professor Krauss had planned to request roughly $30,000 in fees, costs, and incentive payments. But class counsel's tactical ploy—the abusive and illegal subpoena that it served on December 21, four days before Christmas on the organizations that permit Professor Krauss's counsel to perform *pro bono* work —has made that impossible. Professor Krauss and his counsel have been coerced into withdrawing their fee request because of class counsel's abusive and illegal subpoena. Class counsel's actions offered a choice—a choice between abandoning the fee request and complying with an abusive and illegal subpoena that would have imposed compliance costs larger than the benefits Professor Krauss would have reasonably requested. Class

STATEMENT REGARDING COURT'S INVITATION TO
SUBMIT FEE REQUEST - 6
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

counsel has successfully coerced Professor Krauss into abandoning any fee request. However, we ask this Court to award the $175,000 directly to the class to which a for-profit objector would have been entitled. Class counsel should not benefit by its abuse of the legal process.

While Professor Krauss, pursuant to his agreement with class counsel, is not requesting attorneys' fees for himself, he notes that the Court has the power to do equity and the "authority to grant any ancillary relief necessary to accomplish complete justice." *Northwest Environmental Def. Ctr. v. Bonneville Power Admin.*, 477 F.3d 668, 680 (9th Cir. 2007); *Reebok Int'l, Ltd. v. Marnatech Ent., Inc.*, 970 F.2d 552, 561-62 (9th Cir. 1992).[2]

B.   Class Counsel's Position—That *In re Mercury* Bars Objectors From Making Fee Requests Without Notice to the Class—Is Frivolous.

Class counsel has repeatedly argued that *In re Mercury Interactive Corp. Sec. Litig.*, 618 F. 3d 988 (9th Cir. 2010), barred Professor Krauss from making a fee request without sending notice to the class. Class counsel's position is frivolous.

At the fairness hearing of December 15, 2011, Professor Krauss's attorney noted that he would like the opportunity to submit a fee petition, and that this fee petition would request no money from the class but rather a portion of the fee that would otherwise go to class counsel. December 15, 2011 Fairness Hearing, Transcript of Proceedings, at 45. In response, class counsel Amy Williams-Derry made a remarkable argument, one which flatly misconstrued the case she referenced:

> Now, he is too late, in my view, your honor. There was a deadline for submitting a fee petition back in August. *In re Mercury* clearly holds that the details of a fee petition need to be noticed to the class. So if Mr. Krauss, or Mr. Greenberg on behalf of Mr. Krauss, wants to submit a fee petition, under *In re Mercury* he would have to provide a new round of notice to the class.

---

[2] See also *Bertelsen v. Harris,* 537 F.3d 1047 (9th Cir. 2008) (trial court has "inherent power" to discretionarily order disgorgement of fees, which is "a reasonable way to discipline specific breaches of professional responsibility, and to deter future misconduct of a similar type").

STATEMENT REGARDING COURT'S INVITATION TO
SUBMIT FEE REQUEST - 7
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

December 15, 2011 Fairness Hearing, Transcript of Proceedings, at 89. Class counsel elaborated on this argument, that *In re Mercury* required objectors to give notice to the class of objectors' fee requests, at some length. *Id.* at 89-92. But *In re Mercury,* like the plain language of Rule 23 that it interprets, only requires notice to class members about the fee requests from *class counsel.* In fact, *In re Mercury* supplies an extended and detailed analysis of one aspect of Rule 23(h), and that analysis cannot be understood as signifying anything beyond explication of Rule 23(h).[3] The Rule in question specifies that:

> A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, *for motions by class counsel,* directed to class members in a reasonable manner.

Fed. R. Civ. Proc. 23(h)(1) (emphasis added).

Class counsel's argument that objectors must give notice of their fee motions to the class ignores the portion of Rule 23(h) in question that is quoted above (more precisely, the italicized portion of it). It also ignores the relevant discussion in *In re Mercury*—namely, that its holding is about nothing but how "to construe and apply the requirements of Rule 23(h)." *In re Mercury,* at 993. There is no portion of *In re Mercury* that can be read as requiring objectors to direct fee motions directly to all class members.[4]

---

[3] The Ninth Circuit begins its analysis by holding "that the district court abused its discretion when it erred as a matter of law by misapplying Rule 23(h) in setting the objection deadline for class members on a date before *the deadline for lead counsel to file their fee motion*. Moreover, the practice borders on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest *class counsel's fee motion*. The plain text of the rule requires a district court to set the deadline for *objections to counsel's fee request* on a date *after* the motion and documents supporting it have been filed." *In re Mercury,* 618 F. 3d at 993 (some italics added). The next three paragraphs, *id*. at 994, which contain four separate references to Rule 23(h), underscore that the court is doing just what it says it is doing: namely, taking "the opportunity to … construe and apply the requirements of Rule 23(h)." *Id.* at 993. In short, class counsel's attempt -- to divorce the holding of *In re Mercury* from the portion of Rule 23 that the decision repeatedly emphasizes that it is construing—fails.

