The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>CLASSMATES.COM CONSOLIDATED LITIGATION | CASE NO. C09-00045-RAJ<br><br>OBJECTOR MICHAEL KRAUSS'S MOTION FOR SANCTIONS<br><br>**CLASS ACTION**<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, February 3, 2012** |

## I.   INTRODUCTION

This is a motion for sanctions against class counsel, based on the subpoenas that class counsel served on Objector Michael Krauss's attorneys and his attorneys' business associates on the Thursday before Christmas Eve of 2011. The class action bar doesn't like objectors—and they have every right not to like objectors and every right to argue against any concern that objectors raise. They do not have the right to issue vexatious subpoenas against objectors' counsel that are plainly intended to close the courthouse doors to objectors. Regrettably, class counsel's conduct requires sanctions.

Rule 23 allows objectors an avenue of protest when class counsel negotiates self-serving class action settlements that pay much more to themselves than to their putative clients. Professor Michael Krauss successfully objected to class counsel's attempt to reward itself more than it rewarded the class, successfully objected a second time to a self-serving provision in the settlement that benefited the attorneys at the expense of the class, and expressed an interest in his right to attorneys' fees. So class counsel retaliated. On Thursday, December 21, the eve of Christmas weekend, class counsel improperly served two subpoenas with dozens of document requests against the Center for Class

OBJECTOR MICHAEL KRAUSS'S MOTION FOR SANCTIONS - 1
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Action Fairness LLC and its parent, Donors Trust, Inc. These subpoenas violated Rule 45 for several independent reasons. Though the subpoenas were illegal on their face and would have cost more to comply with than the $30,000 fee request Professor Krauss planned to make, class counsel refused to withdraw any of their requests unless Professor Krauss either withdrew his request for fees or his objection. Moreover, there is additional evidence that the subpoenas were issued in bad faith: they requested information that class counsel claimed was required by *Mercury Interactive*—but class counsel had previously taken the position that *Mercury Interactive* did not permit discovery without leave of the Court. Moreover, class counsel requested information that they did not provide in their own fee requests: class counsel cannot defend their requests unless they concede that they are not entitled to attorneys' fees for failing to comply with *Mercury Interactive*. Worse, the subpoenas requested plainly irrelevant information, as well as information protected by the attorney-client privilege and the First Amendment.

As such, the subpoenas violated Rule 45(c)(1) for multiple independent reasons. The law of this circuit requires sanctions to be issued against class counsel. Furthermore, as a matter of judicial policy, such subpoenas should be deterred and punished. In any given consumer class action, most class members will only have a few dollars at stake, and are unlikely to object without *pro bono* counsel. Class counsel should not be allowed to protect improper settlements by deterring objectors through the vexatious use of subpoenas that would require the expenditure of tens of thousands of dollars.

A.   The Subpoenas Violated Rule 45 and Thus Merit Sanctions.

Subpoenas that are overbroad or issued for an improper purpose are sanctionable under Rule 45(c). *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003). "The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004).

OBJECTOR MICHAEL KRAUSS'S MOTION FOR
SANCTIONS - 2
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

The subpoenas violated Rule 45 for several independent reasons, and sanctions are appropriate.

### 1. The Subpoenas Violated Rule 45(a)(2).

The subpoenas request document production to be made in the District of Columbia. Frank Decl. Ex. 1 at 1; *id.* Ex. 2 at 1. Rule 45(a)(2) requires that a production-only "subpoena *must* issue… from the court for the district where the production or inspection is to be made" (emphasis added). Thus, the subpoenas should have issued from the District Court for the District of Columbia. But class counsel incorrectly issued the subpoenas from the Western District of Washington. Class counsel then refused to withdraw the subpoenas despite being told on multiple occasions that the subpoenas failed on their face to comply with Rule 45. Frank Decl. ¶ 12 and Ex. 8.

This, by itself, merits sanctions. "When a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(c)(1)." *In re Shubov*, 253 B.R. 540, 547 (B.A.P. 9th Cir. 2000).

### 2. The Subpoenas Improperly Imposed Undue Burdens.

Although Professor Krauss intended to seek only a total of $30,000 in fees, costs, and objector incentives, class counsel issued two extensive subpoenas requiring the production of years of documents, including confidential information from third parties that had nothing to do with this case. The subpoena on Donors Trust resulted in that third party hiring outside counsel; Donors Trust reserves the right to bring its own separate motion for sanctions for recovery of those costs.

