The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| In re | CASE NO. C09-00045-RAJ |
|---|---|
| CLASSMATES.COM CONSOLIDATED LITIGATION | DECLARATION OF THEODORE H. FRANK IN SUPPORT OF MICHAEL KRAUSS'S MOTION FOR SANCTIONS |
| | **CLASS ACTION** |
| | **NOTED ON MOTION CALENDAR:** Friday, February 3, 2012 |

Theodore H. Frank, under penalty of perjury, declares:

1. I am the founder of the Center for Class Action Fairness ("CCAF"), a non-profit litigation project.

2. CCAF was established in 2009 as one of several not-for-profit programs at Donors Trust, Inc. ("DT"), a charitable and educational foundation exempt from taxation under 26 U.S.C. §501(c)(3). CCAF is one of several programs of DT, each of which is separately funded and administered. CCAF engages independent third-party attorneys to provide pro bono representation to consumers and shareholders aggrieved by class action attorneys who negotiate settlements and conduct litigation that benefit themselves at the expense of their putative clients. CCAF seeks to increase net awards to members of class action lawsuits through, inter alia, objections to settlements producing excessive attorney fees. Additional information concerning DT and its programs such as CCAF are publicly disclosed on the publicly-available Form 990 Tax Returns filed annually by DT with the Internal Revenue Service. I previously disclosed a copy of this Form 990 to class counsel in

DECLARATION OF THEODORE H. FRANK IN SUPPORT OF MICHAEL KRAUSS'S MOTION FOR SANCTIONS - 1
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

litigation in the Northern District of California, *In re HP Inkjet Printer Litigation*, where my objection successfully reduced an oversized fee request.

3. Because we are non-profit, we differ from professional objectors in that we do not agree to settle objections for *quid pro quo* payment. Because we do not object indiscriminately, we have won settlement rejections, fee reductions, and/or material improvements to a settlement in the majority of our objections. If we lose an objection, we either accept the loss, withdraw from the case, or see through the appeal to the end. In both of the federal cases where our appeals have been decided, we won—the only two times the Ninth Circuit has ruled in favor of an objector in a published decision since 2005.

4. Because we are non-profit and because we adopt a conservative interpretation of IRS rules on attorney-fee requests, we only request attorneys' fees in cases where we have a clear entitlement to fees, and cap our requests so that our annual fee awards will be less than 50% of our annual expenditures. To date, we have made four requests for fees, and been awarded fees four times: *Lonardo v. Travelers Ins.* (N.D. Ohio); *In re Apple Inc. Sec. Litig.* (N.D. Cal.); *Weeks v. Kellogg, Inc.* (C.D. Cal.); and *Fogel v. Farmers Ins.* (LA Superior Court). In *Fogel*, the court awarded more fees than we requested; in the other cases, we requested a range of values, and the court awarded fees within that range. On January 13, 2012, we will make a fifth request for fees in an MDL in the District of Maine to reflect the fact that our objection in that case resulted in a court ruling that added $500,000 to the common fund.

5. Many class members contacted me about the possibility of objecting to this settlement; I sometimes received several inquiries a day about the first *Classmates* settlement. Given the limited resources of CCAF, I turned them all down at first. Then class counsel issued a second notice and opportunity to object that revealed that the first notice—which claimed the settlement was worth $9.5 million—was highly misleading because, in fact, it would only pay $52,000 in cash to the class. Nevertheless, class counsel was still seeking an abusive $1,050,000 in fees. I was further troubled by a new *cy pres* provision in the settlement that did not comply with Ninth Circuit precedent. When

DECLARATION OF THEODORE H. FRANK IN SUPPORT
OF MICHAEL KRAUSS'S MOTION FOR SANCTIONS - 2
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Professor Michael Krauss, an ethics professor whom I respected highly, approached me to represent him to object to the settlement after the new notice, this time I accepted the representation.

6. On December 21, 2011, class counsel served two subpoenas on CCAF and DT with a return date of January 9, 2012. A true and correct copy of these subpoenas are attached at Exhibit 1 and Exhibit 2. Class counsel had made no effort to discuss discovery with us before issuing the subpoenas, nor did they provide me with a copy of the subpoenas before they served them.

7. I saw the subpoenas for the first time on December 22, 2011. Upon review, I determined that the subpoenas did not comply with Rule 45, and were wildly overbroad. They would require at least eighty hours of work, much of which would be over Christmas week, to fulfill. This would require me to hire outside counsel, because I had existing obligations: we had agreed to file an objection for a client on January 6, 2012, in the Northern District of California; I had a Third Circuit brief due January 4, 2012; and I had a D.C. Circuit brief due January 6, 2012.

