The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | No. C09-045 RAJ<br><br>**CLASSMATES ONLINE, INC., UNITED ONLINE, INC. AND CLASSMATES MEDIA CORPORATION'S STATEMENT REGARDING OBJECTORS' FEE REQUESTS** |

Classmates Online, Inc. (now known as Memory Lane, Inc.), United Online, Inc. and Classmates Media Corporation (collectively, "Classmates") respectfully submit this Statement Regarding Objectors' Fee Requests.

Classmates has no stake in the fight between Class Counsel and the objectors over the amount in fees that Class Counsel seeks and whether any of the objectors should share in a fee award. And Classmates does not mean to interject itself into that fight through this filing. But there is one point that Classmates feels compelled to briefly address – *i.e.*, whether the objectors' fee requests, if granted, require a new round of notice to the class under *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010).

To be clear, Classmates does not believe that any interested party or attorney is contending that a new round of notice would need to be sent to the class if objectors receive some portion of the fees potentially available. However, in earlier proceedings, that question

was raised and so, for the avoidance of any doubt, Classmates is compelled to say: **there is no need to provide a new round of notice to the class under *In re Mercury* if the Court grants fees to objectors.**

First, *In re Mercury* does not have anything to do with post-settlement approval of fee requests made by objectors, nor does it even hint that objectors' fee requests need to be noticed to the class before they can be approved. *Id.* Rather, *In re Mercury* is concerned with <u>class counsel's</u> behavior and <u>class counsel's</u> potential temptation to favor itself over the class. Thus, *In re Mercury* addresses the type of notice that must be provided to the class under Federal Rule of Civil Procedure 23(h) (618 F.3d at 993-95), and Rule 23(h) provides only that notice of ***class counsel's*** fee request must be directed to the class, not post-approval fee requests by objectors. The relevant portion of Rule 23(h) provides as follows:

> A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties *and, for motions <u>by class counsel</u>, directed to class members in a reasonable manner*.

FED. R. CIV. PROC. 23(h)(1) (emphasis added). The Rule is expressly limited to fee motions ***by class counsel.*** If the Rule's drafters intended to require notice to the class of post-approval fee requests by objectors, they would have included that requirement in the Rule. By expressly singling out fee requests by "class counsel," including such requests in the Rule and leaving out other types of fee requests (such as fee requests by objectors), the drafters plainly intended to exclude those types of requests from the notice requirement. *In re Mercury* does not hold otherwise.[1] No authority supports the notion that a second round of notice to the class is required if a portion of the awarded fees goes to objectors.

This makes perfect sense. An objector's ability to seek fees arises only after his objection has been considered by the court, typically at the final fairness hearing. *See Vizcaino*

---

[1] The holding in *In re Mercury* is as follows: "We hold that the district court abused its discretion when it erred as a matter of law by misapplying Rule 23(h) in setting the objection deadline for class members on a date before the deadline for **lead counsel** to file their fee motion." *In re Mercury*, 618 F.3d at 993.

CLASSMATES'S STATEMENT REGARDING
OBJECTORS' FEE REQUESTS - 2
No. C09-045 RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

*v. Microsoft Corp.*, 290 F.3d 1043, 1051-52 (9th Cir. 2002) (objectors may seek fees in the event they improve settlement for the class). At that point in time, notice has already been provided to the class, the class has already responded to the notice (either through submitting a claim, objecting, or opting out), and the court has evaluated the response. If notice of an objector's post-approval fee request needed to be provided to the class, it would necessarily require a <u>second</u> round of notice. The notion that class action settlements should be subject to multiple rounds of notice is contrary to the goals of efficient resolution of class actions and would worsen the "class notice fatigue" that commentators have noted.

<u>Second</u>, the Court should not lose sight of the fact that if it decides to award fees to the objectors, such fees would come out of the $1,050,000 that Classmates agreed it will pay in "fees." The class has already received notice that Class Counsel is requesting this full amount. Thus, an award of fess to objectors would not increase the amount in fees that is being requested. The maximum fees that can be awarded is $1,050,000, and no one is proposing to change that Court-approved feature of the settlement. At most, an award of fees to objectors would involve a reallocation of the requested amount among lawyers seeking to benefit the class. The class does not need another notice of what it has already been told – *i.e.*, that certain advocates for the class will ask the Court to award them up to $1,050,000 in fees for their work. No matter how the Court rules on the pending fee requests, the class is guaranteed to receive at least what it already expects to receive ($2.5 million to be shared by claimants *pro rata*) and potentially more (if the Court does not award the full $1,050,000).

<u>Third</u>, another round of notice cannot be economically justified. As the Court will recall, Classmates has already spent over $600,000 in settlement administration fees associated with providing notice of settlement to the class. [Dkt. No. 181 at 8] Classmates will not agree to spend an additional (estimated) $300,000 to provide the class with yet another round of notice. An additional round of notice would come out of the settlement amount otherwise to be distributed to the class, and would consequently reduce the amount received per claimant.

CLASSMATES'S STATEMENT REGARDING
OBJECTORS' FEE REQUESTS - 3
No. C09-045 RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1     Again, Classmates does not perceive that anyone is arguing that the Court should order that another round of notice needs to be sent to the class if fees are awarded to objectors. No such notice is required.

    Respectfully submitted this 27th day of January, 2012.

                      DLA PIPER LLP (US)

                      By   *s/ Russ Wuehler*
                          Stellman Keehnel, WSBA No. 9309
                          Russ Wuehler, WSBA No. 37941
                          701 Fifth Avenue, Suite 7000
                          Seattle, WA 98104
                          Telephone: 206.839.4800
                          E-mail: stellman.keehnel@dlapiper.com
                                     russ.wuehler@dalpiper.com

                          *Attorneys for Defendants Classmates Online, Inc. (now known as Memory Lane, Inc.), United Online, Inc. and Classmates Media Corporation*

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2012, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

- Lawrence C. Locker
  larryl@summitlaw.com
- Mark Griffin
  mgriffin@kellerrohrback.com
- Clifford A. Cantor
  cacantor@comcast.net
- Theodore H. Frank
  tfrank@gmail.com
- Amy Williams-Derry
  awilliams-derry@kellerrohrback.com
- Scott A. Kamber
  skamber@kamberlaw.com
- Daniel Greenberg
  dngrnbrg@gmail.com
- Christina Latta Henry
  chenry@seattledebtlaw.com
- Richard L. Kellner
  rlk@kbklawyers.com
- Joshua H. Haffner
  jhh@kbklawyers.com
- David A. Stampley
  dstampley@kamberlaw.com
- Eric J. Fierro
  efierro@kellerrohrback.com
- Mark Lavery
  mark@laverylawfirm.com

Dated this 27th day of January, 2012.

 *s/ Russ Wuehler*
Russ Wuehler

WEST\228992114.3

---

CLASSMATES'S STATEMENT REGARDING
OBJECTORS' FEE REQUESTS - 5
No. C09-045 RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800