1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE CLASSMATES.COM
CONSOLIDATED LITIGATION

_____

)
)
)
)
)
)
)
)
)
)
)
)

No. C09-45RAJ

PLAINTIFFS' RESPONSE IN
OPPOSITION TO OBJECTOR MICHAEL
KRAUSS'S MOTION FOR SANCTIONS
& STATEMENT REGARDING FEES

**Noted on Motion Calendar:
Friday, January 27, 2012**

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## **Table of Contents**

I.    BACKGROUND ............................................................................................... 2

II.   ARGUMENT ................................................................................................... 7

    A.   The Subpoenas Were Issued With the Lawful Purpose of
        Gathering Limited Evidence to Rebut the Center's Anticipated Fee
        Petition. ................................................................................................ 7

    B.   Class Counsel's Subpoenas Sought Relevant Documents and Were
        Not Overbroad. ................................................................................... 8

        1.   The subpoenas were relevant to the Center's purported
            interest in protecting absent class members. ............................ 9

        2.   The subpoenas were relevant to the Center's supposed
            "non-profit" status. ............................................................... 12

        3.   The subpoenas were relevant to the relationships among the
            Center, Krauss, and Defendants. ........................................... 13

        4.   The subpoenas sought billing records. .................................... 14

        5.   The subpoenas were not issued in bad faith. ........................... 15

    C.   The Fact That the Subpoenas Were Issued by the Western District
        of Washington—an Error That the Center Never Brought to Class
        Counsel's Attention—Does Not Justify Sanctions. ............................ 16

    D.   The Center Cites No Authority Holding that the Mere Issuance of a
        Subpoena That is Later Withdrawn Entitles the Subpoenaed Party
        to Sanctions. ...................................................................................... 16

    E.   The Center Has Provided No Benefit to the Class. ............................. 20

    F.   The Center's Argument that Class Counsel Is Judicially Estopped
        With Respect to Its Own Fee Petition Lacks Both Authority and
        Coherence. ......................................................................................... 26

    G.   Sanctions Are Not Necessary Here to Protect Future Objectors. ....... 28

    H.   The Court Should Strike the Center's Filings as Outside the
        Limited Scope of its December 19 Minute Order, and Because
        They Are Immaterial. ......................................................................... 29

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

III.    CONCLUSION.................................................................................................. 30

## Table of Authorities

### Federal Cases

*Bertelsen v. Harris*, 537 F.3d 1047 (9th Cir. 2008)................................................... 21

*Blessing v. Sirius XM Radio Inc.*, No. 09-10035, 2011 WL 3739024 (S.D.N.Y. Aug. 24, 2011) ........................................................................................................ 11

*Boelter v. United States*, 2005 WL 1799739 (W.D. Wash. July 26, 2005) .................. 14

*Fantasy, Inc. v. Fogarty*, 984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)................................................................................................ 30

*Gates v. Gomez*, 60 F.3d 525 (9th Cir. 1995) ...................................................... 7, 27

*Gibson v. City of Kirkland*, No. 08-0937, 2010 WL 55855 (W.D. Wash. 2010) .............. 7, 8, 20

*Hamilton v. State Farm & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001)............................ 27

*In re Anchor Sec. Litig.*, No. 88-3024, 1991 WL 53651 (E.D.N.Y. Apr. 8, 1991).................... 26

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)........................ 24, 25

*In re Holocaust Victim Assets Litig.*, 424 F.3d 150 (2d Cir. 2005) ............................ 21

*In re Leapfrog Enters., Inc., Sec. Litig.*, No.03–5421, 2008 WL 5000208 (N.D. Cal. Nov. 21, 2008) ................................................................................................ 26

*In re Mercury Interactive Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010)............................ 7

*In re Motor Fuel Temperature Sales Practices Litig.*, 258 F.R.D. 407 (D. Kan. 2009) ...................................................................................................................... 18

*In re Motor Fuel Temperature Sales Practices Litig.*, 707 F.Supp. 2d 1145 (D. Kan. 2010)............................................................................................................. 18

*In re Shubov*, 253 B.R. 540 (B.A.P. 9th Cir. 2000) .......................................... 17, 18

*Locals 302 and 612 v. Boart Longyear Co.*, No. 07-1899, 2008 WL 5129968 (W.D. Wash. Dec. 5, 2008)................................................................................... 29

*Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766 (N.D. Ohio 2010), on reconsideration in part (July 21, 2010) ................................................... 10, 23, 25

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - ii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003)...................................... 17

*Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682 (7th Cir. 2008) ............................................ 21, 26

*New Hampshire v. Maine*, 532 U.S. 742 (2001) ...................................................................... 26, 27

*Northwest Envt'l Def. Ctr. v. Bonneville Power Admin.*, 477 F.3d 668 (9th Cir. 2007) ...................................................................................................................................... 21

*Orgulf Transport Co. v. Grillot Co., Inc.*, No. 97-228, 1998 WL 313732 (E.D. La. June 12, 1998) .............................................................................................................................. 19

*Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360 (S.D. Fla. 2007) ............................................ 23

*Petrovic v. Amoco Oil Co.*, 200 F.3d 1140 (8th Cir. 1999) .................................................... 22

*Reebok Int'l, Ltd. v. Marnatech Ent., Inc.*, 970 F.2d 552 (9th Cir. 1992) .............................. 21

*Spark v. MBNA Corp.*, 289 F. Supp. 2d 510 (D. Del. 2003)................................................... 23

*Stewart v. Gates*, 987 F.2d 1450 (9th Cir.1993) ............................................................... 8, 20

*Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004)......................................................... 17

*Tiberi v. Cigna Ins. Co.*, 40 F.3d 110 (5th Cir. 1994).............................................................. 19

*UFCW Local 880-Retail Food Emp'rs. Joint Pension Fund v. Newmont Min. Corp.*, 352 F. App'x 232 (10th Cir. 2009)........................................................................... 25

*United States v. Blackman*, 72 F.3d 1418 (9th Cir. 1995) .................................................... 14

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)........................................... 21, 26

*Zimmerman v. Bishop Estate*, 25 F.3d 784 (9th Cir. 1990) .................................................. 18

**Federal Rules**

Fed. R. Civ. P. 23(h) ............................................................................................................. 27

Fed. R. Civ. P. 43(c) .................................................................................................................. 7

Fed. R. Civ. P. 45(c) ............................................................................................................... 29

Fed. R. Civ. P. 54(d) .......................................................................................................... 7, 27

**State Rules**

D.C. Rule of Professional Conduct 1.5 ............................................................................. 13, 14

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - iii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Washington Rule of Professional Conduct 1.5 ................................................................ 14

Washington Rule of Professional Conduct 1.8 .......................................................... 13, 14

Washington Rule of Professional Conducttoa 5.4 .................................................... 14

## **Other Authorities**

American Law Institute, *Principles of the Law of Aggregate Litigation* § 3.07
    (2010) ......................................................................................................................... 23

Oxford English Dictionary (online ed.) ...................................................................... 3

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - iv

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Objector Prof. Michael Krauss, through his counsel at the Center for Class Action Fairness, LLC (the "Center"), seeks sanctions against class counsel. The Center's motion for sanctions lacks legal and factual support. The Center's request for sanctions from class counsel, and any other form of direct or indirect payments to the Center stemming from its false allegations, are baseless and should be denied in their entirety.[1]

The Center's motion for sanctions and its associated "Statement" is really a disguised fee petition. The Center has good reason not to file a formal fee petition, since the Center and its "initial, sole member and sole managing member,"[2] Donors' Trust, Inc. cannot bear the public scrutiny that such a request would require.

The Center nevertheless seeks to manipulate the fee approval process to its benefit. The Center seeks to do so in three ways: (1) by asking this Court to "zero out" any fee award to class counsel, even though the deadline for opposing class counsel's fee petition has long passed; (2) by supporting the fee award of the Center's co-objector, Christopher Langone; and (3) by asking this Court to sanction class counsel, and awarding such sanctions to the Center, or alternatively to the class. The Center's Motion, Statement, and supporting Declaration[3] should be stricken as procedurally improper and immaterial.

