The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>CLASSMATES.COM CONSOLIDATED LITIGATION | CASE NO. C09-00045-RAJ<br><br>DECLARATION OF DANIEL GREENBERG IN SUPPORT OF MOTION FOR SANCTIONS<br><br>**CLASS ACTION**<br><br>**NOTED ON MOTION CALENDAR:**<br>**Friday, February 3, 2012** |

Daniel Greenberg, hereby declares as follows:

1. I am one of the attorneys who represent Professor Michael Krauss in this case.

2. I have practiced law since 2007, and have been an independent contractor for a nonprofit program, the Center for Class Action Fairness, for roughly the last 18 months. I am an adjunct professor of law at the University of Arkansas (Little Rock) Bowen Law School. I am a former member of the Arkansas House of Representatives (the state legislature) and the Pulaski County Quorum Court (the county legislature), having been elected twice to each of those bodies and having served in those bodies for a total of eight years.

3. As an attorney and legislator, I have been involved in or represented parties to many complex and consequential negotiations over many years.

4. It is my judgment that the conduct of class counsel in this action demonstrated the most unserious and bad-faith negotiation posture I have ever witnessed.

DECLARATION OF DANIEL GREENBERG IN SUPPORT
OF MOTION FOR SANCTIONS - 1
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

5.       Most relevant to my judgment immediately above about class counsel's unserious and bad-faith negotiation posture is the fact that, although attorney Theodore H. Frank and I repeatedly asked class counsel to explain the reasons for and relevance of many aspects of its various subpoena demands, class counsel routinely answered our requests for justification only with phrases such as "Well, that's our position." To state the obvious, such an answer when supplied to a question about the justification of a legal position is entirely non-responsive, and the only thing that such an answer accomplishes is to chew up everyone's time. In the context of a negotiation over a subpoena, class counsel's repeated insistence on answers from us about what we'd voluntarily hand over when coupled with repeated refusals to explain the relevance or justifications for their subpoena constitute, in my judgment, unserious and bad-faith negotiation.

6.       This bad-faith negotiation posture is demonstrated by positions such as demanding an attorney-client privilege log for every one of our communications with Professor Krauss about the litigation, though there was no chance that any of those communications would be discoverable.

7.       Moreover, class counsel indicated that, under no circumstances would they withdraw the subpoena. They told us repeatedly that they would not withdraw the subpoena until they determined that we had produced everything they wanted to see. My co-counsel Theodore H. Frank and I concluded that class counsel was negotiating in bad faith: they were requiring us to produce documents as a "compromise" while leaving themselves the opening to refuse to honor the compromise and litigate enforcement of the wholly improper subpoena. A good-faith negotiation is a two-way street, and, after hours of negotiating where class counsel refused to admit that any of their requests were irrelevant or improper, and refused to make any concessions that might be binding on them later, we concluded that further negotiations would be fruitless.

8.       It is my judgment that, despite class counsel's claims to the contrary, my co-counsel Theodore H. Frank acted reasonably at all times during those telephone conversations I heard and participated in. In particular, class counsel's claim that Frank "raised his voice" and

DECLARATION OF DANIEL GREENBERG IN SUPPORT
OF MOTION FOR SANCTIONS - 2
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

"yelled into the phone" do not demonstrate bad conduct, nor do they reasonably describe the reality of a sometimes indistinct cross-country telephone connection between at least three parties in which class counsel more than once asked Frank or myself to repeat what we had already said.

9. It is my judgment that, despite class counsel's account of this case's negotiations, the discussion of a legal right to request sanctions because of attorney misconduct cannot reasonably be called a "threat"; that language is insupportable and rhetorical. It is my judgment that Amy Williams-Derry's use of the term "carousel" to describe our funder's finances, when she was asked to justify portions of the subpoena her firm issued, failed to convey anything in the way of a legally cognizable argument. The metaphors that class counsel has peppered its oral and written arguments with are rhetorical tropes that have not advanced our negotiations or clarified the issues. In my experience and judgment, negotiators should be allowed to communicate their position in their chosen language; however, in my judgment, class counsel's attempts to declare Frank's figurative language off-limits while retaining immunity for figurative language of its own is highly unserious behavior that cannot justify class counsel's feigned indignation. The point of class counsel's selective quotation, in my judgment, is to convey a slanted portrait of the negotiations to this Court.

10. In the course of our negotiations with class counsel, we repeatedly conveyed our view of the inappropriateness, irrelevance, and illegality of large portions of class counsel's subpoena, as well as our intention to seek sanctions from the court. The only reason we ceased to mention the fact that we would seek sanctions from the court was because class counsel threatened to cut off discussions if we mentioned the fact that we planned to do so again. Class counsel claims to be surprised at our motion for sanctions. Declaration of Mark Griffin (Dkt. No. 197), ¶ 31. I am surprised that he claims to be surprised. As their own declarations and exhibits demonstrate, we indicated our intent to seek sanctions if they did not unilaterally withdraw the subpoenas throughout the process.

DECLARATION OF DANIEL GREENBERG IN SUPPORT
OF MOTION FOR SANCTIONS - 3
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

11. The central reason that I chose to work for the Center for Class Action Fairness was and is to ensure that class members receive the protections that they are entitled to under the law. Class counsel's statements to the contrary—their denial that these are my motives, and their false statement that what I really want to do is "circumvent Congress," etc. (Response at 9)—are in my judgment entirely groundless.

I declare under penalty of the laws of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.

EXECUTED this 3rd day of February, 2012, at Little Rock, Arkansas.

*/s/ Daniel Greenberg*
Daniel Greenberg

DECLARATION OF DANIEL GREENBERG IN SUPPORT
OF MOTION FOR SANCTIONS - 4
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Mark A. Griffin, Esq.
>Amy C. Williams-Derry, Esq.
>Keller Rohrback
>1201 Third Avenue, Suite 3200
>Seattle, WA 98101
>*mgriffin@kellerrohrback.com*
>*derry@kellerrohrback.com*
>
>Stellman Keehnel, Esq.
>Russell B. Wuehler, Esq.
>DLA Piper LLP (US)
>701 Fifth Avenue, Suite 7000
>Seattle, WA 98104
>*stellman.keehnel@dlapiper.com*
>*russell.wuehler@dlapiper.com*

DATED this 3rd day of February, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DECLARATION OF DANIEL GREENBERG IN SUPPORT OF MOTION FOR SANCTIONS - 5
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001