The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| In re<br><br>CLASSMATES.COM CONSOLIDATED LITIGATION | CASE NO. C09-00045-RAJ<br><br>DECLARATION OF MICHAEL KRAUSS IN SUPPORT OF MOTION FOR SANCTIONS<br><br>**CLASS ACTION**<br><br>**NOTED ON MOTION CALENDAR:<br>Friday, February 3, 2012** |
|---|---|

Michael I. Krauss, hereby declares as follows:

1. I am the objector in this case. I teach torts, products liability, legal ethics, and jurisprudence at George Mason University Law School.

2. I've known Ted Frank for several years through our work on the same legal blog, Point of Law. I am a Facebook friend of his, and was thus aware of his work representing objectors to unfair class action settlements. Along with Mr. Frank, I was elected to the American Law Institute in 2008.

3. I am appalled and offended at class counsel's baseless and frivolous attacks on my ethics. In my view, these attacks, made without any foundation, are in flagrant violation of Rule 3.1 of the ABA's Model Rules of Professional Responsibility.

4. I've independently spoken out about unfair class action settlements for years before the Center for Class Action Fairness existed. For example, in 2007, I was one of twenty academic co-signers in a letter to the ABA asking them to issue a legal opinion holding "kicker" clauses

DECLARATION OF MICHAEL KRAUSS IN SUPPORT OF MOTION FOR SANCTIONS - 1
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

unethical.  (This is the same position that the *Lonardo* court criticized Mr. Frank for arguing, the same position adopted by the *Bluetooth* court and this Court, and the same position that resulted in a modification of the second settlement to remove the "kicker" clause, making an additional $1.05 million available in a common fund for the class.)  Mr. Frank has told me that that September 17, 2007, letter was the inspiration for his litigation activism on the subject.

5. I support some types of tort reform, and oppose other types of tort reform.  In any case, I fail to see how my political views are relevant to my fee request.  Nothing in Rule 23 or legal precedent says that people who support some kinds of tort reform are not entitled to object to abusive class action settlements or recover fees for such objections when they result in millions of dollars of class benefits.  In my opinion, class counsel's concern about tort reform would be better directed to working against the abusive and unethical settlements they propounded in which they would collect multiples of what their putative clients would receive.

6. On the morning of September 30, 2010, I received notice of the first settlement in this case.  I thought the settlement offensive, unethical, and unfair, and wanted to object.  I immediately thought of Ted Frank, and, within 30 minutes of receiving the notice, I contacted Mr. Frank to ask him to help me object to this settlement.  No one paid me or asked me to contact Mr. Frank; I did so of my own volition.  I, not Mr. Frank, initiated this conversation.

7. Mr. Frank expressed interest in discussing the issue further.  We spoke on the telephone the morning of October 1, 2010, and Frank offered to represent me *pro bono*.  Mr. Frank did not offer me any compensation to do so; in fact, he informed me that I would be able to make more money working with a professional objector willing to withdraw my objection in exchange for cash, and that he would only represent me if he knew that that was not my motive.  We agreed that our shared goal was to strike down an unfair settlement, rather than to personally profit, and I agreed to have Mr. Frank represent me.

8. We each independently worked to find local counsel.

DECLARATION OF MICHAEL KRAUSS IN SUPPORT OF
MOTION FOR SANCTIONS - 2
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

9. I am a sophisticated expert on legal ethics capable of protecting myself in an attorney-client relationship. The terms of my retention of Mr. Frank were at my offer (which Mr. Frank accepted), and I am satisfied with them. I am satisfied with and grateful for Mr. Frank's *pro bono* representation and, in my opinion, he has complied with both the letter and the spirit of the ethics rules in that representation. He has not sought any money from me or misled me about his *pro bono* representation; he has consistently kept me informed of the status of the litigation, and sought my input on briefing and strategy. If I thought Mr. Frank violated any ethics rules in his representation of me, I would not hesitate to address the matter with him; indeed, he modified his form retainer agreement at my suggestion.

