UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE CLASSMATES.COM
CONSOLIDATED LITIGATION

Case No. CV 09-45 RAJ

OBJECTOR LANGONE'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. 1927

Motion Noted: August 10, 2012

Objector, CHRISTOPHER V. LANGONE, moves for sanctions against Class Counsel, Amy Williams-Derry and Brian Kabatek (hereinafter, "Class Counsel"), pursuant to 28 U.S.C. § 1927. In support of this motion he states as follows:

**FACTS**

**1. Class Counsel's "Litigation Assault:" an "utterly inappropriate," and "wholly improper" campaign characterized by this Court as "bullying" and a "witch hunt."**

1. Class Counsel has acted unreasonably and vexatiously in this action. As this Court found in its opinion dated June 15, 2012 (hereinafter "Opinion"):

> Class Counsel has consistently opposed the efforts of Mr. Krauss and Mr. Langone to influence the court's consideration of the settlement. Class counsel is entitled to disagree with objectors, of course, but the vehemence of class counsel's reaction to these two objectors is unfortunate. Mr. Krauss and Mr. Langone acted in what they perceived to be class members interests, and in many instances, they achieved much more success in that regard than class counsel. Class counsel has often treated their counsel not as people with divergent views on the value of the settlement, but rather as a threat to this litigation. Perhaps the most striking demonstration of that approach was class counsel's decision to interrogate Mr. Langone when he took the witness stand at the December 2011 hearing. Counsel's questions focused not on the strength or weakness of Mr. Langone's objection, but on Mr. Langone himself.

(Opinion, p. 16 at lines 13-23)

LANGONE'S MOTION FOR SANCTIONS
09 C 45 (RAJ) – PAGE 1

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

2. The Court also described Class Counsel's reaction to Langone's attorneys' fee request as "utterly inappropriate" (Opinion, p. 17, line 3), not supported by a "reasonable inquiry," (Opinion, p. 17, line 1), and "remarkable." (Opinion, p. 17, line 5). Specifically, the Court was referring to Class Counsel's issuance of facially-invalid subpoenas, which substantially raised the costs and attorneys fees to Langone.

A. **The Improper and Harassing Subpoenas**

3. On Friday, December 23, 2012, the day before Christmas Eve, Class Counsel attempted to serve a subpoena on Mr. Lavery, one of the lawyers representing objector Christopher V. Langone. A copy of this subpoena is attached as Exhibit A.

4. Class Counsel then improperly "instructed [their] process server to leave a copy of the subpoena" with a person in Mr. Lavery's office suite, even though that person told them they were not authorized to receive process for Mr. Lavery and were not associated with him. On December 27, 2011, Ms. Derry sent an email documenting this fact, a copy of which is attached as Exhibit B.

5. The subpoenas were facially invalid, in violation of the plain language of Fed. R. Civ. P. 45(a)(2)(C). *See also, United States ex rel Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2000)("a subpoena to depose a non-party witness or for document production from a non-party must issue from the court where the deposition will be taken or the production will be made"); *Beal Bank Nev. V. Business Bank of St. Louis*, 2011 U.S. Dist. LEXIS 141591, *5-7 (W.D. Mo. 2011)("this geographic limitation relates to the location of the documents to be produced, rather than the location specified on the subpoena"); *Small v. Ramsey*, 2011 U.S. Dist. LEXIS 28951, * 9-10 (N.D. W. Va., 2011)(citing cases).

6. Between January 3 and January 11, there was a string of emails regarding whether Mr. Lavery would accept service of the subpoenas, copies of which are attached as Exhibit C. In

LANGONE'S MOTION FOR SANCTIONS
09 C 45 (RAJ) – PAGE 2

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

these letters, Class Counsel was advised of the extensive case law showing their conduct was improper. Ultimately, Langone agreed to accept service of the subpoena subject to his rights to object. (*Id.*)

7. On January 11, 2012, Mr. Lavery was forced to draft and prepare the letter attached as Exhibit D.

8. Also on January 11, 2012, Mr. Lavery sent an email to Class Counsel with the subject-line "Objector Harassment Deterrent Techniques Are Improper" and stating:

> Counsel,
> Your attempt to serve subpoenas are an obvious harassment deterrent technique. You seek discovery in an attempt to deter Mr. Langone from pursuing his objection. I would like to remind you that you have a fiduciary duty to Mr. Langone. Harassment of a person owed a fiduciary duty or an attempt to deter such person from pursuing his rights is improper. See the attached letter re the void subpoena that you sent me via email and improperly delivered to the employee of a business that I share office suite space.
> Please confirm that you are withdrawing the void subpoenas and confirm that you will not use the subpoenas to harass Mr. Langone or his counsel in the future.

