MARK T. LAVERY
733 LEE SUITE 150
DES PLAINES, IL 60016
TEL 847 8137771  EMAIL MARK@LAVERYLAWFIRM.COM

# LAVERY LAW FIRM

February 1, 2012

Via Electronic Mail
Amy Williams Derry
Keller Rohrback, LLP
1201 Third Ave, #3200
Seattle, Washington 98101


Re: In re Classmates.com Consolidated Litigation, 09–0045 (RAJ)


Dear Ms. Derry:


Your letter of January 30, 2012 claims to respond to my letter of that same date, but it does no such thing.  My letter cited more than 15 cases standing for the proposition that substitute service in not proper under Rule 45.  Nowhere in my letter do I contend that the "service address is invalid" as you claim in your letter.  The address is valid for the purposes of Rule 5 of the FRCP, which deals with "serving and filing pleadings and other papers."  Rule 5, however, does not govern service of subpoenas, Rule 45 does. And as the numerous cases cited in my letter explain, substitute service is not permitted under Rule 45.  I do not claim the address is invalid – it is valid, and papers served pursuant to Rule 5 can be sent there.  But, as you must be aware, substitute service is a different issue.

You then make some arguments about our correspondence regarding the void subpoena you served in December, which was not issued from the Northern District of Illinois, as required by law.  I did tell you the subpoena was served on a suitemate's employee, and in fact, the void subpoena was also served upon a person that does not, and did not work for me.  Similarly, Ms. Raider, the person to whom you gave the subpoena, also does not, and never did, work for me.

You claim "At no point prior to [January 30]…did [I] tell [you] that 'there is no separate legal entity called the Lavery Law Firm."  Of course, I do not know why I would need to tell you this obvious fact.  You claim my letterhead

indicates the contrary.  It does not.  My letterhead states "Lavery Law Firm."
A lawyer is permitted to use this trade name in Illinois.  My letterhead does
not state, "Lavery Law Firm, PC," or "Lavery Law Firm, LLC," or "Lavery Law
Firm, LLP," or anything else that would suggest the "Lavery Law Firm" is a
separate legal entity from its principal Mark Lavery.  Your letterhead, in
contrast, states "Keller Rohrback, LLP."  Thus, your firm is clearly a separate
legal entity – a limited liability partnership.  Mine is not.  Because the Lavery
Law Firm is not a separate corporate entity, it cannot be served as such.

You did claim you were going to try to serve me at 733 S. Lee, and if you
had found me there at one of the times I was in that office, you could have
served me there.  Instead, you authorized or instructed your process server
to leave the document with a person I do not know and with no formal
connection to me, or my law practice.  That was your decision; not mine.

We do not agree with your interpretation of Rule 26 with respect to
expert reports.  But because that argument goes beyond the issue of the
subpoena, I will not address it further in this letter other to to say that this
argument is just as frivolous as your argument that Rule 23 requires
objectors to provide and pay for class notice because Rule 26 by its express
terms applies only to parties not objectors. As you aware, given your
successful objection to Langone's intervention motion, Langone is not a
party.

Surely you must know the difference between personal service (or
delivery) and substituted service.  Under Rule 4, and rule 5, substitute service
is sometimes permitted; but not under Rule 45.  In any event, you did not
even do proper substituted service.

Finally, given Mr. Langone's email of January 11, 2012, his instruction to
you that I do not represent him on issues related to subpoenas in
jurisdictions other than Washington, and his offer that he would accept
(without waiving substantive objections, including that no discovery is proper
because the discovery period has closed) service of a proper subpoena from
the Northern District of New York – I am baffled that you insist on burdening
me (a third party) with a subpoena.  Moreover, almost all of the documents
you request – to the extent they exist – are in the possession of Mr. Langone,
not me.

I again urge you to withdraw your subpoena on me, and confirm in writing that you will never subpoena me again without permission from Judge Jones. I think that is a reasonable request to decrease the burden on me as a third-party.  Please confirm that you will withdraw all claimed subpoenas and please confirm that you will seek leave from Judge Jones to request any subpoena discovery in the future.  If you fail to do so within the next 24 hours we will seek appropriate relief in a court of competent jurisdiction and may seek all available relief including fees and costs.

Thanks,


Mark T. Lavery