IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: Subpoena on Mark Lavery, | ) | |
|                            Movant, | ) | Misc. Action: _____ |
| _____ | ) | |
| | ) | Pending in W. D. Wash. (Seattle) |
| IN RE: CLASSMATES CONSOLIDATED | ) | CV 09-45 RAJ |
| LITIGATION, | ) | |
| | ) | |
| _____ | ) | |
| KELLHER ROHRBACK, LLP | ) | |
|                            Respondent. | ) | |

**MISCELLANEOUS ACTION AND MOTION TO QUASH SUBPOENA
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

Mark T. Lavery, through his undersigned counsel, brings this miscellaneous action to quash a subpoena issued by Keller Rohrback LLP, in connection with litigation pending in the Western District of Washington. The subpoena, a purported copy of which is attached as <u>Exhibit A</u>, purports to issue from this District:

    1.     Mark T. Lavery, brings this action to quash service of a subpoena that was never personally delivered to him as required by FRCP 45. Keller Rohrback, LLP delivered a subpoena directed to Mark T. Lavery to a person named Alice Raider. Mr. Lavery does not know Ms. Raider. Ms. Raider is not, and never was, his clerk or employee. Yet Keller Rohrback, LLP claims that Mr. Lavery has been validly served even though Ms. Raider never even gave Mr. Lavery a copy of the subpoena.

    2.     Mr. Lavery, along with local counsel Christina Henry, represents Christopher V. Langone in a case pending in the Western District of Washington. Mr. Langone is an objector to a proposed class-action settlement. On December 14, 2011, Mr. Lavery, Mr. Langone and Ms. Henry appeared at the Final Approval Hearing in Seattle. Mr. Lavery presented oral argument

and Mr. Langone presented testimony in support of his objection.  After conclusion of the final approval hearing, Judge Jones indicated that he was approving the settlement but was going to reduce the request for attorney's fees by Class Counsel.  Judge Jones gave leave to Objector Langone and another objector represented by the Center for Class Action Fairness to file petitions for attorney's fees.  Under the common fund doctrine, an Objector who benefits the class and increases the value of the common fund to the class may receive attorney's fees.

3. After the judge gave leave to Objector Langone to file a petition for attorney's fees, attorney Amy Derry Williams of Keller Rohrback, LLP issued subpoenas without leave of Court after the close of discovery in the case.  On Friday, January 27, 2012, Keller Rohrback, LLP represented in its opposition to the request for attorney's fees to Judge Richard Jones in the United States District Court for the Western District of Washington that Mark T. Lavery was served with a subpoena in a pending class action case. This representation was false.  No subpoena was ever personally delivered to Mark T. Lavery.   According to a return of service attached as an exhibit to the pleading, the subpoena was not delivered to Mr. Lavery but rather to Alice Raider.

4. On Monday, January 30, 2012, Mr. Lavery informed Ms. Derry that there was no service and that such subpoena was improper.  See Exhibit B.  Mr. Lavery informed Ms. Derry Williams that he does not know Ms. Raider.  She is not a clerk or employee for Mr. Lavery.  *Id.* Mr. Lavery was unaware of the delivery to Ms. Raider until he read the pleading filed on January 27, 2012.  Mr. Lavery requested that Ms. Derry withdraw the subpoena and confirm that she would take no further action with respect to that subpoena.  Ms. Derry refused to do so.  See Exhibit C.

5.      Ms. Derry claimed that service upon anyone over 18 who was located at the business address for Mr. Lavery constituted good service. *Id*. Ms. Derry knew that Mr. Lavery shares an office suite with another business called Maine Communications. On information and belief, Ms. Raider works for Maine Communications. *Id.*

6.      Failure to properly serve a subpoena is a sufficient basis to quash the subpoena. And quashing a subpoena on that ground is a sufficient basis for awarding attorney fees and costs. See *Rotter v. Cambex Corp.*, 1995 U.S. Dist. LEXIS 8561 (N.D. Ill. 1995).

7.      Rule 45 simply does not permit substitute service, personal "delivery" is explicitly required. It is undisputed that Keller Rohrback, LLP did not personally deliver a copy to Mr. Lavery, but only to Ms. Raider. For the last 50 years, courts have consistently held that substitute service of a subpoena is not permitted. 9A C. Wright & A. Miller, Federal Practice & Procedure Civil 2d § 2454, at 24-25 (1995); Moore's Federal Practice, 5 Moores Federal Practice, ¶ 45.06 (2d ed 1951)("service must be made by delivering a copy to the person named personally") See also, *Alexander v. Jesuits of Missouri Province*, 175 F.R.D. 556, 560 (D. Kan. 1997) (leaving subpoena at home of witness with her husband improper); *Application of Johnson & Johnson*, 59 F.R.D. 174, 177 (D. Del. 1973) (personal service of a subpoena is required when an individual is subpoenaed; service on registered agent for corporation not proper when subpoena directed to individuals); *Barnhill v. United States*, 1992 WL 453880, at * 4 (N.D. Ind. Apr. 8, 1992), rev'd on other grounds, 11 F.3d 1360 (7th Cir. 1993) (service by certified mail improper); *In re Smith*, 126 F.R.D. 461, 462 (E.D.N.Y. 1989) (court refused to order alternative means of service, holding that Rule 45 requires personal delivery of the subpoena to the party named); *Gillam v. A. Shyman, Inc.*, 22 F.R.D. 475, 479 (D. Alaska 1958) (subpoena served on wife of witness not valid); *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (service of

