1
2
3
4
5
6

The Honorable Richard A. Jones

7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14

IN RE CLASSMATES.COM
CONSOLIDATED LITIGATION

_____

)
)
)
)
)
)
)
)
)
)

No. C09-45RAJ

PLAINTIFFS' OPPOSITION TO
OBJECTOR LANGONE'S MOTION FOR
SANCTIONS PURSUANT TO 28 U.S.C.
§ 1927

**NOTED FOR CONSIDERATION ON :
August 10, 2012**

15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFFS' OPPOSITION TO
MOTION FOR SANCTIONS
(No. 09-45RAJ) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## I.   INTRODUCTION

In earlier filings, objector Christopher V. Langone requested nearly $180,000 in attorneys' fees and a $50,000 "service award" for himself. (Dkt. # 211 at 14.) This Court denied Mr. Langone's request. (Dkt. # 211 at 15.)  Mr. Langone now masks a second request for attorneys' fees by styling it a motion for sanctions. To the extent Langone makes a belated motion for sanctions, however, the motion should be denied.

Insofar as his motion rests on class counsel's withdrawn subpoenas, the motion should be denied for two independently sufficient reasons. First, because class counsel has already been fully sanctioned for the subpoenas served on Mr. Langone and his counsel, further sanctions would not be authorized by either 28 U.S.C. § 1927 ("§ 1927") or this Court's inherent power.[1] Second, Mr. Langone's motion was not submitted within a reasonable period after class counsel issued (or withdrew) the subpoenas. In this respect, the contrast with objector Michael Krauss is striking: while Mr. Langone has waited until now to move for sanctions, counsel for Mr. Krauss sought sanctions three weeks after receiving class counsel's subpoenas.

To the extent Mr. Langone's request for sanctions rests on a motion filed in the court of appeals under Federal Rule of Appellate Procedure 38, his request lacks merit. Class counsel's Rule 38 motion was appropriate, Mr. Langone's argument against that motion does not make sense, and any request for sanctions arising from that motion would be better directed to the court of appeals.

---

[1] Mr. Langone's motion is titled, "Objector Langone's Motion for Sanctions Pursuant to 28 U.S.C. [§] 1927," and only asks for relief under § 1927 (*see* Dkt. # 218 ¶ 25 at 7), but Mr. Langone also refers in places to this Court's inherent power to sanction. (*Id.* ¶ 20 at 6.) Class counsel will therefore liberally construe Mr. Langone as moving for sanctions under both § 1927 and the Court's inherent power. Because Mr. Langone expressly invokes § 1927 and the inherent power but nowhere mentions Rule 11 or Rule 45(c)(1), class counsel can only assume that he is not moving for sanctions under Rule 11 or Rule 45(c)(1).

PLAINTIFFS' OPPOSITION TO
MOTION FOR SANCTIONS
(No. 09-45RAJ) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    Finally, Mr. Langone's reliance on an email exchange with Brian Kabateck is misplaced.

2    Mr. Kabateck was not involved in litigating this case, and the exchange with Mr. Kabateck does

3    not merit sanctions.

## II.    ARGUMENT

**A.    Because sanctions under § 1927 or under a court's inherent power cannot exceed costs, expenses, and fees actually incurred, further sanctions here are not authorized.**

In its June 15, 2012 Order, this Court levied a $100,000 sanction against class counsel for the subpoenas it served on objectors.[2] (Dkt. # 211 at 18-19.) Because this sanction encompasses the costs, expenses, and fees that Mr. Langone's counsel incurred due to class counsel's subpoenas, the June 15, 2012 sanction precludes the further sanction that Mr. Langone seeks.