[4] It is perhaps beating a dead horse into the ground to note that *In re Mercury* concludes by emphasizing that "it is the obligation of the district court to ensure that the class has an adequate opportunity to review and object to *its counsel's fee motion.*" *Id*. at 995 (emphasis added). A schedule "that requires objections to be filed before the fee motion itself denies the class the full and fair opportunity to examine and oppose *the motion that Rule 23(h) contemplates.*" *Id*. Again, this underscores that notice is required for **the fee motions from class counsel** that are **contemplated by Rule 23(h)**, not fee motions from other parties, for which Rule 23(h) requires no class notice.

STATEMENT REGARDING COURT'S INVITATION TO
SUBMIT FEE REQUEST - 8
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

As a theoretical matter, the reason that the plain language of Rule 23(h)(1) that is emphasized above only applies to class counsel should be obvious:

> During the fee-setting stage of common fund class action suits such as this one, "[p]laintiffs' counsel, otherwise a fiduciary for the class, ... become[s] a claimant against the fund created for the benefit of the class." *Class Plaintiffs v. City of Seattle (In re Wash. Pub. Power Supply Sys. Sec. Litig.,* 19 F. 3d 1291, 1302 (9th Cir. 1994) (internal quotation marks omitted). This shift puts plaintiffs' counsel's understandable interest in getting paid the most for its work representing the class at odds with the class' interest in securing the largest possible recovery for its members. Because "the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *Id.* As a fiduciary for the class, the district court must "act with `a jealous regard to the rights of those who are interested in the fund' in determining what a proper fee award is." *Id.* Included in that fiduciary obligation is the duty to ensure that the class is afforded the opportunity to represent its own best interests. When the district court sets a schedule that denies the class an adequate opportunity to review and prepare objections to class counsel's completed fee motion, it fails to fulfill its fiduciary responsibilities to the class.

*Id*. at 994-95. Notably, class counsel—when not engaged in "the fee-setting stage of common fund class action suits"—is empowered to serve as "a fiduciary for the class." During the fee-setting stage, class counsel has a conflict with the rest of the class. It follows that when parties other than class counsel, such as objectors, request a fee for their work, it should not be necessary to supply notice to the rest of the class. This is because Rule 23 has already established a party that is charged with looking out for the class's interests: that party is class counsel. To state the obvious, class counsel receives notice of objections when they are filed.

Furthermore, *In re Mercury* applies only to money coming from out of the pockets of the class. Because Professor Krauss's counsel specified that any fee request would come only from class counsel's share of the settlement (December 15, 2011 Fairness Hearing, Transcript of Proceedings, at 45)—and, to eliminate any possible ambiguity, went on to specify that Krauss

STATEMENT REGARDING COURT'S INVITATION TO
SUBMIT FEE REQUEST - 9
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

would not seek to recover any compensation that would otherwise go to the class (*Id.*)—there is no need for class notice, because such a fee award would not affect the interests of the class. (To put it another way, the fee award requested by Professor Krauss's counsel would come from the slice of the pie that might otherwise have gone wholly to class counsel; any fee award to Professor Krauss would not alter the dimensions of the slice of the pie that would go to the class.) Indeed, it is the law of the Ninth Circuit that a class member would not have standing to protest a fee award unless the class member "suffered an injury … that is redressable." *Glasser v. Volkswagen of America, Inc.,* 645 F.3d 1084 (9th Cir. 2011). "In the class action context, simply being a member of the class does not automatically confer standing to challenge a fee award to class counsel—the objecting class member must be 'aggrieved' by the fee award." *Id* (citation omitted). "If modifying the fee award would not 'actually benefit the objecting class member,' the class member lacks standing because his challenge to the fee award cannot result in redressing any injury." *Id* (citation omitted).[5]

C.  Class Counsel Is Judicially Estopped From Arguing That They Have Complied With *In Re Mercury* and Rule 23(h).

After class counsel presented this frivolous interpretation of *In re Mercury,* this Court rejected class counsel's repeated claims that class notice would be required by any objector who submitted a fee request (*see, e.g.*, Transcript of Proceedings, at 91-92) by inviting objectors to submit fee petitions. Id. at 92. Regrettably, class counsel's frivolous interpretation of *In re Mercury* was not confined to this fairness hearing.