The Center for Class Action Fairness LLC has no employees. It has two full-time attorneys, and one part-time attorney, that work for it as independent contractors. Class counsel served a subpoena on the Center December 21, with a due date of January 9. Meanwhile, the attorneys working with the Center had existing obligations to existing clients: a Third Circuit brief due January 4; a D.C. Circuit brief due January 6; an objection in the Northern District of California due January 6; and a Ninth Circuit brief due January 18. The subpoena would have required Mr. Frank to spend over eighty hours (including dozens of hours over Christmas week) to negotiate and comply with

OBJECTOR MICHAEL KRAUSS'S MOTION FOR
SANCTIONS - 3
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

their burdens, including providing a privilege log for over eighteen months of communications with his client and the numerous class members who sought legal representation from Frank before Professor Krauss even retained him. Given that Frank's billing rate to private clients is $750/hour (Frank Decl. ¶ 7, 21-22), this meant that he alone would have spent $60,000 of time—at the expense of being unable to represent other clients who had immutable due dates. *In re Motor Fuel Temperature Sales Practices Litig.*, 258 F.R.D. 407 (D. Kan. 2009). It is inherently unreasonable and a violation of Rule 45(c)(1) to demand a party spend $60,000 of time to respond to a subpoena over a $30,000 dispute, especially at the expense of legitimate obligations, especially when the vast majority of the material sought by the subpoena was irrelevant to the fee request.

For example, class counsel demanded a privilege log of all of Frank's communications with Professor Krauss, though they had no basis to believe that any of Frank's communications were non-privileged, much less relevant to a fee request.

For another example, the non-profit status of the Center means that the Center would have requested *less* money than it was legally entitled to, because of the Center's conservative interpretation of IRS limits on attorney fees. Frank Decl. ¶ 4. Non-profits engaged in *pro bono* representation are entitled to seek attorneys' fees. Representation that is *pro bono* and/or by a non-profit project does not preclude a request for attorneys' fees. *E.g., In re Primus*, 436 U.S. at 429-31 (ACLU and NAACP); *Blum v. Stenson*, 465 U.S. 886, 894-95 (1984) (*pro bono publico* representation not grounds for reducing attorneys' fees) (42 U.S.C. § 1988); *Cuellar v. Joyce*, 603 F.3d 1142 (9th Cir. 2010) ("The fact that Cuellar's lawyers provided their services pro bono does not make a fee award inappropriate."); *cf. also Morrison v. CIR*, 565 F.3d 658 (9th Cir. 2009). There was no reason to seek discovery relating to the Center's structure or non-profit status.[1]

The subpoena requested the identity of the Center's donors, but that is plainly irrelevant to the fee request. Class counsel failed to provide any precedent for the proposition that a donor's identity

---

[1] Class counsel acted further unethically by falsely representing to Frank that they had evidence that the Center was not a non-profit. Frank Decl. ¶ 10. They refused to provide any such evidence or legal reasoning in response to Frank's request that class counsel justify their claim. Frank Decl. ¶ 11 and Ex. 4.

OBJECTOR MICHAEL KRAUSS'S MOTION FOR
SANCTIONS - 4
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  was relevant to a non-profit's fee request. Frank Decl. ¶ 11. Moreover, they failed to identify any
2  grounds for relevance that offset the core First Amendment associational rights implicated by this
3  harassing request. *NAACP v. Alabama*, 357 U.S. 449 (1958) ("overriding valid interest of the State"
4  is required for compelled disclosure of membership lists); *In re Motor Fuel Temperature Sales
5  Practices Litig.*, 258 F.R.D. 407 (D. Kan. 2009).
6      The subpoenas requested the portfolio information dating back to 2004 for all of the Center's
7  attorneys and "all other persons acting or purporting to act on its behalf." Frank Decl. Ex. 1 at 7
8  (Request 8) and 3 (definition of "Your"). This would have required Frank to contact, over Christmas
9  week, dozens of people who have acted as local counsel for the Center's attorneys; former
10 independent contractors; and attorneys and accountants the Center retained for its own purposes.
11 Aside from the ludicrous burden of this request, it has absolutely no relevance: the ***class definition***
12 did not exclude Classmates shareholders from objecting. If Frank's hypothetical ownership of
13 Classmates stock would be at all relevant because of a hypothetical "conflict of interest," then that
14 means the class could not be certified, because class members would have had the same conflict of
15 interest. Again, class counsel failed to provide any precedent for the proposition that an objector's
16 attorney's stock portfolio was relevant to a fee request. Frank Decl. ¶ 13 and Exs. 6, 8.
17     The other requests were also largely irrelevant; the only requests that were not irrelevant
18 sought materials that were a matter of public record or would be included as part of the fee request.
19     In short, the twenty requests made of the Center would be unduly burdensome and improper
20 even if the stakes were much larger than a $30,000 fee request, yet class counsel refused to comply
21 with its Rule 45(c)(1) obligations. This is an independent reason to impose sanctions. The obvious
22 purpose of the subpoenas, realized in this case, was to make it impossible for Krauss to pursue a
23 legitimate fee request; this, by itself, is sanctionable. *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792,
24 814 (9th Cir. 2003). *See also Zimmerman v. Bishop Estate*, 25 F.3d 784, 789-790 (9th Cir. 1994)
25 (Rule 26(g)) (requesting information that "could not possibly have been designed to lead to the
26