8. Because I had received no communications from class counsel about with whom to negotiate discovery requests, and had no one else to contact, I called the attorney who signed the subpoenas, Amy Williams-Derry, on December 22. Ms. Williams-Derry's office told me that she had left on vacation until January. I was dumbfounded. In seventeen years of practice, I had never experienced an attorney so inconsiderate as to issue an extensive discovery request that had short notice requiring substantial work over a holiday week, but not make someone available to discuss the discovery request. I let Ms. Williams-Derry's assistant know that it was urgent that she, or another attorney, be available to discuss the subpoenas, as the subpoenas were illegal and could have substantial adverse consequences for her firm if we had to move for sanctions over illegally-issued subpoenas.

9. In October 2010, I had requested discovery from class counsel regarding their fee request and the *cy pres* recipients. On October 19, 2010, Ms. Williams-Derry wrote me to say that I was not entitled to any discovery under *Mercury Interactive* without leave of the court. A true and correct copy of this letter is attached at Exhibit 3.

DECLARATION OF THEODORE H. FRANK IN SUPPORT
OF MICHAEL KRAUSS'S MOTION FOR SANCTIONS - 3
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

10. On December 22, 2011, Mark Griffin and Amy Williams-Derry called me. They asserted that the subpoenas were relevant because they were entitled to this discovery under *Mercury Interactive* and because they had evidence that CCAF was not a non-profit and that I had lied to the court when I identified CCAF as a non-profit, and that I therefore should withdraw the fee request or they would ask the court to sanction me. When they told me this, I told them that that was a very serious allegation, and I would need to investigate their claims. We scheduled a call for December 23.

11. As I did that investigation, it turned out Mr. Griffin and Ms. Williams-Derry were entirely bluffing an invented allegation. They had no factual or legal basis to claim that CCAF was not non-profit. I asked them to back up their claims and they never did. Nevertheless, they insisted they were entitled to discovery on the question. I asked them to identify a single decision that held the non-profit status of an objector's *pro bono* counsel was relevant to a fee request, and they never did so. A true and correct copy of the email chain identifying these issues and class counsel's misrepresentations is attached at Exhibit 4.

12. On December 23, 2011, I spoke at length with Mr. Griffin and Ms. Williams-Derry. I expressed my anger at having been lied to about their claim that CCAF was not non-profit. I further noted that their subpoenas failed to comply with Rule 45, and were obviously harassing and overbroad, and noted our right to seek sanctions for discovery abuse. Nevertheless, I offered to come to a compromise solution.

13. It became clear over the course of a phone call of over an hour that no discovery compromise would be possible. Mr. Griffin and Ms. Williams-Derry stubbornly defended the relevance of every single one of the discovery requests, even when I pointed out that they had not disclosed this information, and even when they could not identify a single court decision that had ever held the requested information relevant. Moreover, they made it clear that they would refuse to withdraw the subpoena, no matter how much voluntary discovery I provided them. In other words, they were asking me to make concessions, but refused to make a single concession of their own, because they were reserving the right to enforce the subpoena in full.

DECLARATION OF THEODORE H. FRANK IN SUPPORT
OF MICHAEL KRAUSS'S MOTION FOR SANCTIONS - 4
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

14. I noted that several of their requests asked for plainly privileged and irrelevant information, and Mr. Griffin and Ms. Williams-Derry responded that I would be required to provide a document-by-document privilege log to preserve the privilege.

15. In an email on December 26, 2011, Ms. Williams-Derry represented that the *Mercury Interactive* case entitled them to discovery. A true and correct copy of this email is attached at Exhibit 5. Ms. Williams-Derry maintained that position even after I reminded her of her October 19, 2011 letter, and after she admitted that she had never sought the court's leave to conduct *Mercury Interactive* discovery. My December 26 email reminding her of her inconsistent position is attached at Exhibit 6.

16. In a conversation on December 26, I pointed out that it was ridiculous to spend tens of thousands of dollars of attorney time over a fee request that would be below $50,000, and asked for an offer to resolve the fee dispute. I told class counsel the only issue we would be willing to compromise on was the size of Krauss's fee request.

17. On December 27 and 28, class counsel made a couple of insulting offers that would have cost us more money to execute than to ignore. In phone conversations with Ms. Williams-Derry, I noted the urgency of resolving this before the end of the year, given the impending January 9 subpoena deadline. Ms. Williams-Derry refused to extend the January 9 deadline or return my calls in a timely fashion.