---

[1] This opposition is supported by the Declarations of Mark A. Griffin ("Griffin Decl.") and Amy Williams-Derry ("Derry Decl."), filed herewith.

[2] Declaration of Amy Williams-Derry in Support of Motion for Over-Length Brief (Dkt. 192), Ex. 1.

[3] Statement Regarding Court's Invitation to Submit Fee Request ("Statement") (Dkt. 186); Objector Michael Krauss's Motion for Sanctions ("Motion") (Dkt. 187); Declaration of Theodore H. Frank in Support of Michael Krauss's Motion for Sanctions ("Frank Decl.") (Dkt. 188).

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# I.   BACKGROUND

On December 21, 2011, class counsel served subpoenas with a return date of January 9, 2012[4] on the Record Custodians for the Center for Class Action Fairness, LLC, and its "sole managing member," Donors' Trust, Inc.  Jeffrey Zysik, the CFO of both the Center and Donors' Trust, accepted the subpoenas on behalf of both entities.  Derry Decl. ¶ 3 & Ex. 3.

The subpoenas requested documents from the Center and Donors' Trust that fall into three categories:

> Category One.  Documents related to Krauss's anticipated fee petition, including fee and cost records, evidence of regular hourly rates, and the fact of any retainer agreement or other cost-sharing agreement, or prior or ongoing financial arrangements, between the Center, Krauss, Donor's Trust, Inc. and/or local counsel;

> Category Two.  Documents relating to the interrelationships between the Center for Class Action Fairness, LLC and Donors' Trust, Inc., especially as they relate to the Center's alleged non-profit or charitable status and Donors' Trust's ownership of stock in the Defendant, United Online, Inc.; and

> Category Three.  The Center's communications with members of the class and the public regarding the litigation, including attempts to impact settlement objections and opt-outs, and any prior or ongoing coordination of effort between the Center and its co-objector, Christopher Langone.[5]

The Center, through its counsel Theodore Frank, called class counsel on December 22, 2011 to discuss the subpoenas.  Mark Griffin and Amy Williams-Derry (who was out of the office for the holiday, but nonetheless made herself available) returned Mr. Frank's phone call that day.  Derry Decl. ¶¶ 4-5.  The parties discussed their divergent views on the propriety of the subpoenas, briefly considered two possible compromises proposed by Mr. Frank, and began discussing the merits of the document requests.  After a few minutes, Mr. Frank abruptly

---

[4] The timing of the subpoenas was driven by the December 15, 2011 ruling authorizing the submission of objector fee petitions, and the January 2012 briefing deadlines associated with those petitions.

[5] Derry Decl. Exs. 1, 2.  Requests 2-5, 10, 12-14, 18, and 20 of the Center's subpoena relate to Category One.  Requests 1, 6-9, 11, and 19 relate to Category Two.  Requests 15-17 relate to Category Three.

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

terminated the call, asking that the conference be carried over to the next day.  *Id.* ¶ 5.  As requested, class counsel sent Mr. Frank an email after the call, and the parties exchanged substantive emails relating to the matters discussed and new information about the Center's corporate structure, which Mr. Frank volunteered in response to the subpoena.  Derry Decl. ¶¶ 6-7 & Exs.5, 6.

On December 23, 2011, class counsel continued negotiating the scope of the subpoena with Mr. Frank and his co-counsel, Daniel Greenberg.  Although Mr. Frank several times raised his voice, and yelled into the phone that he was going to come after class counsel with "hammer and tongs"[6] for having served discovery, the parties were able, in a 75-minute meet–and-confer session, to address 17 of the 20 items listed in the Center's subpoena.  Derry Decl. ¶ 8.

For example, the Center raised a concern that Request No. 8, as drafted, appeared to request documents concerning the Center's *employees'* investments in defendants Classmates Online, Inc., United Online, Inc., or Classmates Media Corporation.  Class counsel clarified that this reading was unintended, and that the Center could narrow the Request as seeking only documents related to the investments of either the Center, or Donors' Trust (but not their agents, employees, etc.) in the defendant corporations.  *Id.* ¶ 9.

In its conversation with class counsel on December 23, the Center made the following admissions:

---

[6] Class counsel had to look this one up.  This violent metaphor refers to a blacksmith grabbing a piece of iron with his tongs and showering blows on it with his hammer.  Oxford English Dictionary (online ed.), "hammer" n.6 (Oxford University Press 2011), http://www.oed.com.ezproxy.spl.org:2048/view/Entry/83743?redirectedFrom= hammer %20and%20tongs (accessed January 27, 2012).

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

- The Center's non-profit status is dependent on Donors' Trust, Inc. which files an IRS Form 990.  Mr. Frank stated that the Center is not a 501(c)(3) organization. According to Mr. Frank, the Center does not have any articles of incorporation.

- Mr. Frank believed class counsel's request for full billing and fee records was "burdensome."  In particular, it would be burdensome for Mr. Frank to review his files and reconcile the billing records of the attorneys who had worked on this matter and compile those records into a single format.

- Mr. Frank said he might submit a reduced fee request, rather than a lodestar request, in order to avoid having to provide detailed billing records to the Court, and to avoid the requested discovery.

- Mr. Frank said he would refuse to provide class counsel or the Court any information about the Center, including who funds or manages the Center's legal activities.

- Mr. Frank offered to provide class counsel with lists of the Center's members of its Board of Directors, and officers, if the Center has such entities, and if such lists are public.

- Mr. Frank does not know if he has a written retainer agreement with Krauss, his client.  He stated that the retainer agreement "might have been a handshake."

*Id*. ¶ 10; *see also id*. ¶ 11 (discussing negotiations on subpoena served on the Center).

Mr. Frank sent class counsel an email on December 23, thanking them for the time they took "to confer with us regarding the pending discovery requests and look forward to speaking with you Monday, December 26 at 11 am Pacific."  Derry Decl. ¶ 12 & Ex. 7.  Class counsel attempted to continue the discovery conference with the Center on December 26, but the parties had technical difficulties accessing the telephone conference line.  Nonetheless, Ms. Williams-Derry spoke briefly with Mr. Frank, and they agreed to speak again the next day to continue their dialogue.  Derry Decl. ¶ 13.  Later on the 26th, Ms. Williams-Derry sent Mr. Frank an email to respond to various of his questions.  *See* Derry Decl. ¶ 13 & Ex. 8.

On December 27, the parties again conferred about the discovery.  Although Ms. Williams-Derry was still out of the office for the holiday, she attempted to discuss the three

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

remaining discovery requests that the parties had not addressed on December 23.  Mr. Frank and

Mr. Greenberg refused.  Instead, they told Ms. Williams-Derry they wanted to reach a global

resolution, outlined tentative terms, and encouraged her to make an offer of compromise.  Ms.

Williams-Derry made an offer, and Mr. Frank immediately made a counter-offer.  Derry Decl.

¶ 14.

The same pattern emerged on December 28.  Ms. Williams-Derry made another offer of

compromise, and Mr. Frank immediately made a counter-offer.  *Id*. ¶ 16.

On December 30, the Friday before the New Year's Day long holiday weekend, Mr.

Frank sent class counsel an email asking whether it would make another offer.  Ms. Williams-

Derry responded that another offer would likely be forthcoming.  Derry Decl. Ex. 10.  That

afternoon, at approximately 3:40 Pacific time, Ms. Williams-Derry sent Mr. Frank a written offer

of compromise, and copied the communication to Mr. Griffin.  Derry Decl. ¶ 19.

Twenty minutes later, at 3:58 pm Pacific on the Friday of a long holiday weekend, Mr.

Frank sent an email, directed solely at Ms. Williams-Derry, asking her to call to discuss his

recent proposal.  Just over an hour later, at 5:10 pm Pacific (after business hours had concluded

on both the east and west coasts), Mr. Frank sent another email, again addressed solely to Ms.

Williams-Derry, simultaneously accusing her of "refusing multiple requests to call" *and* for

communicating with him after business hours.  *Id*. ¶ 20.  Mr. Frank's email unfairly accused Ms.

Williams-Derry of bad faith based on his (false) charges of "refus[al] to communicate" as well as

the timing, and content, of her *actual* communications.  *See id*. & Derry Decl. Ex. 11.