10. My past work with the Heritage Foundation was not conditioned on my willingness to object in this case. I am doing no current work for Heritage, and I never consulted with them on this issue.

11. My past work with the Competitive Enterprise Institute was not conditioned on my willingness to object in this case. I am doing no current work for CEI, and I never consulted with them on this issue.

12. My past work with the Acton Institute was not conditioned on my willingness to object in this case. I am doing no current work for Acton, and I never consulted with them on this issue.

13. My past work for the Institute for Justice was not conditioned on my willingness to object in this case. I am doing no current work for the Institute, and I never consulted with them on this issue.

14. When Cato retained me to write for them in 2001, that agreement was not conditioned on my willingness to object nine years later to a class action settlement that had not yet been made. I am doing no current work for Cato, and I never consulted with them on this issue.

DECLARATION OF MICHAEL KRAUSS IN SUPPORT OF
MOTION FOR SANCTIONS - 3
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

15. My work with the Federalist Society is not conditioned on my willingness to object in this case. I never consulted with the Federalist Society on this issue and do not intend to do so.

16. When George Mason University Law School hired me in 1987, and gave me tenure that same year, that agreement was not conditioned on my willingness to object decades later to a class action settlement that had not yet been made against a corporate entity that did not yet exist. I never consulted with GMU on this issue and do not intend to do so.

17. I do not have any authority regarding GMU Law School fundraising, and do not keep track of who has given money to the law school. I do not know who these donors are. I have never let donors' identities affect my academic independence.

18. Donors Trust has not paid me to participate in this litigation, nor has it ever given me any instructions on how to direct the litigation in any way. At all times, Mr. Frank has left critical litigation decisions up to me, and let me know that his fiduciary duty to me came before any relationship he had with any third party. Indeed, Mr. Frank told me that he would terminate his contract with Donors Trust if that contract created any conflict of interest between my litigation goals and his ability to represent me.

19. The subpoenas issued would have required me to devote several hours compiling responses to them, though none of the information I would have been required to produce would have been material to the litigation or my objection.

20. I have no contractual relationship with Donors Trust or with the Center for Class Action Fairness. I did not even know that Donors Trust had a relationship with the Center until Mr. Frank informed me about the subpoenas and consulted with me about the appropriate litigation strategy. I know nothing about the structure or the governance of Donors Trust.

21. If class counsel are allowed to harass me with intrusive and irrelevant subpoenas, I will refrain from objecting to illegitimate class action settlements in the future. For this reason, I hope that the court issues an appropriate sanction sufficient to deter such abusive subpoenas in the

DECLARATION OF MICHAEL KRAUSS IN SUPPORT OF
MOTION FOR SANCTIONS - 4
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1 future. If nothing else, sanctions are appropriate to deter the abusive and unethical attacks on my
2 character exhibited in class counsel's response to my motion for sanctions.
3     I declare under penalty of the laws of perjury that, to the best of my knowledge,
4 information and belief, the foregoing is true and correct.
5     EXECUTED this 3rd day of February, 2012, at Arlington, Virginia.

*/s/ Michael I. Krauss*
Michael I. Krauss

DECLARATION OF MICHAEL KRAUSS IN SUPPORT OF
MOTION FOR SANCTIONS - 5
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Mark A. Griffin, Esq.
>Amy C. Williams-Derry, Esq.
>Keller Rohrback
>1201 Third Avenue, Suite 3200
>Seattle, WA  98101
>*mgriffin@kellerrohrback.com*
>*derry@kellerrohrback.com*
>
>Stellman Keehnel, Esq.
>Russell B. Wuehler, Esq.
>DLA Piper LLP (US)
>701 Fifth Avenue, Suite 7000
>Seattle, WA  98104
>*stellman.keehnel@dlapiper.com*
>*russell.wuehler@dlapiper.com*

DATED this 3rd day of February, 2012.

       /s/ *Marcia A. Ripley*
       Marcia A. Ripley

DECLARATION OF MICHAEL KRAUSS IN SUPPORT OF
MOTION FOR SANCTIONS - 6
CASE NO. C09-00045-RAJ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001