See Exhibit E, attached hereto.

9. Rather than withdraw the void subpoenas, Class Counsel Brian Kabateck sent an email to Mr. Lavery stating, "I'm not sure why you sent this to me." Mr. Lavery responded by explaining that the email was sent because he was co-class counsel and he had authored an article entitled "The Rise of Professional Objectors in Class Action Settlements" that advocated the use of discovery as a "deterrent" to "deal" with objectors. This improper motive was explicitly referred to in Mr. Lavery's letter dated January 11, 2012 (Exhibit E).

10. To this, Mr. Kabatek responded, "thank you so much for reading my article. I appreciate your comments too." (See Exhibit E, page 3). To this, Mr. Lavery responded, "Brian,

LANGONE'S MOTION FOR SANCTIONS
09 C 45 (RAJ) – PAGE 3

SEATTLE DEBT LAW, LLC
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

I will take your thank you and appreciation as an indication that you agree the subpoenas are void and improper. Thanks for resolving this discovery dispute favorably and stopping the harassment. We will take no further action with respect to the subpoenas. We expect that no more discovery will be sought from Mr. Langone or myself. Please advise Ms. Williams-Derry of this action. If your co-counsel disagrees then please advise me promptly." (Exhibit E, p. 2)

11.  Rather than leave it there, and drop the issue, Class Counsel persisted. Kabateck replied as follows: "I'm not involved in the case and was simply thanking you for reading my article. I really do appreciate any comments I get from folks when I write articles. Please don't misquote me in your dispute. But keep the comments coming." (*Id.*) In response, Mr. Lavery wrote:

> Brian, I am confused. You have been involved in the case. You are a name partner in the firm and your firm is seeking compensation for time that you billed on the case. What comments are you referring to? What misquote are you referring to? Please talk to your partners and Ms. Derry and get back to me. Until further notice we will take no further action on the subpoenas. The subpoenas are improper and sought only as a deterrent tactic, which is a form of harassment. Please advise.

(*Id.*)

11.  At this point, as a named partner and co-class counsel, Kabatek had a duty to investigate the issue of the facially-void subpoenas. But rather than do that, he wrote: "No sir. I am not delivering messages for you or being used to evade service. This is a large firm with lots of cases. Act at your own risk." (Exhibit E, p. 2). Mr. Lavery responded, "We are not evading service, there has been no attempt to validly serve any valid subpoena thus please act accordingly." (*Id.*)

12.  In response to Mr. Lavery's letter of January 11, 2012, Ms. Derry sent her own letter dated January 11. A copy of this letter is attached as Exhibit F. In this letter Ms. Derry stated "Thank you for calling to our attention the clerical error with respect to the subpoena that we served on December 27, 2012. We are withdrawing that subpoena and serving another

subpoena on you…if you are willing to accept service of process of this subpoena via email, please let us know, and we will call off our process server." (Exhibit F, p. 1). There was no evidence that the issuance of the subpoenas from the wrong court was a mere clerical error. And even if it was, as this Court noted in its June 15th Opinion: "even had the subpoenas been valid, they were wholly improper." (Opinion, p. 17, line 22). Indeed, this Court described the conduct as a "witch hunt." (Order, p. 17, line 22) and "little more than bullying by class counsel." (Order, p. 18, lines 6-7).

13. As a result of this, Mr. Lavery was forced to prepare a lengthy letter, citing over two-dozen cases and again explaining in detail why the subpoenas were improper. A copy of this letter is attached as Exhibit G.

14. Ms. Derry responded with Exhibit H, dated January 30, 2012 and Mr. Lavery replied with the letter attached as Exhibit I. Mr. Lavery and Langone were also forced to prepare a complaint to file as a miscellaneous action to quash the subpoena. A copy of the complaint that was drafted is attached as Exhibit J.