subpoena duces tecum on plaintiff's counsel not valid); *Khachikian v. BASF Corp.*, 1994 WL 86702, at * 1 (N.D.N.Y. Mar. 4, 1994) (service of subpoena duces tecum directed to defendant invalid when served on defendant's attorney by regular mail); *Klockner Namasco Holdings Corp. v. Daily Access.com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002) (service of subpoena made on wife of witness improper); *Scarpa v. Saggese*, 1994 WL 38620 (1st Cir. Feb. 10, 1994)("a subpoena cannot be left at someone's home; it must be served upon the person"); *United States v. Philip Morris Inc.*, 312 F. Supp.2d 27, 37-38 (D.D.C. 2004) (deposition subpoenas left at mailroom of Justice Department or with support staff, but not personally served on witnesses, invalid); *Whitmer v. Lavida Charter, Inc.*, 1991 WL 256885 (E.D. Pa. Nov. 26, 1991) (not sufficient to leave subpoena at dwelling place of witness).  Cf. *United States v. Grooms*, 6 Fed. Appx. 377, 381 (7th Cir. 2001) (in rejecting defendant's claim that a defense witness's failure to appear at trial denied defendant his Sixth Amendment right to compulsory process, the court stated "defendants bear the responsibility of using proper methods to secure their witnesses" presence in court, such as effecting personal service of subpoenas as required by Rule 17(d)î); *Arnsberg v. United States*, 757 F.2d 971, 974-75, 976 (9th Cir. 1985) ("the date of Arnsberg's scheduled appearance passed without the personal service required by Rule 17(d); "because Arnsberg had not been personally served, he had no obligation to appear "). See also, *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332 (D.C. Dist. 2011)(email service does not comply with Rule 45).

7.      Keller Rohrback also improperly issued the discovery subpoena without leave of Court after the discovery deadline in the case.   Numerous courts have held that a party may not use subpoena power to seek document production after the discovery cut-off. *See, e.g., McKay v. Triborough Bridge and Tunnel Auth.*, No. 05 Civ. 8936, 2007 U.S. Dist. LEXIS 81722, 2007

WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007)("[P]arties may not issue subpoenas 'as a means to engage in discovery after the discovery deadline has passed'"); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 293 (S.D. N.Y. 2009).

8. If Keller Rohrback wanted to serve a subpoena on counsel, it could have chosen to serve local counsel, Christina Henry. Ms. Henry is located in the Western District of Washington. Ms. Henry then could have brought these objections to Judge Jones. However, the law requires a party to challenge a subpoena in the District from which it was issued. Thus, Derry and Keller Rohrback, LLP have veraciously multiplied litigation, caused unnecessary burden on Lavery, and caused this case to create satellite litigation in Illinois. Keller Rohrback, LLP has taken no action to request leave from Judge Jones to issue the subpoenas. Keller Rohrback, LLP has refused to withdraw the subpoena and request leave to take discovery from Judge Jones.

9. The subpoena should also be quashed because Derry and Keller Rohrback, LLP issued the subpoena to Mr. Lavery for harassment purposes. Mr. Lavery's client, Christopher V. Langone, offered to accept a subpoena issued to him personally in his home state of New York. But rather than directly serve Mr. Langone or serve his local counsel in Seattle, Washington. Ms. Derry decided to try to burden Mr. Lavery. Judge Jones gave Objector Langone leave to file a petition for fees. But Judge Jones did not give leave to serve the lawyer for Objector's counsel with a subpoena. This Court should not countenance efforts by class action lawyers who seek to deter absent class members from using their right to object granted under Rule 23.

10. Mr. Lavery tried to reach out to Ms. Derry's co-counsel Brian Kabateck. Mr. Kabateck has authored an article that states that issuing discovery to objectors can serve as an effective deterrent to class action objections. Mr. Lavery pointed out to Mr. Kabateck that he

authored an article that admitted that using discovery against Class Action objectors is a successful deterrent. But Mr. Kabateck refused to discuss the issue with his co-counsel or Mr. Lavery. See, <u>Exhibit D</u>.

11.     Obviously, using discovery without leave of Court, in order to increase the costs of litigation for absent class member objectors, is an abuse of process.  Mr. Langone had already subjected himself to cross-examination by Derry and Keller Rohrback, LLP at the final approval hearing.  Mr. Langone offered to accept service of a subpoena and specifically advised counsel that Lavery was not representing him in connection with subpoenas, only the action in Washington.  See <u>Exhibit E</u>.  Nevertheless, Keller Rohrback, LLP insists on issuing a subpoena not to local counsel, and not the Objector himself, but rather his lawyer in Chicago.  This type of action is an abuse of process. We request relief and request that this Court quash the subpoena with prejudice and award fees and costs under Rule 45, or alternatively, Section 1927 or the court's inherent power.

WHEREFORE, Mark T. Lavery requests that this Court quash the subpoena issued by Keller Rohrback, LLP and award fees and costs.