### 1.    In its earlier sanction, the Court did not overlook the subpoenas that class counsel issued to Mr. Langone.

As Mr. Langone's motion acknowledges, the Court's June 15 Order did not overlook the subpoenas served on him and his attorney. According to Mr. Langone, the Court considered those subpoenas, and "described Class Counsel's reaction to Langone's attorneys' fee request as 'utterly inappropriate,' not supported by a 'reasonable inquiry,' and 'remarkable.' Specifically, the Court was referring to Class Counsel's issuance of facially-invalid subpoenas, which substantially raised the costs and attorneys fees to Langone." (Dkt. # 218, ¶ 2, at 2 (citations omitted).) Indeed, Mr. Langone explicitly argues that the sanction the Court levied on June 15 took those subpoenas into account.[3] On this issue, class counsel agree with Mr. Langone.

---

[2] In this Opposition, Plaintiffs will take the Court's prior sanction as a given. In so doing, they do not waive arguments regarding that sanction's substantive or procedural propriety.

[3] According to Mr. Langone, "[t]his Court *already found* that the subpoenas were 'utterly inappropriate,' 'wholly improper,' and a form of 'bullying' and a 'witch hunt.' The [C]ourt sanctioned class counsel $100,000 for this conduct . . . ." (Dkt. # 218, ¶ 24, at 7 (emphasis added).)

PLAINTIFFS' OPPOSITION TO
MOTION FOR SANCTIONS
(No. 09-45RAJ) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2.     **The Court's sanction encompassed the costs, expenses, and fees that Mr. Langone's counsel incurred due to class counsel's subpoenas.**

The Court's $100,000 sanction encompassed the costs and fees that class counsel's subpoenas caused counsel for objector Michael Krauss and counsel for Mr. Langone to incur. Counsel for Mr. Krauss estimated that full compliance with class counsel's subpoenas would have incurred around $60,000 worth of costs, expenses, and fees. (Dkt. # 187, at 4.) Class counsel will assume for present purposes that that figure also equaled the costs, expenses, and fees that counsel for Mr. Krauss *actually* incurred due to the withdrawn subpoenas, although it is reasonable to presume that that figure was much *less* than $60,000. As for Mr. Langone, he claims that his counsel incurred $5,091.25 worth of costs, expenses, and fees. (Dkt. # 218, ¶ 25, at 7.) The Court's $100,000 sanction, then, encompassed (and exceeded) the costs, expenses, and fees that counsel for objectors incurred due to class counsel's subpoenas.

3.     **Sanctions under § 1927 and the inherent power cannot exceed costs, expenses, and fees actually incurred.**

The Ninth Circuit has held that § 1927 and the inherent power only authorize sanctions in an amount equal to costs, expenses, and fees actually incurred.  Sanctions under § 1927 and the inherent power cannot exceed the costs, expenses, and fees incurred due to sanctionable conduct:

> Section 1927 . . . does not authorize imposition of sanctions in excess of costs reasonably incurred because of [sanctionable] conduct. Similarly, cases that have considered the district court's inherent power to sanction attorneys for litigating in bad faith have related such sanctions to the amount of fees incurred by the opposing party . . . .

*United States v. Blodgett*, 709 F.2d 608, 610-11 (9th Cir. 1983); *see also Haynes v. City & Cnty. of San Francisco*, --- F.3d ----, 2012 WL 2989092, at *2 (9th Cir. July 23, 2012). Because the sanctions already imposed encompass the costs, expenses, and fees already incurred, further sanctions would not be appropriate.

PLAINTIFFS' OPPOSITION TO
MOTION FOR SANCTIONS
(No. 09-45RAJ) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

When it considered the subpoenas issued by class counsel, the Court was under a "mandatory"[4] duty to impose "appropriate" sanctions. Fed. R. Civ. P. 45(c)(1). If—as his motion presupposes—Mr. Langone feels that the Court failed in that duty by imposing insufficient sanctions, the proper remedy would be a motion for reconsideration, not a separate motion for further sanctions. But should Mr. Langone's present motion be construed as a motion for reconsideration, it would be untimely. *See* Local CR 7(h)(2) ("A motion for reconsideration shall be plainly labeled as such. The motion shall be filed within fourteen days after the order to which it relates is filed.").