In fact, class counsel benefited by this interpretation of *In re Mercury,* in that it relied on its frivolous interpretation of this case both before and after the fairness hearing. Class counsel argued that *In re Mercury* provided the basis for its abusive and illegal subpoena; after that subpoena unlawfully forced Professor Krauss to withdraw his request for attorneys' fees, class counsel benefited from that legal position in that Professor Krauss's ability to request fees was, in practice, extinguished. But while class counsel claimed that *In re Mercury* required an attorney requesting

---

[5] In our view, *Glasser* was wrongly decided, but this Court is bound by it.

STATEMENT REGARDING COURT'S INVITATION TO
SUBMIT FEE REQUEST - 10
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

fees to disclose such matters as their organizational structure, all of their contractual relationships and communications with the class, and the stock portfolio and contracts of their attorneys, they failed to disclose this information in their Rule 23(h) motion. They cannot have it both ways.

Because class counsel benefited from its aggressive view of *In re Mercury* with respect to Professor Krauss by using that interpretation to force a withdrawal of his fee request, class counsel is judicially estopped from arguing that they have complied with *In re Mercury* and Rule 23(h). *See, e.g.*, *New Hampshire vs. Maine*, 532 U.S. 742 (2001), at 749 (judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase").

This leads to an unpleasant consequence for class counsel: because, by its own admission, it did not comply with Rule 23(h), it is disallowed by its own argument from receiving any fees *at all*.

This is an extreme consequence; however, it certainly provides additional impetus for this Court's already-expressed judgment that it will reduce class counsel's fee below the $1.05 million that counsel has requested, in view of the less than ideal outcome that the settling parties achieved with this settlement. Transcript of Proceedings, at 10.

## II.   CONCLUSION

As discussed above, although Professor Krauss would have been entitled to request fees, costs, and an incentive award totaling roughly $175,000, and although he had planned to request compensation in the neighborhood of $30,000, he instead requests this court to make an award to him and his attorneys of zero while increasing the compensation to the class by the amount that this Court might have found appropriate to award to Professor Krauss and his attorneys. Furthermore, as noted in our contemporaneously filed motion, we believe that this Court may appropriately apply sanctions to class counsel, in light of the abusive and illegal subpoena it served which successfully deterred Professor Krauss's original proposal for compensation. Class counsel has abused the class action system in its attempt to impose an unfair settlement upon the class multiple times; it has abused the discovery process by retaliating against objectors in the apparent attempt to deter future

STATEMENT REGARDING COURT'S INVITATION TO
SUBMIT FEE REQUEST - 11
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  objectors from being adequately represented or heard; class counsel should not be rewarded for

2  doing so.

3       Professor Krauss thus asks this Court to award $0 to class counsel and $175,000 in

4  attorneys' fees to the other objector, Christopher Langone. In the alternative, the Court should

5  award $700,000 to class counsel, and order class counsel to pay $175,000 of that $700,000 in

6  attorneys' fees to Objector Langone. In either case, whatever settlement funds remain should be

7  directed so as to increase the payments going to the class.

8       DATED this 13th day of January, 2012.

                      Respectfully submitted,

                      */s/ Daniel Greenberg*
                      Daniel Greenberg (*pro hac vice*)
                      **CENTER FOR CLASS ACTION FAIRNESS LLC**
                      **GREENBERG LEGAL SERVICES**
                      55 Fontenay Circle
                      Little Rock, AR  72223
                      (501) 588-4245
                      dngrnbrg@gmail.com

                      */s/ Theodore H. Frank*
                      Theodore H. Frank (*pro hac vice*)
                      **CENTER FOR CLASS ACTION FAIRNESS LLC**
                      1718 M Street NW, No. 236
                      Washington, DC  20036
                      (703) 203-3848
                      tfrank@gmail.com

                      */s/ Lawrence C. Locker*
                      Lawrence C. Locker, WSBA #15819
                      **SUMMIT LAW GROUP PLLC**
                      315 Fifth Avenue S., Suite 1000
                      Seattle, WA  98104-2683
                      (206) 676-7000
                      larryl@summitlaw.com

                      ***Attorneys for Professor Michael I. Krauss, Objector***

STATEMENT REGARDING COURT'S INVITATION TO SUBMIT FEE REQUEST - 12
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Mark A. Griffin, Esq.
>Amy C. Williams-Derry, Esq.
>Keller Rohrback
>1201 Third Avenue, Suite 3200
>Seattle, WA  98101
>*mgriffin@kellerrohrback.com*
>*derry@kellerrohrback.com*

>Stellman Keehnel, Esq.
>Russell B. Wuehler, Esq.
>DLA Piper LLP (US)
>701 Fifth Avenue, Suite 7000
>Seattle, WA  98104
>*stellman.keehnel@dlapiper.com*
>*russell.wuehler@dlapiper.com*

DATED this 13th day of January, 2012.

/s/ *Marcia A. Ripley*<br>Marcia A. Ripley

STATEMENT REGARDING COURT'S INVITATION TO SUBMIT FEE REQUEST - 13
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001