OBJECTOR MICHAEL KRAUSS'S MOTION FOR
SANCTIONS - 5
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

discovery of admissible evidence" as part of a larger campaign against a political adversary merits sanctions).

Nor can class counsel escape the obligation not to issue an overbroad subpoena by offering to "negotiate" the abusive subpoena. *Builders Ass'n of Greater Chicago v. City of Chicago*, 2002 U.S. Dist. LEXIS 8461, at *17-18 (N.D. Ill. May 13, 2002); *see also Huntair, Inc. v. ClimateCraft, Inc.*, 254 F.R.D. 677, 680 (N.D. Okla. 2008); *Am. Int'l Life Assurance Co. of N.Y. v. Vazquez,* 2003 U.S. Dist. LEXIS 2680, at *9 (S.D.N.Y. Feb. 25, 2003); *Matthias Jans & Assocs. v. Dropic*, 2001 U.S. Dist. LEXIS 4841 (W.D. Mich. Apr. 9, 2001); *Conrod v. Bank of New York*, 1998 U.S. Dist. LEXIS 11634, at *4-5 (S.D.N.Y. July 28, 1998).

### 3. The Subpoenas Were Issued in Bad Faith.

There is a separate independent reason to impose sanctions for these subpoenas. Amy Williams-Derry, who signed the subpoenas, knew that she had no basis to do so.

Class counsel issued the subpoenas on the pretext that *Mercury Interactive* required discovery of an objectors' fee request. Frank Decl. ¶ 15. But Ms. Williams-Derry herself had written to Frank on October 19, 2010, that she took the position that *Mercury Interactive* does not permit discovery without leave of the court. Frank Decl. ¶ 9 and Ex. 3. Ms. Williams-Derry admitted that she had never sought leave from the court to conduct discovery, even though she claimed before the district court that *Mercury Interactive* applied to Krauss's proposed fee request. Frank Decl. ¶ 15.

Thus, class counsel knew that they had no right to seek this discovery. Yet they propounded it anyway, and refused to withdraw it.

But there is additional evidence that the discovery was requested in bad faith.

Class counsel claims that *Mercury Interactive* required Krauss's attorneys to disclose all fee requests and court rulings on fee requests since 2009. Frank Decl. Ex. 1 at 6-7. But class counsel did not submit this information with their Rule 23(h) petition. They either do not have a good-faith belief that this information is required by *Mercury Interactive*, or failed to comply with *Mercury Interactive*.

OBJECTOR MICHAEL KRAUSS'S MOTION FOR SANCTIONS - 6
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Class counsel claims that *Mercury Interactive* required Krauss's attorneys to disclose stock ownership of attorneys. Frank Decl. Ex. 1 at 7. But class counsel did not submit this information with their Rule 23(h) petition. They either do not have a good-faith belief that this information is required by *Mercury Interactive*, or failed to comply with *Mercury Interactive*.

Class counsel claims that *Mercury Interactive* requires Krauss's attorneys to disclose their organizational structure and all of their contractual relationships, including the retainer agreement. Frank Decl. Ex. 1 at 7-8. But class counsel did not submit this information with their Rule 23(h) petition. They either do not have a good-faith belief that this information is required by *Mercury Interactive*, or failed to comply with *Mercury Interactive*.

Class counsel claims that *Mercury Interactive* requires Krauss's attorneys to disclose all communications with class members and other attorneys and the press. Frank Decl. Ex. 1 at 8. But class counsel did not submit this information with their Rule 23(h) petition. They either do not have a good-faith belief that this information is required by *Mercury Interactive*, or failed to comply with *Mercury Interactive*.

Class counsel relied on *Mercury Interactive* to rationalize their abusive subpoena, but did not act in ways consistent with the belief that *Mercury Interactive* permits, much less requires, such discovery. They cannot have it both ways. Either class counsel acted in bad faith (which provides an independent reason for imposing sanctions), or class counsel failed to comply with their own minimum duties under Rule 23(h), and cannot have their fee request granted. A subpoena issued in bad faith to annoy and harass is *per se* sanctionable.