18. Class counsel never made a good-faith offer to settle the dispute, instead drawing out the proceedings until after business hours on Friday, December 30, 2011, with an offer that (1) would have left us financially worse off to request the money than not to request it; and (2) would have required Professor Krauss to withdraw his objection to class counsel's oversized fee request for $1,050,000—despite the fact that I had previously told class counsel that we were not willing to withdraw the objection without the objection being completely resolved.

19. On December 30, 2011, I wrote to Amy Williams-Derry to extend the deadline to resolving the matter to January 2, 2012. A true and correct copy of this email and letter is attached as

DECLARATION OF THEODORE H. FRANK IN SUPPORT OF MICHAEL KRAUSS'S MOTION FOR SANCTIONS - 5
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Exhibits 7 and 8. In that letter, I noted that their *Mercury Interactive* argument judicially estopped them from claiming attorneys' fees.

20. Mr. Griffin and Ms. Williams-Derry did not call me until the afternoon of January 3, 2012, when I was in the middle of finalizing a Third Circuit brief. They disingenuously claimed that they did not understand my objections to the subpoena, though we had previously had several hours of conversation on the subject. I noted that, given the January 9 deadline, it was far past the time of negotiations, and that they needed to withdraw the subpoena, or face being judicially estopped from receiving attorneys' fees. Mr. Griffin invited me to make that motion, telling me "Go ahead. We'd love that."

21. To comply with the subpoena would have required eighty hours of my time, as it would have required me, *inter alia*, to go through over eighteen months of email and generate a document-by-document privilege log; notify several third parties about the risk of their confidential information being disclosed by subpoena; communicating and coordinating with attorneys for those third parties; and doing all of this over a holiday weekend when most attorneys were on vacation. Worse, I simply didn't have eighty waking hours to devote to the subpoena, given my obligations to other clients and impending and immutable briefing deadlines. As it was, the subpoena completely eliminated any vacation I could have taken between December 22 and December 31.

22. My contract with CCAF permits me to have an independent practice. I bill my private clients $750/hour for consulting and legal services. I can also make more than $750/hour through speaking honoraria. Thus, complying with the subpoena would have cost over $60,000 of attorney time, plus the additional third-party expenditures on attorneys.

23. We thus withdrew our fee request. We had intended to make a request for fees and expenses of $29,000, with an incentive award of $1,000 for objector Professor Michael Krauss. But it would have cost us much more than $30,000 to comply with or generate the privilege log opposing the subpoena, and class counsel's refusal to withdraw the abusive subpoena under any circumstances or provide a reasonable compromise left us no choice.

DECLARATION OF THEODORE H. FRANK IN SUPPORT
OF MICHAEL KRAUSS'S MOTION FOR SANCTIONS - 6
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

24. On January 4, 2012, Ms. Williams-Derry sent me a letter to "paper the record." It misrepresented several events and omitted others. I sent a response to that letter on January 6, 2012. True and correct copies of these letters are attached at Exhibits 9 and 10.

25. Over the course of my practice, I have dozens of class members contacting me about the possibility of objecting to dozens of class action settlements. In conversations about the objection process, I warn them about the possibility of discovery requests. This has frequently deterred class members from objecting; there has been at least one occasion where we filed no objection, because no class member was willing to follow up after their initial inquiry because of this risk. If class counsel are permitted to impose tens of thousands of dollars of costs on objectors, I will have to warn objectors of this, and very few will be willing to proceed.

I declare under penalty of the laws of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.

EXECUTED this 13th day of January, 2012, at Arlington Virginia.

*/s/ Theodore H. Frank*
Theodore H. Frank

DECLARATION OF THEODORE H. FRANK IN SUPPORT OF MICHAEL KRAUSS'S MOTION FOR SANCTIONS - 7
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Mark A. Griffin, Esq.
> Amy C. Williams-Derry, Esq.
> Keller Rohrback
> 1201 Third Avenue, Suite 3200
> Seattle, WA  98101
> *mgriffin@kellerrohrback.com*
> *derry@kellerrohrback.com*
>
> Stellman Keehnel, Esq.
> Russell B. Wuehler, Esq.
> DLA Piper LLP (US)
> 701 Fifth Avenue, Suite 7000
> Seattle, WA  98104
> *stellman.keehnel@dlapiper.com*
> *russell.wuehler@dlapiper.com*

DATED this 13th day of January, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DECLARATION OF THEODORE H. FRANK IN SUPPORT OF MICHAEL KRAUSS'S MOTION FOR SANCTIONS - 8
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001