Later that Friday evening, when Ms. Williams-Derry received and reviewed Mr. Frank's

correspondence, she responded to Mr. Frank:

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 5

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

I'm sorry if you feel that our proposal was a step backwards; that was not our intent.

We would like to schedule a call with you to understand your concerns.  Mark and I have both been out of the office this week spending time with our families during the holiday, so our availability has been limited.

Our office is closed for the legal holiday on January 2, and Mark and I are both unavailable that day.

We would be happy to schedule a call with you on January 3.  We can talk at 9:30 am Pacific time, if that works for you.

Please let us know if that proposed time will work for you, and we will circulate a dial-in number on Tuesday morning.

Derry Decl. ¶ 21 & Ex. 12.

Mr. Frank immediately responded, arguing that class counsel's offer to talk on Tuesday morning, January 3 was "too late." Derry Decl. ¶ 22 & Ex. 13.

When Mr. Griffin and Ms. Williams-Derry returned to the office on January 3, they called Mr. Frank at 9:30 am Pacific time, as previously offered.  However, Mr. Frank refused to have a good faith discussion with class counsel, and refused to explain why he perceived class counsel's December 30 offer to have "moved backwards."  Derry Decl. ¶ 23.

At no point during these discussions with class counsel between December 22 and January 3 did Mr. Frank ever ask for an extension of time in which to respond to the subpoenas, nor did he explain to class counsel what he meant by stating that the subpoenas were illegal "on their face."  *See id.* ¶¶ 5, 11, 13, 14, 16, 20, & 28.

Ultimately, on January 3, Mr. Frank proposed a compromise in writing that did make sense, and which class counsel accepted.  Mr. Frank sent class counsel an email, stating that "[class counsel's] subpoena has been mooted by the withdrawal of our fee request."  Mr. Frank asked class counsel to withdraw its subpoena because the Center had withdrawn its fee request.

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 6

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

In reliance on this representation, class counsel withdrew its subpoenas.  Derry Decl. ¶¶ 24-25 & Ex. 14.

Unfortunately, however, by filing his motion for sanctions, Mr. Frank failed to comply with the spirit, if not also the letter, of his compromise.

## II.    ARGUMENT

### A.    The Subpoenas Were Issued With the Lawful Purpose of Gathering Limited Evidence to Rebut the Center's Anticipated Fee Petition.

As *In re Mercury Interactive Securities Litigation* instructs, in order to protect the rights of class members and test the reasonableness of a proposed fee, parties acting as fiduciaries for the class must have an "opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported."  618 F.3d 988, 994 (9th Cir. 2010).  Ninth Circuit law places a burden of production on a party opposing a fee petition.  *See, e.g.*, *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995) (party opposing a fee request "has a burden of rebuttal" requiring submission of evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted in affidavits by party seeking fee) (citations omitted); *accord* Fed. R. Civ. P. 54(d)(2)(C) (on a motion for attorneys' fees, court must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c) or 78); Fed. R. Civ. P. 43(c) (allowing for the submission of "evidence on a motion" by affidavit, testimony, or deposition).

The subpoena's document requests were also justified given the adversarial nature of the proceeding and class counsel's fiduciary obligations to the class.  A fee request that does not allow an opposing party to meaningfully challenge the reasonableness of time spent in support of that fee "undermines the adversarial process."  *Gibson v. City of Kirkland*, No. 08-0937, 2010 WL 55855 at *1 (W.D. Wash. 2010) (citing *Stewart v. Gates*, 987 F.2d 1450, 1452-53 (9th

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 7

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Cir.1993)).  Indeed, without the submission of billing records in a form "reasonably capable of evaluation," it would be an abuse of discretion for this Court to award any fees to the Center.  *Id.* (citing *Stewart*, 987 F.2d at 1453).  These principles are even more important where, as was anticipated here, a motion for fees had the potential to diminish the fund distributed to the class.

The Center claims that its withdrawn fee request would not have diminished the class's recovery because it would only have sought payment out of class counsel's "slice of the pie." Statement at 10.  This argument, however, is based on a fundamental misreading of the settlement agreement.  The settlement agreement provides that if the Court does not award class counsel fees in the amount of $1,050,000, "Classmates will add the difference between the amount awarded by the Court in Class Counsel's fees and $1,050,000 to the Total Cash Consideration" available to the class for distribution.  Revised Class Action Settlement Agreement at ¶ 2 (Dkt. 183-1).  Thus, under the settlement agreement, if the Center had submitted a successful fee petition, it necessarily would have diminished the class's recovery. *See* Griffin Decl. ¶ 19.  For all these reasons, the subpoenas were justified.

## B.   Class Counsel's Subpoenas Sought Relevant Documents and Were Not Overbroad.

Class counsel had a good-faith reason to believe that the Center's motivations in objecting to the settlement and submitting its anticipated fee request were not what they had represented to this Court.  In particular, it was not clear that the Center's submissions had accurately represented (1) its purported interest in protecting absent class members, (2) its supposed "non-profit" status, or (3) the relationships among the Center, Krauss, and Defendants. The subpoena also requested the Center's billing records related to this action.  All of this information was relevant to the Center's anticipated fee petition.

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**1.    The subpoenas were relevant to the Center's purported interest in protecting absent class members.**

At the December 15, 2011 hearing, Mr. Greenberg, on behalf of the Center, said he "work[s] for a nonprofit program" and is not simply interested in "a side deal in exchange for a payment to go away."  Dec. 15, 2011 Transcript of Proceedings at 45:19-24.  Similarly, at a hearing in December 2010, Mr. Frank said, "we are here for the class."  Dec. 16, 2010 Transcript of Proceedings ("Tr. Dec. 16, 2010") at 44:23.  Nonetheless, Mr. Greenberg, Mr. Frank and the Center are not motivated by an earnest desire to help consumer classes and to conform class action settlements to the law. They are motivated by an ideological desire to circumvent Congress and legislate tort reform through the judiciary.

As the Center notes, "CCAF seeks to increase net awards to members of class action lawsuits through, *inter alia*, objections to settlements producing excessive attorney fees."  Statement at 2 n.1.  The Center, however, does not object in only those instances where "class counsel negotiate[] self-serving class action settlements that pay much more to themselves than to their putative clients."  Motion at 1.  Rather, the Center has engaged in a far-reaching ideological crusade.  Mr. Frank himself has labeled the Center a "guerrilla operation"[7] designed to confront what he describes as "a high probability of district courts rubber-stamping settlements."[8]  According to Mr. Frank, "[b]y letting courts know that consumers are watching them, they'll be less likely to rubber-stamp bad settlements."[9]

---

[7] Kate Moser, *Class Action Avenger Discusses Coupon Crusades,* LEGAL PAD (Sept. 23, 2009), http://legalpad.typepad.com/my_weblog/2009/09/class-action-avenger-discusses-coupon-crusades.html (last visited Jan. 27, 2012).

[8] Rachel Zahorsky, *Unsettling Advocate*, A.B.A. J. (Apr. 1, 2010), http://www.abajournal.com/magazine/article/unsettling_advocate/ (last visited Jan. 27, 2012).

[9] Ted Frank, *Welcome*, Center for Class Action Fairness, LLC (June 17, 2009), http://centerforclassactionfairness.blogspot.com/2009/06/welcome.html (last visited Jan. 27, 2012).