15. It was only after all this – after causing Langone to incur $5091.25 in attorneys' fees (see Exhibits K & L) – that Class Counsel finally withdrew the subpoenas. Exhibit M. But this was not the end of the "witch hunt" and "bullying." The "bullying" and efforts to deter and intimidate Langone continued with an improper motion for attorneys' fees in the Ninth Circuit.

**B.  The Improper Motion for Attorneys Fees**

16. After this Court denied Langone's motion to intervene, Langone appealed. After the Court made 4 of the 5 changes suggested by Langone as reasons he wanted to intervene, Langone voluntarily non-suited his appeal as moot. Rather than simply allow Langone to non-suit, Class Counsel made an improper and frivolous request for over $12,000 in attorneys' fees. Langone incurred costs and fees preparing a response, although this motion was prepared pro se,

LANGONE'S MOTION FOR SANCTIONS
09 C 45 (RAJ) – PAGE 5

SEATTLE DEBT LAW, LLC
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

and thus he did not incur attorneys fees and is not seeking ninth circuit attorneys fees – it still demonstrates the pattern of harassment.

17. The motion for attorneys' fees in the Ninth Circuit was improper and frivolous because Mr. Michaels, in whose name the motion was filed, had not suffered any damages as a result of Mr. Langone's appeal. Indeed, the time records submitted by Class Counsel show that Mr. Michaels was not damaged with so much as a phone call about the appeal. This use of Federal Rule of Appellate Procedure is an abuse of process because Rule 38 was designed to compensate parties who suffer "damages" as a result of a frivolous appeal, not as a tool to bully and intimidate objectors as part of a witch-hunt.

18. The Ninth Circuit denied the motion for attorneys' fees on June 27, 2012.

## LEGAL ARGUMENT

**2. Langone is entitled to sanctions under 28 U.S.C. 1927**

19. 28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

20. As the Ninth Circuit has explained, "The district court has inherent power to levy sanctions against attorneys who abuse the litigation process." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1054 n.1 (9th Cir. 2007). Rules and statutes do not displace a court's inherent power to impose sanctions for bad faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47 (1991). At the very least, the inherent power must continue to exist to fill in the interstices. *Id.* Under the inherent power, "every federal court" may "sanction abusive litigation practices" *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007). The court may, for example, access attorneys fees when a party has "acted in bad faith, vexatiously, wantonly, or for

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE., SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

oppressive reasons," *Chambers*, 501 U.S. at 45-46.

21. Federal Rule 54(d)(2)(E)(stating that the time limit in Subsection B does not apply to sanctions under 1927)

22. Sanctions awarded under 1927 are appropriate when an attorney acts "recklessly" or for the "purpose of harassing an adversary" *Salstrom v. Citicorp Credit Servs.*, 74 F.3d 183 (9th Cir. 1996), or for the "purpose of harassing an opponent." *West Coast Theater Corp v. City of Portland*, 897 F.2d 1519 (9th Cir. 1990), citing *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988). *See also, Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001)("recklessness suffices for section 1927 sanctions").

23. Class counsel acted recklessly and with the improper purpose of harassing an adversary. Accordingly, Class Counsel should be sanctioned under Section 1927.

24. This Court already found that the subpoenas were "utterly inappropriate," "wholly improper" and a form of "bullying" and a "witch hunt." The court sanctioned class counsel $100,000 for this conduct, but did not award the sanctions to the victim of the conduct – Langone (or Krauss). Instead, the Court awarded the money to the Class by reducing Class Counsel's fee request to $800,000 (from what presumably would have been a $900,000 award.

25. By awarding the sanction to the Class, the Court has left the party affected by the conduct, Langone, uncompensated for the excess costs, expenses and attorneys fees incurred. This is not equitable as it enriches the Class at the expense of Langone, who was the target of the conduct. Langone asks that Class Counsel be sanctioned under 28 U.S.C. 1927 in the amount of $5,091.25, which represents the fees and costs his counsel incurred responding to the improper subpoenas.

WHEREFORE, Langone requests his motion is granted.

/s Christina Henry

SEATTLE DEBT LAW, LLC
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115