**B.     Mr. Langone's motion was submitted unreasonably late.**

The timeliness of a motion for sanctions rests in the Court's discretion. *Cmty. Elec. Serv. of L.A., Inc. v. Nat'l Elec. Contractors Ass'n*, 869 F.2d 1235, 1242 (9th Cir. 1989), *overruled on other grounds by Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990) (en banc). While this Court retains jurisdiction to decide Mr. Langone's motion, it should exercise its discretion to deem his motion untimely.

The Ninth Circuit has stated that "[i]n the event of discovery abuses . . . , sanctions should be levied contemporaneously with the offending misconduct." *In re Yagman*, 796 F.2d 1165, 1184 (9th Cir. 1986). In light of that policy, motions for sanctions should also be encouraged to be filed contemporaneously with the putative discovery abuses. That is precisely what counsel for Mr. Krauss did. The subpoenas for which Mr. Krauss sought sanctions were served on December 21, 2011. (Dkt. # 187, at 1.) Counsel for Mr. Krauss filed a motion for sanctions 23 days later on January 13, 2012. (Dkt. # 187.) The subpoenas for which Mr. Langone seeks sanctions were served on December 27, 2011. (Dkt. # 198-1, ex. 15, at 1.) In contrast to

---

[4] *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 2122436, at *7 (D. Kan. July 20, 2007).

PLAINTIFFS' OPPOSITION TO
MOTION FOR SANCTIONS
(No. 09-45RAJ) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Mr. Krauss's motion, Mr. Langone's sanctions motion was filed over seven months later on July 16, 2012. (Dkt. # 218.) Because Mr. Langone provides no explanation for this delay, the Court should deem his motion untimely.

Mr. Langone's delay is particularly objectionable in light of this Court's December 19, 2011 docket entry, which directed objectors to file motions for attorneys' fees by January 13, 2012. (Docket Annotation, Dec. 19, 2011.) Mr. Langone's present motion is one for attorneys' fees, and could have been filed by the January 13 deadline—as Mr. Krauss's motion was. This missed deadline also weighs in favor of deeming Mr. Langone's motion untimely.

Finally, while Mr. Langone's motion is styled as one for sanctions, the remedy he seeks is attorneys' fees. Mr. Langone, however, already moved for attorneys' fees, and in its June 15 Order, the Court denied that first motion. To the extent the present motion challenges that determination, the motion is untimely. Local CR 7(h)(2).

**C.    Class counsel's motion in the court of appeals was proper.**

Mr. Langone's motion should be denied insofar as it is based on the motion that class counsel filed with the court of appeals under Federal Rule of Appellate Procedure 38. That motion was entirely proper, and even if sanctions were due for that motion, those sanctions are better left to the court of appeals.

**1.    After Mr. Langone's appeal became moot, he created a frivolous and unnecessary procedural wrangle that was resolved in Plaintiffs' favor.**

After the parties moved for approval of their second proposed settlement, Mr. Langone moved to intervene. (Dkt. # 142.) When the Court denied his motion (Dkt. # 152), Mr. Langone appealed the denial. (Dkt. # 153.) While Mr. Langone's appeal was pending, the Court granted preliminary approval of the parties' second proposed settlement and authorized notice to class members. (Dkt. # 156, 158.) These actions mooted Mr. Langone's appeal. If the Court rejected

PLAINTIFFS' OPPOSITION TO
MOTION FOR SANCTIONS
(No. 09-45RAJ) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  the settlement, the appeal would have been moot because the settlement that prompted his

2  request for intervention would have been extinguished. If the Court approved the settlement, the

3  appeal would have been moot because Mr. Langone, as an objector, could challenge the approval

4  in a separate appeal (as he now has). *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002).