Class counsel cannot claim that they issued the subpoena in good faith; if they do attempt to do so, the court should hold that class counsel's failure to meet *their own standards* under *Mercury Interactive* precludes any fee award to class counsel.

### 4. Sanctions Are Necessary to Protect Future Fairness Hearings.

There is a fourth independent reason to impose sanctions here. As this court found in its initial fairness hearing decision, class members are already deterred from objecting under normal

OBJECTOR MICHAEL KRAUSS'S MOTION FOR
SANCTIONS - 7
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

circumstances. The stakes of an individual class member to object to a class action are usually too small to bother without *pro bono* representation. See *In re General Motors Corp. Pick-Up Truck Fuel Tank*, 55 F.3d 768, 812 (3d Cir. 1995). If class counsel have *carte blanche* to impose tens of thousands of dollars of expense on objectors through broad fishing-expedition subpoenas, objectors will never be willing to stand up against an unfair class-action settlement. Already, Frank has seen a number of occasions where class members decided against objecting to a class action settlement because of the risk of discovery. Frank Decl. ¶ 25. If that risk is a certainty, as it will be if this court does not take a stand against abusive subpoenas, it will be the rare class member willing to subject themselves to such intrusion, and class members will be intimidated into silence. Here, class counsel was forced by objectors to modify an unfair settlement twice, turning $117 thousand of class benefit into a $3.55 million common fund. Professor Krauss and the Center should not be punished when they have done far more for the class in this case than the class counsel was originally willing to do. Class counsel's conduct threatens to further slant the already imbalanced fairness-hearing process, and the court should send a stern message that such behavior is not permissible.

Professor Krauss would have made a legitimate fee request of $30,000; class counsel improperly extorted the withdrawal of that request. If sanctions are not at least $30,000, then class counsel will have improved their position by issuing an improper subpoena. If sanctions are exactly $30,000, then class counsel is exactly where they would have been had they litigated the case in an appropriate fashion. Sanctions should be "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." *Builders Ass'n of Greater Chicago v. City of Chicago*, 2002 U.S. Dist. LEXIS 8461, at *20 (N.D. Ill. May 13, 2002) (imposing $210,000 in sanctions for Rule 45(c) violation). Therefore, sanctions should be at least $60,000 to do justice. Anything less will give class counsel the incentive to roll the dice with harassing subpoenas in the future; more would not be inappropriate if awarded to the class to avoid a windfall to the Center.

OBJECTOR MICHAEL KRAUSS'S MOTION FOR
SANCTIONS - 8
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## II.     CONCLUSION

Sanctions are appropriate. Professor Krauss thus requests the Court to issue sanctions against class counsel, payable either to the Center for Class Action Fairness LLC and/or to the class, in an amount sufficient to do justice in this case and to deter such vexatious conduct in the future.

DATED this 13th day of January, 2012.

Respectfully submitted,

*/s/ Daniel Greenberg*
Daniel Greenberg (*pro hac vice*)
**CENTER FOR CLASS ACTION FAIRNESS LLC**
**GREENBERG LEGAL SERVICES**
55 Fontenay Circle
Little Rock, AR  72223
(501) 588-4245
*dngrnbrg@gmail.com*

*/s/ Theodore H. Frank*
Theodore H. Frank (*pro hac vice*)
**CENTER FOR CLASS ACTION FAIRNESS LLC**
1718 M Street NW, No. 236
Washington, DC  20036
(703) 203-3848
*tfrank@gmail.com*

*/s/ Lawrence C. Locker*
Lawrence C. Locker, WSBA #15819
**SUMMIT LAW GROUP PLLC**
315 Fifth Avenue S., Suite 1000
Seattle, WA  98104-2683
(206) 676-7000
*larryl@summitlaw.com*

***Attorneys for Professor Michael I. Krauss, Objector***

OBJECTOR MICHAEL KRAUSS'S MOTION FOR SANCTIONS - 9
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Mark A. Griffin, Esq.
> Amy C. Williams-Derry, Esq.
> Keller Rohrback
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101
> *mgriffin@kellerrohrback.com*
> *derry@kellerrohrback.com*
>
> Stellman Keehnel, Esq.
> Russell B. Wuehler, Esq.
> DLA Piper LLP (US)
> 701 Fifth Avenue, Suite 7000
> Seattle, WA 98104
> *stellman.keehnel@dlapiper.com*
> *russell.wuehler@dlapiper.com*

DATED this 13th day of January, 2012.

/s/   *Marcia A. Ripley*
Marcia A. Ripley

OBJECTOR MICHAEL KRAUSS'S MOTION FOR SANCTIONS - 10
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001