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    In fact, Mr. Frank has described in explicitly political terms the need to change the class

2  action mechanism.  For example, he explained the need for the Class Action Fairness Act as

3  follows: "In banana republics across the globe, economies come to a standstill because the risk of

4  confiscation or corruption keeps many investments from ever happening. The same danger

5  occurs when the expropriation is conducted by lawyers in the name of 'justice.'"  Ted Frank, *End*

6
7  *Open-Ended Litigation*, Point of Law.com (Oct. 16, 2006),

8  http://www.pointoflaw.com/columns/archives/003051.php (reprinting article that originally

9  appeared on WashingtonPost.com, Sept. 7, 2006) (last visited Jan. 27, 2012).[10]

10    Driven by its belief that the judicial system is rife with irresponsible judges who rubber

11  stamp unreasonable settlements, the Center repeatedly objects to class action settlements,

12  regardless of the legal merits of its objections.  Since it began this effort in 2009, several courts

13  have rejected its objections, specifically noting that the Center is driven more by ideology than

14  law or facts.  For example, the Northern District of Ohio noted:  "Mr. Greenberg's brief is long

15  on ideology and short on law . . . .  There is also no reason to believe that Mr. Greenberg's lack

16  of faith in judicial officers who oversee class action settlements is justified."  *Lonardo v.*

17
18  *Travelers Indem. Co.*, 706 F. Supp. 2d 766, 785-86 (N.D. Ohio 2010), on reconsideration in part

19  (July 21, 2010); *see also In Re Dry Max Pampers Litig.,* Case No. 1:10-cv-00301 (S.D. Ohio),

20  (Sept. 28, 2011 hearing on final approval at 33-34 rejecting the Center's objection as based on

21  "policy arguments as to class actions and attorneys' fees, in largest part.") (Griffin Decl. Ex. D);

22
23
24  ───────────────

[10] *See also* Ted Frank, Op-Ed., *Manhattan Moment: Win or Lose, Trial Lawyers Get Millions in Vioxx Fees*, Wash.
25  Examiner, Aug. 17, 2011, *available at* http://washingtonexaminer.com/opinion/columnists/2011/08/manhattan-moment-win-or-lose-trial-lawyers-get-millions-vioxx-fees#ixzz1kKCidiRE ("In these desperate economic times, we're looking for ways to stimulate the economy.  One cheap way to do so without increasing government debt is
26  to stop making it profitable for trial lawyers to bring meritless cases that impose what is effectively a multibillion-dollar litigation tax on productive sectors of the economy.") (last visited Jan 27, 2012).

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 10

LAW OFFICES OF
**Keller Rohrback l.l.p.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Blessing v. Sirius XM Radio Inc.*, No. 09-10035, 2011 WL 3739024, at * 3 (S.D.N.Y. Aug. 24, 2011) (rejecting objectors' arguments, including one advanced by the Center, and noting, "[w]hatever abuse the objectors believe the class action scheme works or indeed has worked here, it is a legislative problem and not a ground which permits this Court to set aside the settlement."). As these courts have recognized, the objections lodged by the Center are not limited to practices that violate the duties owed by class counsel to class members, but instead take broad aim at reasonable settlements based on a fundamental disagreement with the principles governing the award of attorneys' fees in class action cases. However, as these courts have noted, the interest of one class member—and his ideologically driven counsel—in enacting a specific legislative outcome does not justify withholding relief from an entire class that has been similarly injured by a common course of conduct.

Requests 2, 3, 9, 11, 15-17, and 19 all sought documents relevant to the Center's motivations in objecting in this action. Derry Decl., Ex. 1. In particular, Requests 16 and 17 sought discovery related to the Center's direct advocacy, through its press releases, email campaigns, and blog posts, to impact class member participation rates in the settlement. *See, e.g.*, Declaration of Mark Griffin in Support of Plaintiffs' Motion in Support of Final Approval and Reply in Support of Motion for Attorneys' Fees at ¶¶ 13-17 & Exs. 12-16 (Dkt. 114) (describing and attaching same). These documents are particularly relevant because the Center's pleadings have relied on participation statistics to justify its own actions in this case.

Request 15 sought documents reflecting the Center's communications with its co-objector, Christopher Langone, and would have revealed, for example, if the Center had any side deal with Mr. Langone to receive any portion of a fee Mr. Langone recovers in this action. Derry Decl., Ex. 1.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    Requests 9 and 19 sought documents designed to elicit who was setting the litigation

2    agenda for the Center and to probe whether the Center's litigation motives were, as represented

3    to the Court, to protect class member's interests, or whether they were designed to carry out a

4    different, undisclosed agenda of the Center's "sole managing member," Donors' Trust.  *Id.*

5    Finally, Requests 2 and 3 sought to identify prior actions in the last three years in which the

6    Center had filed fee petitions, and the Courts' consideration of those petitions.  *Id.*  This

7    information is relevant to demonstrate whether the Center is truly motivated by an earnest desire

8    to aid consumer classes, or whether other ideological desires underlie its actions.

9        **2.      The subpoenas were relevant to the Center's supposed "non-profit" status.**

10       The Center has repeatedly emphasized to the Court in both its written and oral

11   submissions that it is a "non-profit program."  *See, e.g.*, Krauss Objection (Dkt. 167) at 18; *see*

12   *also supra* at 8-9.  This representation is material, not because of any belief by class counsel that

13   nonprofits may not submit fee requests,[11] but because of the implicit assumption in the "non-

14   profit" label that an organization is specifically incorporated to achieve a charitable purpose and

15   maintains appropriate checks and balances, such as articles of incorporation, by-laws, boards of

16   directors, and the regular filing of tax returns, to ensure that the organization is carrying out its

17   expressed charitable purpose.

18       Unfortunately, however, class counsel had reason to question the Center's representation

19   that it was a "non-profit," and sought discovery to clarify whether this representation was in fact

20   accurate.  According to the records on file with the Delaware Secretary of State, The Center for

21   Class Action Fairness, LLC is "a legal entity with no special attributes such as non-profit…."

22   Griffin Decl. ¶¶ 5-8.

---

[11] Class counsel has never asserted that the Center's alleged nonprofit status would prevent it from collecting a fee in this action.

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Requests 1, 6, 7, and 11 all sought routine programmatic documents relevant to the Center's alleged non-profit status, such as its articles of incorporation, by-laws, federal tax filings, and the identities of members of a board of directors.  This information was relevant to probe the accuracy of the Center's representations to the Court, especially in light of publicly available documents which suggested the opposite.

3.      **The subpoenas were relevant to the relationships among the Center, Krauss, and Defendants.**

Class counsel also had reason to believe that certain of the inter-relationships among the Center, its managing member Donors' Trust, and objector Krauss were not consistent with the ethical rules governing these relationships.  For this reason, class counsel requested copies of the various documents and agreements which would address these questions.

For example, Donors' Trust has a history dating back to at least 2007 of direct and indirect financial payments to the Center's objecting "client," Krauss, and projects that support Krauss.  Griffin Decl. ¶ 15.  Donors' Trust's 2009 IRS Form 990 reveals that in 2009 it paid a total of $339,515 to employers and other entities related to Krauss.  *See id.*  Donors' Trust made similar payments to these same organizations supporting Krauss in 2008 and 2007.  Griffin Decl. ¶ 16.  Of course under the Washington Rules of Professional Conduct, which closely track the Model Rules, "A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation."  RPC 1.8(e).  In addition, Donors' Trust's 2008 IRS Form 990 reveals that it holds stock in United Online, Inc., one of the defendants.  Griffin Decl. ¶ 17.

Class counsel served discovery to explore the extent of these inter-relationships so that it could evaluate whether they present a conflict of interest here.  Requests 12 and 13 sought copies of the retainer agreements between objector Krauss, the Center, and local counsel.  Mr. Frank practices law in Washington, D.C.  The D.C. Rule of Professional Conduct 1.5(b), like

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Washington RPC 1.5(b) and the Model Rules of Professional Conduct, provide that a lawyer's retainer agreement with its client generally should be in writing.  Contingent fee agreements "shall" be in writing.  D.C. Rule of Professional Conduct 1.5(c).[12]   During class counsel's December 23 meet and confer with Mr. Frank, he admitted in response to Request 12 that he likely had no written retainer agreement with Krauss.

Requests 18-20 sought documents reflecting the financial and programmatic interconnectedness of the Center, Krauss, and Donor's Trust, including employment agreements, direct or indirect payments, and documents reflecting Donors' Trust's "managing" role over the Center.  With respect to Krauss, these documents are relevant to evaluate whether there has been any violation of RPC 1.8, which prohibits financial payments to clients in connection with litigation.  With respect to Donors' Trust, these requests are relevant to ensure that Donors' Trust does not direct the legal strategy of the Center.  *See* RPC 5.4(c) ("A lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.").  Finally, Request 8 sought documents related to Donors' Trust's or the Center's investments in defendant United Online, Inc.  Such investments could help explain the Center's actions to discourage class members from making claims and to object to class counsel's fees.