5            Rather than simply moving to dismiss for lack of jurisdiction over his now-moot appeal,

6  Mr. Langone, an attorney, acknowledged his appeal was moot but moved to dismiss without

7  prejudice—a motion allowed only where dismissal is without prejudice to reinstatement of the

8  appeal upon the occurrence of a specific condition or event. 9th Cir. Gen. Orders, App. A. That

9  motion was denied by the Ninth Circuit clerk's office. Decl. of Amy Williams-Derry in Supp. of

10 Opp. to Mot. for Sanctions ("Williams-Derry Decl."), Ex. 1.

11           Shortly thereafter, class counsel filed a motion to dismiss the appeal for lack of

12 jurisdiction. *Id.*, Ex. 2. Rather than conceding, Mr. Langone filed an opposition to class counsel's

13 motion, and again asked for his appeal to be dismissed without prejudice to reinstatement—the

14 same request that the clerk of court had already denied. Class counsel opposed Mr. Langone's

15 motion. Under clear Ninth Circuit precedent, what Mr. Langone was asking for—voluntary

16 dismissal under Federal Rule of Appellate Procedure 42(b)—was obviously unavailable because

17 Article III jurisdiction was lacking. *Id.*, Ex. 3; *see also Shellman v. U.S. Lines, Inc.*, 528 F.2d

18 675, 677-78 (9th Cir. 1975). The court of appeals granted class counsel's motion, dismissed Mr.

19 Langone's appeal for lack of jurisdiction, and stated that class counsel could file a motion under

20 Federal Rule of Appellate Procedure 38. Williams-Derry Decl., Ex. 4.

21           **2.      Class counsel's Rule 38 motion was appropriate, and Mr. Langone's
                      argument against it lacks merit.**

22           Because Mr. Langone had turned a minor but obvious point of appellate procedure into

23 an unnecessary battle, class counsel, consistent with the Ninth Circuit's order authorizing such a

PLAINTIFFS' OPPOSITION TO
MOTION FOR SANCTIONS
(No. 09-45RAJ) Page - 7

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

filing, filed a motion for fees under Federal Rule of Appellate Procedure 38. The court of appeals

eventually denied that motion, but that denial certainly does not mean that the motion was

frivolous or filed in bad faith. Indeed, the only argument that Mr. Langone raises against the

motion is that class counsel's client was not directly harmed by the unnecessary appellate work

that Mr. Langone caused. (Dkt. # 218, ¶ 17, at 6.) This argument is wholly meritless. If Mr.

Langone were correct, the only persons able to move for damages under Rule 38 would be

parties representing themselves pro se. That is simply not how Rule 38 has been applied. *See,

e.g.*, *Munson v. Antisdel (In re Munson Geothermal Inc.)*, 982 F.2d 360 (9th Cir. 1992)

(awarding fees under Rule 38 even though the parties awarded fees were represented by

attorneys on appeal).

   Even if class counsel's Rule 38 motion were sanctionable, sanctions would be better left

to the court of appeals. The court of appeals is in an optimal position to assess the conduct of

class counsel on appeal. While this Court certainly possesses the power to sanction for conduct

before the court of appeals, *see Blodgett*, 709 F.2d at 610, it would seem preferable as an

institutional matter for the court of appeals to sanction that conduct.

**D.    The exchange between counsel for Mr. Langone and Brian Kabateck does not merit
       sanctions.**

   After class counsel's subpoenas were served, Mark Lavery, counsel for Mr. Langone,

wrote an email to Amy Williams-Derry and Brian Kabateck in which he demanded that the

subpoenas be withdrawn. After Mr. Kabateck said that he was not sure why the email was sent to

him (Dkt. # 218, ¶ 9, at 3), Mr. Lavery entered into a purposeless email exchange with him. (Dkt.

# 218, ¶¶ 9-11, at 3-4.) The exchange did not lead to any delay, since on that same day Ms.

Williams-Derry responded to Mr. Lavery's email. (Dkt. # 218, ¶ 12, at 4-5.)