4.      **The subpoenas sought billing records.**

In addition, class counsel's subpoena also sought the Center's billing records and materials relating to its class action litigation history—information class counsel had earlier submitted in its own fee petition.  *See e.g*., Declaration of Mark A. Griffin in Support of

---

[12] Retainer agreements are generally subject to disclosure, and not protected by allegations of attorney-client privilege.  *See Boelter v. United States*, 2005 WL 1799739, at *2 (W.D. Wash. July 26, 2005) ("As a general rule, client identity and the nature of the fee arrangement between attorney and client are not protected from disclosure by the attorney-client privilege") (quoting *United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995)).

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    Plaintiffs' Renewed Motion for Award of Attorneys' Fees and Costs and Participation Awards to

2    the Class Representatives at Ex. 1 (firm resume), Ex. 3 (Keller Rohrback billing records), Ex. 4

3    (Westlaw charges) & Ex. 5 (evidence regarding reasonable hourly rates) (Dkt. 160); Declaration

4    of Richard L. Kellner in Support of Plaintiffs' Renewed Motion for Award of Attorneys' Fees

5    and Costs and Participation Awards to the Class Representatives at Exs. 1 & 2 (Kabateck Brown

6    Kellner billing records) (Dkt. 161).  Requests 4 and 5 sought relevant billing and cost records.

7    Request 10 sought documents relating to prior fee awards, and Request 14 requested documents

8    reflecting the attorneys' reasonable hourly rates.

9           Thus, each of the document categories class counsel requested was relevant to the

10   Center's anticipated fee petition either independently or in light of the Center's prior

11   representations to the Court.

12          **5.      The subpoenas were not issued in bad faith.**

13          The Center argues that the subpoenas were issued in bad faith based on an October 19,

14   2010 letter from class counsel opposing an earlier, informal discovery request the Center had

15   emailed to class counsel.  Motion at 6.  While class counsel's responsive letter does discuss

16   *Mercury Interactive,* the Center's summary of that three-page letter is not accurate.  The letter

17   sets forth three separate reasons why Krauss was not entitled to discovery fifteen months ago,

18   including the fact that Krauss had not filed an objection or otherwise appeared in the action, and

19   that the Court had issued a stay of the litigation.  After class counsel sent the October 19 letter,

20   Krauss never pursued the matter further.  Krauss never sent a formal discovery request to class

21   counsel, or even responded to the October 19 letter.  Perhaps this is because, as the letter

22   explains, class counsel's fee records have been publicly available on the website established for

23   the matter for over a year, and were supplemented in August 2011 when class counsel renewed

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 15

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

its fee petition.  *See* Griffin Decl. ¶ 21.  Indeed, the subpoenas that the Center claims were served in bad faith were designed in part to require the Center to provide the same amount of disclosure about its fee request as class counsel had previously publicly provided.

**C.**  **The Fact That the Subpoenas Were Issued by the Western District of Washington—an Error That the Center Never Brought to Class Counsel's Attention—Does Not Justify Sanctions.**

The Center asserts that the subpoenas are facially invalid under Fed. R. Civ. P. 45(a)(2) because they issued from the Western District of Washington instead of the District Court for the District of Columbia.  Motion at 3.  Class counsel concedes this error.  Of course, the issue is now moot, because class counsel has withdrawn the subpoenas.  *See supra* pp. 6-7 & Derry Decl. Ex. 14.

But the Center fails to tell the Court the whole truth: the Center *never* called this error to class counsel's attention before filing its motion.  Derry Decl. ¶ 20.  If it had, class counsel would have immediately withdrawn the subpoenas.  In fact, class counsel regrettably served a subpoena on Christopher Langone's attorney, Mark Lavery, which replicated the same error.  Mr. Lavery called this fact to class counsel's attention by letter on January 11, 2012, and class counsel immediately withdrew the offending subpoena.  Derry Decl. ¶ 26 & Exs. 15, 16.  If Mr. Frank had done the same, class counsel would have immediately withdrawn the subpoenas.

**D.**  **The Center Cites No Authority Holding that the Mere Issuance of a Subpoena That is Later Withdrawn Entitles the Subpoenaed Party to Sanctions.**

The Center provides no authority for the proposition that this Court may impose sanctions, or any other form or relief, for discovery requests that, upon request, have been voluntarily withdrawn.  Indeed, the Center fails to cite *any case* where a court has imposed sanctions, or any other relief, where a subpoena at issue has been voluntarily withdrawn.

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 16

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

*Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003) on which the Center relies, Motion at 2, 5, does not support the Center's position.  *Mattel* concerned a subpoena for both documents and deposition, including issues unrelated to the pending litigation.  The subpoena was directed to the employer of an expert witness for the defense, who was testifying in his individual, rather than his corporate, capacity.  Despite a request, Mattel refused to either narrow or withdraw the subpoena, and the non-party employer was forced to move to quash.  *Mattel* is inapplicable here for several reasons.  First, the subpoena at issue here was directed to the relevant party, the Center and its "sole, managing member," who had indicated an intent to file a fee petition.  The subpoena only sought information directly relevant to the Center's public representations of its interests in the case ("[w]e are here for the class," Tr. Dec. 16, 2010 at 44:23), its potential conflicts of interest in making those representations, and its anticipated fee petition.  Finally, the scope of the subpoenas were negotiated, and narrowed, in good faith, and ultimately voluntarily withdrawn in compromise.

Nor does *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004), provide any basis for the Center's requested relief.  *Theofel* was a civil action for violation of federal wiretap law, which discussed an earlier case pending in another jurisdiction.  In that other action, plaintiffs subpoenaed the defendant's un-represented internet service provider, broadly asking for every email the defendant had ever transmitted.  The subpoena was neither limited to a specific time period, nor linked to the subject matter of the litigation, nor ever withdrawn.  The overreaching New York subpoena discussed in *Theofel* bears no resemblance, substantively or procedurally, to the narrow and appropriate subpoenas class counsel issued here.

The Center's reliance on *In re Shubov*, 253 B.R. 540, 547 (B.A.P. 9th Cir. 2000), Motion at 3, also does not support its motion.  In *Shubov*, the creditor who issued the subpoena lacked

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 17

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

standing to issue any discovery under the bankruptcy code.  253 B.R. at 543.  He had neither

applied to the bankruptcy court for an examination, nor was he a participant in any adversary

proceeding or other contested matter.  *Id.*  Making matters even more egregious, although the

creditor lacked standing to even *serve* discovery, he filed a motion to compel to *enforce* the

subpoena.  *Shubov* provides no authority for the Center's argument.

The Center also relies on *In re Motor Fuel Temperature Sales Practices Litig.*, 258

F.R.D. 407 (D. Kan. 2009), Motion at 4-5, but fails to reveal that this decision has been

overturned and is no longer good law.  *See* 707 F.Supp. 2d 1145 (D. Kan. 2010).   The Center's

reliance on *Zimmerman v. Bishop Estate*, 25 F.3d 784, 789-90 (9th Cir. 1990) is similarly

unhelpful.  In *Zimmerman*, the pro se plaintiff in a civil rights action had served

"interrogatories"—never withdrawn—such as, "Admit that the Prosecutor's Office is highly

politicized and staffed with incompetent prosecutors;" "and requests for production—also never

withdrawn—such as, "Plaintiff requests a job description, date of employment, list of

qualifications and annual remuneration including bonuses, expense accounts, and benefits for the

positions of Bishop Estate Trustee, Bishop Estate caretaker, Bishop Estate land manager,

Corporate Counsel for the City and County of Honolulu . . ."  that were far afield from the civil

rights issues at stake.  The facts of *Zimmerman* bear no relationship to this case.

Apparently conceding that class counsel negotiated with the Center over the subpoena,

the Center cites a smattering of district court decisions outside the Ninth Circuit in supposed

support of the proposition that offering to "negotiate" a subpoena will not protect against

sanctions for an otherwise "overbroad" subpoena.  *See* Motion at 6 (citing cases; none of which

involve a subpoena that was withdrawn).  Even were this principle applicable in the Ninth

Circuit, and the Center provides no authority that it is, it would still beg the question whether, in

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 18

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    fact, the underlying subpoenas here were "overbroad."  As demonstrated in detail above, *see*

2    *supra* pp. 7-15, the subpoenas sought relevant material and were not overbroad.