PLAINTIFFS' OPPOSITION TO
MOTION FOR SANCTIONS
(No. 09-45RAJ) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

To the extent Mr. Langone relies for sanctions on the exchange between Mr. Lavery and Mr. Kabateck, the reliance is misplaced. As Mr. Kabateck said by email, he was not actively involved in the litigation of this case and so was not the appropriate person for Mr. Lavery to address. Indeed, a glance at this case's docket would have revealed that Mr. Kabateck had ceased receiving electronic notices on August 7, 2009. At worst, the exchange between Mr. Lavery and Mr. Kabateck assumed an inappropriate tone on both sides; the emails, however, are far from sanctionable. *See Cardroom Int'l LLC v. Scheinberg*, No. 12-02870, 2012 WL 2263330, at *9 (C.D. Cal. June 18, 2012) (while "emails between the parties were inappropriate in tone," they did not "rise to the level of bad faith, harassment, or obduracy sufficient to impose sanctions under either § 1927 or the court's inherent authority").

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Mr. Langone's motion for sanctions.

DATED this 6th day of August, 2012.

**KELLER ROHRBACK L.L.P.**


By s/  Amy Williams-Derry
Mark A. Griffin, WSBA #16296
Amy Williams-Derry, WSBA #28711
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Tel: (206) 623-1900
Fax: (206) 623-3384
mgriffin@kellerrohrback.com
awilliams-derry@kellerrohrback.com

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Richard L. Kellner
Joshua H. Haffner
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA  90017
Tel: (213) 217-5000
Fax: (213) 217-5010
bsk@kbklawyers.com
rlk@kbklawyers.com
jhh@kbklawyers.com

*Interim Class Counsel*

PLAINTIFFS' OPPOSITION TO
MOTION FOR SANCTIONS
(No. 09-45RAJ) Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

3

4

5

6

IN RE CLASSMATES.COM          )     No. CV09-45RAJ
CONSOLIDATED LITIGATION       )
                              )     CERTIFICATE OF SERVICE
                              )
_____)

7

8

9

I HEREBY CERTIFY that on the 6th day of August, 2012, I electronically filed the

foregoing document with the Clerk of the Court using the ECF system, which will send

notification of such filing to the following:

10

11

12

13

14

Stellman Keehnel, WSBA No. 9309
Russell B. Wuehler, WSBA No. 37941
Nicole Tadano, WSBA No. 40531
DLA Piper US LLP
stellman.keehnel@dlapiper.com
russell.wuehler@dlapiper.com
Nicole.tadano@dlapiper.com

15

16

*Attorneys for Defendants Classmates Online, Inc,*
*Classmates Media Corporation and United Online, Inc.*

17

18

Clifford A. Cantor, WSBA No. 17893
Law Office of Clifford A. Canter PC
cacantor@comcast.net

19

20

21

David Stampley
Scott Kamber
KamberLaw, LLC
dstampley@kamberlaw.com
skamber@kamberlaw.com

22

23

Lawrence Carl Locker, WSBA No. 15819
Summit Law Group
larryl@summitlaw.com

24

25

26

Daniel Greenberg
Greenberg Legal Services
dngrnbrg@gmail.com

PLAINTIFFS' OPPOSITION TO
MOTION FOR SANCTIONS
(No. 09-45RAJ) Page - 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Mark Lavery
The Lavery Law Firm
mark@laverylawfirm.com

Theodore Frank
Center for Class Action Fairness
tfrank@gmail.com

Christina Henry
Seattle Debt Law, LLC
chenry@seattledebtlaw.com

       I further certify that some of the participants in the case are not registered CM/ECF users. I have dispatched the foregoing document via FedEx Overnight Delivery to the following non-CM/ECF participants:

Brent Clifton, Pro Se
2200 Ross Avenue, Suite 2200
Dallas, TX 75201

Michael J. Schulz
4N600 Powis Road
Wayne, IL 60184

                                          s/ Amy Williams-Derry

PLAINTIFFS' OPPOSITION TO
MOTION FOR SANCTIONS
(No. 09-45RAJ) Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384