3          Indeed, contrary to the Center's supposed authority, many cases expressly hold that any

4    inadvertent burden imposed by a subpoena, or reasonable, good faith efforts to negotiate the

5    scope of an initially overbroad subpoena, will preclude sanctions under Rule 45(c)(1).  *See, e.g.*,

6    *Tiberi v. Cigna Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994) (counsel's affidavit provided sufficient

7    evidence of attempt to negotiate reasonable scope to initially overbroad subpoena to preclude

8    sanctions under Rule 45(c)(1)); *Orgulf Transport Co. v. Grillot Co., Inc.*, No. 97-228, 1998 WL

9    313732 at *2-3 (E.D. La. June 12, 1998) (sanctions inappropriate under Rule 45(c)(1) when

10    burden on subpoenaed witness is due to inadvertence rather than bad faith).  These rulings make

11    sense.  Whether or the extent to which a subpoena may be burdensome is often something that an

12    issuing party has no way of knowing *a priori*.

13          Here, the Center has articulated four alleged burdens: 1) the Center's minimal staffing

14    arrangements; 2) the Center's competing January deadlines; and 3) the Center's subjective intent

15    to submit a $30,000 fee petition which it claims would be dwarfed by the cost of complying with

16    the subpoena; and 4) the subpoena's 18-day turn around.  *See* Motion at 3.  None of these

17    burdens make the subpoena unlawful, let alone justify sanctions.

18          The Center makes no effort to show that class counsel was aware of the first three

19    "burdens" before to serving its subpoena.  Indeed, the Center never shared either the first or

20    second alleged burdens with class counsel at any before prior to filing its motion for sanctions.

21    The third alleged burden, even if true, would at most justify a motion to quash the subpoena in

22    part; it does not make the subpoena facially unlawful or justify sanctions.

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 19

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9

The Center's fourth alleged burden—the subpoena's 18-day turnaround—is not asserted in good faith, as the Center's own actions show.  The Center *never* asked class counsel to extend the January 9 deadline.  If the Center had asked for a reasonable extension of time in which to respond, class counsel would have granted the request—even though the briefing schedule on the underlying motion left scant room for extensions.  It is thus flatly untrue for Mr. Frank to state in his declaration, Frank Decl. at ¶ 17, that "Ms. Williams-Derry refused to extend the January 9 deadline," when in fact he neither asked for such an extension nor gave any indication that the subpoena's January 9 deadline created any burden.

10

### E.        The Center Has Provided No Benefit to the Class.

11
12
13
14

The Center argues that the fee to which it claims to be entitled (but for which it has failed to file a fee petition and has provided no fee records or other evidentiary support) forms a basis for reducing class counsel's fee.  There are at least three problems with this argument.

15
16
17
18
19

*First*, the reduction in class counsel's fees that the Center seeks is procedurally improper.  Any objections to class counsel's fee award were due on November 18, 2011.  The Center may not treat the deadline for filing its own fee application as an extension of the deadline by which to object to class counsel's fees.  The Court authorized a narrow filing by objectors on January 12, 2012.  The Krauss filing does not comply and should be stricken in its entirety.

20
21
22
23
24

*Second*, the Center provides no record or basis for the Court to quantify any award of fees or sanctions to it, or to "zero out" class counsel's request.  It would be an abuse of discretion to award fees where attorney time records are "submitted in a form not reasonably capable of evaluation."  *Gibson*, 2010 WL 55855, at *1 (*citing Stewart*, 987 F.2d at 1453).

25
26

Nor does the Center provide any basis to zero out class counsel's fee request.  Trial courts certainly do have broad inherent power to do equity, Statement at 7 & n.2, but here there

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 20

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   has been no breach of professional responsibility or misconduct by class counsel.  *See id.* (citing

2   *Bertelsen v. Harris*, 537 F.3d 1047 (9th Cir. 2008).  To the contrary, any inherent use of the

3   court's power to do equity would suggest that the Center's unauthorized pleadings should be

4   stricken.  *See infra* § II.H.[13]

5        *Third*, the Center's argument that it would have been entitled to attorney's fees—had it

6   submitted a fee petition—is not only irrelevant since it is nominally not seeking fees, but is

7

8   factually and legally erroneous.  According to clear Ninth Circuit precedent as applied to the

9   plain facts of this case, the Center would not have been entitled to an award of attorneys fees

10  because it was not the *cause* of any *substantial benefit* to the class.  In *Vizcaino v. Microsoft*

11  *Corp.*, 290 F.3d 1043 (9th Cir. 2002), the Ninth Circuit held that objectors are *not* entitled to fees

12  where they "did not increase the [common] fund or otherwise *substantially benefit* the class

13  members." *Id.* at 1051.[14]  Courts generally hold that there are two specific elements of this test.

14  First, the revisions to the settlement must provide a substantial benefit to the class.  *See, e.g.*,

15  *Vizcaino*, 290 F.3d at 1051.  Second, the actions of the objector must have been "a substantial

16

17  cause of the benefit obtained."  *In re Holocaust Victim Assets Litig.*, 424 F.3d 150, 157 (2d Cir.

18  2005) (citation omitted); *accord Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682, 687 (7th Cir.

19  2008) ("As important to a proper evaluation of the objectors' contribution as the meagerness of

20  the relief that they obtained by extending the litigation by several years is their lack of

21  constructive activity in the district court."); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1156 (8th

22

23  _____

24  [13] The Center's citations to *Northwest Envt'l Def. Ctr. v. Bonneville Power Admin.*, 477 F.3d 668, 680 (9th Cir. 2007), and *Reebok Int'l, Ltd. v. Marnatech Ent., Inc.*, 970 F.2d 552, 561-62 (9th Cir. 1992), address merely whether the courts have inherent equitable powers in differing factual scenarios, but provide *no* support for reducing or disgorging fees here.

25  [14] Although the Center cites *Vizcaino*, the Center's statement that "objectors are entitled to request an award of fees and costs" where their "actions confer benefits upon class members," Statement at 2-3, ignores the fact that

26  *Vizcaino* only recognizes the permissibility of a fee award where the benefit to the class is "*substantial*."  *Vizcaino*, 290 F.3d at 1051 (emphasis added).

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 21

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Cir. 1999) (denying fees where "the efforts of the firm in question do not appear to have changed any of the terms in the settlement agreement.").

The Center claims that its objections improved the original settlement in four ways: (1) they removed the proposed cy pres distribution, which according to the Center "would have unacceptably benefited third parties at the expense of the class"; (2) they increased the settlement amount from "about $52,000" to $2.5 million; (3) they caused the removal of the "kicker" clause, "which in turn led to the redirection of funds that would originally have gone to the defendant going instead to the class"; and (4) they "improved the process of the settlement." Statement at 4.  Here, it is unclear whether any of these purported "benefits" were "substantial." Nonetheless, because the Center simply did not cause any of these purported benefits, it is not entitled to fees.

*Cy Pres:*  With respect to the cy pres distribution, Krauss has failed to establish the removal of the $500,000 cy pres payment benefited the class.  Krauss's subjective belief the cy pres was impermissible because it "would have unacceptably benefited third parties at the expense of the class" is at odds with the fact that the cy pres award would have been required to "provide[] at least indirect benefit to class members."  Order (Feb. 23, 2011) at 8 (Dkt. 128). Krauss also ignores the fact that this court did not find that the cy pres distribution was inappropriate per se, but rather held that it did not provide "a meaningful settlement benefit" in comparison to an alternate payment structure that would have increased the cash compensation paid to the class.  *Id.* at 9.

Moreover, the Center's attempt to assume credit for any changes with respect to the cy pres is disingenuous, as the Court did not accept the Center's arguments that "the proposed *cy pres* is a breach of class counsel's fiduciary duty to the class by valuing the recovery of a third

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 22

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

party over the recovery to the unnamed class members."  Objection of Michael I. Krauss to

Proposed Settlement and Proposed Attorneys' Fee Award at 9 (Dkt. 102).[15]  Because the Court

did not adopt the Center's rationale for challenging the *cy pres*, there is no basis for the Center to

claim that it caused this change.  The mere fact that it filed an objection to the *cy pres* before the

court rejected the first settlement does not support the conclusion that it *caused* the removal of

the cy pres from the second settlement.  The Center has apparently attempted this kind of flawed

causation argument in the past.  *See Lonardo*, 706 F. Supp. 2d at 804 ("With the exception of

pointing out that the amendment to the Settlement Agreement occurred after he filed his

objection, however, Mr. Greenberg has not submitted any evidence to support the notion that his

objections—as opposed to the objections of other Settlement Class Members, or even objections

of the Court itself—actually provided a meaningful benefit to the class.")

        <u>Amount of Class Disbursements:</u>  The Center's argument that the settlement amount

increased from $52,000 to $2.5 million is a blatant distortion of the record.  The Center

essentially has made an apples-to-oranges comparison of the amount claimed by class members

under the first settlement to the total amount available to the class members under the second

settlement.  In so doing, the Center confuses the influence of the settlement claim rate—over

which it does not argue it had any influence—with the change in the gross amount of the

settlement's common fund.  It is indisputable that the size of the common fund has dropped by

74 percent between the first and second settlement (a reduction from $9.5 million to $2.5

million).  Although the amount distributed under the new settlement will be $2.5 million, that is

---

[15] To the extent the Center's motion made reference to—and the Court relied upon—certain principles outlined by the American Law Institute, *Principles of the Law of Aggregate Litigation* § 3.07 (2010), citation to well-known sources of law does not establish the Center as a "substantial cause" of any change to the settlement.  *See, e.g.*, *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1379 (S.D. Fla. 2007) (stating that objectors offered only "generic compilations of well-known case law"); *Spark v. MBNA Corp.*, 289 F. Supp. 2d 510, 514 (D. Del. 2003) ("[O]bjectors merely cited to a leading Third Circuit case on the issue . . . .").

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 23

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    not because of any increase to the amount available under the settlement, but rather because of a

2    dramatic increase in the claim rate (under the new settlement, 699,010 class members submitted

3    requests for cash payments, a 14-fold increase from the 50,018 requests under the original

4    settlement).  *See* Plaintiffs' Motion for Final Approval of Revised Class Action Settlement,

5    Response to Objections, and Reply in Support of Renewed Motion for Attorneys' Fees, Costs,

6    and Participation Awards to the Class Representatives at 8 (Dkt. 176).

7        Thus, were the Center to submit a fee request on the basis of the difference in class

8    distributions under the second settlement, it would have sought to profit from what is, objectively

9    a smaller settlement, albeit with a higher claim rate.  (Indeed, the Center's co-objector, Langone,

10   describes the second settlement as demonstrably worse than the first – claiming that class

11   counsel "shrunk" the settlement.  Derry Decl. Ex. 17.)   However, the Center does not even try to

12   argue that it had any influence on the claim rate.  In fact, the claim rate likely shot up for the

13   second settlement simply because the notice announcing the settlement was the third notice

14   emailed to the class members and the second published notice.  Moreover, the most recent notice

15   was simpler, easier to understand, and stated in bold face, in the first paragraph, that:

16       • IF THE COURT GIVES FINAL APPROVAL, THIS SETTLEMENT
          WILL AWARD YOU AN <u>ESTIMATED</u> $10 IN CASH, PLUS OTHER
          BENEFITS.

17   Declaration of Jennifer M. Keough Regarding Revised Settlement Notice Dissemination and

18   Settlement Administration at Ex. A, p.1 (Dkt. 175).

19       <u>*Removal of the "Kicker"*</u>:  The Center argues that it "described the manner in which the

20   second settlement violated" *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir.

21   2011), "which led to the settling parties' amendment to the second settlement agreement that

22   stripped the 'kicker' clause out of it, which in turn led to the redirection of funds that would

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 24

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

originally have gone to the defendant [sic] going instead to the class." Statement at 4. This

argument fails for a number of reasons. First, the settlement did not "violate" *Bluetooth*, but

rather contained three of *Bluetooth's* "warning signs," which would have "required [the Court] to

examine the negotiation process with even greater scrutiny than is ordinarily demanded" to

ensure that the fee arrangement did not result from collusion. *Bluetooth*, 654 F.3d at 949.

Second, the Center's contention that its objection "led to" the removal of the "kicker"

clause, again, is a *post hoc ergo properter hoc* argument. *See Lonardo*, 706 F. Supp. 2d at 804.

That *Bluetooth* was a prominent case in the Ninth Circuit makes it highly unlikely that the

parties—not to mention this Court—would have been unaware of *Bluetooth's* holding but for the

intervention of the Center. Moreover, the Center played no role whatsoever in any of the

negotiations that resulted in the removal of the "kicker." *See UFCW Local 880-Retail Food

Emp'rs. Joint Pension Fund v. Newmont Min. Corp.*, 352 F. App'x 232, 236-37 (10th Cir. 2009)

(denying objector's fee request, noting that he did not "propose terms of settlement or otherwise

participate constructively in the litigation.").

Finally, the Center's contention that its efforts "led to the redirection of funds that would

originally have gone to the defendants going instead to the class" is premature at best, as this

Court has yet to rule on class counsel's fee petition.

<u>*Improvement to the Process of the Settlement*</u>:  The Center concludes by making general

arguments with respect to the need for "a higher level of scrutiny" in class actions "because there

is always a potential conflict of interest between the class and class counsel." Statement at 4.

The Center provides no specific support for its assertion that it "improved the process of the

settlement," but rather improperly presumes that its mere presence in the case somehow made all

parties better off. *Id.* In other words, the Center conflates the general concept that *some*

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

objectors *can* improve the process with the conclusion that *their* objections *did* improve the process of the settlement.  However, as ample case law makes clear, the presence of an objector is not guaranteed to improve the process of a settlement.  *See, e.g.*, *Mirfasihi*, 551 F.3d at 688 ("The improvement that the objectors produced in this case, minus the detriment caused by their courtroom antics, barely justified the modest fee that the judge awarded them."); *In re Anchor Sec. Litig.*, No. 88-3024, 1991 WL 53651, at *2 (E.D.N.Y. Apr. 8, 1991) ("If anything, the issues raised by [objectors] clouded rather than sharpened the issues.").

Moreover, the Ninth Circuit has made clear that "minor procedural changes" are insufficient to warrant attorneys' fees and that a fee award is only permissible where objectors "substantially benefit the class."  *Vizcaino*, 290 F.3d at 1051.  Thus, the purported enhancement to the adversarial process provided by the objectors simply does not warrant an award of attorneys' fees.  "[T]he test is not whether the objections were meritorious or whether they helped the court in some way, but whether they conferred a 'substantial benefit' on the class or contributed to the common fund."  *In re Leapfrog Enters., Inc., Sec. Litig.*, No.03–5421, 2008 WL 5000208, at *2–3 (N.D. Cal. Nov. 21, 2008) (citations omitted).

### F.    The Center's Argument that Class Counsel Is Judicially Estoped With Respect to Its Own Fee Petition Lacks Both Authority and Coherence.

The Center's claim that class counsel's attempt to seek discovery from the Center somehow "judicially estops" class counsel from seeking a fee is utterly without merit.  Not surprisingly, the Center cites no case law in support of its position.

As the Center's citation to *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) acknowledges, *see* Statement at 11, the doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."  532 U.S. at 749.  The Court's use of the word

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   "prevailing" makes clear that the previously asserted argument must have been accepted by the

2   reviewing court, or otherwise integral to the outcome of the first contested proceeding.  In *New*

3   *Hampshire*, this meant that the state could not reject a legal position on which it had successfully

4   relied in an earlier proceeding, and prevail in a different proceeding by arguing the opposite.  *See*

5   *id*.

6            Similarly, in the Ninth Circuit, judicial estoppel is restricted to cases where the court has

7   relied on, or "accepted," a party's "previous inconsistent position."  *Hamilton v. State Farm &*

8   *Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (citations omitted).  There is no factually equivalent

9   scenario here.  First, there has been no ruling on class counsel's fee petition, and thus no

10  reliance, or "acceptance," by the court of any position.  The "rule" from *New Hampshire* which

11  the Center tries to apply here simply does not fit these facts.  Moreover, even if the Court had

12  previously accepted, or granted relief to class counsel on its fee petition, the Center still could

13  not prevail on this argument.  The Center cannot show that the subpoenas class counsel served

14  reflect any "inconsistent position" with a prior position.  Class counsel's fee petition was

15  required to, and does satisfy, the elements of Fed. R. Civ. P. 23(h), Fed. R. Civ. P. 54(d)(2), and

16  the practices of this Court.

17           Further, as a fiduciary for the class, class counsel has an obligation to obtain the best

18  relief possible for the class, and to protect any common fund it obtains for the class from

19  unmerited applications against it.  Class counsel viewed the anticipated fee petition from the

20  Center, on behalf of objector Krauss, as an unmerited application.  Accordingly, as a fiduciary

21  for the class, class counsel was fully entitled to—and indeed, expected to—explore all legitimate

22  arguments at its disposal for why an application by the Center for fees should fail.  *Gates*, 60

23  F.3d at 534-35 (party opposing a fee request "has a burden of rebuttal" requiring submission of

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 27

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted in affidavits by party seeking fee) (citations omitted)

In addition to its arguments that the Center did not confer a benefit on the class, and that the fees it sought were not justified by its billing records, class counsel was also entitled to explore other reasons why an award of fees would not be proper here.  These issues include possible violations of the applicable rules of professional responsibility, conflicts of interest arising from the interrelationships between the Center for Class Action Fairness, LLC, and Donors' Trust, Inc., and the Center's potential misrepresentations to the Court regarding its alleged non-profit status, as described above.  *See supra* pp. 8-14.

The Center advances an apples-and-oranges comparison.  The elements supporting a proper fee petition by class counsel do not limit the relevant evidence a litigant may seek to discover to rebut a fee application by an objector.  Nor is the converse true.  The Center's argument of judicial estoppel should be rejected.

### G.      Sanctions Are Not Necessary Here to Protect Future Objectors.

The Center claims that failing to impose sanctions here would provide class counsel a free pass to impose exorbitantly expensive fishing-expeditions on objectors, who will thus be frightened against ever objecting to a settlement.  Motion at 8.  The Center's argument overreaches.

This Court is deciding only this case, and the facts of this case simply do not support the imposition of any sanction.  First, the Center's remarkable record here provided ample good faith basis for the narrow discovery class counsel served to explore the conflicts of interest, potential violations of the ethical rules, and misstatements to the Court about the Center's motives in this action, as well as the Center's billing records and other materials related to its anticipated fee

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 28

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

petition.  Ninth Circuit, cited above, law authorizes class counsel to gather evidence of this sort to meet its burden of proof in opposing the Center's fee request.  Class counsel immediately withdrew this discovery when the Center made clear that it had withdrawn its fee petition.

Second, class counsel has not served indiscriminate subpoenas.  To the contrary, in a case involving hundreds of objectors, class counsel served only three subpoenas, relating to two objectors, Krauss and Langone.  Nor has class counsel even sought discovery from every objector who has, in fact, filed a fee petition.  *See, e.g.*, Application by Class Members Klausner and Cermack and by Their Counsel Chalmers for Award of Fees (Dkt. 190).

Finally, the Center's argument cynically ignores the ability of courts to enforce proper discovery in class cases under Fed. R. Civ. P. 45(c)(1) in the appropriate case.  However, this action is simply not a case where class counsel acted with any improper motive, where the subpoenas were overbroad or improper, or where precedent provides any authority for the imposition of a sanction.  The Center's claimed policy argument must be rejected.

**H.     The Court Should Strike the Center's Filings as Outside the Limited Scope of its December 19 Minute Order, and Because They Are Immaterial.**

The Center's "Statement," which seeks to manipulate the pending fee petitions, and the Center's Motion for Sanctions, which seeks a back-door fee in the guise of sanctions, are unauthorized filings.  They exceed the scope of this Court's December 19 Minute Order, and should be stricken on that basis alone.  *See Locals 302 and 612 v. Boart Longyear Co.*, No. 07-1899, 2008 WL 5129968, at *2 (W.D. Wash. Dec. 5, 2008) (striking motion that was filed in violation of the local rules).

In addition, the Center's pleadings should be stricken because they are both "immaterial" and "impertinent."  A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being plead."  *Fantasy, Inc. v. Fogarty*, 984 F.2d 1524, 1527

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 29

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(9th Cir. 1993) (affirming district court's order striking allegations under Fed. R. Civ. P. 12(f)), *rev'd on other grounds*, 510 U.S. 517 (1994).  "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question."  *Id.*, 984 F.2d at 1527.  By the Center's own admission here, the subpoenas are no longer relevant to any live dispute both because they have been withdrawn, and because the matter to which they pertained – the Center's fee request – has also been withdrawn.  As the Center concedes, its own actions have "mooted" the relevance of this withdrawn discovery.  Derry Decl. ¶ 24 & Ex. 14.  The Center's ancillary litigation is truly immaterial and impertinent to any issue at bar, and should be stricken.

### III.   CONCLUSION

For the foregoing reasons, class counsel respectfully requests that the Court deny the Center's motion for sanctions on the voluntarily withdrawn subpoenas as unfounded by both the law and the facts.  Class counsel further requests that the Court deny any of the Center's requested relief in its "Statement," including to "zero out" or otherwise reduce any fee award to class counsel, or to award fees to the Center's co-objector, Christopher Langone.

In the alternative, class counsel  respectfully requests that the Court strike the Center's Motion, Statement, and supporting declaration as unauthorized by its December 19, 2011 minute order, and as immaterial and impertinent to any issue at bar.

DATED this 27th day of January, 2012.

KELLER ROHRBACK L.L.P.

By s/Amy Williams-Derry
Mark A. Griffin, WSBA #16296
Amy Williams-Derry, WSBA #28711
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Tel: (206) 623-1900
Fax: (206) 623-3384
mgriffin@kellerrohrback.com

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

awilliams-derry@kellerrohrback.com

2

Brian S. Kabateck

3

Richard L. Kellner
KABATECK BROWN KELLNER LLP

4

644 South Figueroa Street
Los Angeles, CA  90017

5

Tel: (213) 217-5000
Fax: (213) 217-5010

6

bsk@kbklawyers.com

7

rlk@kbklawyers.com
jhh@kbklawyers.com

8

***Interim Class Counsel***

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 31

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE CLASSMATES.COM                )   No. CV09-45RAJ
CONSOLIDATED LITIGATION             )
                                    )   CERTIFICATE OF SERVICE
                                    )
_____)

I HEREBY CERTIFY that on the 27th day of January, 2012, I electronically filed the

foreground document with the Clerk of the Court using the ECF system, which will send

notification of such filing to the following:

Stellman Keehnel, WSBA No. 9309
Russell B. Wuehler, WSBA No. 37941
Nicole Tadano, WSBA No. 40531
DLA Piper US LLP
stellman.keehnel@dlapiper.com
russell.wuehler@dlapiper.com
nicole.tadano@dlapiper.com
***Attorneys for Defendants Classmates Online, Inc,***
***Classmates Media Corporation and United Online, Inc.***

Clifford A. Cantor, WSBA No. 17893
Law Office of Clifford A. Canter PC
cacantor@comcast.net

David Stampley
Scott Kamber
KamberLaw, LLC
dstampley@kamberlaw.com
skamber@kamberlaw.com

Lawrence Carl Locker, WSBA No. 15819
Summit Law Group
larryl@summitlaw.com

Daniel Greenberg
Greenberg Legal Services
dngrnbrg@gmail.com

Mark Lavery
The Lavery Law Firm

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 32

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    mark@laverylawfirm.com

2    Theodore Frank
     Center for Class Action Fairness
3    tfrank@gmail.com

4

5                                   s/Amy Williams-Derry

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' RESPONSE IN OPPOSITION
TO OBJECTOR KRAUSS'S MOTION FOR
SANCTIONS & STATEMENT REGARDING FEES
(No. CV09-45RAJ) Page - 33

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384